1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10

11

12

13

14

15

16

| | |
|---|---|
| STEVEN FLOYD, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>          Defendants. | Case No. 2:22-cv-01599-JCC<br><br>**26(f) JOINT STATUS REPORT** |

17

18

19

20

21

22

23

24

25

26

27

28

1    Counsel for Plaintiff Steven Floyd and Defendants Amazon.com, Inc. and Apple Inc.

2    (collectively, the "Parties") held a conference as required by LCR 26(f) on February 28, 2023.

3    This Joint Status Report is the outcome of that conference and the Parties' subsequent

4    discussions.

5    **1.      Nature and Complexity of the Case**

6    Plaintiff's Statement

7    Plaintiff alleges that Defendants Amazon and Apple unlawfully agreed to eliminate (i.e.,

8    boycott) virtually all third-party sellers of Apple products on Amazon's online marketplace

9    ("Amazon Marketplace"), leading to supracompetitive prices. Before the boycott agreement,

10   Amazon was a minor Apple reseller on its own platform, where it competed with hundreds of

11   other resellers offering authentic Apple products. Active competition kept prices low and made it

12   difficult for Amazon to win transactions. The low prices also disciplined what Apple could

13   charge for the same products on its own online store.

14   Defendants' "solution" was not to compete more vigorously on the merits. Instead,

15   Amazon and Apple agreed to neutralize price competition by preventing all but a handful of

16   Apple resellers from operating on Amazon's Marketplace. The barred sellers included authorized

17   resellers of Apple products. In exchange for Amazon eliminating resellers, Apple granted

18   Amazon a steady supply of discounted Apple products. As was intended, Amazon became the

19   dominant reseller of Apple products on Amazon Marketplace (with a share approaching 100%),

20   while increasing prices and maintaining them at inflated levels. This bolstered Defendants' profit

21   margins, but at the expense of competition and consumers who, like Plaintiff, paid

22   supracompetitive prices for Apple products.

23   Asserting a Section 1 Sherman Act claim, Plaintiff seeks to represent a proposed

24   nationwide class of consumers who purchased iPhones and iPads from Amazon Marketplace

25   during the duration of Defendants' unlawful boycott agreement.

26   Amazon's Statement

27   Consumers buy new iPhones and iPads from a wide range of sellers. Many order them

28   from wireless carriers such as AT&T, T-Mobile, and Verizon. Others buy them directly from

Apple on its website or at one of its stores. Still others obtain them from big-box retailers such as Walmart or Best Buy. Only a small fraction of consumers shopping for these devices buy them in the Amazon store. And an even smaller percentage purchased them through Amazon.com before 2018. Amazon itself rarely sold iPhones and iPads to consumers then because Apple had not yet made it an authorized reseller. Some third-party sellers episodically sold those devices in the Amazon store before 2018, but their sales were sporadic, too often with slow shipping, resulting in consumer dissatisfaction.

To boost availability of authentic Apple products on Amazon.com, Apple and Amazon entered into the Global Tenets Agreement. The Agreement made Amazon an authorized retailer of new iPads and iPhones and more generally gave it, for the first time, a steady supply of Apple goods for resale to consumers. The Agreement also provided that Apple would designate the authorized resellers who could sell its products in the Amazon store, ensuring that consumers who order a new Apple device on that website would promptly receive exactly what they ordered. Plaintiff claims that the Agreement injured him and a putative class of others who purchased new iPhones and iPads on Amazon.com by reducing the number of third-party sellers who sold those products there. This proposition defies common sense and the fundamental dynamics of retail competition, and his claims should be dismissed. If Plaintiff's claims survive a motion to dismiss, Amazon will establish, based on the factual record, that class certification requirements are not met and that Plaintiff's claims fail for multiple reasons, including:

(1)     Amazon has legitimate, procompetitive business justifications for the Global Tenets Agreement.

(2)     Plaintiff has not identified any well-defined product market.

(3)     The Global Tenets Agreement did not reduce the competition in any of Plaintiff's putative markets.

(4)     Amazon lacks market power in a properly defined market.

(5)     Plaintiff lacks antitrust standing because he did not suffer an antitrust injury.

1    (6)      Plaintiff cannot establish on a class-wide basis that, as a result of the Global

2  Tenets Agreement, the prices the class paid for Apple iPhones and iPads were higher than they

3  otherwise would have been.

