The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**MOTION TO AMEND FIRST AMENDED COMPLAINT AND TO INTERVENE**<br><br>**NOTE ON MOTION CALENDAR:<br>March 15, 2024** |

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...............................................................................................1

II. BACKGROUND ......................................................................................................................2

III. ARGUMENT ............................................................................................................................5

    A. Leave to Amend Is Granted with "Extreme Liberality" in the Ninth Circuit. ...............................................................................................................5

    B. Courts Routinely Grant Leave to Add and Substitute Class Representatives Prior to Class Certification. ............................................................5

    C. All Pertinent Factors Support Leave to Amend. ........................................................8

        1. No Prejudice...................................................................................................8

        2. Prior Amendments .........................................................................................8

        3. No Delay or Bad Faith. ..................................................................................9

        4. No Futility....................................................................................................10

    D. The New Representatives Can Intervene to the Extent Intervention is Required. ................................................................................................................10

IV. CONCLUSION.......................................................................................................................12

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE- i
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1



# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aguilar v. Boulder Brands, Inc.*,
    2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) .................................................................. 6, 8

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) .................................................................................................. 12

*Castillo v. United Rentals (N. Am.), Inc.*,
    2018 WL 3429936 (W.D. Wash. July 16, 2018) .................................................................. 6, 7

*Cedano v. Thrifty Payless, Inc.*,
    2011 WL 5117930 (D. Or. Oct. 25, 2011) .................................................................................. 6

*Chen v. GEO Group, Inc.*,
    2018 WL 2949449 (W.D. Wash. June 13, 2018) .................................................................... 6

*Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*,
    2022 WL 10966098 (9th Cir. Oct. 19, 2022) ......................................................................... 10

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) .................................................................................................... 9

*Desertrain v. City of L.A.*,
    754 F.3d 1147 (9th Cir. 2014) .............................................................................................. 1, 5

*Disimone v. Browner*,
    121 F.3d 1262 (9th Cir. 1997) ................................................................................................ 11

*Eminence Cap., L.L.C. v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .............................................................................................. 5, 8

*Fife v. Sci. Games Corp.*,
    2020 WL 4933959 (W.D. Wash. Aug. 24, 2020) ............................................................ 6, 7, 10

*Gaddy v. Long & Foster Cos.*,
    2023 WL 1926654 (D.N.J. Feb. 10, 2023) ............................................................................... 6

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) .................................................................................................... 6

*Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*,
    2017 WL 3772708 (W.D. Wash. Aug. 30, 2017) .................................................................... 9

*Jacobs v. Wal-Mart Stores, Inc.*,
    2018 WL 6304759 (W.D. Wash. Dec. 3, 2018) ....................................................................... 5

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE- ii
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

*Jalili v. Am. Fam. Mut. Ins. Co.*,
    2016 WL 3566252 (W.D. Mo. June 27, 2016) ..................................................................6

*Kirby v. McMenamins Inc.*,
    2023 WL 4623988 (W.D. Wash. July 19, 2023) ................................................5, 6, 7, 8

*Mills v. Gen. Dynamics Info. Tech., Inc.*,
    2018 WL 6321588 (M.D. Fla. Dec. 3, 2018) .....................................................................6

*Oppenheimer v. eXp Realty LLC*,
    2023 WL 1805568 (W.D. Wash. Jan. 17, 2023) ................................................................9

*Philips N. Am., LLC v. Summit Imaging Inc.*,
    2020 WL 7641200 (W.D. Wash. Dec. 23, 2020) ..............................................................9

*Phillips v. Ford Motor Co.*,
    435 F.3d 785 (7th Cir. 2006) ............................................................................................5

*Sherman v. Griepentrog*,
    775 F. Supp. 1383 (D. Nev. 1991) ..............................................................................7, 10

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ........................................................................................10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................9

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ..........................................................................................11

*Sweaney v. Ada Cnty., Idaho*,
    119 F.3d 1385 (9th Cir. 1997) ........................................................................................10

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004) ..........................................................................................10

