UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN FLOYD,

Plaintiff(s),

v.

AMAZON.COM INC., et al.,

Defendant(s).

CASE NO. C22-1599-KKE

ORDER GRANTING MOTION FOR LEAVE TO AMEND

This matter comes before the Court on a motion for leave to amend the complaint, filed by Plaintiff's class counsel. Dkt. No. 80. The Court has considered the parties' briefing,[1] the oral argument of counsel, and the remainder of the record. For the reasons explained herein, the Court grants the motion for leave to amend.

## I. BACKGROUND

Plaintiff Steven Floyd filed this putative class action in November 2022, alleging that the Global Tenets Agreement between Defendants Apple Inc. and Amazon.com Inc. violates Section 1 of the Sherman Act, 15 U.S.C. § 1. Dkt. No. 1. Defendants filed motions to dismiss in February 2023 (Dkt. Nos. 30, 32), and Floyd filed an amended complaint in response (Dkt. No. 37). Defendants filed another round of motions to dismiss in March 2023 (Dkt. Nos. 42, 43), which were granted in part and denied in part in June 2023. *See* Dkt. No. 61.

[1] This order refers to the parties' briefing using the CM/ECF page numbers.

Since then, the parties have worked to resolve discovery-related disputes, some of which have warranted Court intervention. *See* Dkt. Nos. 53, 70, 74, 77. In February 2024, class counsel filed a motion to amend the complaint to add class representatives because Floyd "recently ceased responding to inquiries from counsel for the proposed class[.]" Dkt. No. 80 at 5. The motion proposes amending the complaint to list Jolene Furdek and Jonathan Ryan as new class representatives asserting the same Sherman Act claim, on the same facts alleged in the first amended complaint. *Id.*; Dkt. No. 81-4. The proposed amended complaint also omits the allegations that were dismissed in the order granting in part the motions to dismiss, without waiving the right to challenge the dismissal on appeal. *See* Dkt. No. 81-4 at 14 n.15.

Defendants oppose the motion for leave to amend on a variety of grounds (Dkt. No. 86), but for the following reasons, the Court grants the motion.

## II. ANALYSIS

### A. Legal Standards

A party may amend its pleading once as a matter of course, and thereafter "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (cleaned up), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "The opposing party bears the burden to show why leave to amend should not be granted." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

If a court's scheduling order sets forth a deadline for amending the pleadings, no post-deadline amendment is permitted unless the court first finds good cause to amend the case

schedule. *See* Fed. R. Civ. P. 16(b)(4); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Good cause exists where the moving party is diligent in requesting a modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [for leave to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (cleaned up). "Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment [is] proper." *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

"To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (quoting *Johnson*, 975 F.2d at 610–11). A determination of whether good cause exists to modify a case schedule is committed to the broad discretion of the district court. *See C.F. ex rel. Farman v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

**B. Adjudication of Plaintiff's Adequacy as a Class Representative is Premature.**

Before turning to consider the motion for leave to amend under the applicable Federal Rules of Civil Procedure, the Court first addresses Defendants' primary argument in opposition, which is that Floyd is an inadequate named Plaintiff. Specifically, Defendants argue that because Floyd was never qualified to represent the class in the first place, "[s]ubjecting Defendants to the burdens of litigation for over a year with a plaintiff who is an inadequate representative of the putative class, while simultaneously refusing to produce documents or offer dates for deposition, is conduct that makes amendment inappropriate." Dkt. No. 86 at 10. According to Defendants, the motion to amend is not simply a motion to add or substitute a class representative, but should be considered a "back-door attempt to begin the action anew." *Id.* (quoting *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973)).

But whether Floyd is an adequate representative of the putative class is not before the Court at this point in the litigation, and Defendants will have an opportunity to fully litigate this issue in the context of a motion for class certification. Defendants have not shown that Floyd's potential inadequacy as a class representative is an inherent defect in his party status akin to a lack of standing or mootness, such that there is no live case or controversy before the Court. In the absence of an inherent defect in Floyd's claims, the Court will allow amendment of the complaint to add additional named plaintiffs. *See, e.g.*, *Kirby v. McMenamins Inc.*, C22-5168-BHS-MLP, 2023 WL 4623988 (W.D. Wash. July 19, 2023); *Fife v. Sci. Games Corp.*, No. 2:18-cv-00565-RBL, 2020 WL 4933959, at *1–2 (W.D. Wash. Aug. 24, 2020) (finding that a putative class action is not mooted when a sole named plaintiff seeks to withdraw for personal reasons but can be replaced immediately); *Castillo v. United Rentals (N. Am.), Inc.*, No. C17-1573JLR, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018) (permitting a pre-certification substitution of the named plaintiff

where the current sole named plaintiff's claims persist (had not been settled or dismissed), and counsel could produce a substitute immediately).

The absence of an adjudication of Floyd's adequacy distinguishes this case from cases cited by Defendants. For example, Defendants rely on *Lidie*, 478 F.2d at 555, where the Ninth Circuit upheld a denial of a motion to intervene because, "where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted." But here, Floyd has not been found unqualified to represent the putative class. Although Defendants vigorously dispute Floyd's adequacy as a class representative, the Court finds that it would be premature to adjudicate this issue in the context of a motion for leave to amend.

Likewise, Defendants ask the Court to follow *Miller v. Mercedes-Benz USA LLC*, No. CV 06-0532 ABC (JTLX), 2009 WL 1393488, at *1–2 (C.D. Cal. May 15, 2009), but in that case, the sole named plaintiff included in her motion for class certification a request to add an additional named plaintiff to cure her own conflict of interest in serving as a class representative. The *Miller* court denied the current named plaintiff's motion for class certification because she could not fairly and adequately protect the interests of the class, and found that her last-minute attempt to add a named plaintiff was a "bait-and-switch tactic." *Id*. at *2. *Miller* is distinguishable from this case because the motion before that court requested class certification, which required the court to determine whether the sole named plaintiff was an adequate representative. This case has not proceeded to that stage of litigation, and the Court declines to consider issues now, on this record and with limited briefing, that it will have the opportunity to consider in full at class certification.

**C. There is Good Cause to Amend the Case Schedule.**

The Court now considers whether the motion for leave to amend should be granted under the applicable Federal Rules of Civil Procedure. First, the Court must resolve the parties' dispute

as to whether Rule 15 (addressing leave to amend pleadings) and/or Rule 16 (addressing modifications to a case schedule) applies to the motion.

Here, the case schedule does not set out a deadline for either amending pleadings or adding parties, but sets deadlines only as to substantial completion of productions, fact discovery cutoff, disclosure of expert reports, and the briefing of a class-certification motion. *See* Dkt. No. 68. Although the motion for leave to amend the complaint is therefore not technically untimely under this case schedule, Defendants nonetheless contend that the motion for leave to amend should be considered under Rule 16 because granting it would necessitate modifying the scheduling order: the deadlines for substantial completion of productions (April 3, 2024) and the fact discovery cutoff (July 8, 2024) cannot be met if the complaint is amended. Dkt. No. 86 at 12. Defendants argue that even if class counsel agrees to treat all discovery requests on Floyd as if they had been served on the new representatives, as counsel has offered, Defendants would still want to serve discovery requests tailored to the new representatives, and they would not have been able to respond to those requests by April 3. *Id*.

Indeed, while the motion for leave to amend was pending, the parties filed a stipulated motion to suspend the April 3 deadline and indicated that they will confer regarding a new case schedule after the Court has resolved all motions currently pending. *See* Dkt. No. 93. Under these circumstances, where even the *filing* of a motion for leave to amend has necessitated adjustment of the case schedule, the Court finds that Rule 16 applies and good cause must be shown to modify the case schedule, before the Court will consider whether the motion for leave to amend should be granted under Rule 15. *See Paz v. City of Aberdeen*, No. C13-5104 RJB, 2013 WL 6163016, at *2–3 (W.D. Wash. Nov. 25, 2013).

The good cause standard has been easily met here. Class counsel diligently moved to substitute the new representatives after Floyd unexpectedly stopped communicating with them.

Counsel last communicated with Floyd on January 16, 2024 (Dkt. No. 81-1 at 2) and moved to amend the complaint on February 29, 2024. Dkt. No. 80. That span of time reflects diligence. *See, e.g.*, *Kirby*, 2023 WL 4623988, at *4 (finding that counsel had been diligent in bringing the motion for leave to amend less than two months after receiving contact information for putative class members and less than a month after the new class representatives expressed interest in becoming class representatives and retained counsel). Moreover, amendment permits this case to move forward after Floyd apparently lost interest in continuing to participate, which constitutes good cause for amendment. *See Fife*, 2020 WL 4933959, at *3.

Defendants suggest that counsel was not diligent in selecting Floyd as a named plaintiff in the first place, because counsel should have known from this case's inception (or at least since the motions to dismiss were granted in part) that Floyd does not adequately represent the class due to his shopping behavior. Dkt. No. 86 at 14–15. Accepting this argument would require the Court to consider Floyd's adequacy as a class representative prematurely. Again, Floyd's adequacy as a class representative has not been adjudicated to date and will not be adjudicated on an incomplete record in the context of this motion.

**D. Justice Requires Leave to Amend the Complaint.**

The Court has found good cause to amend the case schedule, and now turns to consider whether the motion for leave to amend the complaint should be granted under Rule 15. As noted above, Defendants bear the burden of showing that justice requires denying the motion for leave to amend. Defendants contend that the motion should be denied in light of undue delay and prejudice, but for the following reasons, the Court disagrees.

1. Undue Delay

First, Defendants argue that class counsel unduly delayed in seeking amendment because they should have known earlier that Floyd was an inadequate class representative. Dkt. No. 86 at

14–15. As stated *supra*, that is not the grounds upon which amendment is requested, and the Court will not assume Floyd's inadequacy as a class representative simply because Defendants assert it, nor will the Court adjudicate that issue without the benefit of full briefing. Because Defendants have not identified a point in this litigation where Floyd's inadequacy as a class representative was made plain to class counsel, the Court will not start the diligence clock running at a point earlier than the time when Floyd stopped communicating with counsel. And for the reasons stated *supra* with respect to Rule 16, and the Court finds that counsel was diligent in filing this motion after that time.

2. Prejudice

Second, Defendants argue that they would be prejudiced via the need to conduct new and/or additional discovery that would not otherwise have been required had class counsel identified the appropriate representatives in the first instance. Dkt. No. 86 at 14. Given that the parties have recently agreed to suspend the discovery deadlines and discovery has not even closed under the original deadlines, Defendants have not shown that permitting amendment would lead to substantial prejudice. The cases Defendants cite to support a finding of undue prejudice involve amendments sought after discovery had closed or after a motion for class certification was filed. *See Paz*, 2013 WL 6163016, at *4; *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010).

Defendants also argue that the amendments are intended to "circumvent a potentially fatal statute of limitations issue" and that Defendants "would be prejudiced by having to defend against an untimely putative class action." Dkt. No. 86 at 13. Defendants state that they did not raise this issue in their motions to dismiss because resolving it requires deposing Floyd. *Id.* at 13 n.3. But this issue is not squarely before the Court, and has not been briefed, given that Floyd has not yet been deposed. The Court again declines to wade into substantive issues prematurely, without the

benefit of full briefing and an adequate record, and the Court cannot find that Defendants are prejudiced by having to defend this case while its timeliness is still an open question.

For all of these reasons, the Court finds that the motion for leave to amend is supported by good cause and that Defendants have not shown that justice requires its denial. Because leave to amend the complaint is granted, the motion to intervene in the alternative (Dkt. No. 80 at 14–16) is denied as moot.

**E. The Parties Shall Confer Regarding a New Case Schedule.**

Defendants request that if the Court grants leave to amend, the Court should also

> stay discovery as to the Defendants for 90 days (and suspend the extant substantial completion deadline) to further the just and efficient resolution of this case.… This will allow Defendants to take initial discovery of the new representatives to determine if there is even a viable plaintiff in this case, and to establish amendment would not be futile. After the new representatives (or Floyd) meet their corresponding discovery obligations, then Defendants should have the opportunity to file a dispositive motion or continue with discovery on a revised schedule.

Dkt. No. 86 at 16. Class counsel's reply objects to a discovery stay that would apply to Defendants only, noting that Defendants "have not produced a single responsive document" to date. Dkt. No. 92 at 10.

As noted *supra*, after Defendants' opposition to the motion for leave to amend was filed, the parties filed a stipulated motion to suspend the case schedule until after the Court resolved the pending motions. *See* Dkt. No. 93. The parties agreed that they would confer regarding a new case schedule and, if necessary, set out a briefing schedule on a contested motion to modify the schedule. *Id.* Thus, at this time, the Court finds that Defendants' concern in their opposition regarding the case schedule has been mooted by the subsequent stipulation. Defendants will have an opportunity to address any concerns about schedule revisions either when conferring with class counsel or when briefing a contested motion to modify the case schedule, if one is necessary.

//

## III. CONCLUSION

For these reasons, the Court GRANTS the motion for leave to amend. Dkt. No. 80. A second amended complaint shall be filed no later than May 10, 2024.

The parties shall confer regarding case schedule modification and whether the statement of discovery disputes filed on March 26, 2024 (Dkt. No. 90) should be re-briefed in light of this order. The parties shall file either a stipulation on these issues or set forth a briefing schedule on these issues, no later than May 13, 2024. The clerk is directed to terminate the dispute (Dkt. No. 90) at this time, subject to reactivation by the Court after reviewing the parties' submission.

Plaintiffs are also granted leave to file a motion to compel with regard to the disputes outlined in the joint statement filed on March 22, 2024. Dkt. No. 89. As discussed at the discovery conference, the Court finds that the issues to be resolved in that statement of disputes warrants full briefing. The clerk is directed to terminate the dispute (Dkt. No. 89) as a motion at this time.

Dated this 6th day of May, 2024.

Kymberly K. Evanson
United States District Judge