The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**OPPOSITION TO APPLE'S MOTION TO COMPEL AND CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 1, 2024 |

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  BACKGROUND ....................................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A.   Mr. Floyd Should Be Withdrawn as a Class Representative. ...................................4

    B.   Mr. Floyd's Withdrawal Should Not Be Conditioned on Providing Discovery and Apple's Motion to Compel That Discovery Should be Denied. ..................................................................................................................6

    C.   The "Household" Discovery Apple Seeks is Not Proportional and Serves Mainly to Harass and Intimidate Class Representatives. .............................8

    D.   Mr. Floyd's Claims Should Not Be Dismissed With Prejudice............................13

IV.  CONCLUSION .....................................................................................................................13

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - i
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Benanav v. Healthy Paws Pet Ins. LLC*,
    2023 WL 5227702 (W.D. Wash. Aug. 15, 2023) ............................................................... 7

*Cedano v. Thrifty Payless, Inc.*,
    2011 WL 5117930 (D. Or. Oct. 25, 2011) ........................................................................ 5

*Click v. Gen. Motors LLC*,
    2021 WL 3634695 (S.D. Tex. Mar. 23, 2021) ............................................................. 6, 7

*Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*,
    2011 WL 5865059 (D. Colo. Nov. 22, 2011) .................................................................... 7

*In re Currency Conversion Fee Antitrust Litig.*,
    2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) .................................................................... 6

*Doe v. Arizona Hosp. & Healthcare Ass'n*,
    2009 WL 1423378 (D. Ariz. Mar. 19, 2009) ............................................................... 6, 7

*Does 1-10 v. Univ. of Wash.*,
    2018 WL 3417017 (W.D. Wash. July 13, 2018) .............................................................. 9

*Dysthe v. Basic Rsch., L.L.C.*,
    273 F.R.D. 625 (C.D. Cal. 2011) ....................................................................................... 7

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 4

*Ewing v. Flora*,
    2016 WL 1465182 (S.D. Cal. Apr. 14, 2016) ................................................................... 7

*Fife v. Sci. Games Corp.*,
    2020 WL 4933959 (W.D. Wash. Aug. 24, 2020) ........................................................... 13

*Fraley v. Facebook Inc.*,
    2012 WL 555071 (N.D. Cal. Feb. 21, 2012) .................................................................... 7

*Frame-Wilson v. Amazon.com, Inc.*,
    2023 WL 4492365 (W.D. Wash. July 12, 2023) ............................................................ 12

*Hernandez v. Lynch*,
    2018 WL 10561972 (C.D. Cal. Dec. 6, 2018) .................................................................. 9

*In re J&J Inv. Litig.*,
    2023 WL 8838059 (D. Nev. Dec. 19, 2023) ..................................................................... 9



*Johnson v. Peter*,
   2022 WL 579329 (W.D. Wash Feb. 25, 2022) .......................................................................4

*In re Live Concert Antitrust Litig.*,
   247 F.R.D. 98 (C.D. Cal. 2007) ........................................................................................12

*Martin v. ReliaStar Life Ins. Co.*,
   2011 WL 13318490 (D. Minn. Oct. 26, 2011) ..................................................................10

*In re MGM Resorts Int'l Data Breach Litig.*,
   2024 WL 1440902 (D. Nev. Apr. 2, 2024) .....................................................................6, 8

*Mills v. Gen. Dynamics Info. Tech., Inc.*,
   2018 WL 6321588 (M.D. Fla. Dec. 3, 2018) .....................................................................5

*Moore v. Addus HealthCare, Inc.*,
   2020 WL 127667 (N.D. Cal. Jan. 10, 2020) ....................................................................13

*Rodriguez v. City of Phoenix*,
   2014 WL 1053602 (D. Ariz. Mar. 19, 2014) .....................................................................4

*Roz v. Nestle Waters*,
   2017 WL 6940512 (C.D. Cal. June 21, 2017) ...................................................................7

*In re Snap Inc. Sec. Litig.*,
   394 F. Supp. 3d 1156 (C.D. Cal. 2019) .............................................................................4

*Solano v. Kroger Co.*,
   2022 WL 3143352 (D. Or. May 3, 2022) ....................................................................6, 13

*In re Tezos Sec. Litig.*,
   2019 WL 2183448 (N.D. Cal. Apr. 8, 2019) .....................................................................5

*In re Urethane Antitrust Litig.*,
   2006 WL 8096533 (D. Kan. June 9, 2006) ........................................................................6

**OTHER AUTHORITIES**

Mary Kay Kane, 7 Fed. Prac. & Proc. Civ. § 1687 (3d ed. 2024) ..................................................5

Fed. R. Civ. P. 21 ............................................................................................................................4

L. Civ. R. 15(a) ..............................................................................................................................5

U.S. Dep't of Justice & FTC, Merger Guidelines (2023) ............................................................11

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - iii
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



## I. INTRODUCTION

Compelling discovery from an unresponsive class representative serves no purpose other than to burden the Court and parties with unnecessary motion practice. Yet that is what Apple demands. Apple knows Mr. Floyd is unreachable, including as to the discovery Apple seeks. Following this Court's Order granting leave to amend (ECF No. 98), counsel for the proposed class ("class counsel") attempted to reconnect with Mr. Floyd in hopes that he might reengage and participate in this case. He has not responded to the outreach. With a case schedule now reinstituted and discovery deadlines fast approaching, it is not feasible for Mr. Floyd to continue serving as a class representative. This is unfortunate, but it happens in class cases. Class counsel have accordingly offered the only reasonable solution: withdraw Mr. Floyd. This case can proceed (and is proceeding) with the remaining class representatives.

Defendants have refused to stipulate to Mr. Floyd's withdrawal and Apple goes further to request an order compelling a deposition and other discovery from him. Apple moves to compel despite knowing that class counsel are unable to procure his documents or produce him for deposition. Apple's strategy is not difficult to discern, indeed it is previewed in Apple's motion. Apple wants to compel discovery that everyone knows Mr. Floyd will not provide, and then sanction him for noncompliance. *See* Apple Motion to Compel ("Mot.") at n.7. But while Apple may prefer the theatrics of this roundabout procedure, it would serve no purpose in these circumstances. The ultimate discovery sanction would be terminating sanctions dismissing Mr. Floyd from the case, which is what class counsel have already offered without the burden and expense of further motion practice.

Equally troubling is that much of the discovery Apple seeks to compel is not even of Mr. Floyd, but rather of any "household members" he may have. Apple has not justified taking disfavored and intrusive discovery of third parties who, at most, are absent class members. Apple claims that it needs household discovery to understand where consumers buy Apple's devices. Apple's relevance arguments are dubious, but even if they are credited, the stray purchases of a few household members will not move the needle on any issue in the case,

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 1
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



particularly when Apple itself already has, and has committed to produce, marketwide distribution data for its devices.

For these reasons, and more to follow, Mr. Floyd should be permitted to withdraw and Apple's motion to compel discovery from him should be denied.

## II.    BACKGROUND

Class counsel last communicated with Mr. Floyd on January 16, 2024.  Since that time, Mr. Floyd has not responded to any of counsel's inquiries, including by email, phone, and text. Class counsel have been transparent about Mr. Floyd's status from the outset.  After advising Defendants that Mr. Floyd had ceased communications, class counsel moved on February 29, 2024, to amend the operative complaint to add two additional class representatives and proposed intervenors—namely, Jolene Furdek and Jonathan Ryan (together, the "new representatives"). The motion stated that class counsel wished "to give [Mr. Floyd] every opportunity to continue as a class representative should he reengage in time to meet his discovery obligations," but that additional class representatives should be added in the interim to protect the interests of the class. ECF No. 80 at 1.

When Plaintiffs moved to amend, it certainly was conceivable that Mr. Floyd might regain contact and participate in the case.  Mr. Floyd had been out of communication for six weeks when the motion to amend was filed, a concerning amount of time, but not so long as to foreclose his reemergence.  In addition, on April 2, 2024, the parties stipulated to suspend discovery deadlines pending resolution of the motion to amend.  *See* ECF No. 94.  Accordingly, while Mr. Floyd remained unresponsive during the pendency of the motion, he was not at risk of violating any production deadline.

This case stands in a different posture today.  On May 6, the Court granted leave to amend, applying Rule 16's "good cause" framework."  ECF No. 98 at 6.  The Court held that the "good cause standard has been easily met here," reasoning that "the amendment permits this case to move forward after Floyd apparently lost interest in continuing to participate, which constitutes good cause for amendment."  *Id.* at 6-7.  The Court concluded that class counsel "was diligent" in moving to amend, and that Defendants had not shown any undue prejudice.  *See id.*

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 2
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

at 8-9.  The Court accordingly directed Plaintiffs to file the Second Amended Complaint, which included Mr. Floyd and two additional class representatives (Furdek and Ryan), and further instructed the parties to confer regarding reinstitution of the case schedule.  *See id.* at 10.

Plaintiffs filed the Second Amended Complaint on May 7.  ECF No. 99.  A day later, Amazon served a deposition notice demanding that Mr. Floyd appear for an in-person deposition in Seattle on May 28.[1]  The parties conferred on May 10 regarding the deposition notice, the overall schedule, and other matters.  In advance of that meeting, and during, Plaintiffs' counsel confirmed that Mr. Floyd remained unresponsive, including with respect to the deposition noticed for May 28.  *See* Declaration of Ben M. Harrington In Support of Opposition to Apple's Motion to Compel and Cross-Motion to Withdraw Class Representative ("Harrington Decl.") Exs. A & B.  In proposing a renewed case schedule, Plaintiffs' counsel reiterated that if "Mr. Floyd does not reengage in time to meet his discovery obligations," he would need to be withdrawn from the case.  *See id.* Ex. A.  Plaintiffs accordingly asked during the May 10 meet-and-confer whether Defendants would stipulate to Mr. Floyd's withdrawal if he did not promptly reengage.  *See id.* ¶ 2 & Ex. B.  Defense counsel indicated that they would take that request under consideration and then, without responding, Apple filed on May 17 a motion to compel Mr. Floyd to appear for deposition and produce documents.  *See* ECF No. 104.  A few days later, Defendants confirmed that they objected to any "unconditional withdrawal" by Mr. Floyd.  *See* Harrington Decl. Ex. B.[2]

On May 24, the Court entered a case schedule.  It requires, *inter alia*, that all parties produce documents and data by June 21 and substantially complete those productions by September 13.  *See* ECF No. 111.  Given Mr. Floyd's non-responsiveness, class counsel are not in a position to produce any documents from Mr. Floyd by the June 21 deadline.  Nor can class counsel produce Mr. Floyd for a deposition.   In short, while class counsel have given Mr. Floyd every opportunity to participate in this matter, his participation is no longer feasible.  He simply

---

[1] An amended deposition notice was served on May 15, 2024, joined by counsel for Apple.

[2] Defendants did however agree to take Mr. Floyd's May 28 deposition off calendar pending resolution of Apple's motion to compel.  *See id.*

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 3
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

cannot meet the case schedule and his prolonged absence indicates he is unable to vigorously prosecute this action. Accordingly, Mr. Floyd has been advised that efforts will be taken to withdraw him as a class representative. He has not stated any opposition to this.

### III.    ARGUMENT

**A.    Mr. Floyd Should Be Withdrawn as a Class Representative.**

Motions to withdraw a party can be granted under Rule 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Alternatively, courts can treat withdrawal as an amendment and apply Rule 15. Either way, the same liberal standard applies. *See Johnson v. Peter*, 2022 WL 579329, at *2 n.1 (W.D. Wash Feb. 25, 2022) ("The liberal standard of Rule 15 also applies to Rule 21 motions.") (quotation marks omitted); *accord Rodriguez v. City of Phoenix*, 2014 WL 1053602, at *6 (D. Ariz. Mar. 19, 2014). The guiding consideration under both rules is whether the addition or subtraction of parties will prejudice the nonmovant. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a)") (quotation marks omitted); *In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1157 (C.D. Cal. 2019) (likewise focusing on prejudice for Rule 21 motion).

Defendants will suffer no prejudice from Mr. Floyd's withdrawal. In granting leave to amend, the Court has already rejected Defendants' contention that adding the new representatives is prejudicial. *See* ECF No. 98 at 8-9. Substituting the new representatives for Mr. Floyd can likewise result in no cognizable prejudice. As the Court has acknowledged, the class claims asserted by the new representatives and Mr. Floyd are substantively identical, *id.* at 2, and these claims were found plausible on motions to dismiss. To the extent Defendants believe they have valid defenses, they can assert them against the entire class regardless of who serves as a class representative. Defendants do not have a legal right to be sued by a class representative of their choosing, particularly one who has disengaged.

By contrast, barring Floyd's withdrawal would effectively compel him to litigate when the Court has observed he "apparently lost interest in continuing to participate." ECF No. 98 at 7. A "plaintiff generally should not be compelled to litigate if [the plaintiff] doesn't wish to." *In*

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 4
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  *re Tezos Sec. Litig.*, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (quotation marks
2  omitted).  At a minimum, Mr. Floyd's sustained absence, coupled with impending discovery
3  deadlines, indicates that he is unable to prosecute this action on behalf of the class.  The new
4  representatives can, and the Court has found good cause to "move forward" with them as class
5  representatives.  *See* ECF No. 98 at 7.

6  Without any prejudice to point to, Defendants have intimated that unless Mr. Floyd
7  explicitly directs dismissal of his claims, no one has authority to withdraw him as a class
8  representative.  As Defendants would have it, Mr. Floyd should just linger on the docket
9  indefinitely.  Defendants are incorrect.  It is well-established that "*any party* may make a
10 motion" under Rule 21 to add or drop a party.  *See* Mary Kay Kane, 7 Fed. Prac. & Proc. Civ. §
11 1687 (3d ed. 2024) (emphasis added).  The new representatives are parties to this action.  They
12 have authority to request a Rule 21 order withdrawing Mr. Floyd as a class representative, and
13 they do so here.  Similarly, as Plaintiffs observed when initially moving to amend, courts
14 routinely allow full substitution under Rule 15 where, as here, an existing class representative
15 ceases to respond to counsel.  *See, e.g., Cedano v. Thrifty Payless, Inc.*, 2011 WL 5117930, at *3
16 (D. Or. Oct. 25, 2011) (granting leave to substitute for class representative who "stopped
17 communicating with his attorneys"); *Mills v. Gen. Dynamics Info. Tech., Inc.*, 2018 WL
18 6321588, at *1 (M.D. Fla. Dec. 3, 2018) (same).

19 Apple goes even further afield in suggesting that Plaintiffs are somehow "foreclosed"
20 from withdrawing Mr. Floyd because they filed a Second Amended Complaint that includes him.
21 *See* Mot. at 5.  Plaintiffs' motion to amend appropriately sought only to *add* class
22 representatives, because, at the time, Mr. Floyd's participation in the case was still possible.  As
23 the local rules required, class counsel's motion to amend attached the proposed pleading, naming
24 Mr. Floyd and the new representatives.  *See* L. Civ. R. 15(a).  The Court granted leave to file that
25 pleading, nothing else.  Plaintiffs' compliance with the Court's order and local rules in no way
26 forecloses Mr. Floyd's withdrawal now that a case schedule has entered and it is apparent Mr.
27 Floyd cannot meet discovery deadlines.  Class counsel have been clear since day one, including
28

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 5
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

in their motion to amend, that Mr. Floyd would need to be withdrawn if he did not reengage. *See* ECF No. 80 at 1.

### B. Mr. Floyd's Withdrawal Should Not Be Conditioned on Providing Discovery and Apple's Motion to Compel That Discovery Should be Denied.

Defendants contend that any withdrawal by Mr. Floyd should be made contingent on him sitting for a deposition, responding to interrogatories and producing documents related to "household members." Apple further moves to compel that discovery. In doing so, Apple relies on a handful of cases in which courts conditioned a plaintiff's withdrawal on providing some form of discovery. *See* ECF No. 104 at 5-6. But Apple fails to disclose the many cases refusing to condition withdrawals on the provision of discovery, including in more analogous circumstances. *See, e.g., In re MGM Resorts Int'l Data Breach Litig.*, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024); *Solano v. Kroger Co.*, 2022 WL 3143352, at *7 (D. Or. May 3, 2022), R&R adopted, 2022 WL 3139884 (D. Or. Aug. 4, 2022); *Click v. Gen. Motors LLC*, 2021 WL 3634695, at *5 (S.D. Tex. Mar. 23, 2021); *Doe v. Arizona Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *14 (D. Ariz. Mar. 19, 2009); *In re Urethane Antitrust Litig.*, 2006 WL 8096533, at *2 (D. Kan. June 9, 2006); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004).

That courts come out both ways on this issue illustrates, above all, that the circumstances of the withdrawal matter. *See Solano,* 2022 WL 3143352, at *5 (whether conditions should be imposed "necessarily turns on careful consideration of the particular circumstances in each case); *Click*, 2021 WL 3634695, at *4 (conditioning withdrawal on discovery is "not a routine matter"). There is no categorical rule. Here, three pertinent considerations support Mr. Floyd's unconditional withdrawal.

*First*, what distinguishes this case from virtually every decision Apple invokes is that Mr. Floyd is flatly unresponsive to class counsel's outreach, including as to the very discovery Apple seeks to compel. Practically speaking, nothing can be gained by compelling discovery from Mr. Floyd. Consider the likely sequence of events if Apple's motion to compel were to be granted. Because he is unreachable, there is no reason to believe that Mr. Floyd will reengage to appear

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 6
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

for deposition or produce documents. Apple knows this and has already previewed that it will respond to Mr. Floyd's noncompliance by seeking sanctions under Rule 37(b). *See* Mot. at n.7; ECF No. 90 at 4. The most severe sanction, in turn, would be one dismissing Mr. Floyd from the case. *See Ewing v. Flora*, 2016 WL 1465182, at *2 (S.D. Cal. Apr. 14, 2016) ("The most severe form of sanctions are terminating sanctions."). But Plaintiffs have *already offered* to withdraw Mr. Floyd. In short, compelling discovery at most leads to the outcome Plaintiffs propose—Mr. Floyd's withdrawal—but only with more delay, distraction and expense.[3]

*Second*, discovery conditions are more often imposed when a party seeks to withdraw in advanced stages of the litigation. Apple's cases prove the point. They generally involve situations where a putative class representatives sought to withdraw on the eve of, or during, class certification proceedings, when discovery was well under way.[4] Late-stage withdrawals tend to involve a degree of prejudice that can warrant discovery conditions. This case, by contrast, is at a much earlier stage and Apple has not shown any cognizable prejudice arising from Mr. Floyd's withdrawal (*see supra*). Indeed, no party has produced responsive documents, and Plaintiffs' class certification motion is more than seven months away. *See* ECF No. 111 at 2 (setting January 13, 2025 deadline for class certification motion); *see also Click*, 2021 WL 3634695, at *3 (denying motion to condition withdrawal on provision of discovery and distinguishing cases involving "late-stage requests" to withdraw); *Doe*, 2009 WL 1423378, at *13 (denying discovery conditions and observing that withdrawal in advance of class

---

[3] Notably, the only decision Apple cites involving a potentially unreachable class representative—*Roz v. Nestle Waters*, 2017 WL 6940512, at *1 (C.D. Cal. June 21, 2017)—is a two-paragraph decision that has never been followed and has been criticized for lacking "reasoned analysis." *See Click*, 2021 WL 3634695, at *43 n.2.

[4] *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 5227702, at *2 (W.D. Wash. Aug. 15, 2023) (withdrawal first requested just six days before deadline "to complete fact discovery"); *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) (withdrawal sought "after Plaintiffs filed their motion for class certification"); *Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 2011 WL 5865059, at *2 (D. Colo. Nov. 22, 2011) (request to withdraw came just a "few days before Plaintiffs filed their motion for class certification"); *Fraley v. Facebook Inc.*, 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012) (motion to withdraw filed within one month of class certification).

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 7
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

certification does not involve "the sort of prejudice that might stem from a later-stage withdrawal").

*Third,* Apple can obtain relevant discovery from the remaining class representatives, who have committed to produce documents and will sit for depositions, should their depositions be noticed.  *See In re MGM Resorts*, 2024 WL 1440902, at *4 (granting unconditional withdrawal of class representative because discovery could be obtained from remaining class representatives).  Apple contends that discovery from the new representatives is insufficient for class certification because they need to test Mr. Floyd's adequacy as a class representative.  *See* Mot. at 5-6.  But discovery from Mr. Floyd is not needed on this topic.  Plaintiffs seek to *withdraw* Mr. Floyd and will not offer him as a representative at class certification.  To the extent Apple wishes to mount an adequacy challenge, the focus must be on the remaining class representatives.  Apple does not assert that there is any shortcoming in the discovery these representatives have agreed to provide on the issue of adequacy, or any other topic, nor could it legitimately.

These considerations, ignored by Apple, support withdrawing Floyd without discovery conditions.  It is the sensible path forward.

**C.   The "Household" Discovery Apple Seeks is Not Proportional and Serves Mainly to Harass and Intimidate Class Representatives.**

While Mr. Floyd's withdrawal should not be conditioned on his provision of discovery, the "household" information Apple requests is not even discoverable in the first place.  Apple's motion to compel "household" purchasing and account details should thus be denied for this independent reason.

Collectively, Apple's "household" requests seek documents providing granular detail for every smartphone and tablet purchased by any household member Mr. Floyd may have had over a roughly seven-year period, including (a) purchase dates, (b) sellers, (c) retailer websites, (d) store and locations, (e) prices, (f) all "service plans, warrants or product insurance purchase," (g) purchasers, (h) serial numbers, (i) all "user ID[s] . . . associated with each product at an point," (j) the "primary user" of each product, and (k) any person gifted the product.  *See* ECF No. 90 at

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 8
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



RFP 5.  In addition, Apple's interrogatories ask for each household member's Apple ID, and for every smartphone or tablet a household member purchased, (a) the product, model, generation and serial number, (b) whether it was new, used, or refurbished, (c) purchase date, (d) price, (e) any promotions or credits to price, (f) the selling entity, (g) manner of purchase, (h) primary user of the product, (i) whether product is still possessed, and (j) manner of disposal.  *See id.* at Interrogatory Nos. 1 & 4.  Apple further seeks granular detail as to the cellular plans used by any household members, including (a) provider, (b) type of plan, (c) time period for plan, (d) all phone numbers associated with plan, (e) all devices on the plan, and (f) any "devices" purchased from the cellular provider.  *See id.* at Interrogatory No. 6.

Apple has not demonstrated that this searching household discovery is proportional to the needs of the case.[5]  Household members are not parties to this litigation.  At most—if they made a qualifying iPhone or iPad purchase—they are absent class members.  "Discovery of absent class members is disfavored."  *Does 1-10 v. Univ. of Wash.*, 2018 WL 3417017, at *2 (W.D. Wash. July 13, 2018) (denying absent class member discovery and requiring plaintiffs to respond to discovery requests "on their own behalf and not for absent class members"); *In re J&J Inv. Litig.*, 2023 WL 8838059, at *2 (D. Nev. Dec. 19, 2023) ("Discovery from absent class members is generally not permitted because it would undermine the purpose of the class action procedures.").

Defendants cannot get absent class member discovery by renaming it "household" discovery.  *See Hernandez v. Lynch*, 2018 WL 10561972, at *7 (C.D. Cal. Dec. 6, 2018) (refusing to compel plaintiff's response to interrogatories seeking information about household members and dependents).  Quite the opposite, discovery of household members is a particularly alarming form of absent class members discovery because, if permitted, it would chill plaintiff

---

[5] It bears note that, given Mr. Floyd's status, class counsel have been unable to confirm whether he has household members or whether any of their documents or information are in his custody and control.  Accordingly, the scope of discovery that might be subject to Apple's "household member" requests remains underdetermined.  Nevertheless, Plaintiffs believe Apple's "household" discovery requests are facially improper and should be categorically denied on the current record.

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 9
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



1   participation in class action lawsuits.  That is, if serving as a class representative means exposing
2   family members and housemates to discovery of their purchasing patterns and account details,
3   consumers will think twice about serving as a class representative and many would withdraw
4   from active litigation if such discovery demands surfaced.  The Rule 23 apparatus depends on the
5   willing involvement of class representatives, and discovery that would thwart that participation
6   should be critically accessed to prevent abuse.  *See, e.g., Martin v. ReliaStar Life Ins. Co.*, 2011
7   WL 13318490, at *3 (D. Minn. Oct. 26, 2011) (observing that discovery demands that may
8   "have a chilling effect on putative class members and on the bringing and maintenance of class
9   action suits" are "contrary to the intent of Congress") (quotation marks omitted).

10         Skepticism is particularly appropriate here given that Apple already has far more
11  comprehensive data than it seeks to compel.  That is, Apple primarily contends that household
12  member discovery will shed light on where Apple's products are sold.  *See* Mot. at 6-8.
13  Relevance aside, Apple *already knows* where its products are sold.  Indeed, Apple has committed
14  to produce marketwide distribution data across its various distribution channels in the United
15  States.  The purchasing history of a few stray household members will not tell Apple anything it
16  does not already know.[6]  That Apple insists on pursuing intrusive discovery through class
17  representatives, when it has far more comprehensive information at its fingertips, raises a real
18  concern that the aim is only to intimidate and deter plaintiff participation.

19         As for relevance, Apple's shifting arguments are premised on a caricature of the
20  Plaintiffs' allegations and the antitrust issues to be litigated.

21         *First*, Apple asserts that household discovery is needed because Mr. Floyd may have
22  purchased an iPad on Amazon and then gifted it to a family member (Mot. at 6).  Apple contends
23  this bears on Mr. Floyd's standing, but Mr. Floyd suffered injury-in-fact when he was
24  overcharged, regardless of whether the iPad he purchased was a gift or for his own use.  *See* ECF

---

[6] To the extent that Apple seeks information about smartphones and tablets from other manufacturers, there are likewise far more comprehensive marketwide sources for the information, including data maintained by Amazon and Apple's own market intelligence, not to mention the manufacturers themselves.

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 10
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  No 99 at ¶¶ 158-160.  In any case, discovery is not being withheld on this topic.  Mr. Floyd and
2  the new representatives have not objected to producing documents related to any iPads or
3  iPhones gifted to household members.  Nor have they objected to producing documents related
4  to any purchases by household members *for* them.  *See* ECF No. 90 at RFP 5 Response (agreeing
5  to produce "purchase details for smartphones or tablets (including Apple Products) obtained by
6  or for Plaintiff").  The objection is to documents concerning household members' purchases *for*
7  *themselves*, i.e., pure absent-class member discovery.

8       *Second,* Apple asserts that household discovery will test Plaintiffs' market definition,
9  which, according to Apple, depends on consumers purchasing smartphones and tablets
10 "exclusively from online marketplaces or one stop shops." Mot. at 7.  But that is not Plaintiffs'
11 theory.  Everyone understands that Apple products can be purchased from retailers other than
12 online marketplaces and one-stop-shops, including from Apple itself.  Just because consumers
13 may shop from other retailers does not mean, even remotely, that the market must be expanded
14 to include these retailers.  *See* ECF 99 at ¶¶ 87-112.  To the contrary, as the Merger Guidelines
15 explain, "[m]arket participants often encounter a range of possible substitutes for the products [at
16 issue]," yet "a relevant market cannot meaningfully encompass that infinite range of substitutes."
17 Harrington Decl. Ex. C at 40.  The Merger Guidelines specifically acknowledge that a relevant
18 antitrust market can properly be limited to a "product category sold by a particular type of
19 supplier," including "one-stop shops." *Id.* at 47.

20      Judge Coughenour recognized this at the motion to dismiss stage.  Upholding Plaintiffs'
21 market definition, Judge Coughenour rejected the notion that the relevant market must
22 encompass "other avenues for a consumer to purchase smartphones and tablets." ECF No. 61 at
23 8-9 (citing *F.T.C. v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1040 (D.C. Cir. 2008) (holding that
24 premium natural and organic supermarkets may constitute a submarket distinct from
25 conventional supermarkets even if some of the products were available in both markets)).

26      Household discovery thus cannot supply the "test" Apple posits.  To the extent Mr.
27 Floyd's household members purchased smartphone or tablets from retailers other than online
28 marketplaces or one-stop-shops, these purchases are entirely compatible with Plaintiffs' market

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 11
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

definition. What matters for market definition purposes is whether, *in the aggregate*, other retailers exert sufficient competitive constraints on online marketplaces or one-stop-shops to be included in the relevant market. *See, e.g., In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 127 (C.D. Cal. 2007) (observing that market definition focuses on "aggregate demand"). This is often tested by evaluating the marketwide response to a small but significant non-transitory increase in price or "SSNIP." *See* ECF No. 99 at ¶ 107 (explaining SSNIP test). As Plaintiffs detail in the SAC, the proposed markets will pass a SSNIP test. *See id.* ¶¶ 107-112. The inputs for a SSNIP or any other conceivable market-definition analysis will be aggregate data of the type Apple and Amazon already possess, not the stray purchases of a few household members. Markets are never defined by the "purchasing decision of an individual consumer." *See, e.g., In re Live Concert Antitrust Litig.*, 247 F.R.D. at 127. Indeed, an individual consumer's purchases are considered "the least reliable evidence" of a market's boundaries. *See Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 4492365, at *2 (W.D. Wash. July 12, 2023).

In short, the notion that Apple or its economists genuinely need (or would use) the purchase histories of a few non-parties to analyze the markets is simply not credible. And any marginal relevance of individual household member purchases to market definition is substantially outweighed by the burden and privacy interests at stake, not to mention the general presumption against absent class member discovery.

*Third,* Apple's new contention (Mot. at 8) is that Mr. Floyd somehow put household purchases at issue in the complaint. That is not the case, as even a casual reading of the SAC reveals. Apple's argument is premised on the word "household" appearing at two points in the complaint, but Apple neglects to mention that both references merely recount reports that emphasize the importance of Amazon Prime. *See* SAC ¶¶ 101, 119. Plaintiffs' claims in no way depend on household member purchases. If every word in the 58-page complaint unlocked new realms of discovery, as Apple essentially argues here, discovery would be boundless.

*Fourth,* Apple's most convoluted argument (also new) is that household discovery will somehow demonstrate Mr. Floyd suffered no antitrust injury (Mot. at 8). This does not compute. Mr. Floyd alleged he was overcharged, a quintessential antitrust injury, because Apple and

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 12
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  Amazon's boycott agreement eliminated third-party sellers of Apple products and, with them,
2  price competition.  *See* ECF No 99 at ¶¶ 158-160.  The household member discovery Apple
3  pursues has no conceivable bearing on this injury.  Apple asserts that household member
4  discovery will show that retailers other than online marketplaces and one-stop-shops sell Apple's
5  products.  But again, no one is disputing that.  The availability of Apple products outside the
6  relevant market does not eliminate, or bear on, the injuries Mr. Floyd alleged.

7        For all these reasons, Apple has not justified its discovery requests seeking details of
8  household members' smartphone and tablet purchases.  Moreover, Apple has not even attempted
9  to justify its other requests, including those seeking the identification of people who used
10 household members' devices, as well as their cellular plans and all associated phone numbers.
11 *See* ECF No. 90 at RFP 5 & Interrogatories 1, 4 & 6.  Apple's motion to compel all of this
12 "household" discovery should be denied in full.

13 **D.    Mr. Floyd's Claims Should Not Be Dismissed With Prejudice.**

14       Although Mr. Floyd should be unconditionally withdrawn as a class representative, he
15 has not settled his claims and thus he remains a member of the proposed class.  *See Fife v. Sci.*
16 *Games Corp.*, 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020) (absent affirmative action
17 opting out of a class, withdrawing class representative remains "in the potential class").  His
18 claims should thus not be dismissed with prejudice.  If a class is certified, Mr. Floyd should have
19 the same rights as other class members, including the right to opt out or remain in the class and
20 participate in any classwide recovery.  *See Moore v. Addus HealthCare, Inc.*, 2020 WL 127667,
21 at *4 (N.D. Cal. Jan. 10, 2020) (where class representative was dismissed for failure to
22 prosecute, dismissal "without prejudice" was appropriate to allow participation as "putative class
23 member should the case be certified"); *Solano*, 2022 WL 3143352, at *5 (dismissing
24 withdrawing plaintiffs' claims "without prejudice" where class case would proceed with other
25 proposed class representatives).

26                               IV.    **CONCLUSION**

27       For the reasons stated above, Mr. Floyd should be unconditionally withdrawn as a class
28 representative.

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 13
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| | |
|---|---|
| DATED: June 7, 2024 | Respectfully submitted, |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | |
| | */s/ Steve W. Berman* |
| | Steve W. Berman (SBN 12536) |
| | */s/ Barbara A. Mahoney* |
| | Barbara A. Mahoney (SBN 31845) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 1301 Second Avenue, Suite 2000 |
| | Seattle, Washington 98101 |
| | Telephone: (206) 623-7292 |
| | Facsimile:  (206) 623-0594 |
| | Email: steve@hbsslaw.com |
| | Email: barbaram@hbsslaw.com |
| | |
| | Ben Harrington (*pro hac vice*) |
| | Benjamin J. Siegel (*pro hac vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 715 Hearst Avenue, Suite 202 |
| | Berkeley, California 94710 |
| | Telephone: (510) 725-3000 |
| | Facsimile:  (510) 725-3001 |
| | Email: benh@hbsslaw.com |
| | Email: bens@hbsslaw.com |
| | |
| | *Attorneys for Plaintiffs and the Proposed Class* |

I certify that this opposition and cross-motion contains 4,962 words, in compliance with the Local Civil Rules.

*/s/ Steve W. Berman*
Steve W. Berman

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 14
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1



## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman

OPPOSITION TO APPLE'S MOTION TO COMPEL AND
CROSS-MOTION TO WITHDRAW CLASS REPRESENTATIVE - 15
Case No. 2:22-cv-01599-KKE
011121-11/2648711 V1

