UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al.,<br><br>　　　　　　Plaintiff(s),<br>　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C22-1599-KKE<br><br>ORDER GRANTING MOTION TO COMPEL |

　　　　Months after Defendant Apple Inc. served discovery requests on Plaintiff Steven Floyd, who was at the time the sole named plaintiff in this putative class action, and long after the responses to those requests were due and remain unanswered, Floyd seeks to—in response to Apple's motion to compel—withdraw as a named plaintiff, dismissing his claims without prejudice to remain an absent class member. Apple does not oppose Floyd's withdrawal, but requests that the Court first compel him to respond to the outstanding discovery requests and appear for a deposition that was noticed by Apple and Defendant Amazon.com Inc. ("Amazon") before he sought to withdraw. Because the Court finds that Defendants would suffer prejudice if Floyd were permitted to withdraw without responding to the outstanding requests for discovery and testifying at a deposition, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw until after he has complied with these discovery conditions.

## I. BACKGROUND

This case was filed in November 2022 as a putative class action with Floyd as the sole named plaintiff, alleging that he was overcharged when he purchased a new Apple product on Amazon's website as a result of the Global Tenets Agreement between Defendants. *See, e.g.*, Dkt. No. 1 ¶ 22. Since the time of filing, the parties have briefed two rounds of motions to dismiss, a contested motion to amend the complaint, and several discovery disputes requiring Court intervention. Dkt. Nos. 30, 32, 42, 43, 53, 76, 80, 89, 90.

Defendants served requests for production on Floyd, and his counsel objected on multiple general and specific grounds in October 2023. *See* Dkt. No. 90 at 31–75. Floyd has not produced any documents in response to those requests (or any others). Dkt. No. 104 at 6. On February 8, 2024, Apple served interrogatories on Floyd, seeking information about his purchases and use of smartphones and tablets, as well as the purchases and uses of his household members. Dkt. No. 90 at 10. On February 13, Floyd's counsel responded to Apple, explaining that Floyd had "become difficult to reach" but had "not withdrawn as a class representative[.]" Dkt. No. 105 at 6. Defendants replied on February 22, inquiring as to (among other things) Floyd's availability for a deposition. *Id*. at 5. His counsel responded the next day that they would not be able to provide information about Floyd's availability until they heard from Floyd himself. *Id*. On February 26, Defendants indicated that they had "no choice but to issue a notice" for Floyd's deposition if his counsel could not provide an available date. *Id*. at 4.

Floyd's counsel moved for leave to amend the complaint on February 29, seeking to add two new named plaintiffs but not, at that time, seeking to withdraw Floyd. Dkt. No. 80. Apple opposed that motion on the grounds that Floyd was an improper class representative from the inception of this case, and that it was unfair that Defendants had been forced to respond to discovery while this case proceeded with one inadequate named plaintiff. Dkt. No. 86. Apple

ORDER GRANTING MOTION TO COMPEL - 2

noted that it had "devoted significant time and expense to discovery, and served requests for production and interrogatories that have been frustrated by Floyd's failure to respond substantively." *Id*. at 14. Defendants argued in the alternative that if new plaintiffs are added, Floyd's counsel should be required to show that the Court should stay discovery against Defendants to allow them to minimally test whether the new representatives would be adequate class representatives *before* requiring Defendants to expend resources on discovery. *Id*. at 17–18.

On March 11, 2024, Floyd's counsel provided "objections and response" to Apple's interrogatories (Dkt. No. 90 at 21–28), lodging what Apple characterizes as "boilerplate and conclusory objections" with no actual information from Floyd, and no indication that the document was prepared with Floyd's input or participation. Dkt. No. 104 at 6.

The Court granted Floyd's motion for leave to amend on May 6, and Floyd and the new named Plaintiffs filed a second amended complaint the next day, on May 7. *See* Dkt. Nos. 98, 99. On May 8, Amazon served a notice of Floyd's deposition on Plaintiffs' counsel for May 28. Dkt. No. 105 at 9. In that notice, Amazon explained that it "expects that Mr. Floyd will answer interrogatories and produce responsive documents to Amazon's outstanding discovery requests … at least 10 days before the deposition." *Id*. Plaintiffs' counsel responded on May 10 that they would produce Floyd for a deposition if he reengaged with them. *Id*. at 20. Floyd did not reengage, appear for the deposition, or respond to any of the outstanding discovery requests.

Apple filed this motion to compel Floyd to respond to the discovery requests and appear for a deposition. Dkt. No. 104.[1] In response/opposition, Plaintiffs' counsel cross-moved to withdraw Floyd as a named plaintiff, although Floyd intends to remain an absent class member. Dkt. No. 114. In a consolidated reply/response, Apple agrees that Floyd may withdraw as a named

---

[1] Amazon concurred in the motion as well. *See* Dkt. No. 104 at 5 n.1.

ORDER GRANTING MOTION TO COMPEL - 3

plaintiff if he chooses, but insists that his withdrawal should be conditioned on his testifying for a deposition and responding to the discovery requests that were propounded or noticed while he remained a named Plaintiff (as he does to this day). Dkt. No. 125. Defendants contend that they would be prejudiced if the Court allows Floyd to avoid his discovery obligations as a party simply by withdrawing. *Id.* at 10.

Apple's motion to compel and Floyd's motion to withdraw are now ripe for resolution, and the Court has considered the parties' briefing[2] and heard oral argument on both motions. For the following reasons, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw.

## II.    ANALYSIS

The burden to obtain discovery of any kind from absent class members is very high. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (noting that burdens, including discovery, "are rarely imposed upon plaintiff class members"). On the other hand, by filing a lawsuit in a putative class action, a named plaintiff is obligated to "participate in discovery and provide testimony." *Fraley v. Facebook Inc.*, No. C 11-1726-LHK (PSG), 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012). The scope of discovery is broad, restricted only to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Apple contends that the discovery it seeks to compel from Floyd is relevant to: (1) class-certification issues (whether the new named Plaintiffs are typical and adequate representatives of class members like Floyd); (2) the merits determination of the relevant market; (3) whether Floyd is a "core customer" referenced in the operative complaint (Dkt. No. 99 ¶ 91) based on his

---

[2] This order refers to the parties' briefing using CM/ECF page numbers.

purchasing behavior; (4) whether Plaintiffs are correct that Apple's device records are inaccurate (as they have alleged); and (5) Defendants' defenses pertaining to the statute of limitations and whether the putative class members suffered an antitrust injury. Dkt. No. 125 at 12–14. Accordingly, Apple requests that Floyd be compelled to respond to the outstanding discovery and testify at a deposition before he is permitted to withdraw as a named plaintiff. Dkt. No. 104.

Plaintiffs contend that the discovery Apple seeks to compel has limited relevance, and go on to argue that even if the discovery was relevant, it is not necessary or proportional to the needs of the case because there are other named Plaintiffs who are ready and willing to respond to discovery. Dkt. No. 127 at 4. Given that Floyd does not want to continue as a named Plaintiff, and Defendants do not seek to force him to do so, Plaintiffs argue that discovery responses from the named Plaintiffs other than Floyd are sufficient for Defendants' purposes. *Id.* at 8.

Discovery conditions are sometimes, but not always, imposed on a withdrawing named plaintiff. *Compare, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-0421-LK, 2023 WL 5227702, at *9–10 (W.D. Wash. Aug. 15, 2023) (where a named plaintiff sought to dismiss his claims with prejudice, court conditioned dismissal on his providing discovery responses and sitting for a two-hour deposition limited to issues unique to him); *Gallegos v. Atria Management Co.*, No. ED CV 16-888-JGB (SPx), 2016 WL 11824850, at *5 (C.D. Cal. Nov. 14, 2016) ("[N]otwithstanding [named plaintiff's] uncertain status, the information defendants request remains relevant. Although it would not necessarily be proper for defendants to seek such documents from other putative class members at this point, because [named plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her."); *Fraley*, 2012 WL 555071, at *3 (requiring an outgoing named plaintiff to appear for a deposition); *with, e.g.*, *In re MGM Resorts Int'l Data Breach Litig.*, No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024) (finding that because

ORDER GRANTING MOTION TO COMPEL - 5

dismissing named plaintiffs without conditions "would not deprive [Defendant] of discovery on uniquely situated class members" no unfair prejudice would result from the unconditional withdrawal of the named plaintiffs); *Doe v. Ariz. Hosp. & Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *14 (D. Ariz. Mar. 19, 2009) (declining to impose dismissal conditions, finding them "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be … deposed in her stead").

The Court finds that based on the circumstances of this case, granting Apple's motion to compel before turning to consider Floyd's motion to withdraw is appropriate. Defendants' discovery requests were served long before Floyd sought to withdraw, and most of them were propounded when Floyd was the sole named Plaintiff. The Court is satisfied that the discovery Apple seeks is relevant to its defenses as well as to some of the issues related to class certification even if Floyd will not be a named plaintiff at that stage. *See* Dkt. No. 131 at 42–48 (Apple's arguments regarding the relevance of the Floyd discovery requests with respect to the definition of the relevant market, whether households with Amazon Prime memberships are "locked in" to purchasing products from Amazon as alleged in the complaint (*see, e.g.*, Dkt. No. 99 ¶¶ 36, 101, 119), whether an antitrust injury occurred, whether the named Plaintiffs' claims are typical of the putative class (that would include Floyd)).

Apple has further explained how the "limited information" that Defendants *have* been able to obtain about Floyd to date confirms that he possesses information relevant to the merits of this litigation as well as class certification. *See* Dkt. No. 131 at 49. Although Plaintiffs dispute (*see, e.g.*, *id*. at 56–59) whether the discovery sought by Defendants will be, ultimately, persuasive as to any claim or defense of this case, or as to class-certification inquiries, they have not shown that the information sought does not meet the low threshold of relevance or that it is not proportional

to the needs of the case. Under these circumstances, Defendants are entitled to the discovery they seek from Floyd, before he is permitted to withdraw as a named Plaintiff.

Plaintiffs suggest that discovery conditions are inappropriate based on the posture of this case, arguing that Defendants would not be prejudiced by Floyd's withdrawal this early in the litigation (Dkt. No. 127 at 9, Dkt. No. 131 at 55). Their characterization of the stage of the proceedings as "early" is somewhat disingenuous, however, given that the proceedings have been protracted significantly due to Floyd's non-responsiveness. That Floyd sought to withdraw "before a single responsive document was produced" (Dkt. No. 127 at 9) does not alone establish that Defendants would not be prejudiced by his withdrawal, given that "Floyd's allegations alone formed the basis of the initial and First Amended Complaint, and it is against his sole allegations that Defendants have had to defend for nearly two years." Dkt. No. 125 at 15.

Because Apple has shown that the information it seeks from Floyd is sufficiently relevant, because Floyd has a unique status as the original sole named plaintiff and he possesses information that may not be identical to information available from the other named plaintiffs, and because Apple propounded much of this discovery long before Floyd sought to withdraw, the Court finds that it is appropriate to compel him to respond and testify at a deposition before allowing Floyd to withdraw. *See Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628–29 (C.D. Cal. 2011) (finding that because a defendant is entitled to depose a named plaintiff, and the named plaintiff has information that is relevant to the litigation even if he eventually withdraws, the defendant was entitled to depose named plaintiff before withdrawal); *see also Gallegos*, 2016 WL 11824850, at *5 (compelling a named plaintiff who had filed a motion to withdraw to nonetheless respond to discovery requests seeking relevant information, noting that "[a]lthough it would not necessarily be proper for defendants to seek such documents from other putative class members at this point,

ORDER GRANTING MOTION TO COMPEL - 7

because [plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her").

### III.   CONCLUSION

For these reasons, the Court GRANTS Apple's motion to compel (Dkt. No. 104), and DEFERS ruling on Plaintiffs' cross-motion to withdraw (Dkt. No. 114). Floyd is ORDERED to respond to the outstanding interrogatories and requests for production addressed in Apple's motion no later than August 30, 2024. No later than September 30, 2024, Floyd shall testify at a deposition to be scheduled at a mutually agreeable time.

If Floyd complies with these conditions, the parties may file a stipulated motion permitting Floyd to withdraw as a named plaintiff. The clerk is directed to TERMINATE Plaintiffs' cross-motion to withdraw (Dkt. No. 114), subject to renewal if necessary.

Dated this 16th day of August, 2024.

Kymberly K. Evanson
United States District Judge