The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**HAGENS BERMAN SOBOL SHAPIRO LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF STEVEN FLOYD**<br><br>**NOTE ON MOTION CALENDAR:**<br>October 4, 2024<br><br>**PUBLIC VERSION** |



**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................1

III.  ARGUMENT ..........................................................................................................2

IV.  CONCLUSION ......................................................................................................5

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - i
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1



## I. INTRODUCTION

On August 16, 2024, this Court Ordered that Plaintiff Steven Floyd provide certain discovery as a condition of his withdrawal from the case. *See* ECF No. 132 ("Order"). The Court's Order set an August 30 deadline for Mr. Floyd to produce documents and respond to interrogatories, and a September 30 deadline for him to appear for a deposition. The August 30 deadline was subsequently extended by stipulation to September 13. *See* ECF No. 135.

Counsel to Plaintiffs and the proposed Class ("Class Counsel") have made extensive efforts to encourage and facilitate Mr. Floyd's compliance with the Court's Order. Despite these efforts, Mr. Floyd has elected not to adhere to Class Counsel's advice or comply with the Order. Given this fundamental breakdown in the attorney-client relationship, as well as Mr. Floyd's general non-responsiveness to Class Counsel's outreach since January 2024, Class Counsel seek to withdraw as Mr. Floyd's counsel.

All criteria courts consider in evaluating motions to withdraw favor granting leave in this case. Courts routinely permit counsel to withdraw where, as here, there has been a breakdown in counsel's ability to coordinate and communicate with a client to meet case obligations. Defendants will not be prejudiced by Class Counsel's withdrawal, nor will it undermine the orderly and timely resolution of this case, which is proceeding with other named Plaintiffs who Class Counsel will continue to represent.

Respectfully, Class Counsel's motion to withdraw as Mr. Floyd's counsel should be granted.

## II. BACKGROUND

Class Counsel have previously documented the breakdown in communications with Mr. Floyd that precipitated the Court's August 16 Order and, for sake of brevity, will not recount that entire history here. In short, prior to the Order, Class Counsel had not heard from Mr. Floyd since January 2024, despite repeated efforts to engage him in the case. *See* ECF No. 114.

Class Counsel's efforts to coordinate with Mr. Floyd following the August 16 Order are detailed in the accompanying Declaration of Ben M. Harrington ("Harrington Decl."). In total, since August 16, 2024, Class Counsel have called Mr. Floyd at least 10 times, sent him 6 emails,

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - 1
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

2 texts, and 3 letters, all in an effort to secure his compliance with the Court's Order. *See* Harrington Decl. ¶ 9. Class Counsel had the Order hand delivered to Mr. Floyd, and further obtained and sent a certified copy to assuage any concerns as to its authenticity. *Id.* ¶¶ 3, 7.

Given that Mr. Floyd had been out of contact for approximately seven months, Class Counsel candidly did not anticipate reaching him following the Court's Order. But on August 20, 2024, Mr. Floyd made contact for the first time since January 2024. *See id.* ¶¶ 4-6. Mr. Floyd's communications are privileged, and Class Counsel is unable to recount their content. But suffice to say that discussions with Mr. Floyd ultimately resulted in a breakdown in the attorney-client relationship. *See id.* ¶ 6.[1] Mr. Floyd has elected not to adhere to Class Counsel's advice regarding his discovery obligations or the Court's Order. The last communication Class Counsel received from Mr. Floyd was on August 28, 2024, and he has not responded to any communications since that date or provided Class Counsel with any discovery material despite Class Counsel's requests. *See id.* ¶¶ 6-8.

### III.    ARGUMENT

This district's local rules require leave of court for an attorney to withdraw an appearance if it will leave a party unrepresented. *See* LCR 83.2(b)(1). In evaluating a motion to withdraw, courts consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Protingent, Inc. v. Gustafson-Feis*, 2022 WL 2479124, at *1 (W.D. Wash. July 6, 2022). "District courts have discretion to approve or deny a motion to withdraw as counsel." *Id.* at *1 (citing *McNall v. Pac. Ret. Servs., Inc.*, 859 F. App'x 48, 49 (9th Cir. 2021)). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case[.]" LCR 83.2(b)(1).[2]

---

[1] To the extent the Court wishes to review Class Counsel's correspondence with Mr. Floyd *in camera*, Class Counsel will promptly submit it.

[2] LCR 83.2(b)(1) requires that, if a withdrawal leaves a party unrepresented, the motion to withdraw must provide the party's address and phone number. Mr. Floyd's address is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and his phone number is ▇▇▇▇▇▇▇▇.

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - 2
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Here, Class Counsel seek to withdraw more than sixty days before the December 13 fact-discovery cut-off,[3] *see* ECF No. 111, and all four applicable factors support Class Counsel's withdrawal.

*First*, the reason for Class Counsel's withdrawal—a basic breakdown in the attorney-client relationship—is well-recognized. Courts regularly grant motions to withdraw where (as here) there is a "lack of cooperation and communication by a client." *China Cent. Television v. Create New Tech. HK Ltd.*, 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015) (quoting *Pic Power Indus. v. Cook–N–Throw, Inc.*, 2001 WL 840073, *1 (S.D.N.Y. July 25, 2001)) (collecting cases); *Drueding*, 2022 WL 6799766, at *2 (granting motion to withdraw where communications between counsel and client "declined to the point of a complete breakdown" and plaintiff "ceased cooperating with her counsel"); *see also Boards of Trustees of Seattle Area Plumbing & Pipefitting Indus. Health & Welfare Tr. v. J.P. Francis & Assocs., Inc.*, 2023 WL 1991624, at *2 (W.D. Wash. Feb. 14, 2023) (same, where client failed to communicate with counsel "for multiple months" despite "multiple reminders" and did not provide "certain necessary information" to prepare response to summary judgment motion); *Bernstein v. City of Los Angeles*, 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (same, where plaintiff was "unwilling to cooperate with counsel in the prosecution" of lawsuit and there was "breakdown in the attorney-client relationship").

A lawyer cannot provide effective representation, let alone any representation, to a client who refuses to participate in litigation and coordinate with counsel. Such is the case here. Class Counsel cannot force Mr. Floyd to provide the discovery subject to the Court's Order. Compliance requires Mr. Floyd's cooperation and willingness to engage. As discussed above, Plaintiffs have made every effort to gain Mr. Floyd's cooperation, but without success. Mr. Floyd has evidently made his own decision not to follow Class Counsel's guidance or comply

---

[3] Although withdrawal is "ordinarily … permitted" where a motion is brought sixty days before the discovery cutoff date, *see* LCR 83.2(b)(1), courts in this district have also permitted withdrawal in "less ideal" circumstances, including where withdrawal was sought after the discovery cutoff date. *See Drueding v. Travelers Home & Marine Ins. Co.*, 2022 WL 6799766, at *2 (W.D. Wash. Sept. 13, 2022) (collecting cases).

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - 3
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1



with the Court's Order. That is a fundamental breakdown in the attorney-client relationship supporting withdrawal.

*Second*, Class Counsel's withdrawal will also not prejudice Defendants because they have no cognizable interest in whether Mr. Floyd is represented by Class Counsel (or not). To the extent Defendants wish to continue pursuing discovery from Mr. Floyd they can do so without Class Counsel serving as an intermediary. In fact, Defendants have previously asked to contact Mr. Floyd directly precisely for this purpose, but Class Counsel properly denied that request because Mr. Floyd was represented at the time. *See* Harrington Decl. Ex. A (Aug. 16, 2024 and Aug. 20, 2024 emails); *see also Boards of Trustees*, 2023 WL 1991624, at *2 (no prejudice or delay where withdrawal sought sixty days before discovery cutoff date and trial was seven months away); *see also Equal Emp. Opportunity Comm'n v. Matamoros*, 2017 WL 2794049, at *2 (W.D. Wash. June 28, 2017) (rejecting opposing party's argument that it would be prejudiced by withdrawal where, among other things, "the Court [was] not in a position to force a law firm to continue representing a client when professional considerations dictate otherwise").

*Third*, Class Counsel's withdrawal will not impede the administration of justice. Mr. Floyd has disengaged and he is not going to be offered as a class representative in this case. Meanwhile, the case is proceeding with the other named Plaintiffs (Furdek and Ryan), who will continue to be represented by Class Counsel. Accordingly, Class Counsel's withdrawal as Mr. Floyd's counsel will in no way undermine the orderly resolution of this case and, if anything, it will conserve party and judicial resources. *See, e.g.*, *Encinas v. Univ. of Wash.*, 2023 WL 6541042, at *1 (W.D. Wash. Oct. 6, 2023) ("[T]he breakdown of Plaintiff's attorney-client relationship means that the administration of justice would likely be benefited, rather than harmed, by permitting [counsel] to withdraw from representation.").

*Fourth*, and relatedly, Class Counsel's withdrawal will not cause any delay in the case schedule. This is not a situation where a withdrawal will require a party to retain new counsel for the case to proceed. In that (very different) circumstance, an attorney's withdrawal can delay proceedings while replacement counsel is located and retained. But here, as noted, the case is

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - 4
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

progressing already with the other named Plaintiffs at the helm, and Mr. Floyd does not need to retain new counsel for the case to proceed. There will be no delays if Class Counsel's motion to withdraw is granted.

## IV.  CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court grant its request to withdraw as counsel for Mr. Floyd.

DATED: September 13, 2024    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
     Steve W. Berman, WSBA #12536
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this motion contains 1,569 words, in compliance with the Local Civil Rules.

/s/ *Steve W. Berman*
Steve W. Berman



|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on September 13, 2024, a true and correct copy of the foregoing was |
| 3 | served on Plaintiff Steven Floyd by email and transmitted to a process server for hand delivery.  I |
| 4 | further certify that a true and correct copy of the foregoing was filed electronically by CM/ECF, |
| 5 | which caused notice to be sent to all counsel of record. |

/s/ *Steve W. Berman*
Steve W. Berman

MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF STEVEN FLOYD - 6
Case No. 2:22-cv-01599-KKE
011121-11/2765518 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX