Honorable Kymberly K. Evanson

1

2

3

4

5

6

7

8

9       **UNITED STATES DISTRICT COURT**
       **WESTERN DISTRICT OF WASHINGTON**
10                      **AT SEATTLE**

11

STEVEN FLOYD, et al., individually and on        Case No. 2:22-cv-01599 KKE
12   behalf of all other similarly situated,

13               Plaintiff,                       **DECLARATION OF BRIAN G.**
                                                **LIEGEL IN SUPPORT OF APPLE**
                                                **INC.'S RESPONSE TO HAGENS**
14          v.                                  **BERMAN SOBOL SHAPIRO LLP'S**
                                                **MOTION TO WITHDRAW AS**
15   AMAZON.COM INC. and APPLE INC.,            **COUNSEL FOR PLAINTIFF STEVEN**
                                                **FLOYD**
16               Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LIEGEL DECL. ISO RESPONSE TO MOTION TO
WITHDRAW AS COUNSEL
Case No. 2:22-cv-01599 KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101 / +1 206-839-4300

I, Brian G. Liegel, declare as follows:

1.     I am an attorney licensed to practice in the State of Florida, and am appearing in this Court *pro hac vice*.  I am counsel at the law firm Weil, Gotshal & Manges LLP, and counsel of record for Defendant Apple Inc. ("Apple") in this case.  I submit this declaration in support of Apple Inc.'s Response to Plaintiffs' counsel's Motion to Withdraw as counsel for Plaintiff Steven Floyd (the "Response").

2.     On February 13, 2024, Plaintiffs' counsel stated that they "intend to seek leave to file a Second Amended Complaint," and "also advise Defendants that while Mr. Floyd has not withdrawn as a class representative, he has become difficult to reach."  A true and correct copy of that email chain, spanning February 13, 2024 to February 23, 2024, and involving Plaintiffs' counsel (Ben Harrington, Steve Berman, Ben Siegel, and Meredith Simons), counsel for Apple (Mark A. Perry, Eric Hochstadt, Brian Liegel, Morgan MacBride, Geneva Hardesty, Katie Black, and Mark Parris), and counsel for Amazon (Benjamin Mundel, Jon Dugan, Chad Hummel, and Anna Tutundjian) is attached hereto as Exhibit A.

3.     On February 23, 2024, Plaintiffs' counsel stated that Mr. Floyd "has not informed us of any intention to withdraw as a class representative."  Plaintiffs' counsel further stated that "[w]e last communicated with Mr. Floyd on January 16, 2024 (and, again, it was not a withdrawal)." Ex. A at 1.

4.     On May 7, 2024, counsel for Plaintiff was quoted in an article by *Law360* as saying that class counsel is "pleased the court followed three other western district judges allowing substitution of a class representative when the existing class representative no longer wishes to serve."  Attached hereto as Exhibit B is a true and correct copy of the article, *New IPad Buyers And Complaint OK'd In Amazon-Apple Suit*, by Bryan Koenig.  Bryan Koenig, *New IPad Buyers And Complaint OK'd In Amazon-Apple Suit*, Law360 (May 7, 2024, 9:11 PM EDT), https://www.law360.com/articles/1834216/new-ipad-buyers-and-complaint-ok-d-in-amazon-apple-suit.

5.     On May 31, 2024, counsel for Apple asked Plaintiffs' counsel "[O]n what basis of authority have you made filings to the Court on [Mr. Floyd's] behalf since contact was broken on January

16, 2024?" and "If you have not made contact with Mr. Floyd since January 16, on what basis has your position changed with regards to whether Mr. Floyd has an intent to withdraw from this matter?" Plaintiffs' counsel responded that they "can confirm that Mr. Floyd has not responded to our outreach since January 16, 2024, as we have advised defendants repeatedly (including on our last videoconference on May 10). We have had no change in position." A true and correct copy of that email chain, spanning May 28, 2024 to May 31, 2024, and involving Plaintiffs' counsel (Ben Harrington, Steve Berman, Ben Siegel, and Meredith Simons), counsel for Apple (Mark A. Perry, Eric Hochstadt, Brian Liegel, Geneva Hardesty, and Mark Parris), and counsel for Amazon (Benjamin Mundel, Jon Dugan, and John Goldmark) is attached hereto as Exhibit C.

6.      On August 16, 2024, counsel for Apple reached out to Plaintiffs' counsel asking them to "[p]lease confirm that you will be alerting Mr. Floyd to the Court's Order compelling him to produce responsive documents, respond fully to interrogatories, and appear for a deposition." A true and correct copy of that email chain, spanning August 16, 2024 to August 29, 2024, and involving Plaintiffs' counsel (Ben Harrington, Barbara Mahoney, Steve Berman, Ben Siegel, and Meredith Simons), counsel for Apple (Mark A. Perry, Eric Hochstadt, Brian Liegel, Morgan MacBride, Geneva Hardesty, Daniel Baquet, Katie Black, Kathryn Buggs, and Mark Parris), and counsel for Amazon (Benjamin Mundel, Jonathan Nuechterlein, Jon Dugan, Jeremy Rozansky, MaryAnn Almeida, and John Goldmark) is attached hereto as Exhibit D.

7.      On August 20, 2024, Plaintiffs' counsel stated: "We sent Mr. Floyd the order last Friday but have not regained contact with him. We're continuing those efforts, and if we do regain contact, we will let you know. We have not withdrawn as his counsel." Ex. D at 9–10.

8.      On August 21, 2024, Plaintiffs' counsel stated: "Mr. Floyd reached out to us today and we're working with him to address the Court's order." Plaintiffs' counsel further stated: "As for deposition logistics, we're still discussing times with Mr. Floyd, but I believe your proposal for an in-person deposition in the Williamsport area should work. Do you have a particular facility in mind. Also, Mr. Floyd advised us that Tuesdays or Thursdays are best for a deposition, provided we end by 5pm (he has childcare responsibilities after that). The Tuesday or Thursdays you proposed are September 19 and 24. Are there any other Tuesdays or Thursdays in September that

1    work for you?" Ex. D at 8.

2    9.      On August 26, 2024 at 5:31 PM ET, Plaintiffs' counsel stated: "Since speaking with Mr.

3    Floyd last Wednesday, we have not been able to reach him, despite numerous attempts." Plaintiffs'

4    counsel further stated: "In the meantime, please let us know by **2pm PT tomorrow** whether

5    defendants will stipulate to extend Mr. Floyd's deadline to produce documents and interrogatory

6    responses from August 30 to September 13 (the substantial completion deadline).  Given that Mr.

7    Floyd made contact with us last week, we believe there is a possibility he will reengage and provide

8    discovery.  A two-week extension will facilitate these efforts, which should be in all parties'

9    interests." Ex. D at 6–7 (emphasis in original).

10   10.     On August 27, 2024 at 9:47 AM ET, counsel for Apple responded: "Defendants do not

11   oppose Plaintiffs seeking to extend the deadline for Mr. Floyd to produce documents and provide

12   interrogatory responses to September 13.  We do not believe an extension of the September 30

13   deadline is warranted at this time.  As we have made clear throughout this process, it is Plaintiffs'

14   counsel's obligation to ensure that their client, Mr. Floyd, complies with Court orders, including if

15   that requires in person communications.  We expect Mr. Floyd to timely comply with his

16   obligations, as does the Court.  If he is unable to fully and completely respond to the written

17   discovery requests by September 13, or sit for deposition by September 30, we will ask the Court

18   to order you and the Hagens Berman team to provide a detailed account of every attempt to contact

19   him since you first learned of his supposed unavailability." Ex. D at 5–6.

20   11.     Plaintiffs' counsel's declaration in support of the motion to withdraw (Dkt. 141) states that:

21   "Mr. Floyd reached out to Class Counsel on August 27.  Although Class Counsel cannot disclose

22   the content of Mr. Floyd's communications, it became apparent in these discussions that Mr. Floyd

23   was increasingly unwilling to participate in the case or provide discovery.  The last messages Class

24   Counsel received from Mr. Floyd, sent by email and text on August 28, indicate a refusal to adhere

25   to Class Counsel's advice regarding compliance with the Order and a breakdown in the attorney-

26   client relationship."  Dkt. 141 ¶ 6.  The fact that these communications took place was not

27   communicated to Defendants' counsel until the filing of Plaintiffs' counsel's motion to withdraw

28   and supporting declaration on September 13.  *See* Dkts. 141, 142.

LIEGEL DECL. ISO RESPONSE TO MOTION TO
WITHDRAW AS COUNSEL
Case No. 2:22-cv-01599 KKE

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101 / +1 206-839-4300

12.     On August 28, 2024 at 3:05 PM ET, Plaintiffs' counsel stated: "Pursuant to the below, we have drafted a joint stipulation and proposed order to submit to the Court.  Please let us know if this looks good to file."  That August 28, 2024 email from Plaintiffs' counsel attached a "draft[] joint stipulation and proposed order" in Word document form, entitled, "2024-08-27 – Floyd DRAFT Stip Extending Time for Floyd to Respond to Discovery (2752278.1).docx."  List item 3 of the draft states: "Following entry of the Court's Order, Mr. Floyd made contact with Plaintiffs' counsel, and Plaintiffs' counsel is attempting to coordinate with Mr. Floyd to comply with the Court's order."  A true and correct copy of that email chain and word document attachment is attached hereto as Exhibit E.

13.     On August 28, 2024 at 1:16 PM PT (4:16 PM ET), counsel for Apple stated in reply to Plaintiffs' counsel's August 28 3:05 PM ET email: "We don't have knowledge of the exact course of communication in #3.  Can you either (1) confirm that is correct that Mr. Floyd reached out to you after the Court's order or (2) consider more generic language such as 'Plaintiffs' counsel and Mr. Floyd have coordinated….'."  Plaintiffs' counsel responded that same day: "I believe we let you know that Mr. Floyd reached out to us after the Court's order (see Ben Harrington's email below on 8/21 at 6 pm PT / 9 pm EST).  So, we are fine keeping the language as is, if you'd like.  Or we'd also be fine with more generic language for paragraph 3, cutting out that clause in the paragraph, leaving it as is: 3. Following entry of the Court's Order, Plaintiffs' counsel is attempting to coordinate with Mr. Floyd to comply with the Court's order."  Ex. D at 4–5.

14.     On September 13, 2024, Plaintiffs' counsel stated: "Defendants are not permitted to contact Mr. Floyd directly unless and until our motion to withdraw as his counsel is granted."  A true and correct copy of that email chain from September 13 and involving Plaintiffs' counsel (Ben Harrington, Ted Wojcik, Steve Berman, Ben Siegel, and Meredith Simons), counsel for Apple (Mark A. Perry, Eric Hochstadt, Brian Liegel, Morgan MacBride, Geneva Hardesty, and Mark Parris), and counsel for Amazon (Benjamin Mundel, Jon Dugan, and John Goldmark) is attached hereto as Exhibit F.

LIEGEL DECL. ISO RESPONSE TO MOTION TO
WITHDRAW AS COUNSEL
Case No. 2:22-cv-01599 KKE

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101 / +1 206-839-4300

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

2   30th day of September, 2024 in Miami, Florida.

3

4

5   _____
     WEIL, GOTSHAL & MANGES LLP
6    Brian G. Liegel (*Pro Hac Vice*)
     1295 Brickell Avenue, Suite 1200
7    Miami, FL 33131
     Telephone: +1 305 577 3180
8    brian.liegel@weil.com

9    *Attorney for Apple Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Black, Katie**

| | |
|---|---|
| **From:** | Ben Harrington <benh@hbsslaw.com> |
| **Sent:** | Friday, February 23, 2024 8:45 PM |
| **To:** | Liegel, Brian; Mundel, Benjamin; Hochstadt, Eric; Black, Katie; Hardesty, Geneva; MacBride, Morgan; Goldmark, John; Dugan, Jon; Perry, Mark; mparris@orrick.com |
| **Cc:** | Steve Berman; Ben Siegel; Meredith Simons; Hummel, Chad S.; Tutundjian, Anna |
| **Subject:** | RE: Floyd - Second Amended Complaint |

Brian:  We will file the motion next week.  We do not believe 30-days for defendants' response is necessary or appropriate given the circumstances.  This is a third-Friday motion, meaning by default all briefing is to be completed within three weeks or less, and these are not complicated issues.  Leave to amend is granted liberally and there is no sound basis to oppose amendment here.  As a courtesy, we could agree to propose to the Court that defendants have an additional week for their opposition, with a commensurate extension for our reply, but cannot agree to extend the schedule further.

As for Mr. Floyd, he has not informed us of any intention to withdraw as a class representative.  But as we explained, we have been unable to connect with him recently and are working diligently to regain contact to determine how Mr. Floyd wishes to proceed.  We last communicated with Mr. Floyd on January 16, 2024 (and, again, it was not a withdrawal).  We provide this information for purposes of transparency, but defendants are not entitled to further probe our communications with clients.  Our motion to amend will include all details the court needs to determine whether amendment is appropriate, including as to the timeline of our communications.

Regarding your request for a deposition, we do not believe defendants can insist on deposing Mr. Floyd in advance of any hearing on our motion to amend.  We will provide dates for any deposition once we hear from Mr. Floyd.  And as for documents, Defendants do not have grounds to demand that Mr. Floyd produce materials in advance of the substantial completion deadline, particularly when defendants have not produced a single document and discovery parameters remain to be negotiated.

Thanks,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Thursday, February 22, 2024 6:23 PM
**To:** Mundel, Benjamin <bmundel@sidley.com>; Ben Harrington <benh@hbsslaw.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Black, Katie <Katie.Black@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; Dugan, Jon <jdugan@sidley.com>; Perry, Mark <Mark.Perry@weil.com>; mparris@orrick.com
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>; Hummel, Chad S. <chummel@sidley.com>; Tutundjian, Anna <atutundjian@sidley.com>
**Subject:** RE: Floyd - Second Amended Complaint

Ben –

I am writing on behalf of both Defendants.  Defendants will oppose your motion to amend.  We would like to set a briefing schedule and request 30 days to file our opposition. Please let us know when you intend to file the motion, and how long you'd like to file a reply.

Given your representations that Mr. Floyd "has become difficult to reach" and that there are questions over whether Mr. Floyd will continue to serve as the only class representative in this case, we are concerned that Mr. Floyd has not been participating in this litigation and, as such, there is no plaintiff currently pursuing this action against Defendants.  We have the following questions:

1. Prior to February 13, 2024, the date you sent the request to amend, when is the last time Mr. Floyd responded to either an email or call from you?
2. Have you been in contact with Mr. Floyd since then?  If so, when?
3. When did you first contact Ms. Furdek?
4. When did you first contact Mr. Ryan?
5. Please provide date(s) that Mr. Floyd is available for deposition.  We would like to take his deposition prior to a hearing on the motion to amend.  Additionally, please confirm that you will produce responsive documents at least 7 days prior to his deposition.

Defendants reserve all rights and remedies.

Best,

Brian



**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Mundel, Benjamin <bmundel@sidley.com>
**Sent:** Friday, February 16, 2024 8:20 AM
**To:** Ben Harrington <benh@hbsslaw.com>; Liegel, Brian <Brian.Liegel@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Black, Katie <Katie.Black@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; Dugan, Jon <jdugan@sidley.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>; Hummel, Chad S. <chummel@sidley.com>; Tutundjian, Anna <atutundjian@sidley.com>
**Subject:** RE: Floyd - Second Amended Complaint

Ben,

Defendants need time to confer with their clients and determine our position on this motion.  We will get back to you on Tuesday of next week.

**BENJAMIN M. MUNDEL**

**SIDLEY AUSTIN LLP**
+1 202 736 8157
bmundel@sidley.com

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Tuesday, February 13, 2024 7:39 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Black, Katie <Katie.Black@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; Mundel, Benjamin <bmundel@sidley.com>; Dugan, Jon <jdugan@sidley.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** Floyd - Second Amended Complaint

Counsel—We intend to seek leave to file a Second Amended Complaint and ask that Defendants confirm by this Friday (2/16) whether they consent to the amendment.  The Second Amended Complaint will include additional class representatives, omit Plaintiffs' per se allegations (which were dismissed), but not otherwise alter the claims asserted in the First Amended Complaint.  A draft of the Second Amended Complaint is attached here (along with a redline).

To avoid any disruption to the case schedule, we are prepared to treat all of Defendants' existing discovery requests as having been propounded on Plaintiffs added to the Second Amended Complaint, and the new Plaintiffs will adopt the responses and objections Mr. Floyd has already provided.  The new Plaintiffs also will be prepared to meet the existing substantial completion deadline for document productions and otherwise adhere to the existing case schedule.

For purposes of transparency, we also advise Defendants that while Mr. Floyd has not withdrawn as a class representative, he has become difficult to reach.  We are working diligently to determine whether Mr. Floyd wishes to continue to serve as a class representative, and that he is fully capable of doing so.  If for any reason Mr. Floyd needs to withdraw, we will promptly advise Defendants and take appropriate steps.  In the meantime, we can continue discussing search protocols and parameters for any documents Mr. Floyd will produce, with the understanding that those same parameters would (absent unique circumstances) also apply to the additional class representatives identified in the Second Amended Complaint.

Best,

Ben


--
**Ben Harrington** | **Partner**
**HAGENS BERMAN**
Hagens Berman Sobol Shapiro LLP
Berkeley, CA
(510) 725-3034
benh@hbsslaw.com

News | Cases | Twitter | Facebook

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**********************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

**********************************************************************************************

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT B



**Portfolio Media. Inc.** | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# New IPad Buyers And Complaint OK'd In Amazon-Apple Suit

By **Bryan Koenig**

Law360 (May 7, 2024, 9:11 PM EDT) -- Two new iPad buyers filed an amended antitrust complaint Tuesday over the Amazon-Apple pact restricting iPhone and iPad sales to approved vendors after a Washington federal judge overrode defense arguments that the named plaintiff swap is too late and replaces an unsuitable class representative.

In permitting the amended complaint, which adds named buyers Jolene Furdek and Jonathan Ryan to the antitrust suit initially filed by Steven Floyd — who went dark on his Hagens Berman Sobol Shapiro LLP counsel earlier this year — U.S. District Judge Kymberly K. Evanson said Monday that Amazon and Apple are trying to "prematurely" challenge the adequacy of class representation before class certification is on the table.

"But whether Floyd is an adequate representative of the putative class is not before the court at this point in the litigation, and defendants will have an opportunity to fully litigate this issue in the context of a motion for class certification," Judge Evanson said. "Defendants have not shown that Floyd's potential inadequacy as a class representative is an inherent defect in his party status akin to a lack of standing or mootness, such that there is no live case or controversy before the court."

Since there is no "inherent defect" in Floyd's claims, Judge Evanson said she would allow them to file an amended complaint that drops previously rejected claims and adds Furdek and Ryan's names alongside Floyd.

Amazon and Apple had argued amendment shouldn't be permitted because a check of Floyd's email address showed he purchased contested products outside Amazon.com, ostensibly making the consumer unqualified to represent the class. Hagens Berman responded by saying such a rejection **would be "unprecedented."**

Steve W. Berman of Hagens Berman, who represents the consumers, welcomed the ruling Tuesday, saying in a statement that class counsel is "pleased the court followed three other western district judges allowing substitution of a class representative when the existing class representative no longer wishes to serve."

Amazon declined comment Tuesday.

Under the pact targeted by the suit, Amazon allegedly only permits Apple-approved third-party vendors to sell iPhones and iPads in the online marketplace, which allows Amazon to receive a steady supply of discounted Apple products to sell. Floyd filed the proposed class action in November 2022, claiming he purchased an iPad on Amazon in 2021 at an inflated price because the companies' 2018 deal eliminated many Apple product resellers from the e-commerce platform.

The two companies **have claimed** in court filings that their "Global Tenets Agreement" is meant to protect consumers from falling prey to counterfeit electronics sellers and not stifle competition.

After Floyd stopped responding to his attorneys at Hagens Berman, the firm asked the court in a Feb. 29 motion for approval to add two more class representatives who wished to bring the same Sherman Act claims based on the same set of facts.

Amazon and Apple **pushed back** against the request in a March 21 brief, underscoring concerns that

13

the companies had already raised about the suit's narrow definition of the affected market: smartphone and tablet sales in online marketplaces.

Based on Floyd's email address alone, the tech giants said, Apple's records allegedly show he has bought over a dozen smartphones from AT&T, Verizon and other carriers — all reasonable "economic substitutes" to the market defined in the suit — including a new iPhone 14 Pro Max registered through T-Mobile last May, thus undermining the antitrust allegations as a whole.

In rejecting those arguments Monday as premature, Judge Evanson said Hagens Berman "easily" meets the standard for good cause to amend the complaint.

"Class counsel diligently moved to substitute the new representatives after Floyd unexpectedly stopped communicating with them. Counsel last communicated with Floyd on January 16, 2024 … and moved to amend the complaint on February 29, 2024," she said. "That span of time reflects diligence."

The judge also rejected assertions that Hagens Berman "was not diligent in selecting Floyd as a named plaintiff in the first place," holding that accepting those arguments would amount to premature consideration of his adequacy as a class representative.

Judge Evanson additionally refused to entertain arguments that Hagens Berman should have vetted Floyd's adequacy sooner or that the amendment creates the need for a prejudicial amount of new discovery.

"Defendants also argue that the amendments are intended to 'circumvent a potentially fatal statute of limitations issue' and that defendants 'would be prejudiced by having to defend against an untimely putative class action.' ... Defendants state that they did not raise this issue in their motions to dismiss because resolving it requires deposing Floyd," Judge Evanson said. "But this issue is not squarely before the court, and has not been briefed, given that Floyd has not yet been deposed. The court again declines to wade into substantive issues prematurely."

The consumers are represented by Steve W. Berman, Barbara A. Mahoney, Ben M. Harrington and Benjamin J. Siegel of Hagens Berman Sobol Shapiro LLP.

Amazon is represented by John Goldmark and MaryAnn Almeida of Davis Wright Tremaine LLP and Jonathan E. Nuechterlein and Benjamin M. Mundel of Sidley Austin LLP.

Apple is represented by Mark S. Parris of Orrick Herrington & Sutcliffe LLP and Brian G. Liegel, Eric S. Hochstadt and Mark A. Perry of Weil Gotshal & Manges LLP.

The case is Steven Floyd v. Amazon.com Inc. et al., number 2:22-cv-01599, in the U.S. District Court for the Western District of Washington.

--Additional reporting by Rachel Riley. Editing by Drashti Mehta.

---

All Content © 2003-2024, Portfolio Media, Inc.

# EXHIBIT C

**Black, Katie**

| | |
|---|---|
| **From:** | Liegel, Brian |
| **Sent:** | Friday, May 31, 2024 7:06 PM |
| **To:** | Ben Harrington; Dugan, Jon; bmundel@sidley.com; Goldmark, John; Hardesty, Geneva; Hochstadt, Eric; Perry, Mark; mparris@orrick.com |
| **Cc:** | Ben Siegel; Meredith Simons; Steve Berman |
| **Subject:** | RE: Floyd - Cross-Motions Briefing Schedule |

Ben,

We have asked for basic information about Floyd, which is particularly necessary given the inconsistent representations we have noted below.  Your e-mail fails to provide any response to these requests, but does confirm that Plaintiffs' counsel have filed several substantive documents (and intend to file more) without Mr. Floyd's consent.  We reserve all rights with respect to these issues.

Regarding your procedural request, we can agree to the Proposed Cross-Motion schedule and page limit you have below.

Best,

Brian



**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Friday, May 31, 2024 5:07 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Dugan, Jon <jdugan@sidley.com>; bmundel@sidley.com; Goldmark, John <JohnGoldmark@dwt.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Perry, Mark <Mark.Perry@weil.com>; mparris@orrick.com
**Cc:** Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>
**Subject:** RE: Floyd - Cross-Motions Briefing Schedule

Brian—We asked for defendants' position on our proposed briefing schedule for the cross-motions, first on May 28 and again today.  Your email below does not address that simple request.  We will cross-move to withdraw Mr. Floyd on June 7, and believe our proposed briefing schedule is reasonable and in accord with the Court's stated preferences for cross-motions.  If Apple has a different proposal, we invite you to share it.

As for the merits of our cross-motion, we strongly disagree with Apple's position and reasoning, including in your email below.  But there is no need to pre-argue the motion just to determine what the briefing schedule should be.  We can confirm that Mr. Floyd has not responded to our outreach since January 16, 2024, as we have advised defendants repeatedly (including on our last videoconference on May 10).  We have had no change in position.  Our view, stated throughout this process, has been that Mr. Floyd should be given an opportunity to reengage if he can do so in time to meet his discovery obligations.  We stated this on the first page of our motion to amend.  And we told you again on May 10 that if Mr. Floyd did not regain contact soon, he would need to be withdrawn from the case.  Unfortunately, Mr. Floyd has not regained contact, and with discovery progressing and a case schedule reinstituted, this is an appropriate juncture to withdraw him.

This should be an uncontroversial request, but since defendants are going to oppose it, we need a briefing schedule.  Absent word otherwise, we will presume that defendants' preference is that the cross-motion be briefed under the default rules.

Best,

Ben


--
**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Friday, May 31, 2024 10:50 AM
**To:** Ben Harrington <benh@hbsslaw.com>; Dugan, Jon <jdugan@sidley.com>; bmundel@sidley.com; Goldmark, John <JohnGoldmark@dwt.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Perry, Mark <Mark.Perry@weil.com>; mparris@orrick.com
**Cc:** Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** RE: Floyd - Cross-Motions Briefing Schedule


Ben,

We received your email indicating, for the first time, that Mr. Floyd may file a motion to withdraw as a named plaintiff in this action.  In evaluating your proposal to cross-move in response to Apple's motion to compel Mr. Floyd to comply with outstanding discovery, Apple has concerns about the circumstances that have led to this latest proposed motion following the motion to amend, as well as Mr. Floyd's participation in the lawsuit more generally.  Accordingly, Apple requests some basic, non-privileged information.

Since February of this year, Hagens Berman has made a number of statements to Apple and to the Court regarding the status of Mr. Floyd's participation in this litigation and his availability.  Apple would like to better understand the apparent inconsistencies in these statements as it evaluates your proposal.

On February 13, 2024 you wrote to "advise Defendants that while Mr. Floyd has not withdrawn as a class representative, he has become difficult to reach."  In a filing dated February 29, 2024 (Dkt. 80), you notified the Court of the difficulty in reaching Mr. Floyd since January 16, 2024.  You noted in that filing that you were "working diligently to determine whether Mr. Floyd wishes to continue to serve as a class representative, and that he is fully capable of doing so."

In parallel, you assured Defendants that you would let us know when Mr. Floyd re-engaged, and indicated to Defendants your expectation that Mr. Floyd would indeed reengage.  On February 23, 2024, in an email from Mr. Harrington, you noted that you would "provide dates for any deposition once we hear from Mr. Floyd."  On May 10, 2024, after

Defendants issued a deposition notice for Mr. Floyd, Mr. Harrington stated in an email that he would "let [us] know" when Mr. Floyd "reengages." You have provided no such notice of contact with Mr. Floyd, leading us to believe that you have not heard from or engaged with him since January 16th.

Moreover, in the past several months, you repeatedly stated in advance of the Court's ruling on the motion to amend that you could not interpret Mr. Floyd's silence as a wish to withdraw as named plaintiff and class representative.

1. "Mr. Floyd has never affirmatively withdrawn as a class representative and, given his prior engagement on the case, class counsel is reluctant to interpret his silence as evincing an intent to withdraw." Dkt. 80, at 8, filed February 29, 2024.
2. "As for Mr. Floyd, he has not informed us of any intention to withdraw as a class representative. . . We last communicated with Mr. Floyd on January 16, 2024 (and, again, it was not a withdrawal)." See Email from Ben Harrington dated February 23, 2024.
3. "Here, the proposed amendments merely add additional class representatives without removing Mr. Floyd, who has not affirmatively withdrawn." Dkt. 80, at 10, filed February 29, 2024.

Yet immediately following the Court's decision on the motion to amend on May 7, 2024, Mr. Berman was quoted in a news article published May 7, 2024 as stating that he was "pleased the court followed three other western district judges allowing substitution of a class representative where the existing class representative no longer wishes to serve." Mr. Berman's statement implies that either (1) Hagens Berman made contact with Mr. Floyd on or before May 7 or (2) Hagens Berman has reversed its position as to the meaning and proper effect of Mr. Floyd's lack of communication.

Furthermore, in a filing made to the Court on May 20, 2024, Hagens Berman stated that "Counsel have advised Mr. Floyd that if they do not hear from him by May 21, 2024, they will seek to withdraw him as a class representative, either by stipulation or motion." Dkt. 108 at 5. This again stands in stark contrast to your previous "reluctance" to interpret Mr. Floyd's silence as intent to withdraw.

Similarly, given all of the above, can you please confirm whether you had any contact or response from Mr. Floyd between the time that you filed the Motion to Amend (Dkt. 80) on February 29, 2024 and the time that you filed the Second Amended Complaint (Dkt. 99) on May 7, 2024? If not, on what basis of authority have you made filings to the Court on his behalf since contact was broken on January 16, 2024?

If you have not made contact with Mr. Floyd since January 16, on what basis has your position changed with regards to whether Mr. Floyd has an intent to withdraw from this matter?

As you know, Mr. Floyd was the sole named plaintiff and putative class representative in this case for nearly two years. By insisting on further amending his complaint rather than dismissing and refiling this case, Mr. Floyd and Hagens Berman have kept Mr. Floyd at issue in this case. As such, we look forward to your prompt response to the questions raised herewith.

Best,

Brian



**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Friday, May 31, 2024 1:21 PM
**To:** Dugan, Jon <jdugan@sidley.com>; bmundel@sidley.com; Goldmark, John <JohnGoldmark@dwt.com>; Liegel, Brian <Brian.Liegel@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>
**Cc:** Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** RE: Floyd - Cross-Motions Briefing Schedule

We have not heard from defendants on the proposal below.  Can you please let us know defendants' position?

Thanks,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

---

**From:** Ben Harrington
**Sent:** Tuesday, May 28, 2024 11:15 AM
**To:** Dugan, Jon <jdugan@sidley.com>; bmundel@sidley.com; Goldmark, John <JohnGoldmark@dwt.com>; Liegel, Brian <Brian.Liegel@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>
**Cc:** Ben Siegel <bens@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** Floyd - Cross-Motions Briefing Schedule

Counsel:  In response to Apple's motion to compel, we intend to file both an opposition and a cross-motion to withdraw Floyd as a class representative.  Judge Evanson's Chambers Procedures encourage parties to agree to a four-brief schedule for cross-motions (motion, opposition/cross-motion, opposition/reply, reply) to avoid unnecessary duplication.  We think this makes sense and propose the below briefing schedule for our cross-motions.  Although the arguments are going to overlap, the proposal below builds in some additional time (and pages) for all parties in case needed.  Please let us know if this is acceptable to defendants and we will prepare a stipulation.

Proposed Cross-Motion Schedule:

June 7:  Plaintiffs' Opposition to Apple's Motion to Compel and Motion to Withdraw Floyd (6,000 words)

June 21:  Defendants' Opposition to Motion to Withdraw and Apple's Reply on Motion to Compel (6,000 words)

July 1:  Plaintiffs Reply on Motion to Withdraw (3,000 words).

Thanks,

Ben

\--
**Ben Harrington** | **Partner**

Hagens Berman Sobol Shapiro LLP
Berkeley, CA
(510) 725-3034
benh@hbsslaw.com

News  |  Cases  |  Twitter  |  Facebook

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT D

**Black, Katie**

| | |
|---|---|
| **From:** | Liegel, Brian |
| **Sent:** | Thursday, August 29, 2024 6:01 PM |
| **To:** | Ben Siegel |
| **Cc:** | Meredith Simons; Ben Harrington; MacBride, Morgan; Steve Berman; Barbara Mahoney; mparris@orrick.com; Perry, Mark; Hochstadt, Eric; Hardesty, Geneva; Baquet, Daniel; Black, Katie; Buggs, Kathryn; Mundel, Benjamin; jnuechterlein@sidley.com; Rozansky, Jeremy; Dugan, Jon; johngoldmark@dwt.com; maryannalmeida@dwt.com |
| **Subject:** | Re: Floyd // Order on Motion to Compel (Dkt. 132) |

Ben,

Defendants are signed off.

Brian G. Liegel
Weil, Gotshal & Manges, LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax


On Aug 29, 2024, at 3:43 PM, Ben Siegel <bens@hbsslaw.com> wrote:


Thank you Brian. We agree to revert to the prior language and have attached the stipulation doing so and accepting all your prior redlines.  We understand Defendants' position and reserve all rights to address that position if that becomes necessary.  Let us know if we have Defendants' sign-off for filing.

Best, Ben

--

**Ben Siegel** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3036

---

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Thursday, August 29, 2024 1:17 PM
**To:** Meredith Simons <merediths@hbsslaw.com>
**Cc:** Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; mparris@orrick.com; Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com;

Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com;
maryannalmeida@dwt.com
**Subject:** Re: Floyd // Order on Motion to Compel (Dkt. 132)


Meredith,

Defendants cannot agree to the changes you have made. As we have made clear, it is
Plaintiffs' counsel's obligation to ensure that their client, Mr. Floyd complies with Court
orders.  Please revert to the prior language in Paragraph 5 and send us a copy for our
review.

Best,

Brian


Brian G. Liegel
Weil, Gotshal & Manges, LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax



On Aug 29, 2024, at 3:09 PM, Meredith Simons <merediths@hbsslaw.com>
wrote:


It appears that the track changes were removed from the stipulation attached to my
last email. Resending the stip so the changes appear in track. Let me know if they
don't show up for you.

Thanks,
Meredith

--

**Meredith Simons** | Hagens Berman Sobol Shapiro LLP | (206) 268-9305

**From:** Meredith Simons
**Sent:** Thursday, August 29, 2024 11:46 AM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Ben Siegel <bens@hbsslaw.com>; Ben
Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>;
Steve Berman <Steve@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>;
mparris@orrick.com
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>;

Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel
<Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn
<Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>;
jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon
<jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Brian,

Defendants' edits look good to us. We have made a couple of additional changes (in
track) in one paragraph. If these look good to you, we will get this on file. Please let
us know.

Best,
Meredith

--

**Meredith Simons** | Hagens Berman Sobol Shapiro LLP | (206) 268-9305

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Wednesday, August 28, 2024 7:20 PM
**To:** Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; MacBride,
Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Barbara
Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>;
mparris@orrick.com
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>;
Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel
<Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn
<Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>;
jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon
<jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)


Thanks for the confirmation.   Attached are a few edits from Defendants.  If
this is good to you, you have permission from both Amazon and Apple to file.

Best,

Brian

<image001.jpg>

**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com

3

24

+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Siegel <bens@hbsslaw.com>
**Sent:** Wednesday, August 28, 2024 5:01 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Ben Harrington <benh@hbsslaw.com>;
MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman
<Steve@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons
<merediths@hbsslaw.com>; mparris@orrick.com
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>;
Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel
<Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn
<Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>;
jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon
<jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

I believe we let you know that Mr. Floyd reached out to us after the Court's
order (see Ben Harrington's email below on 8/21 at 6 pm PT / 9 pm EST). So, we are
fine keeping the language as is, if you'd like. Or we'd also be fine with more generic
language for paragraph 3, cutting out that clause in the paragraph, leaving it as:   3.
Following entry of the Court's Order, Plaintiffs' counsel is attempting to coordinate
with Mr. Floyd to comply with the Court's order.

I have attached the stipulation with the more generic language. Let us know what
works, and revert when you can.

Thanks, Ben


--

**Ben Siegel** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3036

---

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Wednesday, August 28, 2024 1:16 PM
**To:** Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; MacBride,
Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Barbara
Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>;
mparris@orrick.com
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>;
Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel
<Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn
<Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>;
jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon
<jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)


Thanks, Ben.

We don't have knowledge of the exact course of communication in #3.  Can you either (1) confirm that it is correct that Mr. Floyd reached out to you after the Court's order or (2) consider more generic language such as "Plaintiffs' counsel and Mr. Floyd have coordinated....".

Let us know on this one, and we will revert as quickly as we can.

Best,

Brian

<image001.jpg>

**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Siegel <bens@hbsslaw.com>
**Sent:** Wednesday, August 28, 2024 3:05 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Brian and Defense Counsel:  Pursuant to the below, we have drafted a joint stipulation and proposed order to submit to the Court.  Please let us know if this looks ok to file.   Best, Ben

--
**Ben Siegel** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3036

---

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Tuesday, August 27, 2024 9:47 AM
**To:** Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel

5

26

<bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)


Ben,

Defendants do not oppose Plaintiffs seeking to extend the deadline for Mr. Floyd to produce documents and provide interrogatory responses to September 13.  We do not believe an extension of the September 30 deadline is warranted at this time.  As we have made clear throughout this process, it is Plaintiffs' counsel's obligation to ensure that their client, Mr. Floyd, complies with Court orders, including if that requires in person communications. We expect Mr. Floyd to timely comply with his obligations, as does the Court.  If he is unable to fully and completely respond to the written discovery requests by September 13, or sit for deposition by September 30, we will ask the Court to order you and the Hagens Berman team to provide a detailed account of every attempt to contact him since you first learned of his supposed unavailability.

Additionally, please confirm whether September 19 or 24 will work for the deposition so we can serve an amended notice.

Best,

Brian


<image001.jpg>

**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Monday, August 26, 2024 5:31 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel

<bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Counsel—Since speaking with Mr. Floyd last Wednesday, we have not been able to reach him, despite numerous attempts.  We are continuing our efforts to contact Mr. Floyd so we can gather the discovery the Court has compelled.

In the meantime, please let us know by **2pm PT tomorrow** whether defendants will stipulate to extend Mr. Floyd's deadline to produce documents and interrogatory responses from August 30 to September 13 (the substantial completion deadline).  Given that Mr. Floyd made contact with us last week, we believe there is a possibility he will reengage and provide discovery.  A two-week extension will facilitate these efforts, which should be in all parties' interests.   If Defendants believe a September 13 production deadline would fall too close to the September 30 deadline to depose Mr. Floyd, we would of course be amenable to extending that deadline two weeks as well.

If Defendants are unwilling to stipulate to an extension, we intend to file a motion tomorrow requesting one.

Thanks,

Ben

--

**Ben Harrington** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

---

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Wednesday, August 21, 2024 6:34 PM
**To:** Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon

<jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)


Ben,

I can confirm that those are the two Tuesdays or Thursdays in September that work for us. We don't have a particular facility in mind. We can lock that down, but if you have a suggestion we would of course consider it.

Best,

Brian

<image001.jpg>

**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Wednesday, August 21, 2024 9:00 PM
**To:** MacBride, Morgan <Morgan.MacBride@weil.com>; Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Morgan—Mr. Floyd reached out to us today and we're working with him to address the Court's order. We'll be in contact if there are any issues that need to be discussed in advance of the first August 30 compliance deadline. As for deposition logistics, we're still discussing times with Mr. Floyd, but I believe your proposal for an in-person deposition in the Williamsport area should work. Do you have a particular facility in mind? Also, Mr. Floyd advised us that Tuesdays or Thursdays are best for a deposition, provided we end by 5pm (he has childcare responsibilities after that). The Tuesday or Thursdays you proposed are September 19 and 24. Are there any other Tuesdays or Thursdays in September that work for you?

I believe Mr. Floyd regaining contact moots the questions in your 8.20 letter, but to clarify, we emailed Mr. Floyd the Order last Friday, mailed it Monday, and initiated service Tuesday.

Best,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** MacBride, Morgan <Morgan.MacBride@weil.com>
**Sent:** Tuesday, August 20, 2024 8:03 PM
**To:** Ben Harrington <benh@hbsslaw.com>; Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com; MacBride, Morgan <Morgan.MacBride@weil.com>
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

All:

Please find attached a letter regarding Mr. Floyd's discovery.

Best,

Morgan

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Tuesday, August 20, 2024 1:29 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

9

Brian—We sent Mr. Floyd the order last Friday but have not regained contact with him.  We're continuing those efforts, and if we do regain contact, we will let you know.  We have not withdrawn as his counsel.

Best,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Friday, August 16, 2024 5:56 PM
**To:** Steve Berman <Steve@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** Floyd // Order on Motion to Compel (Dkt. 132)


Counsel:

Please confirm that you will be alerting Mr. Floyd to the Court's Order compelling him to produce responsive documents, respond fully to interrogatories, and appear for a deposition.  Please also confirm whether you will continue to represent Mr. Floyd.  If you do not represent Mr. Floyd, please provide us with his last known contact information.

Given the August 30 deadline to produce documents and respond to interrogatories, and the September 30 deadline to sit for deposition, we expect that you will keep us informed of whether you are in contact with Mr. Floyd (including advising him of the Court's Order) so that we can timely address any issues that may arise.

Best,

Brian

<image001.jpg>

**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.
<2024-08-29 - Floyd - DRAFT Stip Extending Time for Floyd to Respond to Discovery(2752278.2).docx>

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.
<2024-08-29 - Floyd - DRAFT Stip Extending Time for Floyd to Respond to Discovery(2752278.1) (Ds' Changes accepted)(2753591.1).docx>

# EXHIBIT E

**Black, Katie**

| | |
|---|---|
| **From:** | Ben Siegel <bens@hbsslaw.com> |
| **Sent:** | Wednesday, August 28, 2024 3:05 PM |
| **To:** | Liegel, Brian; Ben Harrington; MacBride, Morgan; Steve Berman; Barbara Mahoney; Meredith Simons |
| **Cc:** | Perry, Mark; Hochstadt, Eric; Hardesty, Geneva; Baquet, Daniel; Black, Katie; Buggs, Kathryn; Mundel, Benjamin; jnuechterlein@sidley.com; Rozansky, Jeremy; Dugan, Jon; johngoldmark@dwt.com; maryannalmeida@dwt.com |
| **Subject:** | RE: Floyd // Order on Motion to Compel (Dkt. 132) |
| **Attachments:** | 2024-08-27 - Floyd - DRAFT Stip Extending Time for Floyd to Respond to Discovery(2752278.1).docx |

Brian and Defense Counsel:  Pursuant to the below, we have drafted a joint stipulation and proposed order to submit to the Court.  Please let us know if this looks ok to file.   Best, Ben

--
**Ben Siegel** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3036

---

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Tuesday, August 27, 2024 9:47 AM
**To:** Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Ben,

Defendants do not oppose Plaintiffs seeking to extend the deadline for Mr. Floyd to produce documents and provide interrogatory responses to September 13.  We do not believe an extension of the September 30 deadline is warranted at this time.  As we have made clear throughout this process, it is Plaintiffs' counsel's obligation to ensure that their client, Mr. Floyd, complies with Court orders, including if that requires in person communications. We expect Mr. Floyd to timely comply with his obligations, as does the Court.  If he is unable to fully and completely respond to the written discovery requests by September 13, or sit for deposition by September 30, we will ask the Court to order you and the Hagens Berman team to provide a detailed account of every attempt to contact him since you first learned of his supposed unavailability.

Additionally, please confirm whether September 19 or 24 will work for the deposition so we can serve an amended notice.

Best,

Brian



**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Monday, August 26, 2024 5:31 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Counsel—Since speaking with Mr. Floyd last Wednesday, we have not been able to reach him, despite numerous attempts.  We are continuing our efforts to contact Mr. Floyd so we can gather the discovery the Court has compelled.

In the meantime, please let us know by **2pm PT tomorrow** whether defendants will stipulate to extend Mr. Floyd's deadline to produce documents and interrogatory responses from August 30 to September 13 (the substantial completion deadline).  Given that Mr. Floyd made contact with us last week, we believe there is a possibility he will reengage and provide discovery.  A two-week extension will facilitate these efforts, which should be in all parties' interests.   If Defendants believe a September 13 production deadline would fall too close to the September 30 deadline to depose Mr. Floyd, we would of course be amenable to extending that deadline two weeks as well.

If Defendants are unwilling to stipulate to an extension, we intend to file a motion tomorrow requesting one.

Thanks,

Ben

--
**Ben Harrington** (he/him) | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Wednesday, August 21, 2024 6:34 PM
**To:** Ben Harrington <benh@hbsslaw.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)


Ben,

I can confirm that those are the two Tuesdays or Thursdays in September that work for us. We don't have a particular facility in mind.  We can lock that down, but if you have a suggestion we would of course consider it.

Best,

Brian



**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Wednesday, August 21, 2024 9:00 PM
**To:** MacBride, Morgan <Morgan.MacBride@weil.com>; Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Morgan—Mr. Floyd reached out to us today and we're working with him to address the Court's order.  We'll be in contact if there are any issues that need to be discussed in advance of the first August 30 compliance deadline.  As for deposition logistics, we're still discussing times with Mr. Floyd, but I believe your proposal for an in-person deposition in the Williamsport area should work.  Do you have a particular facility in mind?  Also, Mr. Floyd advised us that Tuesdays or Thursdays are best for a deposition, provided we end by 5pm (he has childcare responsibilities after that).  The Tuesday or Thursdays you proposed are September 19 and 24.  Are there any other Tuesdays or Thursdays in September that work for you?

I believe Mr. Floyd regaining contact moots the questions in your 8.20 letter, but to clarify, we emailed Mr. Floyd the Order last Friday, mailed it Monday, and initiated service Tuesday.

Best,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** MacBride, Morgan <Morgan.MacBride@weil.com>
**Sent:** Tuesday, August 20, 2024 8:03 PM
**To:** Ben Harrington <benh@hbsslaw.com>; Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com; MacBride, Morgan <Morgan.MacBride@weil.com>
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

All:

Please find attached a letter regarding Mr. Floyd's discovery.

Best,

Morgan

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Tuesday, August 20, 2024 1:29 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** RE: Floyd // Order on Motion to Compel (Dkt. 132)

Brian—We sent Mr. Floyd the order last Friday but have not regained contact with him.  We're continuing those efforts, and if we do regain contact, we will let you know.  We have not withdrawn as his counsel.

Best,

Ben

--

**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Friday, August 16, 2024 5:56 PM
**To:** Steve Berman <Steve@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Barbara Mahoney <barbaram@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Cc:** Perry, Mark <Mark.Perry@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; Baquet, Daniel <Daniel.Baquet@weil.com>; Black, Katie <Katie.Black@weil.com>; Buggs, Kathryn <Kathryn.Buggs@weil.com>; Mundel, Benjamin <bmundel@sidley.com>; jnuechterlein@sidley.com; Rozansky, Jeremy <jrozansky@sidley.com>; Dugan, Jon <jdugan@sidley.com>; johngoldmark@dwt.com; maryannalmeida@dwt.com
**Subject:** Floyd // Order on Motion to Compel (Dkt. 132)


Counsel:

Please confirm that you will be alerting Mr. Floyd to the Court's Order compelling him to produce responsive documents, respond fully to interrogatories, and appear for a deposition.  Please also confirm whether you will continue to represent Mr. Floyd.  If you do not represent Mr. Floyd, please provide us with his last known contact information.

Given the August 30 deadline to produce documents and respond to interrogatories, and the September 30 deadline to sit for deposition, we expect that you will keep us informed of whether you are in contact with Mr. Floyd (including advising him of the Court's Order) so that we can timely address any issues that may arise.

Best,

Brian



**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The Honorable Kymberly K. Evanson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

STEVEN FLOYD, JOLENE FURDEK, and
JONATHAN RYAN, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware
corporation, and APPLE INC., a California
corporation,

        Defendants.

Case No. 2:22-cv-01599-KKE

**STIPULATED MOTION AND
[PROPOSED] ORDER REGARDING
PLAINTIFF STEVEN FLOYD'S
DEADLINE TO RESPOND TO
INTERROGATORIES AND REQUESTS
FOR PRODUCTION**

NOTE ON MOTION CALENDAR:
August ☐, 2024

STIP. ORD. REGARDING STEVEN FLOYD'S
DEADLINE TO RESPOND TO DISCOVERY
Case No. 2:22-cv-01599-KKE011121-11/2752278 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

41

1

**STIPULATION**

2

Pursuant to Local Civil Rules 7(d)(1) and 10(g), Plaintiffs Steven Floyd, Jolene Furdek,

3

and Jonathan Ryan ("Plaintiffs"), and Defendants Amazon.com, Inc. and Apple Inc. (together,

4

"Defendants"), hereby stipulate and agree through counsel to the following.

5

1.      On May 17, 2024, Apple filed a motion to compel discovery from Plaintiff Steven

6

Floyd. Dkt.104.

7

2.      On Friday, August 16, 2024, the Court granted Apple's motion and ordered Mr.

8

Floyd to respond to interrogatories and requests for production by August 30, 2024. Dkt. No.

9

132.

10

3.      Following entry of the Court's Order, Mr. Floyd made contact with Plaintiffs'

11

counsel, and Plaintiffs' counsel is attempting to coordinate with Mr. Floyd to comply with the

12

Court's order.

13

4.      Subject to the Court's approval, the parties have agreed to a two-week extension

14

to give Mr. Floyd additional time to respond to interrogatories and requests for production.

15

5.      This extension will make Mr. Floyd's responses to interrogatories and requests for

16

production due on September 13, 2024, the same day as the deadline for the substantial

17

completion of production of documents and data in this case.

18

6.      The extension will not affect the Court's deadline of September 30, 2024, for Mr.

19

Floyd's deposition.

20

21

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23

24

25

26

27

28

STIP. ORD. REGARDING STEVEN FLOYD'S - 1
DEADLINE TO RESPOND TO DISCOVERY
Case No. 2:22-cv-01599-KKE

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

42

1    DATED: _____, 2024        Respectfully submitted,

2                                            HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                                            By: */s/ Steve W. Berman*
                                             Steve W. Berman, WSBA #12536

5                                            By: */s/ Barbara A. Mahoney*
                                           Barbara A. Mahoney, WSBA #31845

6                                            1301 Second Avenue, Suite 2000
                                           Seattle, WA 98101

7                                            Ph: (206) 623-7292; Fax: (206) 623-0594
                                           steve@hbsslaw.com

8                                            barbram@hbsslaw.com

9                                            Ben M. Harrington (*pro hac vice*)
                                           Benjamin J. Siegel (*pro hac vice*)

10                                           715 Hearts Avenue, Suite 300
                                           Berkeley, CA 94710

11                                            Telephone: (510) 725-3000
                                           Facsimile: (510) 725-3001

12                                            benh@hbsslaw.com
                                           bens@hbsslaw.com

13                                            *Attorneys for Plaintiffs and the Proposed Class*

14                                            DAVIS WRIGHT TREMAINE LLP

15                                            By: */s/ John Goldmark*

16                                            John Goldmark, WSBA #40980
                                           MaryAnn Almeida, WSBA #49086

17                                            920 Fifth Avenue, Suite 3300
                                           Seattle, WA  98104-1610

18                                            Phone: (206) 622-3150
                                           Fax: 206-757-7700

19                                            johngoldmark@dwt.com
                                           maryannalmeida@dwt.com

20

21                                            SIDLEY AUSTIN LLP

22                                            Jonathan E. Nuechterlein (*pro hac vice*)
                                           Benjamin M. Mundel (*pro hac vice*)

23                                            Jon Dugan (*pro hac vice pending*)
                                           1501 K Street, N.W.

24                                            Washington, D.C. 20005
                                           Phone: (202) 736-8000

25                                            Fax: (202) 736-8711
                                           Fax: 206-757-7700

26                                            juechterlein@sidley.com
                                           bmundel@sidley.com

27                                            jdugan@sidley.com

28                                            *Attorneys for Amazon.com, Inc.*



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON & SUTCLIFFE LLP

By  */s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile: +1 206 839 4301


WEIL GOTSHAL & MANGES, LLP

By: */s/ Mark A. Perry*
Mark A. Perry (*pro hac vice*)
2001 M. Street NW, Suite 600
Washington, D.C. 20036
Telephone: +1 202 682 7000
mark.perry@weil.com

By: */s/ Eric S. Hochstadt*
Eric S. Hochstadt (*pro hac vice*)
767 Fifth Ave.
New York, NY 10153-0119
Telephone: +1 212 310 8000
eric.hochstadt@weil.com

By: */s/ Brian G. Liegel*
Brian G. Liegel (*pro hac vice*)
Brian.liegel@weil.com
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: +1 305 577 3180

*Attorneys for Apple Inc.*



1

## __ORDER__

2      Based on the foregoing, IT IS SO ORDERED.

3

4   DATED: _____

5                                    _____
                                     The Honorable Kymberly K. Evanson
6                                    UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. ORD. REGARDING STEVEN FLOYD'S - 4
DEADLINE TO RESPOND TO DISCOVERY
Case No. 2:22-cv-01599-KKE

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on _____, 2024, a true and correct copy of the foregoing was

3   filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

4

                               */s/ Steve W. Berman*
5                              Steve W. Berman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT F

## Black, Katie

| | |
|---|---|
| **From:** | Liegel, Brian |
| **Sent:** | Friday, September 13, 2024 6:12 PM |
| **To:** | Ben Harrington; Hochstadt, Eric; Perry, Mark; Hardesty, Geneva; MacBride, Morgan; Goldmark, John; bmundel@sidley.com; Dugan, Jon |
| **Cc:** | Steve Berman; Ben Siegel; Ted Wojcik; Meredith Simons; mparris@orrick.com |
| **Subject:** | RE: Floyd v. Amazon - Motion to withdraw sealing |

Ben –

We do not understand why you are refusing to provide the basic information we have asked for to facilitate obtaining the discovery that the Court has ordered your client to provide.  Plaintiffs' actions continue to improperly delay and frustrate our ability to obtain the information that Defendants are entitled to receive, including the responses that are due today and the deposition which has been noticed for September 24.  Nevertheless, we do not oppose your request to seal this information.

Please note that if Plaintiffs refuse to provide this information, along with the detailed account of every attempt to contact Mr. Floyd since you first learned of his supposed unavailability (as requested in may August 27 e-mail), we will ask the Court to compel you to provide it.

Defendants reserve all rights.

Best,

Brian



**Brian G. Liegel**
Counsel

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Friday, September 13, 2024 5:32 PM
**To:** Liegel, Brian <Brian.Liegel@weil.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Perry, Mark <Mark.Perry@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; bmundel@sidley.com; Dugan, Jon <jdugan@sidley.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Ted Wojcik <TedW@hbsslaw.com>;

Meredith Simons <merediths@hbsslaw.com>
**Subject:** RE: Floyd v. Amazon - Motion to withdraw sealing

Brian—We do not understand your concerns about the timing of the motion, nor do we think it is appropriate for Defendants to condition their agreement on sealing to a set of demands that have nothing to do with whether the information at issue warrants sealing.  As for those demands, Defendants are not permitted to contact Mr. Floyd directly unless and until our motion to withdraw as his counsel is granted.  Accordingly, even if it were appropriate to couple these demands to a simple sealing request, we cannot agree to them.  We will note Defendants' position in a motion to seal, and if you wish to elaborate in an opposition, you may.

Regards,

Ben


--
**Ben Harrington** | Hagens Berman Sobol Shapiro LLP | (510) 725-3034

**From:** Liegel, Brian <Brian.Liegel@weil.com>
**Sent:** Friday, September 13, 2024 1:49 PM
**To:** Ben Harrington <benh@hbsslaw.com>; Hochstadt, Eric <eric.hochstadt@weil.com>; Perry, Mark <Mark.Perry@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; bmundel@sidley.com; Dugan, Jon <jdugan@sidley.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Ted Wojcik <TedW@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** RE: Floyd v. Amazon - Motion to withdraw sealing


Ben,

We find the timing of your e-mail and proposed motion below concerning as it comes on the day Mr. Floyd's Court-ordered responses are due, after you moved for an extension on his behalf.  Defendants reserve all rights, including with respect to your proposed motion to withdraw and to obtain the Court-ordered discovery from Mr. Floyd.

Please confirm that:

1.   you will provide us with Mr. Floyd's contact information, including address, e-mail, and telephone number by COB today;
2.   you will advise us the manner in which Mr. Floyd and you last communicated (telephone, e-mail, in person, etc.) and the date of such communication by COB today;
3.   you will advise us the last date you claim to have had an attorney client relationship with Mr. Floyd by COB today; and
4.   Defendants are now authorized to contact Mr. Floyd directly.

Subject to the above, Defendants do not oppose your sealing motion.

Best,

Brian



**Brian G. Liegel**
Counsel


Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
brian.liegel@weil.com
+1 305 577 3180 Direct
+1 305 374 7159 Fax

---

**From:** Ben Harrington <benh@hbsslaw.com>
**Sent:** Friday, September 13, 2024 2:04 PM
**To:** Hochstadt, Eric <eric.hochstadt@weil.com>; Liegel, Brian <Brian.Liegel@weil.com>; Perry, Mark <Mark.Perry@weil.com>; Hardesty, Geneva <Geneva.Hardesty@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Goldmark, John <JohnGoldmark@dwt.com>; bmundel@sidley.com; Dugan, Jon <jdugan@sidley.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Ted Wojcik <TedW@hbsslaw.com>; Meredith Simons <merediths@hbsslaw.com>
**Subject:** Floyd v. Amazon - Motion to withdraw sealing

Counsel—We anticipate filing today a motion to withdraw as Mr. Floyd's counsel.  Local Rule 83.2(b)(1) requires that we include in the motion Mr. Floyd's address and telephone number.  Because Mr. Floyd has not authorized us to file this personal identifying information on the public docket, we intend to redact it and file an unredacted version under seal.   Please let us know by 3 pm PT today whether Defendants consent to sealing this information.  We are not moving to seal anything else in the filing.

Thanks,

Ben

--
**Ben Harrington** | **Partner**

Hagens Berman Sobol Shapiro LLP
Berkeley, CA
(510) 725-3034
benh@hbsslaw.com

News   |   Cases   |   Twitter   |   Facebook

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

4