Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC. and APPLE INC.,<br><br>Defendants. | Case No. 2:22-cv-01599 KKE<br><br>**DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**<br><br>Noted for Hearing: October 25, 2024 |

DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

    A.    This Court ordered Floyd to respond to defendants' discovery requests and testify at a deposition ................................................................................... 2

    B.    Floyd missed the response deadline and failed to appear for his deposition. ......... 2

ARGUMENT ............................................................................................................................. 3

I.    Floyd's conduct is sanctionable ...................................................................................... 3

    A.    Immediate sanctions are appropriate when a party fails to obey a court's discovery order. ........................................................................................................ 3

    B.    Floyd failed to obey this Court's Order to answer discovery requests and appear for a deposition. ........................................................................................... 4

II.    The Court should impose discovery sanctions under Rule 37(b) ................................... 5

    A.    The Court should order Floyd to show cause why he shouldn't be held in contempt. ..................................................................................................... 5

    B.    If the Court holds Floyd in contempt, it should order him to appear at a hearing and to produce documents. ......................................................................... 6

CONCLUSION ........................................................................................................................... 8

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

i

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*,
   721 F.3d 1122 (9th Cir. 2013) .................................................................................... 6, 7

*Asset Realty, LLC v. Wilson*,
   2022 WL 17168661 (W.D. Wash. Nov. 22, 2022) ............................................................ 6

*Card Tech. Corp. v. DataCard Inc.*,
   249 F.R.D. 567 (D. Minn. 2008) ....................................................................................... 5

*CFPB v. Klopp*,
   957 F.3d 454 (4th Cir. 2020) ............................................................................................. 5

*Chi. Truck Drivers v. Bhd. Lab. Leasing*,
   207 F.3d 500 (8th Cir. 2000) ............................................................................................. 1

*Daval Steel Prods. v. M/V Fakredine*,
   951 F.2d 1357 (2d Cir. 1991) ............................................................................................ 4

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
   10 F.3d 693 (9th Cir. 1993) ........................................................................................... 4, 5

*FTC v. Dayton Family Prods.*,
   2016 WL 1047353 (D. Nev. Mar. 16, 2016) ..................................................................... 4

*Guy v. Vilsack*,
   293 F.R.D. 8 (D.D.C. 2013) .............................................................................................. 7

*Hal Commodity Cycles Mgmt. Co. v. Kirsh*,
   825 F.2d 1136 (7th Cir. 1987) ........................................................................................... 4

*Hynes v. Giambalvo*,
   2010 WL 1162956 ............................................................................................................. 7

*Infanzon v. Allstate Ins. Co.*,
   335 F.R.D. 305 (C.D. Cal. 2020) ................................................................................... 3, 5

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
   512 U.S. 821 (1994) ...................................................................................................... 6, 7

*Jump v. McNeil*,
   2007 WL 9717356 (E.D. Wash. Sept. 27, 2007) .............................................................. 7

DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

ii

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

*Martinez v. City of Pittsburg*,
  2012 WL 699462 (N.D. Cal. Mar. 1, 2012) ................................................................... 7

*McComb v. Jacksonville Paper Co.*,
  336 U.S. 187 (1949) .................................................................................................... 7

*Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*,
  721 F.3d 1122 (9th Cir. 2013) ................................................................................. 6, 7

*Nw. Admins., Inc. v. Valley Pump, Inc.*,
  2019 WL 279997 (W.D. Wash. Jan. 22, 2019) ............................................................ 6

*Penfield Co. of Cal. v. SEC*,
  330 U.S. 585 (1947) .................................................................................................... 7

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
  673 F.2d 53 (2d Cir. 1982) .......................................................................................... 7

*Rogler v. Fotos*,
  2015 WL 4528164 (D. Md. July 23, 2015) ................................................................. 7

*Smith v. Legacy Partners, Inc.*,
  2022 WL 2135369 (W.D. Wash. June 14, 2022) ........................................................ 6

*Trial Lawyers Coll. v. Gerry Spences Trial Lawyers Coll. at Thunderhead Ranch*,
  2022 WL 2718077 (D. Wyo. Mar. 29, 2022) .............................................................. 7

*United States v. Ayres*,
  166 F.3d 991 (9th Cir. 1999) ...................................................................................... 5

*United States v. Bright*,
  596 F.3d 683 (9th Cir. 2010) ...................................................................................... 6

*United States v. Drollinger*,
  80 F.3d 389 (9th Cir. 1996) ........................................................................................ 5

*Wyles v. Sussman*,
  2019 WL 13255373 (C.D. Cal. Dec. 3, 2019) ............................................................ 4

**Other Authorities**

Fed. R. Civ. P. 37(b)(2) ........................................................................................... 1, 3, 5

Local Civ. R. 7(b)(2) ..................................................................................................... 6

DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

iii

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

## INTRODUCTION

Defendants have spent the last year trying to get discovery from the person who brought this case, Plaintiff Steven Floyd. According to Plaintiffs' counsel, Floyd has ignored his lawyers and refused to respond to defendants' discovery requests since January, which has protracted these proceedings "significantly." Order to Compel at 7 (Dkt. 132). Making matters worse, he has now failed to comply with both deadlines set by this Court when it granted defendants' motion to compel, even after defendants agreed to extend the deadline for written discovery and documents. *See* Stipulation (Dkt. 135). To date—despite the Court's Order to Compel—Floyd has failed to answer a single interrogatory or produce a single document, and he has not cooperated to schedule his deposition. Indeed, Floyd's counsel now explains that Floyd has "elected not to adhere to Class Counsel's advice regarding his discovery obligations or the Court's Order." Motion to Withdraw at 2 (Dkt. 142).

While Floyd's conduct is regrettable, this Court's contempt powers "ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). Because Floyd has repeatedly failed to present key evidence, the Court should order him to show cause why he should not be held in civil contempt. If he fails, the Court should order him to (i) appear at a hearing (either remotely or in person at the Middle District of Pennsylvania courthouse in Floyd's hometown of Williamsport, Pennsylvania), where he will sit for deposition, and to (ii) provide responsive documents and interrogatory answers five days before that hearing. The Court has already found that defendants are "entitled to the discovery they seek from Floyd" and "would suffer prejudice" without it. Dkt. 132 at 1, 7. Only further intervention from this Court can prevent that prejudice, either in the form of civil contempt sanctions (requested now) or the admission of certain facts (which will be requested later, if necessary).[1]

---

[1] Defendants reserve their rights to bring a motion for sanctions requesting, among other things, that "designated facts be taken as established." Fed. R. Civ. P. 37(b)(2)(A)(i). For now, however, defendants respectfully suggest that the appropriate interim step is to enter a contempt order to command compliance with the Court's Order to Compel.

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

1

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel +1-206-839-4300

# BACKGROUND

**A.     This Court ordered Floyd to respond to defendants' discovery requests and testify at a deposition.**

Defendants need discovery from Steven Floyd. To that end, defendants asked Floyd to produce documents, answer interrogatories, and testify at a deposition—originally noticed for May 28, 2024. *See* Dkt. 132 at 3. Floyd failed to answer so, in May, defendants asked the Court to compel Floyd to respond. *See id.* at 3. Specifically, defendants asked the Court to order Floyd to "si[t] for his previously noticed deposition" and "provid[e] substantive and complete, good faith responses to [our] discovery requests." Reply Br. 2–3 (Dkt. 125). "If Floyd continues to refuse to respond or sit for deposition," defendants also indicated that they would seek "appropriate sanctions." Mot. to Compel 6 n.7 (Dkt. 104) (citing Fed. R. Civ. P. 37).

The Court granted the motion. A named plaintiff "is obligated to 'participate in discovery and provide testimony.'" Dkt. 132 at 4 (quoting *Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012)). As the Court recognized, those requests are "relevant to [our] defenses as well as to … issues related to class certification." *Id.* at 6. As a result, the Court held that defendants were "entitled to the [requested] discovery" and "would suffer prejudice" if Floyd did not "respon[d] to the outstanding requests … and testif[y] at a deposition." *Id.* at 1, 7. Because the discovery requests here were "sufficiently relevant," the Court found it "appropriate to compel [Floyd] to respond and testify at a deposition." *Id.* at 7. The Court thus "ORDERED [Floyd] to respond to the outstanding interrogatories and requests for production … no later than August 30, 2024." *Id.* at 8. It also ordered that "Floyd shall testify at a deposition" to be held "[n]o later than September 30, 2024." *Id.*

According to his counsel, Floyd "was served with the Order by hand delivery" and—four days after the Order was issued—"made his first attempt since January 2024" to contact his lawyers. Harrington Decl. ¶¶ 3–4 (Dkt. 141).

**B.     Floyd missed the response deadline and failed to appear for his deposition.**

This Court's Order has gone unheeded. The August 30 deadline, extended to September

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

2

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

13, came and went without a response to defendants' discovery requests. *See* Dkts. 132, 135; Liegel Decl. ¶¶ 2–3. As for the deposition—rescheduled for September 24—Floyd's counsel "emailed and mailed [him] the amended deposition notice," and "there is no indication" that Floyd did not receive it. Dkt. 141 ¶ 7 & n.1. Floyd still did not comply, nor did he try to reschedule his deposition before the September 30 deadline. Liegel Decl. ¶¶ 6–9 & Exs. A & B.

According to Floyd's counsel, Floyd's "last messages … indicate a refusal" to follow counsel's "advice regarding compliance" with this Court's Order. Dkt. 141 ¶ 6. Counsel have thus moved to withdraw as Floyd's lawyers, stating that defendants may "continue pursuing discovery" "without [Plaintiffs' counsel] serving as an intermediary." Dkt. 142 at 4. Apple has opposed an unconditional withdrawal, and both Apple and Amazon have asked the Court to order information that would show whether Floyd has been authorizing filings and controlling the litigation since January. *See* Dkts. 143, 145.

## ARGUMENT

### I. Floyd's conduct is sanctionable.

Steven Floyd has flouted this Court's discovery order twice. First, he ignored the Court's deadline to respond to defendants' discovery requests. Then, he failed to show up for his September 24 deposition or try to reschedule it before the September 30 deadline. Floyd's conduct has already "protract[ed]" these proceedings "significantly," (Dkt. 132 at 7), and his latest choices call for immediate sanctions to compel compliance with this Court's Order.

### A. Immediate sanctions are appropriate when a party fails to obey a court's discovery order.

When a party "fails to obey" a discovery order, Federal Rule of Civil Procedure 37(b) authorizes district courts to "issue further just orders." Fed. R. Civ. P. 37(b)(2); *see also* 8B Wright & Miller, Federal Procedure & Procedure § 2289. This "confers broad authority to impose sanctions as a remedy for noncompliance with discovery orders." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312–13 (C.D. Cal. 2020). While the court need not find "[w]illfulness, fault, or bad faith," sanctions "become virtually automatic" when conduct "crosses those lines." *Id.* at 313

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

3

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

(cleaned up).  "A district court is not required to fire a warning shot" before imposing sanctions. *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).  The Federal Rules "give ample notice to litigants of how to properly conduct themselves," *id.*, and an order compelling discovery "functions as a final warning"—"specifically inform[ing] the recalcitrant party concerning its obligations," *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

**B.     Floyd failed to obey this Court's Order to answer discovery requests and appear for a deposition.**

**1.**     This Court's Order compelling discovery was "specific and definite." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  It required Floyd to "respond to the outstanding interrogatories and requests for production addressed in [defendants' motion to compel]" by August 30. Dkt. 132 at 8.  And it stated that Floyd "shall testify at a deposition" by September 30. *Id.*  Floyd received the Order "by hand delivery" on August 21, and his lawyers gave him "advice regarding compliance." Dkt. 141 ¶¶ 3, 6.  That left only one option: "A party bound by an order must 'take all reasonable steps within his power to comply.'" *FTC v. Dayton Family Prods.*, 2016 WL 1047353, at *9 (D. Nev. Mar. 16, 2016) (quoting *In re Dual-Deck*, 10 F.3d at 695).

But Floyd did not comply.  Floyd's "last messages" to counsel—sent two days before the August 30 production deadline—"indicate[d] a refusal" to comply with the Court's Order.  Dkt. 141 ¶ 6.  And nearly a month after the response deadline, and weeks after the September 13 extension, defendants have yet to receive a single interrogatory answer or document.  *See* Liegel Decl. ¶ 3.  Likewise, Floyd failed to testify for deposition by the September 30 deadline, despite defendants' efforts to schedule the deposition at a time convenient for him.  *See id.* ¶¶ 5–6 & Ex. A.

**2.**     This is not an isolated event.  *See Wyles v. Sussman*, 2019 WL 13255373, at *2 (C.D. Cal. Dec. 3, 2019) (Courts "may consider the entire history of the parties' conduct" in deciding whether "sanctions should be imposed.").  Defendants have been asking Floyd to produce documents since last October and have been waiting more than seven months for a response to interrogatories.  *See* Dkt. 132 at 2.  And Floyd's deposition was originally set to occur in May.  *See id.*

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

4

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

at 3. As the Court has recognized, defendants have "devoted significant time and expense to discovery"—yet the other side's stonewalling has "frustrated" defendants' best efforts to move this case along with the original named plaintiff. *Id.* at 3. Although sanctions would be warranted in all events, the "[w]illfulness" exhibited here should make them "virtually automatic." *Infanzon*, 335 F.R.D. at 313.

## II. The Court should impose discovery sanctions under Rule 37(b).

Sanctions available under Rule 37(b) "run the entire gamut," *id.*, from treating "failure to obey" the discovery order "as contempt of court," Fed. R. Civ. P. 37(b)(2)(A)(vii), to deeming certain facts "established for purposes of the action," Fed. R. Civ. P. 37(b)(2)(A)(i). Here, the Court should begin by (i) ordering Floyd to show cause why he should not be held in contempt and (ii) ordering as a compulsory sanction that Floyd attend a deposition at a hearing conducted by the Court and provide discovery in advance. Although defendants hope this will motivate Floyd to comply, we preserve the argument that further sanctions are warranted—including deeming certain facts related to Floyd's purchasing history to be established. *See, e.g.*, *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 572 (D. Minn. 2008) (admitting facts "as established").

### A. The Court should order Floyd to show cause why he shouldn't be held in civil contempt.

1. "Civil contempt in [the discovery] context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck*, 10 F.3d at 695. To determine whether a party is in contempt, courts "employ a burden-shifting framework." *CFPB v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020). First, the movant must offer "clear and convincing evidence" that "the alleged contemnor violated the court's order." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). Then, the burden "shifts to the alleged contemnor to produce evidence explaining his noncompliance." *Id.* (quoting *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)). "Ability to comply is the crucial inquiry." *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996). Unless the party can show (i) "why [he] was unable to comply with the Court's order" and (ii) that he "took every reasonable step" to do so, he "will be held in contempt." *Nw. Admins., Inc. v. Valley Pump, Inc.*, 2019 WL 279997, at

DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

5

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

*1 (W.D. Wash. Jan. 22, 2019). "[C]ivil contempt proceedings may proceed in a 'more summary fashion'" than ordinary litigation, *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1130 (9th Cir. 2013) (citation omitted), and district courts routinely issue show-cause orders based solely on attorney declarations. *See, e.g.*, *Asset Realty, LLC v. Wilson*, 2022 WL 17168661, at *3 (W.D. Wash. Nov. 22, 2022).

*Smith v. Legacy Partners, Inc.*, 2022 WL 2135369 (W.D. Wash. June 14, 2022), illustrates the point. The defendants there sought an order compelling the plaintiff to testify at a deposition. *See id.* at *1. This Court granted the motion. Then, when the plaintiff "failed to comply," the defendants asked the Court to order the plaintiff to show cause why she should not be found in contempt. *Id.*; *see also* No. 2:21-cv-629, Dkt. 112 (attorney declaration attesting that plaintiff "failed to appear for her deposition"). The court ordered the plaintiff to respond within ten days. *See* No. 2:21-cv-629, Dkt. 119. When the plaintiff "did not respond to the order by the deadline," the Court deemed the defendants' contempt allegations "accurate" and imposed a sanction. *Smith*, 2022 WL 2135369, at *1; *see also* Local Civ. R. 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

**2.** Floyd's conduct here constitutes civil contempt. *See supra* § I.B. Like the plaintiff in *Smith*, Floyd "failed to comply" with an order compelling him to provide discovery. *Smith*, 2022 WL 2135369, at *1. That alone warrants a contempt finding. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (contempt finding was "justifiable based solely on [respondent's] failure to produce documents"). The Court should thus order Floyd to show cause, by a reasonable deadline, why he should not be held in contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("Civil contempt sanctions … may be imposed in any ordinary civil proceeding upon notice and an opportunity to be heard.").

**B.   If the Court holds Floyd in contempt, it should order him to appear at a hearing and to produce documents.**

**1.** When a court holds a party in contempt, it "may impose civil contempt sanctions" to "compel or coerce obedience" with its prior order. *Ahearn*, 721 F.3d at 1130. The extent of

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

6

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

those sanctions depends on "the requirements of full remedial relief," *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949), and courts have "broad discretion to design a remedy that will bring about compliance," *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982). While the "paradigmatic … civil contempt sanction" is "confining a contemnor indefinitely until he complies," lesser sanctions are also available. *Bagwell*, 512 U.S. at 828. These include ordering parties to appear at the courthouse for a deposition. *See, e.g.*, *Rogler v. Fotos*, 2015 WL 4528164, at *4 (D. Md. July 23, 2015) (recommending that court "order Plaintiff to appear at the courthouse, sit for her deposition, and properly answer defense counsel's questions"); *Guy v. Vilsack*, 293 F.R.D. 8, 13 (D.D.C. 2013) (ordering recalcitrant plaintiff "to complete his deposition in the federal courthouse"); *Hynes v. Giambalvo*, 2010 WL 1162956, at *1 (similar).

Contempt is always "avoidable through obedience." *Int'l Union*, 512 U.S. at 827; *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947) ("One who is fined, unless [he complies], has it in his power to avoid any penalty."). As a result, contempt orders "must be accompanied by a 'purge' condition" that lets the contemnor "comply with the order before payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburg*, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012); *see also Jump v. McNeil*, 2007 WL 9717356, at *3 (E.D. Wash. Sept. 27, 2007) (Civil contempt "can be terminated if the contemnor purges himself of the contempt." (quoting Fed. Proc. Lawyers Ed. § 17.31)).

**2.** Here, defendants ask the Court to order that Floyd appear remotely at a hearing (or in person at the Middle District of Pennsylvania courthouse in Williamsport) where he will be required to sit for deposition, possibly with the Court administering the oath at the outset. *See, e.g.*, *Trial Lawyers Coll. v. Gerry Spences Trial Lawyers Coll. at Thunderhead Ranch*, 2022 WL 2718077, at *4, n.2 (D. Wyo. Mar. 29, 2022) (noting that "magistrate judge could preside over … deposition" to ensure "compl[iance] with [court's] earlier order"). Floyd's counsel previously indicated that Tuesdays and Thursdays were the best days for a deposition for Floyd, and to accommodate this schedule, defendants ask that the hearing be scheduled for a Tuesday or Thursday. *See* Liegel Decl. ¶ 5 & Ex. A. Defendants also ask the Court to order Floyd to produce responsive

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

7

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel +1-206-839-4300

documents five days in advance of his deposition either via mail or email. The Court should also make clear that Floyd may purge the contempt holding at any time by complying with its order compelling discovery.

## CONCLUSION

The Court should order Floyd to show cause why he should not be held in contempt. If the Court holds Floyd in contempt, it should (i) order him to appear at a hearing for a deposition, (ii) order him to produce documents and respond to interrogatories five days before that hearing, and (iii) grant any further relief deemed just and proper to ensure compliance. If Floyd still fails to appear or provide discovery, defendants may move for further sanctions, including deeming certain facts established.

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

8

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

I certify that this memorandum contains 2,796 words, in compliance with the Local Civil Rules.

October 4, 2024

Respectfully submitted,

/s/ *Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Phone: (206) 839-4300
Fax: (206) 839-4301
mparris@orrick.com

Mark A. Perry (*pro hac vice*)
WEIL GOTSHAL & MANGES, LLP
2001 M. Street NW, Suite 600
Washington, DC 20036
Phone: (202) 682-7000
mark.perry@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119
Phone: (212) 310-8000
eric.hochstadt@weil.com

Brian G. Liegel (*pro hac vice*)
WEIL GOTSHAL & MANGES, LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Phone: (305) 577-3180
brian.liegel@weil.com

*Attorneys for Apple Inc.*

DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

9

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel +1-206-839-4300

John Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
Davis Wright Tremaine, LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Phone: (206) 622-3150
Fax: (206) 757-7700
johngoldmark@dwt.com
maryannalmeida@dwt.com

Jonathan E. Nuechterlein (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax: (202) 736-8711
jnuechterlein@sidley.com
bmundel@sidley.com

*Attorneys for Amazon.com, Inc.*

---

DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS
Case No. 2:22-cv-01599 KKE

10

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300