UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al.,<br><br>　　　　　　Plaintiff(s),<br>　v.<br><br>AMAZON.COM INC., et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C22-1599-KKE<br><br>ORDER DENYING MISCELLANEOUS MOTIONS WITHOUT PREJUDICE AND REQUIRING SUPPLEMENTAL PRODUCTION |

　　　　The Court previously conditioned Plaintiff Steven Floyd's withdrawal as a named plaintiff in this case upon his responding to outstanding discovery requests and sitting for a deposition. Dkt. No. 132. Floyd has not complied with this order, and his counsel now seeks to withdraw their representation on the grounds that their relationship with him is broken. Dkt. No. 140.[1] Defendant Apple Inc. does not oppose the motion, but requests that the Court impose conditions before permitting Floyd's counsel to withdraw. Dkt. No. 143.

　　　　After Floyd's counsel filed the motion to withdraw representation, Apple and Defendant Amazon.com Inc. filed a motion for discovery sanctions against Floyd for his failure to comply with the Court's order. Dkt. No. 152. Defendants request that the Court order Floyd to show cause

---

[1] This order refers to the parties' briefing using CM/ECF page numbers.

ORDER DENYING MISCELLANEOUS MOTIONS WITHOUT PREJUDICE AND REQUIRING SUPPLEMENTAL PRODUCTION - 1

why he should not be held in contempt, and that if he does not do so, the Court should consider imposing additional requirements. *Id.* Floyd's counsel does not oppose the motion. Dkt. No. 156.

With respect to the motion to withdraw representation, Apple[2] requests that as a condition of withdrawal, the Court order Floyd's counsel to provide all of their communications to/from Floyd since January 2024 for *in camera* review, and provide to Defendants any non-privileged communications with Floyd since January 2024 along with a privilege log for the *in camera* submissions, "with information sufficient to show the method of communication, the sender/copied/recipient information, the subject line, and any attachments of draft filings or filings and their file names." Dkt. No. 143 at 6.

"The decision to grant or deny counsel's motion to withdraw is ultimately committed to the discretion of the trial court." *Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC*, No. C13-983 RSM, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014). "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *3M Co. v. Aime LLC*, No. 2:20-cv-01086-TL-BAT, 2023 WL 1863517, at *1 (W.D. Wash. Feb. 9, 2023) (quoting *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020)).

In this case, the Court agrees with Apple that more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation. Likewise, that same information is needed before the Court can determine the appropriate sanction, if any, for Floyd's

---

[2] Amazon takes no position on Floyd's counsel's motion to withdraw and does not join Apple's opposition to this motion. Dkt. No. 145.

ORDER DENYING MISCELLANEOUS MOTIONS WITHOUT PREJUDICE AND REQUIRING SUPPLEMENTAL PRODUCTION - 2

failure to comply with this Court's order. Thus, the Court will deny without prejudice both motions, subject to re-filing after the production as follows:

    (1) No later than November 15, 2024, Floyd's counsel is ORDERED to produce all non-privileged communications to/from Floyd since the date that Defendants first propounded their discovery requests through November 5, 2024.[3] Floyd's counsel must also produce a privilege log for all privileged communications to/from Floyd since the date that Defendants' first discovery requests were propounded through November 5, 2024, indicating the method of communication, the sender/copied/recipient information, the subject line, and any attachments of draft filings or filings and their file names.

    (2) Upon review of the non-privileged communications and the privilege log detailed in subsection (1), Defendants may file an appropriate motion no later than December 2, 2024, including but not limited to a motion for *in camera* review of communication(s) listed on the privilege log.

    (3) Floyd's counsel's motion to withdraw representation and Defendants' motion for sanctions (Dkt. Nos. 140, 152) are DENIED without prejudice, subject to refiling after any motion filed by Defendants (as contemplated in subsection (2)) is resolved.

Dated this 5th day of November, 2024.

                                            *Kymberly K. Evanson*
                                            Kymberly K. Evanson
                                            United States District Judge

---

[3] It appears that Floyd objected to discovery requests in October 2023 (Dkt. No. 90 at 31–75), but it is not clear when Defendants propounded those requests. Defendants have accused Floyd of failing to respond substantively to discovery requests even before he failed to comply with the Court's order granting the motion to compel. *See, e.g.*, Dkt. No. 86 at 14. Given that Floyd's responses and non-responses to discovery requests have been and continue to be at issue, the Court finds it appropriate to seek information dating back to when Floyd's obligation to respond to discovery requests began running.

ORDER DENYING MISCELLANEOUS MOTIONS WITHOUT PREJUDICE AND REQUIRING SUPPLEMENTAL PRODUCTION - 3