UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al., | CASE NO. C22-1599-KKE |
| Plaintiff(s), | ORDER ON DISCOVERY DISPUTES |
| v. | |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

The parties have filed a statement of discovery disputes between Plaintiffs and Defendant Amazon.com Inc. regarding two categories of documents Plaintiffs seek to compel Amazon to produce. Dkt. No. 182. Federal Rule of Civil Procedure 26(b)(1) provides that, in general, parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" For the following reasons, the Court will deny Plaintiffs' request as to the first category of documents, and will defer ruling on the second category until after *in camera* review.

**A.    The Court Denies Plaintiffs' Request to Compel Production of Documents Responsive to RFP 62.**

The parties' first dispute pertains to Plaintiffs' Request for Production ("RFP") 62, which requests documents related to Amazon's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. No. 182-1 at 8. Amazon describes this ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

ORDER ON DISCOVERY DISPUTES - 1

1
2
3   ████ Dkt. No. 182 at 3.  RFP 62 seeks documents related not only to Amazon's process ████
4   ████████████████████████████████████████ Dkt. No. 182-1 at 8.

5   Amazon states that it has "already produced all non-privileged documents relevant to the
6   Apple restrictions, which are the only restrictions being challenged in this litigation and were set
7   by the express terms of the [Global Tenets Agreement ("GTA").]"  Dkt. No. 182 at 3.  Amazon
8   believes that discovery related to other ████████ is irrelevant and would constitute a
9   fishing expedition.  *Id*. at 3–4.  Amazon states that ████████████████████████
10  ████████████████████████ reviewing and producing materials related to ████████
11  ████ would "exponentially expand the scope of the case" and would be disproportional to the
12  needs of this case.  *Id*. at 4.

13  Amazon's objections are well-founded.  Plaintiffs' explanation for relevance is conclusory
14  ("These documents go to the heart of Plaintiffs' claims" (Dkt. No. 182 at 2)); they have not
15  persuasively explained why information regarding ████████████████████████
16  ████████ would be relevant to Plaintiffs' suit alleging that the GTA had an anticompetitive
17  effect on the market for Apple products.  Plaintiffs have not shown that the documents they seek
18  under RFP 62 are minimally relevant as required by Rule 26 and the Court therefore DENIES
19  Plaintiffs' request to compel their production.

20  **B.    The Court Defers Ruling on Plaintiffs' Request to Compel Production of Documents Submitted to Italian Authorities.**

21
22  The parties' second dispute relates to three documents provided to an Italian investigation
23  of Amazon's practices.  Previously, the Court held that "foreign documents concerning the GTA's
    effects exclusively in a given foreign country" are not relevant.  Dkt. No. 138.  Amazon contends
24

ORDER ON DISCOVERY DISPUTES - 2

that the disputed documents Plaintiffs seek are entirely foreign in nature, rather than global, and thus requests that the Court enforce its prior order. Dkt. No. 182 at 4. Plaintiffs contend that the documents are global in nature, and that even if they were "created by employees abroad, the jury could find these documents highly relevant in assessing Defendants' conduct in the U.S." *Id*. at 3.

Again, the Court finds Plaintiffs' relevance explanation to be thin. The text of the Italian decision does not necessarily suggest that these documents would be relevant to assessing U.S. effects of the GTA: the decision seems to corroborate Amazon's assertion that the disputed documents pertain specifically to Amazon's decisions and intent with respect to the Italian market. *See* Dkt. No. 183-6 ¶¶ 91, 94, 104, 105, 339, 361. If this is true, then the Court's prior order (Dkt. No. 138) would indicate that they need not be produced.

It is, of course, impossible to be certain as to the scope of these documents without reviewing them. Amazon has offered to produce the documents at issue for *in camera* review (Dkt. No. 182 at 4), and the Court finds that such review would be useful here. The Court therefore ORDERS Amazon to, no later than February 21, 2025, email an electronic copy of the documents to Victoria_Ericksen@wawd.uscourts.gov and to provide a courtesy hard copy to chambers (clearly marked "*in camera* review" to avoid inadvertent filing on the docket by Clerk's office staff). The Court DEFERS ruling on this issue until after concluding *in camera* review.

Dated this 13th day of February, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge