1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al.,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>AMAZON.COM INC., et al.,<br><br>                    Defendant(s). | CASE NO. C22-1599-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS |

Defendants Apple Inc. and Amazon.com Inc. have fruitlessly attempted to obtain discovery from Plaintiff Steven Floyd since fall 2023.  Dkt. No. 152 at 5.[1]  They obtained a court order compelling him to comply with discovery requests in summer 2024, and Floyd has not complied with that order.  *Id*.  Defendants now request discovery sanctions against Floyd, asking the Court to order him to show cause why he should not be held in contempt, in an attempt to coerce his obedience with court orders.  *Id*.

Although the Court agrees with Defendants that Floyd has repeatedly failed to respond to discovery requests, even after ordered to do so by this Court, the discovery sanctions requested by Defendants are not appropriate and the Court will therefore deny Defendants' motion as to the relief requested by Defendants.  But because the Court is now aware that Floyd informed his counsel that he wanted to cease participating in this action to avoid discovery obligations months

---

[1] This order refers to the parties' briefing by CM/ECF page numbers.

before the Court ordered Floyd to comply with Defendants' discovery requests, and Floyd's counsel failed to candidly and/or accurately describe their client's intentions to Defendants or the Court, it is just to grant Defendants' motion for sanctions as to Floyd's counsel rather than Floyd. The Court endeavors to craft a resolution to the discovery impasse that will honor Floyd's intentions and address the concerns that remain outstanding with respect to discovery from Floyd.

## I.    BACKGROUND & ANALYSIS

Floyd filed this antitrust putative class action in November 2022, and much of his amended complaint withstood Defendants' motion to dismiss in June 2023.  Dkt. Nos. 1, 61.  Defendants served Floyd with requests for production in September 2023, Floyd lodged objections in October 2023, and Floyd did not thereafter produce any documents.  *See* Dkt. No. 90 at 31–75.

On February 8, 2024, Apple served Floyd with interrogatories.  Dkt. No. 90 at 10–18.  On February 13, Floyd's counsel advised Defendants that Floyd had "become difficult to reach" but he "has not withdrawn as a class representative[.]"  Dkt. No. 105 at 6.  Floyd's counsel indicated that they would be filing a motion to amend the complaint to add additional class representatives. *Id*.  Counsel assured Defendants that "[i]f for any reason Mr. Floyd needs to withdraw, we will promptly advise Defendants and take appropriate steps."  *Id*.

Defendants responded to emphasize that they would be opposing the motion to amend, and to inquire as to Floyd's availability for a deposition.  Dkt. No. 105 at 5.  Floyd's counsel responded that they could not agree to set a deposition until they heard from Floyd.  *Id*.  In this response, Floyd's counsel reiterated:

> As for Mr. Floyd, he has not informed us of any intention to withdraw as a class representative. But as we explained, we have been unable to connect with him recently and are working diligently to regain contact to determine how Mr. Floyd wishes to proceed. We last communicated with Mr. Floyd on January 16, 2024 (and, again, it was not a withdrawal).  We provide this information for purposes of transparency, but defendants are not entitled to further probe our communications with clients.

*Id.*

On February 29, 2024, Floyd filed a motion for leave to amend the complaint to add new named plaintiffs, based on counsel's representation that although Floyd had not expressed an intent to withdraw as a named Plaintiff, he had, since January 16, "become difficult to reach" and could be experiencing "some type of personal emergency." Dkt. No. 80 at 8. Counsel further posited potential "legitimate reasons for his recent non-responsiveness (*e.g.*, health issues or other incapacitating events)." *Id.* at 5.

Based on the Court's recent *in camera* review of Floyd's communications with his counsel, the Court finds that counsel misrepresented to Defendants and the Court their January 16 communications with Floyd. On this date, Floyd informed his counsel that he no longer wanted to participate in this litigation because he did not wish to participate in discovery, and reiterated that intention even after his counsel attempted to persuade him that the discovery process could be less onerous than he was assuming.

Consistent with Floyd's stated disinterest in continuing with the case, his counsel began searching for additional plaintiffs on January 24, and ultimately found two class members willing to serve as class representatives. Dkt. No. 80 at 8. In May 2024, the Court granted Floyd's motion for leave to amend, acknowledging the authority permitting amendment where a class representative ceases communicating or seeks to withdraw. *See* Dkt. No. 98. The Court's order assumed the veracity of counsel's representations that Floyd would be continuing in the litigation and that, for example, his adequacy as a named plaintiff would be adjudicated at a future point. *See id.* at 4–5. As counsel represented that Floyd had not withdrawn and intended to stay part of the class, the Court found that the motion to amend did not constitute a back-door attempt to begin the action anew. *Id*.

Before and after the Court granted Floyd's motion to amend, Defendants continued their efforts to depose Floyd and seek other forms of discovery from him. *See* Dkt. No. 90, Dkt. No. 104, Dkt. No. 105 at 9. Those efforts proved unsuccessful because Floyd was not communicating with his attorneys, and after the Court granted Floyd's motion to amend, Defendants moved to compel him to respond to outstanding discovery requests. Dkt. No. 104. In response to the motion to compel, Floyd's attorneys filed a cross-motion to withdraw him as a class representative, but reiterated that he was not dismissing his claims with prejudice and that he would remain part of the proposed class. *See* Dkt. No. 114 at 17.

The Court granted Defendants' motion to compel because Floyd retained his status as a class representative even after the complaint was amended to add the two additional named Plaintiffs, and because Defendants would be prejudiced without the discovery they sought from Floyd. Dkt. No. 132. The Court's order compelling Floyd to respond to discovery requests was written under the assumption that Floyd desired to remain an absent class member, because Floyd's counsel represented as much and Defendants assumed that position as well. *See* Dkt. No. 114 at 17, Dkt. No. 125 at 13, Dkt. No. 132 at 3. In its order granting the motion to compel, the Court indicated that Floyd's cross-motion to withdraw as a class representative would not be adjudicated until after he complied with the order compelling discovery. Dkt. No. 132 at 6–8. That order was entered on August 16, 2024, and required that Floyd respond to the outstanding discovery requests by August 30, 2024, and to sit for deposition by September 30, 2024. *Id.* at 8.

On August 21, 2024, Floyd re-engaged with his counsel for the first time since January 16, but his renewed interest in this litigation was short-lived. Although the emails produced *in camera* reflect a seemingly productive phone call between Floyd and his counsel on August 21, by August 28, the relationship had apparently deteriorated to the point that Floyd indicated that continued communication of any kind would be unwelcome.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Notwithstanding this breakdown, which again, was unknown to the Court or Defendants, on August 29, the Court granted the parties' stipulated motion to extend the August 30 deadline to September 13, based on Floyd's counsel's representation that Floyd needed additional time to complete his responses. Dkt. Nos. 134, 135. After the extension was granted, Floyd's counsel continued to attempt to obtain his cooperation with discovery, but Floyd never again responded to counsel's messages.

On September 13—the new deadline for Floyd's discovery responses—Plaintiffs' counsel filed a motion to withdraw, saying that their relationship with Floyd fundamentally broke down since their last communication with him on August 28. Dkt. No. 140 at 4–5. Apple opposed the motion to withdraw, on the grounds that withdrawal should be conditioned upon an extension of Floyd's discovery deadlines, and an *in camera* review of Floyd's communications with his counsel to determine the degree to which any of counsel's statements/filings during that time had been authorized by Floyd himself. Dkt. No. 143. Defendants also filed their own motion for discovery sanctions against Floyd, which Floyd's counsel did not oppose. Dkt. Nos. 152, 156.

Defendants also moved to compel production of Floyd's counsel's 2024 communications with Floyd on the grounds that Floyd had waived the attorney-client privilege associated with those communications by putting them at issue in the litigation. Dkt. No. 172. The Court denied that motion, but nonetheless ordered Plaintiffs' counsel to produce certain communications for *in camera* review for purposes of resolving the motion to withdraw representation and the motion for discovery sanctions. Dkt. Nos. 196, 199.

After reviewing that correspondence *in camera*, the Court finds that it would not be just to impose discovery sanctions against Floyd. *See* Fed. R. Civ. P. 37(b)(2) (authorizing the issuance of "just orders" when a party "fails to obey an order to provide or permit discovery"). The Court

has "great latitude" in fashioning the appropriate Rule 37 sanction. *Lew v. Kona Hosp.*, 754 F.3d 1420, 1426 (9th Cir. 1985).

The question now before the Court is what is "just" under these circumstances. As a threshold matter, the Court finds that most of the blame for this protracted discovery dispute lies with Floyd's counsel rather than Floyd himself. The Court is now aware that Floyd informed his counsel in January 2024 that he did not want to continue participating in this litigation, specifically because he did not wish to provide the information necessary to respond to discovery requests. Despite numerous attempts by counsel to persuade Floyd to change his mind about his participation, for the next seven months, Floyd never gave his counsel any reason to believe he was reconsidering his decision. Notwithstanding his silence from January to August 2024, Floyd's lawyers continued to send him case updates and requests for authorization for various steps in the litigation. Whether they did so because they genuinely believed he might re-engage and that it was their duty to keep him informed, or because it benefited their strategy to leave open the possibility of his re-engagement, is unclear.

For whatever reason, the impression created by Floyd's counsel in correspondence with defense counsel and in court filings was that Floyd had suddenly fallen out of contact in January 2024, for reasons his counsel did not know and possibly unrelated to the litigation, not that he had affirmatively disavowed his prior commitment to the case because he did not want to participate in discovery. *See* Dkt. No. 80 at 8 (characterizing Floyd as "difficult to reach" and possibly "experienc[ing] some type of personal emergency"). In the months that followed Floyd's January 16 directive, while accurately admitting they had not been in touch with Floyd, his counsel repeatedly told Defendants and the Court that Floyd had not stated an intention to withdraw from the case and should not be presumed to have abandoned the litigation, but that he had merely become non-responsive. *See, e.g.*, Dkt. No. 81-1 at 2, Dkt. No. 101 at 30, Dkt. No. 114 at 8–9,

Dkt. No. 127 at 4–5, Dkt. No. 131 at 55.  The Court's rulings were likewise premised upon the assumption that Floyd's reasons for becoming non-responsive were unspecified, and that there was the possibility of Floyd's return.

And Floyd's counsel were not entirely wrong: Floyd did in fact return to the case, albeit very briefly, in late August.  But even then, with the benefit of hindsight (and *in camera* review), the Court finds counsel's descriptions of this episode are lacking in candor.  Floyd's August 28, 2024 email to his counsel was pointedly hostile, and clearly indicated that he would not willingly participate in the case after all.  Yet Floyd's counsel told the Court the next day that Floyd simply needed more time to comply with discovery and secured an extension of the discovery deadline on that basis.  *See* Dkt. No. 134.  Again, whether Floyd's counsel actually believed that Floyd would come around again and comply is unknown.  Perhaps they did.  But in any event, regardless of their subjective beliefs, counsel's characterizations of Floyd's situation over the past fourteen months have not reflected his reality.

In sum, Floyd's counsel's conduct in handling this discovery dispute has needlessly prolonged this litigation and required considerable judicial resources, as well as time and effort on the part of Defendants, and the dispute remains unresolved even now.  Under these circumstances, the Court finds that, instead of imposing discovery sanctions on Floyd himself, Defendants are entitled to request an award of attorney's fees and expenses, to be paid by Floyd's counsel, incurred in bringing the motion to compel and the motion for discovery sanctions.  *See* Fed. R. Civ. P. 37(b)(2)(C); *Gamon v. Shriners Hosps. for Children*, No. 3:23-cv-00216-IM, 2025 WL 415062, at *3 (D. Or. Feb. 6, 2025) (ordering plaintiff's counsel to pay a Rule 37 fee award because it was counsel's conduct, rather than plaintiff's, that necessitated the motion to compel).

Although the Court finds that Defendants are not entitled to discovery sanctions against Floyd, they may nonetheless be entitled to obtain discovery from Floyd even if he is no longer a

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS - 7

named plaintiff *or* a class member, although Apple's prior motion to compel was not brought in that context. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218–19 (N.D. Cal. 2015) ("Nonparties subject to discovery requests deserve extra protection from courts." (cleaned up)); *Dysthe v. Basic Res., LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) (finding that even if former named plaintiff is no longer a class member, "his testimony as a percipient witness would nevertheless remain relevant and the heightened requirements pertaining to the discovery of putative or absent class members would not apply"). The Court will order Floyd to show cause why his claims should not be dismissed with prejudice, as that result is consistent with Floyd's correspondence with his counsel. If his claims are eventually dismissed, either Defendant may file a motion if they intend to compel discovery from Floyd as a nonparty.

## II.    CONCLUSION

Thus, the Court GRANTS IN PART and DENIES IN PART Defendants' motion (Dkt. No. 152) and ORDERS as follows:

(1) Defendants may file a motion for attorney's fees and expenses necessitated by the filing of the motion to compel and the motion for discovery sanctions, no later than May 2, 2025.  The motion should be noted in accordance with Local Rule 7 and Floyd's counsel may file an opposition brief.

(2) Floyd is ORDERED TO SHOW CAUSE why his claims in this action should not be dismissed with prejudice, no later than May 2, 2025.

(3) The clerk is directed to mail a copy of this order to Floyd at the address previously provided by his counsel.  *See* Dkt. No. 140 at 4 n.2.

Dated this 10th day of April, 2025.

Kymberly K. Evanson
United States District Judge