1

The Honorable Kymberly K. Evanson

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE

10

STEVEN FLOYD, JOLENE FURDEK, and          Case No. 2:22-cv-01599-KKE
11 JONATHAN RYAN, on behalf of themselves
   and all others similarly situated,          **MOTION FOR ATTORNEYS' FEES
12                                             AND COSTS**
                    Plaintiff,
13                                             NOTE ON MOTION CALENDAR:
                                               May 23, 2025
        v.
14
   AMAZON.COM, INC., a Delaware corporation,
15 and APPLE INC., a California corporation,

16                  Defendants.

17

18        Counsel for Defendants Amazon.com, Inc. ("Amazon") and Apple Inc. ("Apple") jointly

19 submit this request for attorneys' fees and costs incurred in connection with a Motion to Compel

20 and Motion for Sanctions ("Motions") to obtain discovery from Plaintiff Steven Floyd.

21        The parties have spent significant time over the course of months litigating issues caused

22 by Plaintiffs' Counsel's conduct in connection with the withdrawal of Plaintiff Steven Floyd as a

23 class representative.  At the Court's direction in its April 10, 2025, Order (Dkt. 203), counsel for

24 Defendants Amazon and Apple jointly submit this request for attorneys' fees and costs incurred

25 in connection with the Motions to obtain discovery from Mr. Floyd.

26

27

MOTION FOR COSTS AND ATTORNEYS' FEES                    Davis Wright Tremaine LLP
(2:22-CV-01599-KKE) - 1                                        LAW OFFICES
                                                        920 Fifth Avenue, Suite 3300
                                                         Seattle, WA  98104-1610
                                                    206.622.3150 main · 206.757.7700 fax

**Background**

Defendants first issued discovery to Mr. Floyd in September 2023, Dkt. 203 at 2, when Mr. Floyd was the sole named plaintiff in the case.  In May 2024, Apple moved to compel Mr. Floyd to respond to discovery and testify at a deposition.  Dkt. 104.  In August 2024, the Court granted the motion to compel, holding that "the discovery Apple seeks is relevant to its defenses as well as to some of the issues related to class certification even if Floyd will not be a named plaintiff at that stage."  Dkt. 132 at 6.  Despite the Court's order, Mr. Floyd failed to provide discovery and did not appear for a deposition.

In October 2024, Amazon and Apple moved for discovery sanctions in the form of an order to show cause why Mr. Floyd should not be held in contempt for failing to respond to discovery.  Dkt. 152.  In November 2024, the Court denied without prejudice the motion for sanctions and ordered Mr. Floyd's counsel to produce all non-privileged communications with Mr. Floyd and a privilege log.  Based upon this material, Defendants reactivated their motion for discovery sanctions and the Court conducted an *in camera* review of the communications between Mr. Floyd and Hagens Berman.

Based upon this *in camera* review, the Court found that, "Floyd informed his counsel in January 2024 that he did not want to continue participating in this litigation, specifically because he did not wish to provide the information necessary to respond to discovery requests."  Dkt. 203 at 6.  And later on, "Floyd's August 28, 2024 email to his counsel was pointedly hostile, and clearly indicated that he would not willingly participate in the case after all. Yet Floyd's counsel told the Court the next day that Floyd simply needed more time to comply with discovery and secured an extension of the discovery deadline on that basis." Dkt. 203 at 7. Thus, the Court found that "counsel's descriptions of this episode are lacking in candor" and that "counsel's characterizations of Floyd's situation over the past fourteen months have not reflected his reality." *Id*.  The Court found that "Floyd's counsel's conduct in handling this discovery dispute has needlessly prolonged this litigation and required considerable judicial resources, as well as time and effort on the part of Defendants, and the dispute remains unresolved even now." *Id*.

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 2

1    In light of this, "the Court [found] that, instead of imposing discovery sanctions on Floyd

2  himself, Defendants are entitled to request an award of attorney's fees and expenses, to be paid

3  by Floyd's counsel, incurred in bringing the motion to compel and the motion for discovery

4  sanctions" to be filed on or before May 2, 2025.  Dkt. No. 203 at 7.  Accordingly, Amazon and

5  Apple respectfully submit this motion for attorneys' fees and costs.

6                                              **Legal Standard**

7    In the Ninth Circuit, courts calculate awards for attorneys' fees using the "lodestar

8  method," which is calculated by multiplying the number of hours reasonably expended on the

9  litigation by a reasonable hourly rate.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th

10  Cir. 2008).  This Court determines the reasonable hourly rate by looking to the rate prevailing in

11  the Western District of Washington 'for similar work performed by attorneys of comparable

12  skill, experience, and reputation.'"  *Amazon.com, Inc. v. Wong*, 2023 WL 5206373, at \*1 (W.D.

13  Wash. Aug. 14, 2023) (quoting *Chalmers v. City of L.A.,* 796 F.2d 1205, 1210-11 (9th Cir.

14  1986)).

15                                            **Amazon's Request**

16    Amazon has submitted declarations from the three firms representing it in this case:

17  Sidley Austin, Redgrave, and Davis Wright Tremaine.[12]  These firms worked together on the two

18  motions at issue.  The declarations submitted by counsel at each of these firms identifies the

19  hours incurred on these two motions, based upon a review of each firm's contemporaneous time

20  records.  *See* Mundel Decl. ¶¶ 2, 4; Goldmark Decl. ¶ 3; Dugan Decl. ¶ 6.  *Van Gerwen v.*

21  *Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (fee petitions should include

22  "evidence supporting the hours worked and the rates claimed.").

23    In connection with this fee request, Amazon is seeking hourly rates based upon Davis

24  Wright Tremaine's standard rates in this district, Goldmark Decl. ¶¶ 6-8, even though standard

25  _____

26    [1] Sidley Austin serves as national counsel.  Redgrave serves as discovery counsel.  Davis Wright Tremaine serves as Washington counsel.

27

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 3

1  rates at Sidley Austin and Redgrave are significantly higher than these amounts.  Mundel Decl.

2  ¶ 8(a)-(b); Dugan Decl. ¶ 8.[3]  Courts in this district have accepted Davis Wright Tremaine's rates

3  as reasonable and appropriate in a wide variety of cases.  *See, e.g.*, *Amazon.com, Inc. v. Wong*,

4  2022 WL 1092518, at *2 (W.D. Wash. 2022) (finding DWT's standard rates reasonable,

5  including $785 per hour for partners, and $535 per hour for DWT associates, because such rates

6  are "comparable to those prevailing in the community for similar work performed by attorneys of

7  comparable skill, experience, and reputation") (internal quotation marks omitted); *Amazon.com,*

8  *Inc. v. Trey King*, No. 22-2-12548-9 SEA (Wash. Super. Ct. Mar. 12, 2024) (unpublished)

9  (finding DWT's $129,443.00 in attorneys' fees reasonable); *Amazon.com, Inc. v. Bishal*, No. 22-

10  2-12548-9 SEA (Wash Super. Ct. Mar. 12, 2024) (unpublished) (finding DWT's $78,944.00 in

11  attorneys' fees reasonable); *Ebbeler v. Andrews*, 21 Wn. App. 2d 1005, 2022 WL 594121, at *15

12  (unpublished) (affirming $264,372 fee award and trial court's finding that DWT's rates were

13  "objectively reasonable in light of the experience of counsel representing Defendant in this

14  locale"); *denied*, 199 Wn.2d 1024 (2022); *Buich v. Tadich Grill Dev. Co.*, 11 Wash.App.2d

15  1063, 2020 WL 60310, at *8-9 (2020) (unpublished) (upholding lodestar award based on DWT's

16  standard rates because "[w]here attorneys have an established rate for billing clients, that rate

17  will likely be the reasonable rate").  The rates requested also align with the rates of similarly

18  highly-qualified West Coast counsel. *See, e.g.*, *Washburn v. Porsche Cars N. Am., Inc.*, 2025

19  WL 1017983, at *9 (W.D. Wash. Apr. 4, 2025) (approving hourly rates up to $1250 per hour for

20  partner in a class action case);  *Dunne v. Quantum Residential Inc.*, 2025 WL 896741, at *1–2

21  (W.D. Wash. Mar. 24, 2025) (approving hourly rates up to $975 per hour for partners in a class

22  action case); *Stanikzy v. Progressive Direct Ins. Co.*, 2022 WL 1801671, at *6 (W.D. Wash. June

23  2, 2022), *aff'd*, 2023 WL 4837875 (9th Cir. July 28, 2023) (approving hourly rate of $1,000 per

24  hour in 2022 for partner in a class action case).

25

26      [3] Counsel for Amazon operate on alternative fee arrangements, but the lodestar method is
still appropriate to calculate attorneys' fees.  *Straight Path IP Group, Inc. v. Cisco Systems, Inc.*,
27  2020 WL 5522993, at *4 (N.D. Cal. Mar. 4, 2020).

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Counsel for Amazon exercised billing judgment in reviewing its records and is only

2  seeking fees for time spent directly on the two Motions, even though the issues relating to the

3  Motions were intertwined with work on other issues and other motions (and often required

4  overlapping work).  Examples include meeting and conferring regarding Mr. Floyd's status in

5  the case and his outstanding discovery responses; preparation of discovery for Mr. Floyd not

6  used, such as deposition preparation and additional discovery requests; and research in response

7  to Plaintiffs' Motion to Withdraw.  Amazon requests fees for 76.2 hours ($57,896.50) expended

8  by Sidley Austin, Mundel Decl. Ex. A, 12.5 hours ($8,842.00) expended by Redgrave, Dugan

9  Decl. Ex. A, and 15.2 hours ($12,296.00) expended by DWT, Goldmark Decl. Ex. A.

10                                    **Apple's Request**

11    Apple has submitted declarations from the two firms representing it in this case: Weil,

12  Gotshal & Manges LLP and Orrick, Herrington & Sutcliffe LLP.[4]  These firms worked together

13  on the two motions at issue, with Weil taking the lead on behalf of both Defendants in briefing

14  and at argument.  *See* Perry Decl. at ¶ 7.  The declarations submitted by counsel at each of these

15  firms identifies the hours incurred on these two motions, based upon a review of each firm's

16  contemporaneous time records. *See* Perry Decl. at ¶ 5; Parris Decl. at ¶¶ 4-5.

17    In connection with this fee request, Apple is seeking hourly rates for both firms

18  consistent with the rates charged by Orrick, Herrington & Sutcliffe, Apple's local counsel in

19  Washington.  *See* Perry Decl. at ¶¶ 6-7; Parris Decl. at ¶¶ 6-16.  These rates are further supported

20  by the benchmarking analysis described in the Declaration of Brian Fanning as each hourly rate

21  falls at or below the median for the Weil and Orrick attorneys' respective experience levels in the

22  Puget Sound market area.  *See* Fanning Decl. at ¶¶ 10, 12-20 (providing Puget Sound market

23  area benchmarking statistics).  As noted above, courts in this District have accepted similar rates

24  as reasonable and appropriate in a wide variety of cases.  *See, e.g.*, *Wong*, 2022 WL 1092518, at

25  *2; *Buich*, 11 Wash. App. 2d 1063, 2020 WL 60310, at *8-9 (2020).  The rates requested also

26

    _____

27        [4] Weil, Gotshal & Manges serves as lead counsel. Orrick, Herrington & Sutcliffe serves
    as Washington counsel.

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  align with the rates of similarly highly-qualified West Coast Counsel.  *See, e.g.*, *Staniksy*, 2022

2  WL 1801671, at \*6; *infra* p. 4 (collecting cases).

3     Counsel for Apple exercised billing judgment in reviewing its records and is only seeking

4  fees for time spent directly on the two Motions, corresponding replies, and the motion to compel

5  hearing.  Perry Decl. ¶ 7.  Additionally, Weil was the primary drafter of the motion to compel

6  briefing and presented argument on this issue at the hearing.  *Id.*  Apple requests fees for 239.3

7  hours ($137,546.00) expended by Weil and 7.7 hours ($6,455.00) expended by Orrick.  Perry

8  Decl. Ex. A; Parris Decl. Ex. A.

9                                                **<u>Conclusion</u>**

10     For the foregoing reasons, Defendants respectfully request that this Court grant their

11  motion for attorneys' fees and costs.

12     DATED this 2nd day of May, 2025.

13                                               DAVIS WRIGHT TREMAINE LLP

14                                               */s/ John Goldmark*
                                                 John Goldmark, WSBA #40980
15                                               MaryAnn Almeida, WSBA #49086
16                                               920 Fifth Avenue, Suite 3300
                                                 Seattle, Washington, 98104
17                                               Phone:  (206) 622-3150
                                                 Email:  johngoldmark@dwt.com
18                                                       maryannalmeida@dwt.com

19                                               SIDLEY AUSTIN LLP

20
                                                 */s/ Mark D. Hopson*
21                                               Mark D. Hopson (pro hac vice)
                                                 Benjamin M. Mundel (pro hac vice)
22                                               Jacquelyn E. Fradette (pro hac vice)
23                                               1501 K Street, N.W.
                                                 Washington, D.C. 20005
24                                               Phone:  (202) 736-8000
                                                 Email:  mhopson@sidley.com
25                                                       bmundel@sidley.com
26                                                       jfradette@sidley.com

27

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 6

1      REDGRAVE LLP

2      */s/ John Dugan*
3      Jon Dugan (*pro hac vice*)
       601 Pennsylvania Avenue NW
4      Suite 900 - South Building
       Washington, D.C. 20004
5      Phone:  (771) 216-7927
       Email:  jdugan@redgravellp.com
6
7      *Attorneys for Amazon.com, Inc.*

8
       ORRICK, HERRINGTON & SUTCLIFFE LLP
9
       */s/ Mark S. Parris*
10     Mark S. Parris (WSBA No. 18370)
       401 Union Street, Suite 3300
11     Seattle, WA 98101
       Phone:  (206) 839-4300
12     Email:  mparris@orrick.com

13     WEIL GOTSHAL &MANGES, LLP

14     Mark A. Perry (*pro hac vice*)
       2001 M. Street NW, Suite 600
15     Washington, DC 20036
       Phone:  (202) 682-7000
16     Email:  mark.perry@weil.com

17     WEIL GOTSHAL &MANGES, LLP

18     Brian G. Liegel (*pro hac vice*)
       1395 Brickell Avenue, Suite 1200
19     Miami, FL 33131
       Phone:  (305) 577-3180
20     Email:  brian.liegel@weil.com

21     WEIL GOTSHAL &MANGES, LLP

22     Morgan D. MacBride (*pro hac vice*)
       201 Redwood Shores Parkway
23     Redwood Shores, CA 94065
       Phone:  (650) 802-3044
24     Email:  morgan.macbride@weil.com

25     O'MELVENY & MYERS LLP

26     Anna T. Pletcher (admitted *pro hac vice*)
       Two Embarcadero Center
27     San Francisco, CA 94111

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 7

Phone:  (415) 984-8700
Email:  apletcher@omm.com

O'MELVENY & MYERS LLP

Benjamin Bradshaw (admitted *pro hac vice*)
Sergei Zaslavsky (admitted *pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Phone: (202) 383-5300
Email:  bbradshaw@omm.com
         szaslavsky@omm.com

*Attorneys for Apple Inc.*

 *I certify that this memorandum contains 1,710
words, in compliance with the Local Civil Rules.*

MOTION FOR COSTS AND ATTORNEYS' FEES
(2:22-CV-01599-KKE) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax