1
2          The Honorable Kymberly K. Evanson
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | No. 2:22-cv-01599-KKE<br><br>**MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>NOTE ON MOTION CALENDAR:<br>May 16, 2025<br><br>ORAL ARGUMENT REQUESTED |

APPLE'S MOTION
TO RECONSIDER
Case No. 2:22-cv-01599-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1
II. BACKGROUND ....................................................................................................................1
III. A MOTION FOR RECONSIDERATION IS WARRANTED ..............................................2
    A. Counsel's Misrepresentation Justifies Reconsideration............................................3
    B. Rule 15 Precludes Amendment.................................................................................5
IV. CONCLUSION .......................................................................................................................7

APPLE'S MOTION
TO RECONSIDER
Case No. 2:22-cv-01599-KKE

i

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beeman v. TDI Managed Care Servs., Inc.*,
  2016 WL 11637594 (C.D. Cal. Nov. 10, 2016) ............................................................................ 6

*Bohn v. Pharmavite, LLC*,
  2013 WL 12246336 (C.D. Cal. Oct. 8, 2013) .............................................................................. 6

*Castillo v. United Rentals (N. Am.), Inc.*,
  2018 WL 3429936 (W.D. Wash. July 16, 2018) ......................................................................... 3

*Emps. Teamsters Loc. Nos. 175 v. Anchor Cap. Advisors*,
  498 F.3d 920 (9th Cir. 2007) ....................................................................................................... 3

*Fife v. Scientific Games Corp.*,
  2020 WL 4933959 (W.D. Wash. Aug. 24, 2020) ........................................................................ 5

*Hitt v. Arizona Beverage Co., LLC*,
  2009 WL 4261192 (S.D. Cal. Nov. 24, 2009) ......................................................................... 3, 6

*Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp.*,
  2005 WL 8172685 (W.D. Wash. Aug. 29, 2005) ........................................................................ 3

*Kirby v. McMenamins Inc.*,
  2023 WL 4623988 (W.D. Wash. July 19, 2023) ..................................................................... 3, 5

*Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ....................................................................................................... 2

*Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*,
  2024 WL 2399208 (W.D. Wash. May 23, 2024) ........................................................................ 5

*Pryor v. Aerotek Sci., LLC*,
  278 F.R.D. 516 (C.D. Cal. 2011) ................................................................................................ 6

*Rieken v. Timberland Bank*,
  639 F. Supp. 3d 1128, (W.D. Wash. 2022) ............................................................................. 3, 5

*Velazquez v. GMAC Mortg. Corp.*,
  2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ............................................................................ 6

APPLE'S MOTION
TO RECONSIDER
Case No. 2:22-cv-01599-KKE

ii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

## I. INTRODUCTION

When the Court granted Plaintiff's motion to amend (Dkt. 80, the "Motion"), it did so with the understanding that Floyd would remain part of the case. *See* April 10, 2025 Order (Dkt. 203, the "Sanctions Order") at 3-4;[1] May 6, 2024 Order Granting Motion for Leave to Amend (Dkt. 98, the "Order"). Based on that key fact, the Court found the motion to amend did not constitute a "back-door attempt to begin the action anew." Sanctions Order at 3. That was incorrect: when Plaintiff's counsel ("Counsel") sought amendment, Floyd had already told Counsel he wanted to withdraw from this litigation. *See id*. Counsel withheld that information from the Court, and they affirmatively misrepresented that Floyd intended to continue prosecuting his claims. *Id*. That misstatement changes the analysis under the key cases the Court cites in its Order (at 4) and justifies reconsideration for two reasons.

*First*, Floyd's withdrawal means that at the time Counsel sought amendment, there was no live case or controversy under Article III. Had Counsel disclosed it, Floyd's withdrawal would have compelled dismissal of Floyd's complaint and precluded substitution of new plaintiffs. *Second*, Plaintiff's Motion would have failed under Rule 15 in light of its undue delay, prejudice to Defendants, and bad faith. With this new evidence, Defendant Apple Inc. ("Apple") respectfully move the Court to reconsider and vacate its Order, deny the Motion, and dismiss this action with prejudice.[2]

## II. BACKGROUND

Beginning in September 2023, Defendants served Floyd with discovery requests to which Floyd did not substantively respond. *See* Sanctions Order at 2. On February 13, 2024, Counsel informed Defendants that Floyd had "become difficult to reach," but assured Defendants that there was no indication that Floyd wanted to drop his claims and that "[i]f for any reason Mr. Floyd

---

[1] This motion refers to the parties' briefing by CM/ECF page numbers.
[2] Apple does not request an extension of class certification deadlines pending the Court's consideration of this motion.

APPLE'S MOTION
TO RECONSIDER
Case No. 2:22-cv-01599-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

needs to withdraw," they would "promptly advise Defendants." Dkt. 105 at 6. Counsel did not disclose that weeks earlier Floyd said he did not want to continue participating in this litigation to avoid engaging in discovery. Sanctions Order at 3.

On February 29, 2024, Counsel filed the Motion, seeking to add two named plaintiffs. *See* Motion. Despite Floyd's apparently clear message that he no longer wanted to participate in this litigation, Counsel represented that Floyd had not "affirmatively withdrawn." Motion at 8, 10, 13. Relying on Counsel's assurances that Floyd had simply "ceased responding to inquiries from counsel," the Court granted Plaintiff's Motion in May 2024. Order at 2.

The Court's Sanctions Order details the subsequent protracted months of motion practice, Sanctions Order at 2-5, culminating in the Court's findings that:

- On January 16, 2024, Floyd told Counsel he "did not want to continue participating in this litigation," *id.* at 6;
- Counsel's descriptions of Floyd as merely "difficult to reach" were "lacking in candor," *id.* at 6-7; and
- The Court's Order granting the Motion relied on Counsel's misrepresentations "that Floyd had not withdrawn and intended to stay part of the class," *id.* at 3.

The Court later ordered Floyd to show cause why his claims should not be dismissed, *id.* at 8-9, and after Floyd failed to do so, the Court dismissed Floyd's claims with prejudice on May 6, 2025. Dkt. 216.

### III. A MOTION FOR RECONSIDERATION IS WARRANTED

The Court should reconsider its Order. Reconsideration is appropriate when "newly discovered evidence" bears on a court's prior analysis. *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). The ordinary timing requirement for reconsideration does not apply when, as here, the parties discover new evidence which could not have been known previously and is central to the prior order's analysis. *See Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp.*, 2005 WL 8172685, at *1 (W.D. Wash.

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Aug. 29, 2005). Here, Apple only discovered Floyd's withdrawal when the Court issued its Sanctions Order, and reconsideration is warranted.

### A.    Counsel's Misrepresentation Justifies Reconsideration

We now know that on January 16, 2024, Floyd told Counsel that he wanted to "cease participating in this action." Sanctions Order at 1-2. Likely because the law did not permit a simple substitution at that stage, Counsel misled the Court and Apple for over a year about Floyd's intentions and moved to add plaintiffs instead of seeking substitution. This is because "[t]he only circumstances under which a named plaintiff is entitled to substitute prior to class certification is when that plaintiff is both capable of and 'intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute *immediately*.'" *Rieken v. Timberland Bank*, 639 F. Supp. 3d 1128, 1134 (W.D. Wash. 2022) (emphasis added) (quoting *Castillo v. United Rentals (N. Am.), Inc.*, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018)). Had Counsel been forthright about Floyd's intentions, Counsel's Motion would have failed each prong of this test: Floyd *did not intend* to become part of the class and Counsel *was not* able to produce an immediate substitute.

Whether Floyd withdrew not only as a class representative, but also as an absent class member on January 16, 204 is pivotal. Had Floyd withdrawn entirely, his Article III case or controversy would had dissolved six weeks before Counsel filed their Motion on February 29, 2024, requiring dismissal of his action and *precluding* the substitution of new representatives. *See Kirby v. McMenamins Inc.*, 2023 WL 4623988, at *3 n.1 (W.D. Wash. July 19, 2023) (substitution warranted before class certification only when "named plaintiff's claims survive"); *Employers-Teamsters Loc. Nos. 175 v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007) (class action must "be dismissed for mootness when the personal claims of all named plaintiffs are satisfied") (citation omitted); *Hitt v. Ariz. Beverage Co.*, 2009 WL 4261192, at *5 (S.D. Cal. Nov. 24, 2009) (case or controversy dissolved when plaintiff withdrew from litigation).

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

The Sanctions Order leaves little doubt that Floyd effectively withdrew from the case *entirely*, not only as a class representative, as of January 16, 2024. It states that "[o]n this date, Floyd informed his counsel that he no longer wanted to participate in this litigation." Sanctions Order at 3. The record is clear that Floyd severed all ties with this litigation as of January 16, 2024. Floyd communicated with Counsel only twice in 2024: once on January 16 and then again between August 21-28. *Id.* at 4. In the interim, Counsel made several attempts to re-engage with Floyd with no success. *See* Dkt. 173 at 7, Lns. 35-39; *id.* at 78:22-23. When he finally did re-engage, he was "pointedly hostile" and again "clearly indicated he would not willingly participate in the case." Sanction Order at 7. The overwhelming evidence points to Floyd's *complete* disengagement, including as a class member in January 2024.

The Sanctions Order explains that "Floyd informed his counsel that he wanted to cease participating in this action to avoid discovery obligations *months before* [August 16, when] the Court ordered Floyd to comply with Defendants' discovery requests," *id.* at 1-2, 4. And the Sanctions Order states that the August 16th discovery decision was "*written under the assumption that Floyd desired to remain an absent class member*, because Floyd's counsel represented as much," *id.* at 4 (emphasis added), compelling the conclusion that as of his last communication before the August 16th motion to compel order—on January 16—Floyd *did not want to be an absent class member*.

Finally, the Sanctions Order compelled Floyd to "show cause why his claims should not be dismissed with prejudice,"—including his claims as a class member—"*as that result is consistent with Floyd's correspondence with his counsel.*" *Id.* at 8 (emphasis added). Floyd's disregard of the Court's Order to Show Cause again confirms his continued desire to drop his claims entirely.

Floyd's withdrawal as a class member also means that the authority the Order relied upon no longer applies. *See* Order at 4. The plaintiff in *Castillo*, for example, explicitly agreed to remain part of the putative class, *Castillo*, 2018 WL 3429936, at *3, and in *Kirby*, plaintiff did "not even

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

seek to withdraw as representative," *Kirby*, 2023 WL 4623988, at *3. *Fife* is similarly inapplicable. The plaintiff there suddenly and unexpectedly withdrew as representative but was silent as to her intention to remain an absent class member. *Fife v. Sci. Games Corp.*, 2020 WL 4933959, at *1–2 (W.D. Wash. Aug. 24, 2020). Here, (as explained below) Floyd's withdrawal was neither sudden nor unexpected, and unlike Fife, Floyd was *not* silent. Indeed, he took "affirmative steps" to opt out: he explicitly told his counsel he wanted out of the case. Moreover, the **six-week** jurisdictional gap between Floyd's withdraw and Counsel's Motion is nowhere near *Fife's* "basically simultaneous" withdrawal-and-substitution which courts in this district permit. *See id.* at 2; *Rieken*, 639 F. Supp. 3d at 1134.

It is now clear that without Floyd remaining in the action, his Motion should have been denied. The fact that Counsel misrepresented Floyd's intentions, and maintained those misrepresentations for months, confirms that the case should have been dismissed.

### B. Rule 15 Precludes Amendment

The new facts tip the scales of Rule 15's five-factor inquiry—"bad faith, undue delay, prejudice to the opposing party, futility of amendment," and previous amendment—in Apple's favor on the basis of prejudice, undue delay, and bad faith.[3] *See Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC,* 2024 WL 2399208, at *3 (W.D. Wash. May 23, 2024) (citation omitted); Dkt. 86 at 13-15.

***Prejudice.*** Given Counsel's misrepresentations, it appears that the Motion was an improper means to sidestep the statute of limitations deadline for a new class complaint, and Apple is "prejudiced by having to defend against an untimely putative class action." *See* Order at 8-9; Dkt. 86 at 7, 13-14.

***Undue Delay.*** Counsel knew weeks—if not months—before filing the Motion that Floyd had abandoned his claims. A qualified class representative "has the responsibility to comply with

---

[3] The Motion fails Rule 16's diligence standard for the same reasons. *See Nat'l Prods.*, 2024 WL 2399208, at *2-3.

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

discovery requests," among other things, "to ensure that the party is not simply lending his name to a suit controlled entirely by the class attorney." *Beeman v. TDI Managed Care Servs., Inc.*, 2016 WL 11637594, at *13 (C.D. Cal. Nov. 10, 2016) (internal citation omitted). Floyd's refusal to participate in discovery (as early as September 2023) rendered him an inadequate representative months prior to the Motion, if not from the initial filing of his complaint. *See Pryor v. Aerotek Sci., LLC*, 278 F.R.D. 516, 529 (C.D. Cal. 2011) ("Individuals are [in]adequate representatives … when it appears that they have abdicated any role in the case beyond that of furnishing their names as plaintiffs.") (internal citation omitted). Had Counsel been transparent in its Motion, the Court would have had substantial grounds to find that Floyd had long been an inadequate representative and that Counsel's Motion to substitute new plaintiffs was untimely. *See Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *3-4 (C.D. Cal. Sept. 10, 2009) (denying amendment where plaintiffs waited several months to amend); *Bohn v. Pharmavite, LLC*, 2013 WL 12246336, at *2 (C.D. Cal. Oct. 8, 2013) (denying substitution because "Counsel's blind faith in [plaintiff's] adequacy is an insufficient justification for failing to find an appropriate class representative").

**Bad Faith.** Counsel's bad faith is now obvious: they brought the Motion as "a back-door attempt to begin the action anew," and in doing so misrepresented to the Court and Defendants the central facts bearing on the merits of their Motion.[4]

\*\*\*

Upon reconsidering, the Court should deem Floyd's claims moot, deny Counsel's Motion to add new plaintiffs, and dismiss this action. *See Hitt*, 2009 WL 4261192, at *6.[5]

---

[4] The Court should deny Plaintiff's Motion to Intervene for the reasons described above. *See also* Dkt. 86 at 15-16.

[5] Should the Court deny this Motion for Reconsideration, Apple expressly reserves the right to challenge (i) whether Plaintiffs Furdek and Ryan are entitled to class tolling or whether they should be limited to individual claims under *China Agritech*, and (ii) whether proposed class counsel is adequate in light of misrepresentations made to this Court. Apple can provide further briefing on these issues upon the Court's request.

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

## IV. CONCLUSION

The Court should reconsider its Order and deny Plaintiff's Motion for Leave to Amend or Intervene.

APPLE'S MOTION
TO RECONSIDER
Case No. 2:22-cv-01599-KKE

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Undersigned counsel certifies that this memorandum contains 2,080 words, in compliance with the Local Civil Rules.

Dated:  May 16, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*/s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Eric Hochstadt (admitted *pro hac vice*)
ehochstadt@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

**O'MELVENY & MYERS LLP**

Anna T. Pletcher (admitted *pro hac vice*)
apletcher@omm.com
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Benjamin Bradshaw (admitted *pro hac vice*)
bbradshaw@omm.com
Sergei Zaslavsky (admitted *pro hac vice*)
szaslavsky@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Apple Inc.*

APPLE'S MOTION TO RECONSIDER
Case No. 2:22-cv-01599-KKE

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300