The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**PLAINTIFFS' OPPOSITION TO APPLE'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>NOTE ON MOTION CALENDAR:<br>June 9, 2025 |



# TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT .......................................................................................................................1

    A. Apple's Motion is Untimely. ...................................................................................1

    B. Apple Has Not Identified Any Basis for Reconsideration. ......................................2

        1. Floyd's January 16 Communications Do Not Suggest
           Leave to Amend Was Improvidently Granted. .............................................2

        2. No New Facts Alter the Rule 15 Analysis. ....................................................5

    C. In the Alternative, Intervention Was Proper ............................................................6

III. CONCLUSION ....................................................................................................................6



## I. INTRODUCTION

In a motion its co-defendant does not join, Apple requests that the Court reconsider its May 6, 2024 Order granting Plaintiffs leave to amend the complaint. Apple's motion is staked to the assertion that Floyd's January 2024 communications with counsel, as described in the Court's April 10, 2025 Order, mooted the case and stripped the Court of jurisdiction to add new class representatives. According to Apple, the only thing the Court could have done was dismiss the case entirely. Respectfully, Apple is wrong.

In addition to being untimely and predicated on an unsustainable interpretation of Floyd's communications, Apple's motion rehashes a jurisdictional argument the Court already rejected. In December 2024, Apple sought to compel Floyd's communications on the ground that "if Floyd had instructed his counsel to dismiss his claims, this instruction would have (or should have) led to the dismissal of the action entirely." Dkt. 196 at 6. Apple argued then, as it does now, that had Floyd withdrawn in January 2024, this would require the Court "to reconsider the order granting the motion to amend." Dkt. 172 at 10. The Court disagreed, denied the motion to compel, and rejected Apple's jurisdictional arguments as contrary to "authority in and out of this circuit." Dkt. 196 at 6.

Apple's arguments fare no better on a motion for reconsideration and, respectfully, Apple's motion should be denied.

## II. ARGUMENT

### A. Apple's Motion is Untimely.

Local Civil Rule 7(h)(2) provides that any motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Here, Apple relies on "new facts" contained in the Court's April 10 Order, Mot. at 3, but Apple's motion was filed more than three weeks late on May 16. Notably, Apple did not seek reconsideration until *after* Plaintiffs moved for class certification on May 14, backed by two prominent economists with reports showing substantial classwide overcharges. Dkts. 219-62, 219-63. Whatever prompted Apple's delay, its motion is untimely. *Hesse v. Sprint Spectrum, L.P.*, 2014 WL 12896342, at *4 (W.D. Wash. Mar. 20, 2014).

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 1
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2



B.  **Apple Has Not Identified Any Basis for Reconsideration.**

Motions to reconsider are "disfavored" and denied absent "manifest error in the prior ruling" or dispositive "new facts or legal authority." LCR 7(h)(1). Apple does not meet this standard.

1.  **Floyd's January 16 Communications Do Not Suggest Leave to Amend Was Improvidently Granted.**

Apple's motion is predicated on the assertion that on January 16, 2024 "Floyd withdrew not only as a class representative, but also as an absent class member." Mot. at 3. According to Apple, this means the Court was divested of jurisdiction and obligated to dismiss the case outright. Apple is wrong on the facts and law.

*First*, regarding the facts, the Court's interpretation of Floyd's communications, which Plaintiffs accept for purposes of this motion, does not support Apple's argument. Opting out of a class requires "affirmative action" expressly excluding oneself from the class. *Fife v. Sci. Games Corp.*, 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020). When a class representative withdraws or dismisses her claims, she ceases to be a named plaintiff, but she presumptively remains a member "in the potential class." *Id.* "Silence on the issue" of class membership cannot be interpreted as opting out, because "[i]nclusion in a Rule 23(b)(3) class is the default." *Id.*

Here, the Court concluded that Floyd "disavowed his prior commitment to the case because he *did not want to participate in discovery*." Dkt. 203 at 6 (emphasis added); *id.* at 3. That cannot reasonably be construed as an affirmative opt out from the class. *Fife* is on point. The sole class representative in *Fife* told counsel she had "grown tired of and *no longer wished to participate in this case.*" 2020 WL 4933959, at *2 (emphasis added). Noting this statement was precipitated by counsel's request for discovery, the court concluded that "Fife did not want to be saddled with the duties that come with being a named plaintiff and class representative," but she did not opt out of the class or otherwise "end[] the controversy." *Id.* The Court accordingly granted leave to substitute new representatives. *Id.* at *4. As in *Fife*, any refusal by Floyd to serve as a *named plaintiff* cannot be construed as an affirmative opt out from the class. Nor would this be consistent with Floyd's reemergence in August, which led to what the Court

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 2
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2



characterized as "seemingly productive" discussions with counsel before he disengaged. Dkt. 203 at 4, 7.

Straining to distinguish *Fife*, Apple relies on the Court's statement that dismissing Floyd's claims with prejudice would be "consistent with Floyd's correspondence with his counsel," *id.* at 8, but this statement followed a description of Floyd's August 2024 correspondence, where he was "pointedly hostile" and "indicated that he would not be willing to participate in the case after all." *Id.* at 7. Moreover, as *Fife* explained, to conclude Floyd opted out of the class by withdrawing would be contrary to Rule 23 because "[i]nclusion in a Rule 23(b)(3) class is the default." 2020 WL 4933959, at *2.[1]

***Second***, and independently, even if Floyd wanted his individual claims dismissed with prejudice in January 2024 so that he was no longer an absent class member, this did not moot the case and "preclude[] substitution of new plaintiffs." Mot. at 1. This argument was explicitly rejected by this Court in its March 7, 2025 Order:

> Defendants suggest that if Floyd had instructed his counsel to dismiss his claims, this instruction would have (or should have) led to the dismissal of the action entirely, but this position is not supported by authority in and out of this circuit. *See, e.g.*, *Vue v. Pentagon Fed. Credit Union*, No. 1:21-cv-01063-JLT-SAB, 2024 WL 4436814, at *3–7 (E.D. Cal. Oct. 4, 2024) (citing cases as support for granting a motion for leave to amend a complaint to substitute class representatives, over defendants' objection that plaintiff did not authorize her attorneys to file the motion for leave to amend); *see also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Strictly speaking, if no motion to certify has been filed … the case is not yet a class action and so a dismissal of the named plaintiffs' claims should end the case. If the case is later restarted with a new plaintiff, it is a new commencement, a new suit. But the courts, both federal and Illinois, are not so strict. Unless jurisdiction never attached, or the attempt to substitute comes long after the claims of the named plaintiffs were dismissed, substitution for the named plaintiffs is allowed." (cleaned up)).

Dkt. 196 at 6-7.

---

[1] Nor does Floyd's silence in response to the Court's April 10, 2025 show cause Order—which issued at a time Floyd was not responding to outreach—demonstrate he affirmatively opted out of the class more than a year earlier.

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 3
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

The Court's holding remains correct. The Ninth Circuit has directed courts to apply mootness doctrine "flexibly" in class actions, "particularly where the issues remain alive, even if the plaintiff's personal stake in the outcome has become moot." *Pitts v. Terrible Herbst*, 653 F.3d 1081, 1087 (9th Cir. 2011). There is no fatal "jurisdictional void" when new representatives—here Furdek and Ryan—"step[] forward to take the place of the dismissed plaintiff." *Phillips*, 435 F.3d at 787; *Vue*, 2024 WL 4436814. Again, *Fife* is on point. There, the Court explicitly held that even if the sole class representative sought to "relinquish[] or settl[e] her claims," that does not bar amendments to add new representatives. 2020 WL 4933959, at *2.

Apple asserts that "courts in this district permit" only the "basically simultaneous" withdraw-and-substitution seen in *Fife*. Mot. at 5. This is not correct. Simultaneity was not dispositive in *Fife*. *See* 2020 WL 4933959, at *2 (relying on cases with longer gaps); *Vue*, 2024 WL 4436814, at *6 (5 weeks between last communication and motion to amend). As this Court held, substitution is permitted unless it is sought "*long after* the claims of the named were dismissed." Dkt. 196 at 6-7 (citing *Phillips*, 435 F.3d at 787) (emphasis added). There was no such delay here. Counsel sought Defendants' consent to amendment on February 13 2024, within four weeks of Floyd's January 16 communications. Dkt. 80 at 4. Defendants requested time to evaluate the proposed amendment, and Plaintiffs filed their motion within one week of Defendants opposing. *Id.* The Court already held that this timeline "reflects diligence," and Apple identifies no cause to reconsider that determination, or the Court's related holding that there was good cause under Rule 16 because "amendment permits this case to move forward after Floyd apparently lost interest in continuing to participate." Dkt. 98 at 7.

Far from invoking *new* facts or law, Apple relies on distinguishable cases decided long before leave to amend was granted. None provides a basis for reconsideration. Most of the cases Apple cites *permitted* substitution of new class representatives or did not involve substitution at all.[2] Others hold only that substitution is impermissible where, unlike here, the original claimant

---

[2] *See Emps.-Teamsters v. Anchor Cap. Advisors*, 498 F.3d 920, 922 (9th Cir. 2007) (substitution not at issue); *Kirby v. McMenamins Inc.*, 2023 WL 4623988, at *3-6 (W.D. Wash.

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 4
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

lacked standing.[3] Finally, Apple relies on cases that reflect the rigid formalism the Ninth Circuit and lower courts have subsequently rejected.[4]

### 2. No New Facts Alter the Rule 15 Analysis.

Motions to amend are granted with "extreme liberality," *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014), and contrary to Apple's contentions (Mot. at 4-5), no new facts materially alter the permissive Rule 15 analysis here.

***Prejudice***. Apple claims it has been "prejudiced by having to defend against an untimely complaint." Mot. at 5. This is incorrect. The Court already held Defendants are not "prejudiced by having to defend this case while its timeliness is still an open question." Dkt. 98 at 9. Regardless, the Second Amended Complaint was timely on its face because it was filed within four years of Furdek and Ryan's injuries. Dkt. 99 ¶¶ 23-26; Dkt. 176 at 9-10 & n.3. Apple also has the prejudice calculus backwards. If Apple had a limitations defense, this would supply another reason to *grant* leave to amend, not deny it. *Fife*, 2020 WL 4933959, at *3 (good cause to amend because it prevented forfeiture of "claims that fell outside the statutory period"); *see China Agritech, Inc. v. Resh*, 584 U.S. 732, 755 (2018) (Sotomayer, J., concurring).

***Undue delay***. Apple speculates Floyd had effectively withdrawn "as early as September 2023" (Mot. at 6), but Apple cites no support for this assertion and, regardless, delay alone is an "insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). And as described above, the Court already found Plaintiffs acted with diligence.

***Bad faith.*** Counsel sought leave to amend in good faith in an effort to discharge counsel's duties to their clients and the proposed class. Furdek and Ryan have actionable claims, and while Counsel recognize the Court's determination that they should have been substituted for Floyd (rather than added), this did not affect the applicable legal standard for amendment. Motions to

---

July 19, 2023) (substitution permitted); *Castillo v. United Rentals (N. Am.), Inc.*, 2018 WL 3429936, at *2-4 (W.D. Wash. July 16, 2018) (substitution permitted).

[3] *Rieken v. Timberland Bank*, 639 F. Supp. 3d 1128, 1132-34 (W.D. Wash. 2022) (no prudential standing due to bankruptcy).

[4] *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, at *2, *5 (S.D. Cal. Nov. 24, 2009); *see Fife*, 2020 WL 4933959, at *2 (criticizing *Hitt*).

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 5
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

substitute or add representatives are governed by the same permissive test, as Plaintiffs acknowledged in their motion to amend. Dkt. 80 at 6.

**C.    In the Alternative, Intervention Was Proper**

Apple further ignores that Plaintiffs Furdek and Ryan also sought to intervene under Rule 24. *Id.* at 10-12. This Court did not reach intervention, but Furdek and Ryan's right to intervene supplies an independent procedural basis supporting their participation in the case as class representatives. *Id.* This was true even if Floyd's claims had been mooted as Apple (incorrectly) contends. The Ninth Circuit has held "[i]n the class action context, courts retain jurisdiction to grant intervention even when the named plaintiffs have been dismissed." *Degamo v. Bank of Am., NA*, 849 F. App'x 620, 623 (9th Cir. Feb. 22, 2021). Courts not only have jurisdiction to consider intervention in this context, but an "obligation." *Id.*

### III.    CONCLUSION

Plaintiffs respectfully request that this Court deny Apple's motion for reconsideration.

DATED: June 2, 2025                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By /s/ Theodore Wojcik
    Theodore Wojcik (WSBA No. 55553)
By /s/ Meredith Simons
    Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com



Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this brief contains 2,093 words, in compliance with the Local Civil Rules.

/s/ *Steve W. Berman*
Steve W. Berman

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 7
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

>                                        */s/ Steve W. Berman*
>                                        Steve W. Berman

PLTFS' OPP. TO APPLE'S MOTION TO RECONSIDER - 8
Case No. 2:22-cv-01599-KKE
011121-11/3200017 V2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX