The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | No. 2:22-cv-01599-KKE<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>NOTE ON MOTION CALENDAR: June 9, 2025 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT .......................................................................................................1

    A.    Apple's Motion is Timely.............................................................................1

    B.    The Court's Previous Orders Did Not (and Could Not) Address the Issue Raised in the Motion..................................................................................2

    C.    Regardless of Whether Floyd Withdrew From the Class, Counsel Did Not Act Diligently.........................................................................................2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Boulder Brands, Inc.*,
  2014 WL 4352169 (S.D. Cal. Sept. 2, 2014)..................................................................... 3

*Avocent Redmond Corp. v. Rose Elecs.*,
  2012 WL 4903278 (W.D. Wash. July 6, 2012) ................................................................. 3

*Beeman v. TDI Managed Care Servs., Inc.*,
  2016 WL 11637594 (C.D. Cal. Nov. 10, 2016)................................................................ 4

*Briggs v. OS Rest. Servs., LLC*,
  2021 WL 7448752 (C.D. Cal. Aug. 18, 2021) .................................................................. 3

*Fife v. Sci. Games Corp.*,
  2020 WL 4933959 (W.D. Wash. Aug. 24, 2020)............................................................. 2

*Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp.*,
  2005 WL 8172685 (W.D. Wash. Aug. 29, 2005)............................................................. 1

*Lidie v. State of Cal.*,
  478 F.2d 552 (9th Cir. 1973) ............................................................................................ 3

*Velazquez v. GMAC Mortg. Corp.*,
  2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ................................................................ 3

*Vue v. Pentagon Fed. Credit Union*,
  2024 WL 4436814 (E.D. Cal. Oct. 4, 2024) .................................................................... 3

## I.    INTRODUCTION

On January 16, 2024, Steven Floyd informed his counsel he no longer wished to participate in this litigation. Yet Plaintiffs' counsel ("Counsel") withheld that information from both the Court and Defendants. Counsel do not dispute this, nor do they even mention—let alone explain—why they misrepresented Floyd's withdrawal when they sought amendment the following month. Instead, they continue to maintain that there is nothing to see here and there is no prejudice to Apple Inc. ("Apple"). In fact, Counsel suggests that the Court has somehow *already ruled* on the core question raised in Apple's Motion to Reconsider, Dkt. 221 (the "Motion"):

> Does the sole named plaintiff's withdrawal after he evaded discovery for many months create a fatal jurisdictional gap that precludes substitution of new class representatives?

The Court has made no such ruling. Nor could it have: before the Court reviewed Floyd's communications *in camera*, it could not have known that Floyd withdrew from the litigation. With this new evidence, the Court should reconsider its Order Granting Plaintiffs' Motion for Leave to Amend and dismiss this case with prejudice.

## II.    ARGUMENT

### A.    Apple's Motion is Timely

Despite Apple's diligent efforts to investigate, it could not have known of Floyd's withdrawal—the basis for reconsideration—until the Court issued its Sanctions Order (Dkt. 203) on April 10, 2025 and Floyd's deadline to show cause passed on May 2, 2025. Apple promptly filed its Motion 14 days later. *See Hockerson-Halberstadt, Inc. v. Costco Wholesale Corp.*, 2005 WL 8172685, at *1 (W.D. Wash. Aug. 29, 2005) (permitting reconsideration with newly-discovered facts).

APPLE'S MOTION                                                    1
TO RECONSIDER REPLY
Case No. 2:22-cv-01599-KKE

**B.      The Court's Previous Orders Did Not (and Could Not) Address the Issue Raised in the Motion**

Plaintiffs argue that Apple simply "rehashes" previous arguments. But the Court's rulings prior to its *in camera* review—including its Motion to Compel Order (Dkt. 196)—all relied on Counsel's misrepresentations. *See* Sanctions Order at 7.

The Motion to Compel Order addressed whether Counsel's filing of the amended complaint without actual or implied authority would put Floyd's privileged communications "at issue," thereby waiving the privilege and requiring their production. *See* Dkt. 196 at 5-6 (citing caselaw discussing counsel's authority). At the time, Defendants could not have argued—and the Court could not have addressed—whether Floyd's claims became moot after he withdrew entirely because Counsel withheld the underlying facts.

The Court's prior reliance on *Fife* is similarly inapplicable. Unlike Fife, who was silent as to class membership, Floyd *affirmatively* opted out of participating in the litigation. *Compare Fife v. Sci. Games Corp.*, 2020 WL 4933959, at *1 (W.D. Wash. Aug. 24, 2020); *with* Sanctions Order at 3-4; *see also* Motion at 4. Indeed, Floyd confirmed his abandonment of the case by choosing not to respond to the Court's Order to Show Cause, resulting in the dismissal of his claims with prejudice, "as that result is consistent with Floyd's correspondence with his counsel." Sanctions Order at 8. Moreover, whereas Fife's withdrawal was "sudden and unexpected," *Fife*, 2020 WL 4933959, at *3, Floyd's counsel should have learned at least by September 2023 when discovery began that Floyd would not be able to serve as class representative, and Counsel waited more than five months to seek substitution.

**C.      Regardless of Whether Floyd Withdrew From the Class, Counsel Did Not Act Diligently**

Counsel contends that the Court already found they acted diligently, and that, in any event, delay is not reason to deny leave to amend. Both arguments fail.

APPLE'S MOTION                                    2
TO RECONSIDER REPLY
Case No. 2:22-cv-01599-KKE

**First,** Counsel again misunderstand the effect of their misrepresentations. As Apple's Motion explains, when the Court found Plaintiffs acted diligently and granted leave to amend, it did not know of Counsel's misrepresentations. Counsel instead denied the Court the necessary facts to use its discretionary authority to determine whether Counsel had acted diligently. *See Avocent Redmond Corp. v. Rose Elecs.*, 2012 WL 4903278, at *1 (W.D. Wash. July 6, 2012). That is exactly why Apple now asks the Court to *reconsider* that ruling.

**Second,** Apple's Motion explains that the diligence clock starts when the circumstances leading to the withdrawal "*should have [been] known.*" *See Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) (emphasis added). Courts reject substitutions necessitated by counsel's own failure to conduct reasonable diligence as "back-door attempt[s] to begin the action anew." *See id.*; *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973). Here, the reason for Floyd's withdrawal—his unwillingness to participate in discovery and to produce simple, foundational documents such as those "relating to [his] purchase of any smartphone or tablet"[1]—was one that reasonably diligent counsel should have uncovered at least when discovery began in September 2023.[2] Therefore, authority permitting substitution because of a medical condition or intervening changes in the law is inapposite (contrary to Counsel's never-substantiated suggestion that Floyd may have experienced a "personal emergency," Dkt. 80 at 4). *See Vue v. Pentagon Fed. Credit Union*, 2024 WL 4436814, at *6 (E.D. Cal. Oct. 4, 2024); *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014).[3]

* * *

---

[1] *See* Dkt. 90, RFP 14 at ECF p.46.

[2] Even if Floyd intended to participate prior to his withdrawal, that is irrelevant if based on a misconception that he could do so without participating in discovery.

[3] Counsel's delay also bars intervention. Where, as here, the same counsel represents proposed intervenors, timeliness is "assessed from when counsel *knew or should have known* of Plaintiff's alleged inadequacy[.]" *Briggs v. OS Rest. Servs., LLC*, 2021 WL 7448752, at *9 (C.D. Cal. Aug. 18, 2021) (emphasis added). *See also* Opposition to Motion to Amend, Dkt. 86 at 8-9.

APPLE'S MOTION                                    3
TO RECONSIDER REPLY
Case No. 2:22-cv-01599-KKE

Counsel never addresses why they hid Floyd's withdrawal from the Court and Defendants. Nor do they explain why they did not simply file a new suit with new class representatives, if they truly believed it was a non-time-barred, successive putative class action. Their silence speaks volumes. Counsel cannot use an unvetted, unqualified class representative to file suit and extend the limitations period indefinitely. *See Beeman v. TDI Managed Care Servs., Inc.*, 2016 WL 11637594, at *13 (C.D. Cal. Nov. 10, 2016) (a class representative that simply "lend[s] his name to a suit controlled entirely by the class attorney" is inadequate) (internal citation omitted). The Court should reject Counsel's attempt to do so here.

Undersigned counsel certifies that this memorandum contains 1,049 words, in compliance with the Local Civil Rules.

Dated:  June 9, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ *Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Eric Hochstadt
ehochstadt@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

**O'MELVENY & MYERS LLP**

Anna T. Pletcher (admitted *pro hac vice*)
apletcher@omm.com
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Benjamin Bradshaw (admitted *pro hac vice*)
bbradshaw@omm.com
Sergei Zaslavsky (admitted *pro hac vice*)
szaslavsky@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Apple Inc.*

APPLE'S MOTION
TO RECONSIDER REPLY
Case No. 2:22-cv-01599-KKE

5