The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>                Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER CONCERNING TESTIFYING EXPERT DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR:**<br>July 24, 2025 |

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1



WHEREAS, all parties desire to provide an efficient framework for the discovery of expert witness-related materials; and

WHEREAS, all parties through their respective counsel of record have considered the expert witness discovery provisions of Federal Rule of Civil Procedure 26 and agreed upon the proposed modifications and supplementations described herein;

NOW THEREFORE, all parties, through their respective counsel of record, stipulate to the following regarding expert discovery in the above-captioned matter, subject to approval by the Court.

1. This Stipulation and Order Concerning Testifying Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B).

2. To the extent this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(C), the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible. The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705.

3. Except as provided in paragraph 5 below, the following information shall *not* be the subject of any form of discovery:

    a. The content of communications, whether oral or written, among and between:

        (i) Parties or counsel on the one hand, and on the other hand the expert and/or the expert's staff and/or supporting firms;

        (ii) Parties or counsel on the one hand, and on the other hand any non-testifying expert consultant and/or the consultant's staff and/or supporting firms;

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 1
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

|   |   |   |
|---|---|---|
| | (iii) | the expert and other experts and/or other non-testifying expert consultants; |
| | (iv) | experts and their staff and/or supporting firms; |
| | (v) | non-testifying expert consultants and their staffs and/or supporting firms; |
| | (vi) | the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants. |

4. Except as provided in paragraph 5 below, notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert need not be produced. To be clear, while the materials listed in this paragraph need not be produced along with the expert reports, nothing herein prevents counsel from questioning testifying experts on analysis or materials they considered but did not ultimately rely on, or moving to compel production if expert discovery reveals those materials were relied on. For avoidance of doubt, the preceding sentence does not permit counsel to question the testifying experts on analysis or materials that only testifying expert's support staff, and not the testifying expert herself, considered.

5. The limitations in paragraph 3 and 4 above shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her final opinion(s) or report(s).

6. Subject to sub-paragraphs (a) and (b) below, within three business days of any party serving any expert report and/or expert declaration under Fed. R. Civ. P. 26(a)(2)(B), the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits used (or that will be used) to summarize or support the expert witness's opinions; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 2
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

at trial or by deposition; and a statement of the expert's hourly rate and compensation to be paid for the expert witness's study and testimony in this case.

    a. As used in paragraphs 6 and 8 of this Stipulation, "data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analyses and/or other underlying reports, and schedules sufficient to reconstruct the expert witness's work, calculations, and/or analyses. "Data or other information relied upon" should be produced electronically (via email, disc, or FTP site) where feasible. Publicly available information need not be produced absent request so long as the information relied upon remains publicly available and the location where the publicly available information can be obtained is provided. Documents previously produced during discovery need not be produced so long as they are identified by Bates number.

    b. All "data or other information relied upon" shall be provided in a format as agreed to by the parties, including, potentially, any software and instructions required to read "the data or other information relied upon," but no party need produce computer software reasonably and commercially available (e.g., Microsoft Word, Excel). For clarity, ordinary licensing fees shall not be considered in evaluating whether computer software is reasonably and commercially available.

7. To the extent that the specific stipulations agreed to herein limit or waive disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), the parties hereby confirm that they expressly agree to such waiver.

8. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) produce all "data or other information relied upon" by the expert, consistent with the

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 3
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1  terms of this Stipulation, and (b) make the expert available for deposition at a time mutually
2  agreed to by the parties and consistent with the Court's scheduling orders.
3       9.      Nothing in this Stipulation shall permit a party or testifying expert to withhold
4  any proposition, fact, belief, or other data, information, or material upon which the expert relies
5  to support her or his opinion(s).
6       The parties agree to comply with this Stipulation and Order pending the Court's approval.

DATED: July 24, 2025                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Steve W. Berman
   Steve W. Berman (WSBA No. 12536)
By /s/ Theodore Wojcik
   Theodore Wojcik (WSBA No. 55553)
By /s/ Meredith Simons
   Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*



|   |   |
|---|---|
| 1 | DAVIS WRIGHT TREMAINE LLP |
| 2 | By: */s/ John Goldmark* |
|   | John Goldmark, WSBA #40980 |
| 3 | MaryAnn Almeida, WSBA #49086 |
|   | 920 Fifth Avenue, Suite 3300 |
| 4 | Seattle, WA  98104-1610 |
|   | Phone: (206) 622-3150 |
| 5 | Fax: 206-757-7700 |
|   | johngoldmark@dwt.com |
| 6 | maryannalmeida@dwt.com |

SIDLEY AUSTIN LLP

Jonathan E. Nuechterlein (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
Jon Dugan (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax: (202) 736-8711
Fax: 206-757-7700
juechterlein@sidley.com
bmundel@sidley.com
jdugan@sidley.com

*Attorneys for Amazon.com, Inc.*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By  */s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile: +1 206 839 4301


WEIL GOTSHAL & MANGES, LLP

By: */s/ Mark A. Perry*
Mark A. Perry (*pro hac vice*)
2001 M. Street NW, Suite 600
Washington, D.C. 20036
Telephone: +1 202 682 7000
mark.perry@weil.com

By: */s/ Eric S. Hochstadt*
Eric S. Hochstadt (*pro hac vice*)
767 Fifth Ave.
New York, NY 10153-0119
Telephone: +1 212 310 8000
eric.hochstadt@weil.com

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 5
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

By: */s/ Brian G. Liegel*
Brian G. Liegel (*pro hac vice*)
Brian.liegel@weil.com
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: +1 305 577 3180

*Attorneys for Apple Inc.*

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 6
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

* * *

[PROPOSED] ORDER

**PURSUANT TO STIPULATION,
IT IS SO ORDERED.**

DATED: _____, 2025

                                                          _____
                                                          THE HON. KYMBERLY K. EVANSON
                                                          UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND [PROPOSED] ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 7
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX