The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**STIPULATED MOTION AND ORDER CONCERNING TESTIFYING EXPERT DISCOVERY** |

WHEREAS, all parties desire to provide an efficient framework for the discovery of expert witness-related materials; and

WHEREAS, all parties through their respective counsel of record have considered the expert witness discovery provisions of Federal Rule of Civil Procedure 26 and agreed upon the proposed modifications and supplementations described herein;

NOW THEREFORE, all parties, through their respective counsel of record, stipulate to the following regarding expert discovery in the above-captioned matter, subject to approval by the Court.

1. This Stipulation and Order Concerning Testifying Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B).

2. To the extent this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure, including but not limited to Rule 26(b)(4)(C), the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible. The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705.

3. Except as provided in paragraph 5 below, the following information shall *not* be the subject of any form of discovery:

    a. The content of communications, whether oral or written, among and between:

        (i) Parties or counsel on the one hand, and on the other hand the expert and/or the expert's staff and/or supporting firms;

        (ii) Parties or counsel on the one hand, and on the other hand any non-testifying expert consultant and/or the consultant's staff and/or supporting firms;

(iii) the expert and other experts and/or other non-testifying expert consultants;

(iv) experts and their staff and/or supporting firms;

(v) non-testifying expert consultants and their staffs and/or supporting firms;

(vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

4. Except as provided in paragraph 5 below, notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert need not be produced. To be clear, while the materials listed in this paragraph need not be produced along with the expert reports, nothing herein prevents counsel from questioning testifying experts on analysis or materials they considered but did not ultimately rely on, or moving to compel production if expert discovery reveals those materials were relied on. For avoidance of doubt, the preceding sentence does not permit counsel to question the testifying experts on analysis or materials that only testifying expert's support staff, and not the testifying expert herself, considered.

5. The limitations in paragraph 3 and 4 above shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her final opinion(s) or report(s).

6. Subject to sub-paragraphs (a) and (b) below, within three business days of any party serving any expert report and/or expert declaration under Fed. R. Civ. P. 26(a)(2)(B), the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits used (or that will be used) to summarize or support the expert witness's opinions; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert

at trial or by deposition; and a statement of the expert's hourly rate and compensation to be paid for the expert witness's study and testimony in this case.

    a.    As used in paragraphs 6 and 8 of this Stipulation, "data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analyses and/or other underlying reports, and schedules sufficient to reconstruct the expert witness's work, calculations, and/or analyses. "Data or other information relied upon" should be produced electronically (via email, disc, or FTP site) where feasible. Publicly available information need not be produced absent request so long as the information relied upon remains publicly available and the location where the publicly available information can be obtained is provided. Documents previously produced during discovery need not be produced so long as they are identified by Bates number.

    b.    All "data or other information relied upon" shall be provided in a format as agreed to by the parties, including, potentially, any software and instructions required to read "the data or other information relied upon," but no party need produce computer software reasonably and commercially available (e.g., Microsoft Word, Excel). For clarity, ordinary licensing fees shall not be considered in evaluating whether computer software is reasonably and commercially available.

7. To the extent that the specific stipulations agreed to herein limit or waive disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B), the parties hereby confirm that they expressly agree to such waiver.

8. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) produce all "data or other information relied upon" by the expert, consistent with the

STIPULATED MOTION AND ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 3
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

1  terms of this Stipulation, and (b) make the expert available for deposition at a time mutually
2  agreed to by the parties and consistent with the Court's scheduling orders.
3       9.      Nothing in this Stipulation shall permit a party or testifying expert to withhold
4  any proposition, fact, belief, or other data, information, or material upon which the expert relies
5  to support her or his opinion(s).
6       The parties agree to comply with this Stipulation and Order pending the Court's approval.

DATED: July 24, 2025                    Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP


                                        By /s/ *Steve W. Berman*
                                           Steve W. Berman (WSBA No. 12536)
                                        By /s/ *Theodore Wojcik*
                                           Theodore Wojcik (WSBA No. 55553)
                                        By /s/ *Meredith Simons*
                                           Meredith Simons (WSBA No. 62622)
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        steve@hbsslaw.com
                                        tedw@hbsslaw.com
                                        merediths@hbsslaw.com

                                        Ben Harrington (*pro hac vice*)
                                        Benjamin J. Siegel (*pro hac vice*)
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        715 Hearst Avenue, Suite 300
                                        Berkeley, CA 94710
                                        Telephone: (510) 725-3000
                                        Facsimile: (510) 725-3001
                                        benh@hbsslaw.com
                                        bens@hbsslaw.com

                                        *Attorneys for Plaintiffs and the Proposed Class*

STIPULATED MOTION AND ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 4
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

<div style="margin-left: 2em;">

DAVIS WRIGHT TREMAINE LLP

By: */s/ John Goldmark*
John Goldmark, WSBA #40980
MaryAnn Almeida, WSBA #49086
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Phone: (206) 622-3150
Fax: 206-757-7700
johngoldmark@dwt.com
maryannalmeida@dwt.com

SIDLEY AUSTIN LLP

By: */s/ Benjamin M. Mundel*
Benjamin M. Mundel (pro hac vice)
Jacquelyn Fradette (pro hac vice)
Mark D. Hopson (pro hac vice)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Washington, D.C. 20005
Telephone: (202) 736-8000
bmundel@sidley.com
jfradette@sidley.com
mhopson@sidley.com

*Attorneys for Amazon.com, Inc.*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile: +1 206 839 4301

Eric Hochstadt (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
ehochstadt@orrick.com

O'MELVENY & MYERS LLP

By: */s/ Anna Pletcher*
Anna Pletcher (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8994
apletcher@omm.com

</div>

STIPULATED MOTION AND ORDER
CONCERNING TESTIFYING EXPERT DISCOVERY - 5
Case No. 2:22-cv-01599-KKE
011121-11/3245289 V1

Benjamin Bradshaw (*pro hac vice*)
Sergei Zaslavsky (*pro hac vice*)
1625 Eye Street N.W.
Washington, DC 20006
Telephone: (202) 383-5300
bbradshaw@omm.com
szaslavsky@omm.com

*Attorneys for Apple Inc.*

\* \* \*

**ORDER**

In accordance with the parties' stipulation, it is SO ORDERED.

Dated this 25th day of July, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge