1 | The Honorable Kymberly K. Evanson

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 17, 2025** |

PLS.' MOT. TO ALTER OR AMENDJ. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
011121-11/3333038 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

III. LEGAL STANDARD ......................................................................................................3

IV. ARGUMENT ...................................................................................................................4

    A. The Court's September 29, 2025 Order Was Entered on an Incomplete Record. ........................................................................................4

    B. There Was No Jurisdictional Gap Mooting the "Case or Controversy." ......................................................................................................7

    C. Plaintiffs Acted Diligently in Filing Their Motion to Amend. ..........................................................................................................9

    D. Reconsideration is Necessary to Prevent "Manifest Injustice." ........................................................................................................11

V. CONCLUSION ..............................................................................................................12

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

i

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

# TABLE OF AUTHORITIES

**Page(s)**
**Page(s)**

**Cases**

*Allstate Ins. Co. v. Herron*,
 634 F.3d 1101 (9th Cir. 2011) ...................................................................................................3

*Amchem Prods. v. Windsor*,
 521 U.S. 591 (1997) ...................................................................................................................8

*Carroll v. Nakatani*,
 342 F.3d 934 (9th Cir. 2003) .....................................................................................................4

*E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*,
 116 F.3d 110 (4th Cir. 1997) .....................................................................................................6

*Fife v. Sci. Games Corp.*,
 2020 WL 4933959 (W.D. Wash. Aug. 24, 2020) ......................................................................8

*Hall v. Haws*,
 861 F.3d 977 (9th Cir. 2017) .....................................................................................................1

*Hum. Rts. Def. Ctr. v. United States Dep't of Just.*,
 744 F. Supp. 3d 1161 (W.D. Wash. 2024) .................................................................................6

*Kaufmann v. Kijakazi*,
 32 F.4th 843 (9th Cir. 2022) ......................................................................................................8

*In re Louisiana Crawfish Producers*,
 852 F.3d 456 (5th Cir. 2017) .....................................................................................................8

*McMahon v. World Vision, Inc.*,
 2023 WL 4704711 (W.D. Wash. July 24, 2023) ...............................................................1, 3, 6

*Morales-Alfaro v. CoreCivic, Inc.*,
 2024 WL 1078233 (S.D. Cal. Mar. 12, 2024) ............................................................................9

*teamLab Inc. v. Museum of Dream Space LLC*,
 2022 WL 17345905 (C.D. Cal. Nov. 16, 2022) .....................................................................4, 5

**Other Authorities**

Fed. R. Civ. P. 23(b)(3) ....................................................................................................................8

Fed. R. Civ. P. 59(e) ................................................................................................................ *passim*

Fed. R. Civ. P. 60(b)(6) ...............................................................................................................4, 6

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
ii

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011121-11/3333038 V1

I. **INTRODUCTION**

In this Rule 59(e) and 60(b) Motion, Plaintiffs respectfully request that the Court reconsider its Order Granting Motion for Reconsideration and Dismissing Case (Dkt. 250, "Order") and vacate the Judgment (Dkt. 251). The Order reversed a 2024 decision granting Plaintiffs leave to amend their Complaint. Upon reconsideration, the Court reasoned that (1) previous named plaintiff Steven Floyd's January 16, 2024 communications withdrew him from the case and created a "jurisdictional gap" that (2) became fatal when it was not diligently bridged. Order at 16:12-13, 18. Respectfully, these holdings are based on manifest errors and dismissal of the case risks severe injustice. Relief under Rules 59(e) and 60(b) is thus warranted. *McMahon v. World Vision, Inc.*, 2023 WL 4704711, at *2 (W.D. Wash. July 24, 2023) (Rule 59(e) relief appropriate to correct "manifest errors of law or fact" or to "prevent manifest injustice"); *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (60(b) relief appropriate to "prevent manifest injustice").[1]

The Court's first holding—that Floyd's January 2024 communications were a withdrawal that created a "jurisdictional gap"—is manifestly erroneous for two reasons. *First*, Counsel could not reasonably have construed Floyd's communications as a withdrawal under controlling Washington Rules of Professional Conduct ("WRPC"). Three experts in the WRPCs have reviewed all communications previously submitted *in camera*—as well as a February 26, 2024 email that was on Plaintiffs' privilege log but not requested by the Court. Each expert concludes Counsel likely would have *violated* WRPC 1.2 had they sought to withdraw Floyd. Counsel's *bona fides* are supported by the February 26 communication, submitted with this motion (*in camera*) along with declarations from the ethics experts. *Infra* at § IV.B.

*Second*, the Court's "jurisdictional gap" holding was premised on the conclusion that Floyd dismissed himself not just as a class representative, but *from the class entirely*, *i.e.*, opted out. Class members opt out so that they are free to pursue individual actions. But such individuals recover nothing unless they take on the burden of independently litigating their own claims. Plaintiffs submit that even if Floyd had withdrawn as a named Plaintiff, it was manifest error to construe his

---

[1] Internal quotation marks omitted here and throughout.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

January 16, 2024 communications as *affirmatively opting out of the Class*, which is required for Class exclusion. *Infra* at § IV.B.

The Court's second holding—that any jurisdictional gap was not "diligently bridged"—is also manifestly erroneous. The Court's diligence analysis focused on counsel's motivations and perceived lack of candor in describing Floyd's status. Counsel acknowledge the Court's frustrations, but as the accompanying expert declarations attest, Counsel had a duty of confidentiality to Floyd, and further disclosures likely would have violated the WRPCs. The ethics experts conclude Counsel charted an appropriate course that properly harmonized their duties of confidentiality and candor. There may have been other ways to proceed—perhaps better courses of action identifiable with the benefit of hindsight—but Counsel acted with mindful observance of their ethical obligations. *Infra* at § IV.C.

Finally, reconsideration is necessary to prevent manifest injustice, which is a separate basis to grant Rule 59(e) and 60(b) relief. The Court reasoned that Plaintiffs and the Class should not be "negatively impacted by the Court's reconsideration," Order at 19, but the Order risks significant prejudice. Furdek and Ryan have never sought to rely on Floyd's action for tolling, but because the Court has now dismissed this action, the claims asserted by Plaintiffs and the Class will be narrowed (or in the case of Furdek, extinguished) unless the pendency of Furdek and Ryan's action (May 2024 forward) tolled the limitations period. Plaintiffs believe tolling should be available in this circumstance but there is no guarantee, particularly given the flexibility and judgment involved in tolling doctrines. It would be manifestly unjust for any portion of Plaintiffs' claims (or the Class's) to be time-barred simply because these Plaintiffs have to refile through no fault of their own. *Infra* at § IV.D.

## II. BACKGROUND

On May 6, 2024, this Court granted Plaintiffs' motion for leave to amend their complaint to add Furdek and Ryan as class representatives. Dkt. 98 at 1-2. The Court granted the motion, holding that "amendment permits this case to move forward after Floyd apparently lost interest in continuing to participate, which constitutes good cause for amendment." *Id.* at 5-7.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

011121-11/3333038 V1

A year later, the Court ordered Counsel to submit a set of privileged Floyd communications *in camera* to assist the Court in resolving Defendants' motion to sanction Floyd and Counsel's motion to withdraw as Floyd's counsel. Dkt 199. Upon reviewing those communications, this Court *sua sponte* imposed sanctions on Plaintiffs' Counsel instead of Floyd. Dkt. 203 ("Sanctions Order") at 7; *see* Order at 6. The Sanctions Order was not precipitated by an order to show cause or other opportunity for Plaintiffs' Counsel to address the communications reviewed *in camera*. The Court found *sua sponte* that Floyd withdrew from the case via emails with Counsel on January 16, 2024 (Sanctions Order at 3), that Counsel misrepresented this fact, and that "Defendants are entitled to request an award of attorneys' fees and expenses." *Id.* at 7.

On May 16, 2025, Apple moved for reconsideration of the Court's May 6, 2024 Order granting leave to amend. Dkt. 221. On September 29, 2025, this Court granted reconsideration, denied Plaintiffs leave to amend, and entered Judgment for Defendants. The Order treated the Court's prior Sanctions Order findings as "law of the case." Order at 17; *see also id.* at 8 n.3. Based largely on those findings, the Court held there was no "good cause" to amend under Rule 16 because "[1] Floyd's January 16, 2024 communication created a jurisdictional gap that [2] became fatal when it was not diligently bridged . . . ." *Id.* at 16:12-13.

### III.   LEGAL STANDARD

When a judgment has been entered, a party may "move for reconsideration" by a filing a "'motion to alter or amend a judgment' under Federal Rule of Civil Procedure 59(e)." *McMahon*, 2023 WL 4704711, at *2. In the Ninth Circuit, "a Rule 59(e) motion may be granted if: (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law." *Id.*[2] "A court considering a Rule 59(e) motion is not limited merely to these four situations, however." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th

---

[2] Under the standard for reconsideration pursuant to Local Rule 7(h), the same relief is warranted for the reasons explained herein.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

Cir. 2011). Rule 60(b)(6) likewise authorizes relief from a judgment for "any other reason." Fed. R. Civ. P. 60(b)(6).

## IV.  ARGUMENT

Plaintiffs submit that the Order should be reconsidered and the Judgment vacated. The Order rests on manifest errors of fact and law, an incomplete record, and risks manifest injustice.

**A.  The Court's September 29, 2025 Order Was Entered on an Incomplete Record.**

While reconsideration would be warranted regardless, Plaintiffs submit that the Court should reevaluate the Order in the light of two forms of evidence Plaintiffs could not reasonably have submitted earlier. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (evidence may be disregarded on a Rule 59(e) motion when it "*could reasonably have been raised earlier* in the litigation" (emphasis added)); *teamLab Inc. v. Museum of Dream Space LLC*, 2022 WL 17345905, at *2 (C.D. Cal. Nov. 16, 2022) (granting reconsideration under Rule 59 and 60 in light of evidence party did not have "sufficient opportunity" to present).

*First*, the Court's Order rests on its prior assessment of *in camera* communications the Court requested. An additional communication the Court did not request—a February 26, 2024 email—demonstrates that material findings in the Order are factually incorrect. In particular, in addressing Counsel's candor and diligence, the Court emphasized that, prior to moving to amend, Counsel did not ask Floyd "to clarify" whether he wished to withdraw or notify him "they had found new class representatives or that they were seeking leave to amend the complaint to add them." Order at 12. The February 26 email demonstrates Counsel did precisely these things.

The February 26 email could not have been submitted earlier because it is a privileged communication the Court did not direct Plaintiffs to submit. WRPC 1.6(a), (b)(6). Because the Court's Order puts the omitted communication directly at issue in questioning Counsel's candor, Counsel can now produce it *in camera* under WRPC 1.6(b)(5) "to respond to allegations in any proceeding concerning the lawyer's representation of the client."

*Second*, the Court issued serious findings as to Counsel's ethical duties without an opportunity for Counsel to elicit expert input on governing professional responsibility

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

4

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

011121-11/3333038 V1

requirements. Plaintiffs did not have a reasonably opportunity to elicit or present the three expert declarations submitted with this motion. The experts are:

**Professor Brooks Holland.** Professor Holland is a Professor of Legal Ethics and Professionalism at Gonzaga University School of Law. Professor Holland is the author of *Learning Professional Responsibility: From the Classroom to the Practice of Law* (West 2nd ed. 2018) (with L. Christensen). He has served on various professional responsibility boards, including six years on the Washington State Bar Association Committee on Professional Ethics. *See* Declaration of Brooks Holland ("Holland Decl."), ¶¶ 2-6.

**Kevin Bank**. Mr. Bank practiced for 19 years at the Washington State Bar Association, progressing from Disciplinary Counsel to Assistant General Counsel. Mr. Bank regularly serves as an expert on the application of WRPCs and other ethical norms governing the legal profession. *See* Declaration of Kevin Bank ("Bank Decl."), ¶¶ 6-12, Ex. A.

**Nelli Barnard**. Ms. Barnard, a shareholder in the law firm Schwabe, Williamson & Wyatt, P.C., is an active member of the ABA's Association of Professional Responsibility Lawyers and other professional responsibility committees. Her work focuses on legal ethics, including lawyer conduct and the duties of confidentiality and candor. *See* Declaration of Nelli Barnard ("Barnard Decl."), ¶¶ 6-14.

Plaintiffs did not have a reasonable opportunity to elicit or submit these experts' declarations because, as set forth above, the Court sanctioned Plaintiffs' Counsel *sua sponte* without a show cause order or other opportunity to provide expert input. Plaintiffs could not reasonably have anticipated that the Court would sanction Counsel *sua sponte*. *See teamLab Inc.*, 2022 WL 17345905, at *2 (granting reconsideration under Rules 59 and 60 to afford party "a more sufficient opportunity to respond to the Court's *sua sponte* determination"). The Court's *sua sponte* findings have since been treated as "law of the case," including in the Order at issue. Order at 17; *id.* at 8 n.3.

Applicable WRPCs also have constrained what Counsel can submit. Attorneys may reveal confidential client communications to defend themselves, *see* WRPC 1.6(b)(5), but *only* to the extent that "the lawyer reasonably believes necessary to accomplish the purpose." *See* WRPC 1.6,

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

5

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

Comment [16]. Before submitting declarations addressing Counsel's communications with Floyd, including in response to Apple's motion for reconsideration, it was appropriate (indeed necessary) for Counsel to evaluate whether there were other legally adequate grounds to respond. *See id.*; Barnard Decl. ¶ 56. Counsel reasonably believed there were such grounds, given the Court's prior determination that even "if Floyd had instructed his counsel to dismiss his claims," such an instruction would not "have (or should have) led to the dismissal of the action entirely." Dkt. 196 at 6-7. The Court had previously rejected Defendants' argument that a withdrawal by Floyd would mandate dismissal as "not supported by authority in and out of this circuit." *Id.*

The Court has now taken a different stance, reasoning that while it may have granted leave to amend even if Floyd had withdrawn, Counsel's perceived lack of candor nevertheless mandates dismissal. *See* Order at 17 (holding that court "may have been persuaded" to grant leave to amend had counsel been "forthright"). Dismissal of the action is thus in the nature of a sanction. Counsel are entitled to defend themselves under WRCP 1.6(b)(5) and, in fairness, these matters should be adjudicated on a more complete record Counsel could not reasonably have presented previously.[3]

Separately, new evidence is but one basis to reconsider under Rule 59(e). *See McMahon*, 2023 WL 4704711, at *1. Courts have an independent obligation "to correct manifest errors." *Id.* Declarations may properly be considered on a Rule 59(e) if they demonstrate manifest error in the underlying judgment. *See E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (Rule 59(e) motion granted based on affidavits demonstrating "manifest injustice" even though affidavits were previously available). Similarly, under Rule 60(b)(6), additional evidence may be evaluated given the "'incessant command of the court's conscience that justice be done in light of all the facts.'" *Hum. Rts. Def. Ctr. v. United States Dep't of Just.*, 744 F. Supp. 3d 1161, 1168 (W.D. Wash. 2024) (quoting *Hall*, 861 F.3d at 987).

These commands weigh heavy here. Before dismissing major antitrust litigation based on findings of misconduct, Plaintiffs respectfully submit that the Court should consider the views of

---

[3] While the accompanying declarations do not disclose protected material or otherwise waive attorney-client privilege, Defendants have previously sought to pierce privilege and may assert waiver. *See* Dkt. 172.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

6

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011121-11/3333038 V1

ethics experts identifying manifest errors in the Court's application of applicable WRPCs.

**B.      There Was No Jurisdictional Gap Mooting the "Case or Controversy."**

The Court's Order concludes that Floyd's January 16, 2024 communications created a "jurisdictional gap" because Floyd withdrew both as a class representative and class member. *See* Order at 10, 16:12-13, 18. These conclusions rest on manifest errors of fact and law.

As reflected in the accompanying declarations, three legal ethics experts have reviewed the totality of Floyd's communications and concluded that under applicable WRPCs—*see* LCR 83.3(a)(2)—Plaintiffs' Counsel could not reasonably have construed Floyd's January 16, 2024 communications (or anything precipitating them) as a withdrawal. *See* Holland Decl. ¶ 17 (Floyd "did not affirmatively withdraw from the litigation or discharge counsel"); Bank Decl. ¶ 3 ("Hagens Berman acted both reasonably and in conformance with the RPC in concluding that the communications did not amount to an instruction to withdraw Floyd as a Plaintiff from the case"); *id.* at ¶¶ 14-19; Barnard Decl. ¶ 5 ("Hagens Berman could not reasonably conclude from the written communications received from Mr. Floyd between September 2023 and January 2024 that Mr. Floyd no longer wished to participate in the Litigation as the putative class representative."); *id.* at ¶¶ 18-22.

In fact, the experts, including Mr. Bank, who was formerly Managing Disciplinary Counsel at the Washington State Bar Association, conclude that counsel likely would have *violated* their ethical obligations had they withdrawn Floyd based on his January 16, 2024 communications, exposing Counsel to liability under WRPC 1.2(a) and 1.3 for improperly discharging a named plaintiff. *See* Bank Decl. ¶¶ 19, 24, 28; Barnard Decl. ¶ 21(b) ("Seeking to withdraw Mr. Floyd as class representative at this time likely would have violated RPC 1.2(a)."); Holland Decl. ¶ 21. Counsel have a duty under WRPC 1.2(a) to abide by their clients' directives, and Counsel had no directive to withdraw Floyd.

The appropriate path under the WRPCs was not to withdraw Floyd, but to "guard the client's interests while pursuing more information." Bank Decl. ¶¶ 18-19, 25-28. Barnard Decl. ¶ 37. That is the course Counsel pursued, including in the February 26 communication the Court did not request or review. Professor Holland concludes that communication "followed the script

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

7

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

described in the cited literature addressing a non-responsive or potentially alienated client: Seek information on the client's status, advise the client of important case information, including potential replacement class representatives, and confirm whether the client wants to proceed." Holland Decl. ¶ 23; Bank Decl. ¶ 18; Barnard Decl. ¶ 37.

Because there was no withdrawal, there was no "jurisdictional gap" that could have mooted the case or controversy under the logic of the Court's Order. Based on this full record, the Court should reconsider its finding that Floyd withdrew as a named plaintiff on January 16, 2024. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (affirming grant of a Rule 59 motion where review of entire record showed manifest error); *In re Louisiana Crawfish Producers*, 852 F.3d 456, 465-69 (5th Cir. 2017) (reversing in part denial of Rule 59(e) motion based on review of entire record, including new evidence).

Moreover, even assuming Mr. Floyd's January 16, 2024 communications authorized Counsel to withdraw him as a *named plaintiff*, it was a manifest error to conclude that Floyd withdrew from the class. That is critical because Floyd's exclusion from the Class was essential to the Court's holding. Order at 14-15.

The putative damages class in this action was a Rule 23(b)(3) *opt-out* class. Thus, as the court explained in *Fife v. Sci. Games Corp.*, inclusion in the class was "the default" and opting out required "affirmative action" expressly excluding oneself from the class. 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020); *accord Amchem Prods. v. Windsor*, 521 U.S. 591, 614-15 (1997) ("Rule 23(b)(3) . . . designed to secure judgments binding all class members save those who affirmatively elected to be excluded.").

The reason for opt out classes is that class members may "want to bring [their] own suit," and opting out ensures they may do so. 1 McLaughlin on Class Actions § 5:78 (21st ed.). Any reluctance by Floyd to take on litigation responsibilities is thus not tantamount to, or even consistent with, opting out. *Fife* is instructive. Despite the fact that the sole class representative (Fife) told counsel she had "grown tired of and *no longer wished to participate in this case*," the court held that *because this was precipitated by counsel's request for discovery*, "Fife did not want

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

8

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

011121-11/3333038 V1

to be saddled with the duties that come with being a named plaintiff and class representative," but she did not opt out of the class or otherwise "end[] the controversy." *Id.*

Here, the Court understood Floyd's January 16th communications as precipitated by his "wish" not "to participate in discovery" (Order at 3), *i.e.*, take on the responsibilities of a named plaintiff. Floyd's January 16, 2024 communications provide no basis to infer that Floyd affirmatively sought exclusion from the class. *Morales-Alfaro v. CoreCivic, Inc.*, 2024 WL 1078233, at *3 (S.D. Cal. Mar. 12, 2024) (citing *Turner v. Burlington N. Sante Fe. R.R. Co.*, 1058, 1063 (9th Cir. 2003) for proposition that "clear legal error is an independent basis to grant relief pursuant to Rule 59(e)" even if "neither the facts nor the law" have changed). For this separate reason, there was no jurisdictional gap precluding amendment.

**C.      Plaintiffs Acted Diligently in Filing Their Motion to Amend.**

Plaintiffs also submit it was manifestly erroneous to conclude that Counsel did not diligently bridge any jurisdictional gap. *See* Order at 16-19. This holding was likewise essential to the Court's Order and, based on the entire record, it should not stand.

The Court reasoned that Rule 16 diligence requires examining the party's "motivation" for requesting amendment, and that Counsel's perceived "lack of candor regarding the circumstances motivating the amendment suggests that they were not diligent in seeking amendment." Order at 16-17. Assuming *arguendo* this was an appropriate framework for assessing diligence, the Court manifestly erred in three respects.

*First*, three ethics experts have reviewed Floyd's communications and Counsel's representations and concluded that the record "does not evidence a failure of candor by counsel." Holland Decl. ¶ 7; Barnard Decl. ¶¶ 57-64; Bank Decl. ¶ 32. As addressed above, Counsel could not reasonably have construed Floyd's communications as a withdrawal, and Counsel likely would have violated WRCP 1.2 had Counsel done so. This was a challenging situation for Counsel to navigate, particularly given Floyd's non-responsiveness, but the ethics experts conclude that Counsel managed the situation with an "appropriate degree of transparency," Holland Decl. ¶ 7, and without misrepresentations. *See* Barnard Decl. ¶¶ 57-64; Bank Decl. ¶ 3 ("Hagens Berman appropriately balanced its duties of confidentiality to Floyd and its obligation to the Court").

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
9
HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX
011121-11/3333038 V1

Counsel walked a difficult ethical line correctly by informing the Court and Defendants that Floyd had ceased responding to outreach, explaining that they were uncertain of Floyd's status and were pursuing more information,[4] but not revealing the content of those communications. *See* Holland Decl. ¶ 26; Bank Decl. ¶ 32; Barnard Decl. ¶ 48. Further disclosures beyond what Counsel provided would have risked violating Counsel's duties to Floyd under WRPC 1.6 and what Counsel did disclose "abided by the duty of candor." Bank Decl. ¶ 32; Holland Decl. ¶ 27; Barnard Decl. ¶¶ 57-64.

*Second*, the Court's diligence/candor analysis rested in part on a mistaken belief that Counsel did not seek to clarify Floyd's status before moving to amend, or to notify him that "they had found new class representatives or that they were seeking leave to amend the complaint to add them." Order at 12. The February 26, 2024 email included with this submission demonstrates Counsel took these steps, which further reinforced the "*bona fides* of [their] judgment" that Floyd had not withdrawn. Holland Decl. ¶ 23; Bank Decl. ¶ 18; Barnard Decl. ¶ 37.

*Third*, the Court manifestly erred to the extent it held that Floyd's pre-January 2024 communications demonstrate any lack of diligence in finding additional representatives. Order at 12 n.5.[5] As the Court observed, Floyd did not produce discovery in fall 2023, but that did not suggest anything was amiss. *Defendants had not produced discovery yet either* and would not produce a single responsive document until mid-2024. *See* Dkt. 108 at 3. Discovery negotiations were in an early phase in fall 2023, and Floyd's communications during this period reflect normal coordination between a class client and counsel on such matters, as the ethics experts attest. *See* Barnard Decl. ¶ 21(a); Holland Decl. ¶ 14.

---

[4] The Order states that Counsel represented Floyd "intended to stay part of the case" (Order at 4), but respectfully, Counsel stated that they were attempting to contact Mr. Floyd to "*determine whether* he wishes to continue as class representative." Dkt. 80 at 4:19-20 (emphasis added); *see also* Dkt. No. 81 ¶ 5; Holland Decl. ¶ 26.

[5] These communications were likewise submitted *in camera* without any request for briefing or show cause order.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
10

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

011121-11/3333038 V1

**D. Reconsideration is Necessary to Prevent "Manifest Injustice."**

The Court's Order was premised on an understanding that the class "should not be negatively impacted by the Court's reconsideration." Order at 19. In fact, the Order risks severe consequences for Plaintiffs and the putative Class.

The risk of prejudice arises from the statute of limitations and how it could apply in the subsequent action necessitated by the Order. Plaintiffs Furdek and Ryan have never sought to rely on Floyd's claims to toll the limitations period. *See, e.g.*, Dkt. 92 at 4; Dkt. No. 127 at 4. When the SAC was filed, Furdek and Ryan's claims were timely on their face, without tolling, because they sued within the four-year limitations period. Dkt. 176 at 9-10 & n.3.[6] But while they have never relied on Floyd for tolling (i.e., *American Pipe* or absent-class member tolling), the Court's Order requires that they file a new action to pursue relief, and this implicates a separate issue: whether they can rely on the pendency of *their own claims* in *this case* (from May 2024 forward) to toll the limitations period. Absent such tolling, it appears Furdek's claims will be time-barred, Ryan would be precluded from recovering for his February 5, 2021 injury, and the Class would be limited to persons injured in last four years.

As Counsel stated at oral argument, Furdek and Ryan should not face any time bar. *See* Dkt. No. 236 at 19-20, 30. They did not sit on their rights and have diligently pursued this case since they filed in May 2024. But the tolling issues arising from the Court's Order are more intricate than perhaps any party anticipated. *See id.* at 28 (noting there was no briefing on statute of limitations); Order at 19 n.10. Unless Defendants agree that Furdek and Ryan's action tolled the limitations period for a subsequent case, there is risk that the claims asserted by Plaintiffs and the Class will be diminished through no fault of their own. That would be manifestly unjust.

Plaintiffs respectfully submit that there is a better way to ensure the Class is not "negatively impacted." Order at 19. The Court can invite Defendants to file any timeliness defense they have as to Furdek and Ryan's individual (or class) claims *in this case*, as Defendants have been

---

[6] Furdek was injured on July 1, 2020; Ryan was injured on February 5, 2021 and again on November 10, 2022. Dkt. 99 at ¶ 24, 26. The SAC was filed on May 7, 2024, within four years of each injury. Dkt. 99.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
11
011121-11/3333038 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

permitted to do since Furdek and Ryan joined in 2024. Defendants would thus suffer no cognizable prejudice, and the manifest injustice this Court's Order risks for Plaintiffs and the proposed Class will not occur.

## V. CONCLUSION

Plaintiffs respectfully request that their Motion be granted, the Order reconsidered, and the Judgment vacated.

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

12

011121-11/3333038 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

| | | |
|---|---|---|
| 1 | DATED: October 27, 2025 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | By /s/ *Steve W. Berman* |
| 4 | | Steve W. Berman (WSBA No. 12536) |
| | | By /s/ *Theodore Wojcik* |
| 5 | | Theodore Wojcik (WSBA No. 55553) |
| 6 | | By /s/ *Meredith Simons* |
| | | Meredith Simons (WSBA No. 62622) |
| 7 | | 1301 Second Avenue, Suite 2000 |
| | | Seattle, WA 98101 |
| 8 | | Telephone: (206) 623-7292 |
| | | Facsimile: (206) 623-0594 |
| 9 | | steve@hbsslaw.com |
| 10 | | tedw@hbsslaw.com |
| | | merediths@hbsslaw.com |

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this brief contains 4,186 words, in compliance with the Local Civil Rules.

/s/ *Steve W. Berman*
Steve W. Berman

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE

13

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ Steve W. Berman*
Steve W. Berman

PLS.' MOT.TO ALTER OR AMEND J. AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)
Case No. 2:22-cv-01599-KKE
14

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

011121-11/3333038 V1