4              Apple's Statement

5    Apple cares deeply about customer experience and its brand integrity, which it relies on

6  to attract customers to choose its products over that of competitors. Customers can purchase an

7  iPhone or an iPad from a wide variety of sellers in a variety of channels. Whether purchased

8  directly from Apple.com or an Apple Store, in person or online at retailers like Best Buy or

9  Target, through a carrier like Verizon or AT&T, or on Amazon.com, Apple strives to ensure that

10  every customer has a quality purchasing experience and receives the genuine, safe Apple product

11  for which they paid. As part of Apple's ongoing efforts to improve its customers' experience, in

12  the mid-2010s, Apple identified a significant, recurring problem with customers receiving

13  counterfeit products purchased on Amazon.com. Apple, in 2016, sued several entities involved in

14  the sale of counterfeit Apple products advertised as genuine on Amazon.com.

15    Apple also took additional steps to protect its brand integrity and improve the customer

16  experience. Specifically, in 2018, Apple and Amazon negotiated the Global Tenets Agreement

17  ("GTA"), which implemented measures to reduce counterfeiting of Apple products by allowing

18  Apple to identify a set of authorized resellers permitted to sell Apple products on Amazon.com.

19  The GTA thus protects consumers against purchasing unsafe knock-off or counterfeit products and

20  requires a significantly improved customer experience for consumers shopping for Apple products

21  on Amazon.com.

22    Plaintiff's claim that the GTA injured him by causing the price of his iPad to increase is

23  flawed for several reasons. First, the GTA is not a horizontal agreement, so the *per se* framework

24  is inapplicable. Second, Plaintiff's claim fails the rule of reason standard because (1) the GTA is

25  a legitimate, pro-competitive business agreement consistent with well-established authority that

26  permits a manufacturer to determine the manner in which its products are sold; (2) Plaintiff has

27  not established any cognizable relevant product market, or any Defendant's market power in that

28  market; (3) the GTA does not affect competition in any relevant product market; and (4) Plaintiff

cannot prove classwide harm.  Accordingly, Plaintiff's claims should be dismissed at the pleading stage.  If they are not, they should fail at both the class certification and summary judgment stage.

### 2.    Deadline for Joining Additional Parties

The Parties propose that the deadline for adding additional parties be 30 days after a ruling on any motion to dismiss filed by Defendants, or 30 days after Defendants submit answers, whichever is sooner.

### 3.    Magistrate Judge

The Parties respectfully do not consent to have a magistrate judge conduct all further proceedings.

### 4.    Related Cases

The Parties are not aware of any related cases.

### 5.    Initial Disclosures

In accordance with the Court's January 18, 2023 Order, the Parties exchanged initial disclosures on March 8, 2023.

### 6.    Discovery Schedule

The Parties have different views on whether discovery should proceed during the pendency of motions to dismiss Plaintiff's Amended Complaint, which Defendants anticipate filing by March 27, 2023 in accordance with the Parties' stipulated briefing schedule. *See* Dkt. No. 40.

Apple and Amazon believe that further discovery should await a ruling on those motions to dismiss and will evaluate any discovery requests served before determining whether to seek a discovery stay or protective order.[1]  Apple further believes that entry of a case schedule should be deferred pending resolution of Apple's and Amazon's forthcoming motions to dismiss because both motions may dispose of the case in its entirety.  Apple is willing to promptly meet and confer with Plaintiff to the extent any of Plaintiff's case survives those motions to dismiss, and in the meantime, will meet and confer with Plaintiff concerning a stipulated ESI Order and

---

[1] Defendants' initial motion to vacate early discovery deadlines was mooted by the filing of the Amended Complaint and this Court's March 2, 2023, Minute Order. *See* Dkt. No. 38.

Protective Order.  If the Court determines a case schedule should be set at this juncture, Apple believes the Court should adopt Amazon's proposal as set forth below.

Plaintiff's position is that discovery stays are disfavored and that there are no grounds for a blanket stay in this case, should Defendants pursue one.  To the extent Defendants request a stay of discovery in this submission, the request is improper. *See* Civil L.R. 16(a) ("Parties should not include requests for relief from the court in the joint status report."). Plaintiff further believes that entry of a case schedule should not be deferred pending Defendants' anticipated motions to dismiss, as Apple asserts above. Apple is not prejudiced by a case schedule, and having one will facilitate orderly progress however motions to dismiss are resolved.

Plaintiff and Amazon have provided alternative proposed schedules that are keyed to the opening of discovery, as set forth below. If the Court does not stay discovery, the trigger date for the below schedule will be February 28, 2023, the date of the Parties' 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). If the Court stays discovery, the trigger date will be the date on which that stay is lifted.

Plaintiff's and Amazon's proposed schedules are as follows:

| EVENT | PROPOSED DEADLINE | AMAZON'S RESPONSE [if discovery is not stayed] |
|---|---|---|
| Rule 26(f) Conference | February 28, 2023 (completed) | February 28, 2023 (completed) |
| Exchange of Initial Disclosures | March 8, 2023 (completed) | March 8, 2023 (completed) |
| Initial Case Management Conference | To be set by the Court | To be set by the Court |
| Substantial Completion of Document and Data Productions | 300 days of opening of discovery, with rolling productions being made throughout the discovery period as soon documents are ready to be produced | 300 days of opening of discovery, with rolling productions being made throughout the discovery period as soon documents are ready to be produced |

| EVENT | PROPOSED DEADLINE | AMAZON'S RESPONSE [if discovery is not stayed] |
|---|---|---|
| Class Certification Motion and Supporting Expert Reports | Within 90 days of substantial completion of documents and data | 30 days after close of fact discovery |
| Class Certification Opposition and Supporting Expert Reports | 60 days from class certification motion | 75 days from class certification motion |
| Class Certification Reply and Expert Rebuttal Reports | 60 days of class certification opposition | 45 days from class certification opposition |
| Hearing on Class Certification | To be set by the Court | To be set by the Court |
| Fact Discovery Cut Off | 60 days from ruling on Class Certification | 365 days after start of discovery |
| Plaintiff's Merits Experts Disclosure (including reports) | 60 days from ruling on Class Certification | 90 days after class certification replies |
| Defendants' Merits Expert Responses | 35 days after Merits Expert Reports | 75 days after Plaintiff's Merits Expert Reports |
| Plaintiff's Merits Expert Reply Reports | 35 days after Response Reports | 30 days after Response Reports |
| Defendants' Merits Expert Sur-Reply | N/A | 30 days after Plaintiff's Reply |
| Expert Discovery Cut-Off | 14 days after Reply/Rebuttal Reports | 30 days after Reply/Rebuttal Reports |
| Dispositive and *Daubert* Motions | 35 days after Expert Discovery Cut-Off | 60 days after Expert Discovery Cut-Off |
| Dispositive and Related *Daubert* Responses | 35 days after Dispositive and *Daubert* Motions | 60 days after Dispositive and Daubert Motions are filed |
| Dispositive and Related *Daubert* Replies | 35 days after Dispositive and *Daubert* Responses | 45 days after Dispositive and Daubert Responses |
| Hearing on all Dispositive and *Daubert* Motions | To be set by the Court | To be set by the Court |
| Trial Date | 14 months from ruling on Class Certification | 5 months from ruling on class certification and dispositive motions, whichever is latest |

1

2

<u>Plaintiff's Statement Regarding Proposed Schedules</u>

Plaintiff has proposed a realistic and balanced schedule for this action.  Amazon's alternative proposal would build in unnecessary delay and, beyond that, it would prejudice Plaintiff (and Plaintiff only) in two respects.  *First*, Amazon's schedule would give Defendants a sur-reply merits expert report, effectively giving *Defendants* the last word on issues as to which Plaintiff bears the burden of proof.  Sur-replies are disfavored and should not be incorporated into the schedule.  *Second*, Amazon's schedule would improperly defer class certification until after the close of fact discovery.  Under the Federal Rules, motions for class certification are to be decided at "an early practicable time," with the understanding that certification orders "may be altered or amended," *see* Fed. R. Civ. P. 23(c)(1)(A) &(C).  And as a practical matter, rulings on class certification often necessitate further discovery, either to address deficiencies or to conform proof to the class and claims certified.  Precisely for these reasons, case schedules in class actions—including cases involving Amazon—regularly keep fact discovery open for a period beyond the court's ruling on class certification.  *See, e.g., Frame-Wilson v. Amazon.com, Inc.*, 20-cv-00424 (W.D. Wash.), Dkt. No. 70 at 1 (setting close of fact discovery after decision on class certification).  That is what Plaintiff proposes here.

<u>Amazon's Statement Regarding Proposed Schedules</u>

Plaintiff is incorrect that Amazon's schedule would impose delay or prejudice.  Amazon's proposed schedule is actually *faster* than Plaintiff's schedule.  Nor do any of Plaintiff's other objections have merit.

- Sur-replies are commonly used to ensure a meeting of issues between experts.

- Amazon's schedule does not defer class certification until after class discovery.  Nor does Amazon's schedule actually delay Plaintiff's motion for class certification.  Rather Plaintiff would move for class certification at the close of fact discovery and then merits expert discovery would continue without delay.  Defendants also made clear that they are open to additional discovery after class certification motions are decided, if that proves necessary, but there is no need to keep fact discovery open indefinitely as plaintiff would

prefer.

### 7. Subject, Timing, and Phasing of Discovery

<u>Plaintiff's Statement</u>

A motion to dismiss does not automatically stay discovery and motions to stay are disfavored.  To pursue a discovery stay, Defendants must file a motion, which Plaintiff will oppose. To the extent Defendants seek a discovery stay in this Rule 26(f) submission, the request violates the Local Rules. *See* Civil L.R. 16(a) ("Parties should not include requests for relief from the court in the joint status report, and the court typically will not rule on such requests. Rather requests for such relief should be contained in a stipulated motion, where feasible, or in a motion."). While Plaintiff does not believe there is a basis to stay all discovery in this action, in accordance with Local Rules, Plaintiff reserves all arguments pending the submission of a properly noticed motion.

As this case progresses, Plaintiff anticipates pursuing discovery on a number of relevant topics, including:

- The circumstances and communications surrounding Defendants' agreement to limit third-party resellers of Apple products on Amazon Marketplace (the "Unlawful Boycott Agreement");

- The identity and number of third-party resellers offering Apple products on Amazon Marketplace, both before and after the Unlawful Boycott Agreement;

- The type, quantity, and price of Apple products sold on Amazon Marketplace, both before and after the Unlawful Boycott Agreement;

- Amazon's own sale of Apple products on Amazon Marketplace, both before and after the Unlawful Boycott Agreement;

- Competition in the sale of Apple products, including any competition between Defendants;

- Defendants' revenues, costs, and profits in the sale of Apple products, including on Amazon Marketplace;

- Apple's distribution scheme and strategy for Apple products, including the terms and conditions under which distributors may be authorized to sell Apple products;

- Any counterfeiting of Apple Products, including without limitation any tools or systems available to Defendants to prevent such counterfeiting;

- The quantity, models, cost, price, and sellers of non-Apple brand smartphones and

tablets sold on Amazon Marketplace, other online marketplaces, and other distribution channels; and

- The relevant market or markets and Defendants' market power within them.

It is apparent that Defendants have already produced certain materials on the foregoing topics to governmental bodies, including the Italian Competition Authority (*Autorita Garante Della Concorrenza E Del Mercato* ("AGCM")) and the U.S. Subcommittee on Antitrust, Commercial, and Administrative Law of the Committee on the Judiciary of the House of Representatives. Plaintiff believes that any materials already produced to these (and other) bodies can and should be prioritized in the discovery process and produced expeditiously.

<u>Defendants' Statement</u>

Defendants moved to dismiss Plaintiff's original Complaint on the grounds that it failed to plead per se or rule of reason claims under the Sherman Act. Plaintiff's Amended Complaint, revised and filed in response to Defendants' original motions to dismiss, fails to cure the legal deficiencies identified and demonstrates that further leave to amend would be futile, thereby warranting dismissal of Plaintiff's claims with prejudice. Defendants will be filing motions to dismiss the Amended Complaint on March 27, 2023. Defendants believe that beginning discovery prior to the Court's resolution of these potentially case dispositive motions imposes unnecessary expenses and burdens from costly discovery into claims and issues that this Court may dismiss. Defendants are willing, though, to begin negotiations with Plaintiff on a stipulated Protective Order and ESI Protocol, as referenced below.

If the Court denies Apple's and Amazon's motions to dismiss, Defendants will seek discovery from Plaintiff and third parties on the following topics, among others:

- Plaintiff's purchase of Apple products and other products;
- Plaintiff's communications with any third-party seller in Amazon's store;
- Plaintiff's purchases of products during the putative Class Period—regardless of where Plaintiff made each purchase;
- Plaintiff's alleged relevant product market;
- Plaintiff's alleged damages;

- Whether the proposed class can be certified under Fed. R. Civ. P. 23;
- Information to support Defendants' affirmative defenses, if any are raised;
- Third-party sales of Apple products online and in brick and mortar stores; and
- Competitive conditions for sales of consumer electronics, including potential substitutions and the policies of other retailers.

**8.      Preservation of Discoverable Information**

The Parties have agreed to take reasonable and necessary steps to preserve evidence relevant to the claims and defenses in this action.

**9.      Electronically Stored Information (ESI)**

This case will involve production of ESI and the Parties are working on ESI Protocols based on this Court's "Model ESI Agreement." By April 7, 2023, the Parties will submit proposed ESI Protocols or, if agreement cannot be reached, a joint statement outlining the Parties' respective positions.

**10.      Privilege Issues**

The Parties are working to negotiate the terms of a proposed Protective Order containing procedures for handling the inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence. By April 7, 2023, the Parties will submit proposed Protective Order or, if agreement cannot be reached, a joint statement outlining the Parties' respective positions.

**11.      Changes to Limitations on Discovery**

The Parties agree to follow the Federal Rules of Civil Procedure for the exchange of discovery and conducting depositions. Each party reserves the right to seek leave at the appropriate time to expand the limitations on the number of depositions in Fed. R. Civ. P. 30(a)(2)(A)(i), or the number of interrogatories in Fed. R. Civ. P. 33 (a)(1).

**12.      Discovery Complete Deadline**

Plaintiff proposes that fact discovery shall close 60 days after the Court's order on class certification.  As set forth above (Section 6), Plaintiff believes Amazon's alternative proposal, pursuant to which fact discovery would close *before* Plaintiff moves for class certification, would

1  be unworkable and unnecessarily prejudice Plaintiff.

2  Defendants' Statement

3  As stated above, Apple believes that no case schedule should be entered given the

4  forthcoming motion to dismiss.  Apple proposes promptly meeting and conferring with Plaintiff

5  regarding all deadlines in the event that any part of Plaintiff's case survives these forthcoming

6  motions.  If the Court disagrees with Apple's proposal, Apple requests the Court adopt

7  Amazon's proposal above.

8  Amazon disagrees with Plaintiff's proposal regarding the close of fact discovery.

9  Amazon proposes that fact discovery close 365 days after the start of discovery. Amazon then

10  proposes that class certification briefing be due on the close of fact discovery.  If Plaintiff

11  believes that additional discovery is necessary after class certification, Amazon propose that the

12  parties meet and confer and, if the additional discovery is disputed, Plaintiff seeks leave from the

13  Court.

14  **13.     Suggestions for Prompt and Efficient Resolution of the Case.**

15  Plaintiff's Statement

16  Plaintiff believes that this matter would benefit from remote status conferences conducted

17  every two months on dates and at times convenient for the Court. *See* Manual for Complex

18  Litigation, Fourth §11.22 (2004). A complex antitrust class action presents special case

19  management issues, particularly with respect to efficient and timely completion of discovery.

20  Plaintiff proposes that the Parties jointly file a Status Conference Report seven (7) calendars days

21  before each scheduled Status Conference, setting forth what issues, if any, there are for

22  discussion with or resolution by the Court. If there are no issues, the Parties may jointly

23  recommend cancelation of the scheduled Status Conference.

24  To facilitate efficient discovery, Plaintiff also proposes that any discovery disputes

25  presented to the Court outside a Status Conference Report be in the format of a joint letter brief,

26  not to exceed (5) single-spaced pages.

27  Defendants' Statement

28  Defendants believe that the parties should work together to narrow the issues so that the

1  case can proceed towards an efficient and prompt resolution.  Defendants do not request routine

2  status conferences at this time.  But, if the Court wishes to hold such conferences, Defendants

3  suggest remote status conferences every 4 months, if needed.

4         **14.**    **Alternate Dispute Resolution**

5         The Parties do not anticipate engaging in mediation or other alternative dispute resolution

6  processes at this stage of proceedings, but will meet and confer in the event either side believes

7  such steps could facilitate the efficient resolution of this case. The Parties agree that an

8  individualized trial program is not appropriate for this action.

9         **15.**    **Trial Readiness**

10         Plaintiff anticipates that this case will be ready for trial fourteen (14) months after the

11  Court's order on class certification.

12         Amazon believes it is premature to assess trial readiness prior to rulings on its motion to

13  dismiss and other motions.  At this early stage, Amazon anticipates that the case will be ready for

14  trial 5 months after the court's rulings on class certification and summary judgment, whichever is

15  latest.

16         Apple proposes that the parties promptly meet and confer with Plaintiff on a case

17  schedule, inclusive of a trial date, to the extent any part of Plaintiff's case survives the

18  forthcoming motions to dismiss. Apple believes that it is currently premature to address trial

19  readiness prior to a ruling on these motions to dismiss.

20         **16.**    **Trial Type**

21         Plaintiff has requested a trial by jury.

22         **17.**    **Number of Trial Days**

23         Plaintiff currently anticipates that presentation of Plaintiff's case will require 7-10 days.

24  At this early stage of the action, before the scope of triable issues has been fixed, Plaintiff are not

25  able to provide a more precise estimate for the length of trial.

26         Amazon believes that no trial is necessary as the case should be dismissed.  If trial is

27  necessary, it is premature to know the number of dates required.  Amazon proposes the parties

28  estimate the number of trial days after rulings on motions to dismiss, summary judgment, and

1  class certification.

2      Apple believes that it is premature to consider trial at this stage because Plaintiff's

3  complaint is vulnerable to complete dismissal at the motion to dismiss stage, or at class

4  certification or summary judgment stages, should any portion of Plaintiff's case survive a motion

5  to dismiss.  To the extent the case proceeds past pleadings and dispositive motions, Apple does

6  not yet have sufficient information to estimate the necessary time for trial.

7      **18.      Corporate Disclosure Statements**

8      Amazon Inc. has no parent company, and no publicly held corporation owns 10% or

9  more of its stock.

10     Apple Inc. does not have any parent corporation, and no publicly held entity owns 10%

11 of more of its stock.

12     Plaintiff is a natural person and not a corporate entity subject to Fed. R. Civ. P. 7.1 and

13 LCR 7.1.

14     **19.      Deadline To Perfect Service**

15     All Parties have been served.

16 DATED this fifteenth day of March, 2023          HAGENS BERMAN SOBOL SHAPIRO LLP

17                                              By  /s/ *Steve W. Berman*

18                                                 Steve W. Berman (WSBA No. 12536)

19                                              By  /s/ *Barbara A. Mahoney*

20                                                 Barbara A. Mahoney (WSBA No. 31845)
                                                 1301 Second Avenue Suite 2000
21                                              Seattle, WA  98101
                                                 Telephone: (206) 623-7292
22                                              Facsimile:  (206) 623-0594
                                                 steve@hbsslaw.com
23                                              barabaram@hbsslaw.com

24

25

26

27

28

1

2     Ben M. Harrington (*pro hac vice* forthcoming)
      Benjamin J. Siegel (*pro hac vice* forthcoming)
3     715 Hearst Avenue, Suite 300
      Berkeley, CA 94710
4     Telephone: (510) 725-3000
      Facsimile:  (510) 725-3001
5     benh@hbsslaw.com
      bens@hbsslaw.com
6

7     *Attorneys for Plaintiff and the Proposed Class*

8     ORRICK, HERRINGTON & SUTCLIFFE LLP
      By:  /s/ *Mark S. Parris*
9     Mark S. Parris (WSBA No. 18370)
      mparris@orrick.com
10    401 Union Street, Suite 3300
      Seattle, WA  98101
11    Telephone:  +1 206 839 4300
      Facsimile:  +1 206 839 4301
12

13    WEIL GOTSHAL & MANGES, LLP

14    By:  /s/ *Carrie C. Mahan*
      Carrie C. Mahan (Pro Hac Vice)
15    carrie.mahan@weil.com

16    By:  /s/ *S. Nicole Booth*
      Sandra Nicole Booth (Pro Hac Vice)
17    nicole.booth@weil.com

18    2001 M. Street NW, Suite 600
      Washington, DC 20036
19    Telephone: +1 202 682 7000

20
      By: /s/ *Brian G. Liegel*
21    Brian G. Liegel (Pro Hac Vice)
      brian.liegel@weil.com
22
      1395 Brickell Avenue, Suite 1200
23    Miami, FL 33131
      Telephone: +1 305 577 3180
24
      *Attorneys for APPLE INC.*
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By */s/ John Goldmark*
John Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
DAVIS WRIGHT TREMAINE, LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Phone: (206) 622-3150
Fax: (206) 757-7700
Email:      johngoldmark@dwt.com
                 maryannalmeida@dwt.com

Chad S. Hummel (*pro hac vice*)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Phone: (310) 595-9500
Fax: (310) 595-9501
Email:      chummel@sidley.com

Jonathan E. Nuechterlein (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax: (202) 736-8711
Email:      jnuechterlein@sidley.com
                 bmundel@sidley.com

*Attorneys for AMAZON.COM, INC.*