*Venegas v. Skaggs*,
    867 F.2d 527 (9th Cir. 1989) ..........................................................................................12

*Withers v. eHarmony, Inc.*,
    2010 WL 11526733 (C.D. Cal. Jan. 25, 2010) ................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 ........................................................................................................................8

Fed. R. Civ. P. 15(a)(2) .............................................................................................................5

Fed. R. Civ. P. 16(b)(4) .............................................................................................................5



I. **PRELIMINARY STATEMENT**

An unfortunate but not uncommon development in this case necessitates this request for leave to file a Second Amended Complaint. The class representative in this matter, Steven Floyd, has recently ceased responding to inquiries from counsel for the proposed class ("class counsel"). Mr. Floyd has been a responsive class representative up until this lapse in communication, and class counsel wish to give him every opportunity to continue as a class representative should he reengage in time to meet his discovery obligations. There may be legitimate reasons for his recent non-responsiveness (*e.g.*, health issues or other incapacitating events). Nevertheless, class counsel have an overriding duty to the proposed class and this is the appropriate juncture to add additional class representatives who can represent the class and progress this action should Mr. Floyd withdraw.

Although Defendants are opposing leave to amend, they have no legitimate grounds for doing so. Leave to amend is granted with "extreme liberality" in this circuit, *see Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014), including in the precise circumstances presented here. When a class representative withdraws or ceases to communicate with class counsel, courts in this circuit (and elsewhere) routinely permit the addition or substitution of class representatives. This protects the interests of the putative class. It also serves judicial economy. As courts recognize, the alternative procedural course is for the proposed new representatives to file an entirely new action, which results in senseless duplication and inefficiencies. Defendants may see tactical advantages in starting from scratch on a new docket, particularly since their motions to dismiss were substantially denied in this case. But that is not a cognizable reason to deny leave to amend. *See infra* Point III.B.

Amendment would in no way prejudice Defendants. The proposed new class representatives—Jolene Furdek and Jonathan Ryan (hereafter, "New Representatives")—seek to assert the same Sherman Act claim, on the same facts, as Mr. Floyd. Discovery is in its infancy. No party has produced a single document. No party has taken a deposition. The New Representatives have agreed to treat Defendants' prior discovery requests as having been propounded on them, and they will adopt Mr. Floyd's responses. No adjustments to the schedule

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 1
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1 | will be required. In these circumstances, all pertinent criteria favor granting leave to amend. *See*
2 | *infra* Point III.C.

3 | Although intervention of new class representatives is not ordinarily required, the New
4 | Representatives here are also entitled to intervene under Rule 24. As class members, the New
5 | Representatives possess a real stake in the outcome of these proceedings. Moreover, given the
6 | breakdown in communications with Mr. Floyd, the New Representatives' interests are impaired
7 | and not adequately represented. These facts support intervention, should the court determine
8 | intervention is procedurally required.

## II.  BACKGROUND

10 | This is an antitrust case of enormous consequence to consumers of Apple products.
11 | Plaintiff and the proposed class allege that Amazon and Apple violated (and continue to violate)
12 | the Sherman Act by agreeing to strictly restrict the number of third-party sellers permitted to
13 | offer Apple's iPhones and iPads on Amazon's marketplace. This ongoing restraint has virtually
14 | eliminated competition by third-party Amazon sellers. As was the intended result, Amazon itself
15 | has become the dominant seller of iPhones and iPads on its marketplace and prices have
16 | skyrocketed. *See* ECF No. 37 (FAC) ¶¶ 9-10. The proposed class here consists of consumers
17 | who purchased iPhones and iPads from Amazon's marketplace at those inflated prices. *See id.*
18 | ¶ 145.

19 | After Defendants initially moved to dismiss, Plaintiff amended the complaint as of right
20 | on February 27, 2023. ECF No. 37 (FAC). Plaintiff's First Amended Complaint contained the
21 | same substantive claims and allegations as the initial complaint, but refined Plaintiff's
22 | allegations regarding the relevant antitrust market in which Defendants' restraints should be
23 | assessed. *See id.* ¶ 15.

24 | On June 8, 2023, Judge Coughenour resolved Defendants' renewed motions to dismiss.
25 | Judge Coughenour held that while Defendants' conduct could not be condemned "per se" under
26 | the Sherman Act, Plaintiff had stated a Sherman Act Section 1 claim under the "rule of reason"
27 | framework. Judge Coughenour reasoned that, among other things, Plaintiff had pled facts
28 | showing that Defendants' conduct has "anticompetitive effects on the merchant side of the

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 2
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

market; on the consumers side of the market; and that it reduced output," all of which "combined to benefit Defendants, and harm consumers." ECF No. 61 at 10 (citations omitted).

After reassignment, this Court entered an initial scheduling order on September 29, 2023 (ECF No. 68), which set forth the following deadlines:

| Event | Date |
| --- | --- |
| Substantial completion of document and data productions | 4/3/2024 |
| Fact discovery cutoff | 7/8/2024 |
| Class certification motion | 8/7/2024 |
| Class certification opposition and supporting expert reports | 10/7/2024 |
| Class certification reply and expert rebuttal reports | 11/21/2024 |

Despite Plaintiff's best efforts, discovery has not progressed at the pace Plaintiff's anticipated. After resolving certain threshold disputes, the Court entered a protective order and ESI protocols in December 2023. *See* ECF No. 73 & 77. The parties have exchanged discovery requests and have been actively negotiating discovery parameters for several months. But no party has produced a single document to date. No depositions have been conducted. While Plaintiff has made every effort to resolve discovery disputes without court intervention, it is likely that certain overriding disputes will need to be brought to the Court in the coming weeks.

On February 13, 2024, class counsel notified Defendants of their intention to file a Second Amended Complaint ("SAC"), and requested Defendants' consent pursuant to Fed. R. Civ. P. 15(a)(2). The proposed SAC, attached hereto as Harrington Decl. Ex. C, is substantively identical to the FAC. It asserts the same Section 1 claim based on the same facts. The only differences between the FAC and the proposed SAC is that the latter omits Plaintiff's per se allegations (which Judge Coughenour dismissed)[1] and includes the New Representatives. *See id*. Ex. D (redline between FAC and proposed SAC).

---

[1] As noted in the SAC, the per se allegations were removed without waiver of any appeal rights. *See* SAC ¶ 15 n.15.

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 3
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

As class counsel explained to Defendants on February 13, one reason for the proposed amendment is that named plaintiff Steven Floyd had become difficult to reach. *See* Harrington Decl. Ex. A. As Defendants have been advised, class counsel last communicated with Mr. Floyd on January 16, 2024. Since that time, class counsel has made numerous attempts to contact Mr. Floyd, but has not received a response. *See id.* ¶¶ 2, 10. Mr. Floyd has never affirmatively withdrawn as a class representative and, given his prior engagement on the case, class counsel is reluctant to interpret his silence as evincing an intent to withdraw. Given the passage of time since Mr. Floyd last communicated, it is possible that he has experienced some type of personal emergency.

Nevertheless, to ensure the proposed class's interests remained protected, class counsel proactively initiated outreach for additional plaintiffs on January 24, 2024. Ms. Furdek confirmed her willingness to serve as a class representative on February 1, and Mr. Ryan confirmed his willingness on February 12. The next day, on February 13, class counsel reached out to Defendants to obtain their position on the proposed amendment. Defendants responded by requesting additional time to consider the request. Defendants also requested account-identifying information for the New Representatives, which class counsel promptly provided. On February 22, Defendants provided notice that they would be opposing leave to amend and pursuing further discovery from Mr. Floyd. *See id.* ¶¶ 3-9.

Class counsel have continued outreach to Mr. Floyd to determine the cause of his non-responsiveness and determine whether he wishes to continue as a class representative. Class counsel have not yet been able to renew contact with Mr. Floyd, and outreach efforts continue. Mr. Floyd was advised that this motion would be filed. *See id.* ¶ 10.

In the meantime, class counsel took steps to ensure that the New Representatives will be able to abide by the existing schedule should leave to amend be granted. Specifically, class counsel have informed Defendants that the New Representatives will treat Defendants' existing discovery requests as having been served on them; they also will adopt Mr. Floyd's written responses. *See id.* ¶ 6. Class counsel have also begun the process of gathering the New Representatives' documents so they will be positioned to meet the April 3, 2024 substantial

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 4
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

completion deadline. With fact discovery open for another four months, leave to amend does not require any alteration of the case schedule.

### III.     ARGUMENT

**A.     Leave to Amend Is Granted with "Extreme Liberality" in the Ninth Circuit.**

The case schedule in this matter contains no deadline to amend pleadings. *See* ECF No. 68. Accordingly, Rule 16(b)'s "good cause" standard does not apply here. *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to amend scheduling order). Rather, the more liberal Rule 15 framework governs.[2]

Rule 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires." This standard must be "applied with extreme liberality." *Desertrain*, 754 F.3d at 1154. Relevant factors include (1) prejudice to the nonmovant, (2) repeated failure to cure deficiencies by amendment, (3) undue delay or bad faith, and (4) futility of amendment. *See Eminence Cap., L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Not all factors are weighted equally, however. The "touchstone" is whether the amendment will prejudice the opposing party. *See id*. "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

The party "opposing amendment bears the burden to show why it should not be granted." *Kirby v. McMenamins Inc.*, 2023 WL 4623988, at *5 (W.D. Wash. July 19, 2023). Defendants cannot meet that burden here.

**B.     Courts Routinely Grant Leave to Add and Substitute Class Representatives Prior to Class Certification.**

Adding and substituting class representatives is "an unexceptionable (routine) feature of class action litigation." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.). By liberally granting leave to add or substitute class representatives, courts adhere to the

---

[2] *Jacobs v. Wal-Mart Stores, Inc.*, 2018 WL 6304759, at *2 (W.D. Wash. Dec. 3, 2018) (holding that Rule 15, and not Rule 16, applies when the scheduling order "has no deadline for filing motions for leave to amend").

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 5
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1



Federal Rules' permissive policy on amendments and, simultaneously, protect the putative class by ensuring adequate representation.

Here, the proposed amendments merely add additional class representatives without removing Mr. Floyd, who has not affirmatively withdrawn. But even if the Court were to treat this as a motion to substitute, leave to amend should be granted. In an unbroken line of authority, courts in this district have granted precertification motions to substitute class representatives who have withdrawn or ceased communicating with counsel. *See Kirby*, 2023 WL 4623988, at *3; *Fife v. Sci. Games Corp.*, 2020 WL 4933959, at *3 (W.D. Wash. Aug. 24, 2020); *Castillo v. United Rentals (N. Am.), Inc.*, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018); *Chen v. GEO Group, Inc.*, 2018 WL 2949449, at * 2 (W.D. Wash. June 13, 2018). Courts in other districts have likewise permitted substitution in precisely these circumstances. As one court observed: "The weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification." *Castillo*, 2018 WL 3429936, at *3 (quotation omitted).[3]

In fact, failure to permit precertification substitution of class representatives can be reversible error. In *Griggs v. Pace American Group*, the Ninth Circuit reversed the district court's precertification denial of leave to substitute the sole named plaintiff in a putative securities class action. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). The court reasoned that such "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Id.* at 881. Emphasizing the Ninth Circuit's permissive approach to pleading amendments, the *Griggs* court concluded that "amendment to substitute [class representatives]

---

[3] *See also Gaddy v. Long & Foster Cos.*, 2023 WL 1926654, at *5 (D.N.J. Feb. 10, 2023) ("Numerous courts in this Circuit and around the country routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances." (quotation omitted)); *Mills v. Gen. Dynamics Info. Tech., Inc.*, 2018 WL 6321588, at *4 (M.D. Fla. Dec. 3, 2018); *Jalili v. Am. Fam. Mut. Ins. Co.*, 2016 WL 3566252, at *3 (W.D. Mo. June 27, 2016); *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014); *Cedano v. Thrifty Payless, Inc.*, 2011 WL 5117930, at *3 (D. Or. Oct. 25, 2011).

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 6
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  should have been permitted." *Id.*; *Castillo*, 2018 WL 3429936, at *n.3 (relying on *Griggs* to grant precertification substitution); *Kirby*, 2023 WL 4623988, at *3 (same).

As these authorities recognize, precertification substitution of class representatives can be "vital for [the] case to continue," which provides more than good cause to amend. *Fife*, 2020 WL 4933959, at *3. The only potential exception is when the claims asserted by the class representative seeking to withdraw are inherently defective (e.g., lack of standing). *See Castillo*, 2018 WL 3429936, at *2. In that instance, some courts have reasoned that the withdrawing plaintiff was "never qualified to represent the class" and denied leave to amend prior to class certification on that basis. *See id.*

But this limited exception has not been endorsed by the Ninth Circuit, nor could it apply in this case. Mr. Floyd's claims are not inherently defective; they were substantially *upheld* on Defendants' motion to dismiss. Moreover, even if Mr. Floyd affirmatively withdraws as a class representative, his claims would not dissipate. He has not settled or otherwise resolved his claims. If Mr. Floyd withdraws, he will remain a member of the putative class, meaning at no point would there cease to be a live case or controversy. *Fife*, 2020 WL 4933959, at *2; *Castillo*, 2018 WL 3429936, at *3 (granting motion to substitute where withdrawing "named plaintiff has not settled his claims or otherwise had his claims dismissed—thus his claims persist and the case or controversy remains alive" (cleaned up)).

Courts also recognize that denying leave to amend in these circumstances would waste judicial resources and serve no practical purpose. The New Representatives can always file an entirely new action. And if leave to amend were denied, and Mr. Floyd withdraws or does not reengage, the New Representatives will need to file a new action to safeguard the putative class's interests. Defendants may prefer to start all over in this fashion. It would achieve delay and, Defendants may hope, a redo on motions to dismiss. But this is not the efficient course. As courts recognize, forcing would-be class representatives to file separate actions will "inevitably involve even greater duplication of efforts and would severely prejudice [the additional plaintiffs] and potential class members." *Fife*, 2020 WL 4933959, at *3; *Sherman v. Griepentrog*, 775 F. Supp. 1383, 1386 (D. Nev. 1991) ("If the court were to deny his motion and dismiss the case, the

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 7
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  Plaintiff would file again using Mr. Edwards as the named class representative and both sides
2  would have to duplicate its efforts to this point."); *accord Aguilar*, 2014 WL 4352169, at *10.
3  This would hardly serve Rule 15's overarching purposes of achieving the "just, speedy, and
4  inexpensive determination of every action." *See* Fed. R. Civ. P. 1.

### C. All Pertinent Factors Support Leave to Amend.

#### 1. No Prejudice.

The most critical factor—prejudice to the nonmovant—tips decidedly in favor of granting leave to amend here. This case is in the early stages of discovery. No party has produced a single document. No party has conducted a deposition. Accordingly, this is not a situation where amendment threatens to disrupt a case in advanced stages.

Moreover, and as already noted, the New Representatives will treat Defendants' discovery requests as having been propounded on them, and they will adopt Mr. Floyd's responses. *See* Harrington Decl. ¶ 6. In short, the New Representatives will step directly into Mr. Floyd's position without any need to redo discovery. The New Representatives should be able to meet the April 3, 2024 substantial completion deadline for document productions. *See id.* ¶ 11. And with fact discovery open until July 8, 2024, Defendants will have more than adequate time to take the New Representatives' depositions. *Kirby*, 2023 WL 4623988, at *6 (no prejudice to amendment where defendant would have "sufficient time to conduct any additional discovery regarding the Additional Plaintiffs"). ‼

#### 2. Prior Amendments

Courts are reluctant to grant leave to amend to address deficiencies that the plaintiff has repeatedly failed to cure with prior amendments. *See Eminence*, 316 F.3d at 1052. That is not a concern here. The New Representatives' substantive allegations are identical to Mr. Floyd's and were largely upheld on motions to dismiss. Mr. Floyd's previous amendment was likewise not directed to any identified pleading deficiency. Rather, Mr. Floyd amended prior to any ruling on Defendants' motions to dismiss, and only to refine his relevant market allegations. *See* ECF No. 37 ¶ 15.

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 8
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

### 3. No Delay or Bad Faith.

The timeline leading to this proposed amendment does not reflect undue delay or bad faith. Far from it, amendment is being sought *proactively* to safeguard the interests of the class in the event Mr. Floyd is unable (or unwilling) to continue in his role as class representative. Counsel notified defendants of the proposed amendment *within a month* of Mr. Floyd's last communication (even though Mr. Floyd had not affirmatively withdrawn), and within days of vetting additional class representatives. This motion to amend was then prepared and filed within a week of Defendants indicating their opposition.

In assessing undue delay, courts consider "(1) the length of the delay from when the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to trial." *Philips N. Am., LLC v. Summit Imaging Inc.*, 2020 WL 7641200, at *2 (W.D. Wash. Dec. 23, 2020). Delays of several months (or more) generally are not considered undue,[4] and here not even one month passed between Mr. Floyd's last communication and class counsel's notice of the intended amendment. Discovery also has not closed, and a trial date has not been set, further confirming that class counsel acted reasonably in the circumstances. Finally, even if there was undue delay here (there is not), "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Nor is there a whisper of bad faith. Class counsel owe a "fiduciary responsibility to the class as a whole," and this duty attaches when "the class complaint is filed." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995)). Once it became apparent that Mr. Floyd may no longer be able to represent the putative class, class counsel acted appropriately (and transparently) to protect the proposed class's interests.  !

---

[4] *Id.* ("[T]hree months does not constitute undue delay"); *Oppenheimer v. eXp Realty LLC*, 2023 WL 1805568, at *2 (W.D. Wash. Jan. 17, 2023) ("[T]hree or more months' delay between a movant's discovery of new circumstances and filing motions to amend is not unreasonable."); *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, 2017 WL 3772708, at *2 (W.D. Wash. Aug. 30, 2017) (three-and-a-half months delay not undue).

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 9
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1



### 4. No Futility.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997). Here, the New Representatives assert the same Sherman Act claim as Mr. Floyd, which was upheld (under the rule of reason framework) prior to reassignment, confirming that amendment will not be futile. *See* ECF No. 61.

### D. The New Representatives Can Intervene to the Extent Intervention is Required.

Courts regularly grant leave to amend in these circumstances without requiring that the new class representatives formally intervene under Rule 24. *See, e.g., Fife*, 2020 WL 4933959, at *3 (granting leave to amend and denying motion to intervene as moot); *see also supra* at III.B (collecting authorities). Nevertheless, the New Representatives here can meet the standard for intervention if the court determines that, procedurally, intervention is required. *See, e.g., Sherman*, 775 F. Supp. at 1386 (observing that courts often "invit[e] intervention by another member of the class in order to save an action" when named plaintiffs' claims become moot).

Intervention as of right under Rule 24(a) is appropriate when the intervenor "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*, 2022 WL 10966098, at *1 (9th Cir. Oct. 19, 2022) (quotation omitted). Intervenors bear the burden of persuasion, but the standards are "broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). All criteria to intervene as of right are met here.

*First*, to assess timeliness, the "crucial date" is "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Here, the earliest New Representatives could have been aware of this was January 24, 2024, when class counsel initiated renewed outreach for

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 10
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1   class representatives.  Defendants' consent to the SAC was sought shortly thereafter on February

2   13.  Intervention is plainly timely.

3     *Second*, the New Representatives have a "significantly protectable interest" related to this

4   action—indeed, they are members of the putative class.  Each of the New Representatives

5   purchased an Apple product at a price alleged to be inflated as a result of Defendants' challenged

6   agreement.  *See* SAC ¶¶ 24, 26.  The New Representatives have an interest in recovering their

7   overcharges and representing the proposed class of similarly situated consumers.

8     *Third*, the New Representatives' interests may be impaired absent intervention.  If Mr.

9   Floyd withdraws, or never reengages, this case will end.  That is obviously prejudicial to the

10  New Representatives and the proposed class.  It is no answer that New Representatives can

11  initiate a new class lawsuit.  Starting a new case from scratch will cause substantial delays which

12  alone are prejudicial.  It could also give Defendants an improper opportunity to refile motions to

13  dismiss, which were substantially (and properly) denied in this matter.[5]  That compounds the

14  prejudice.

15    *Fourth*, given that Mr. Floyd has been unresponsive to class counsel's recent inquiries, no

16  one could conclude that the New Representatives are "adequately represented by existing

17  parties."  As addressed above, class counsel believe Mr. Floyd should be given every opportunity

18  to continue serving as a class representative.  But this lapse in communication indicates that he

19  may not be able to perform this function, imperiling the New Representatives and the proposed

20  class.  That is enough to establish inadequate representation.  *See Sw. Ctr. for Biological*

21  *Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (observing that intervenor's burden of

22  showing inadequate representation is "minimal" and that intervenor must only show that existing

23  parties "may be" inadequate).

---

[5] While Judge Coughenour's motion-to-dismiss decision should be law-of-the-case, *see Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997) (applying law-of-the case to closely related proceedings), this would not necessarily prevent duplication of arguments and an unnecessary expenditure of judicial and party resources.

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 11
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1    Even if the New Representatives could not intervene as of right, permissive intervention
2 under Rule 24(b) would be appropriate.  Permissive intervention can be granted when there is
3 "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of
4 law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc.*
5 *v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).  This standard is readily met here.  The Court
6 has subject matter jurisdiction over the New Representatives' Sherman Act claims, and there is
7 no dispute personal jurisdiction over Defendants has been properly exercised.  The motion to
8 intervene is timely, as addressed above.  And the New Representatives, as members of the
9 proposed class, seek to assert the same cause of action under the same legal theory as Mr. Floyd.

Permissive intervention is particularly appropriate because it would conserve judicial and party resources by obviating the need for the New Representatives to file a separate, overlapping lawsuit.  *See Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) ("[J]udicial economy is a relevant consideration in deciding a motion for permissive intervention."); *Withers v. eHarmony, Inc.,* 2010 WL 11526733, at *2 (C.D. Cal. Jan. 25, 2010) (granting permissive intervention of class representative precertification when it appeared sole named plaintiff may not adequately represent the class).  !

## IV.   CONCLUSION

For the foregoing reasons, leave to amend and file the SAC respectfully should be granted.  To the extent the Court concludes that, procedurally, the New Representatives must intervene, intervention should be granted under Rule 24(a) and 24(b) and the SAC should be accepted as the operative pleading.

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 12
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| | | |
|---|---|---|
| 1 | DATED: February 29, 2024 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | */s/ Steve W. Berman* |
| 4 | | Steve W. Berman (SBN 12536) |
| | | */s/ Barbara A. Mahoney* |
| 5 | | Barbara A. Mahoney (SBN 31845) |

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: barbaram@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: benh@hbsslaw.com
Email: bens@hbsslaw.com

*Attorneys for Plaintiff Steven Floyd, proposed intervenors Jolene Furdek and Jonathan Ryan, and the Proposed Class*

I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.

*/s/ Steve W. Berman*
Steve W. Berman

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 13
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1



**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman

MOTION TO AMEND FIRST AMENDED
COMPLAINT AND TO INTERVENE - 14
Case No. 2:22-cv-01599-KKE
011121-11/2446125 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX