The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and APPLE INC.,<br><br>Defendants. | Case No. 2:22-cv-01599-KKE<br><br>DEFENDANTS' JOINT MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>NOTE ON MOTION CALENDAR:<br><br>December 8, 2025[1] |

---

[1] Pursuant to the Local Rules and this Court's order (Dkt. 255).

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(Case No. 2:22-cv-01599-KKE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................ 1

Background ................................................................................................................ 1

Argument .................................................................................................................. 4

I.    The Court should award defendants the attorneys' fees they incurred
      because of Hagens Berman's misrepresentations. ........................................... 4

    A.    Courts may award attorneys' fees incurred because of counsel's
            misrepresentations. .................................................................................... 4

    B.    Amazon and Apple incurred attorneys' fees because Hagens
            Berman misled the Court. ......................................................................... 5

        1.    This Court has already found that Hagens Berman
                  misrepresented the facts about Floyd's participation. ................ 5

        2.    Hagens Berman's misrepresentations caused defendants
                  to incur fees they would not otherwise have incurred. ............... 6

    C.    Defendants are entitled to a reasonable fee award. .............................. 8

        1.    Hours reasonably worked. .............................................................. 8

        2.    Reasonable hourly rates. ................................................................ 10

II.   The Court should award costs under 28 U.S.C. §1920 because
      defendants are prevailing parties. ................................................................. 12

Conclusion ............................................................................................................... 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Wong,*
   2022 WL 1092518 (W.D. Wash. Apr. 12, 2022) ................................................. 11, 12

*Amazon.com, Inc. v. Wong,*
   2023 WL 5206373 (W.D. Wash. Aug. 14, 2023) ........................................... 8, 11, 12

*Avendano v. Security Consultants Group,*
   2014 WL 6773027 (D. Nev. Dec. 2, 2014) ...................................................... 5

*Barnd v. City of Tacoma,*
   664 F.2d 1339 (9th Cir. 1982) ...................................................... 4

*Buich v. Tadich Grill Dev. Co.,*
   11 Wn. App. 2d 1063, 2020 WL 60310 (2020) ........................................... 11, 12

*Cadkin v. Loose,*
   569 F.3d 1142 (9th Cir. 2009) ...................................................... 12

*Camacho v. Bridgeport Fin., Inc.,*
   523 F.3d 973 (9th Cir. 2008) ...................................................... 8

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) ...................................................... 4

*Dunne v. Quantum Residential Inc.,*
   2025 WL 896741 (W.D. Wash. Mar. 24, 2025) ...................................................... 11

*Ebbeler v. Andrews,*
   21 Wn. App. 2d 1005, 2022 WL 594121 (2022) ...................................................... 11

*In re Facebook, Inc. Consumer Priv. User Profile Litig.,*
   655 F. Supp. 3d 899 (N.D. Cal. 2023) ...................................................... 5

*Fox v. Vice,*
   563 U.S. 826 (2011) ...................................................... 4, 5

*In re Girardi,*
   611 F.3d 1027 (9th Cir. 2010) ...................................................... 4, 6

*Goodyear Tire & Rubber Co. v. Haeger,*
   581 U.S. 101 (2017) ...................................................... 5

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(Case No. 2:22-cv-01599-KKE) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Indiezone, Inc. v. Rooke,*
  720 F. App'x 333 (9th Cir. 2017) ........................................................ 5

*Lahiri v. Universal Music & Video Distrib. Corp.,*
  606 F.3d 1216 (9th Cir. 2010) ............................................................ 4

*Prepared Food Photos, Inc. v. Pool World, Inc.,*
  752 F. Supp. 3d 1230 (E.D. Wash. 2024) ......................................... 12

*Roadway Express, Inc. v. Piper,*
  447 U.S. 752 (1980) ............................................................................ 4

*Shell Gulf of Mexico Inc. v. Ctr. for Bio. Diversity, Inc.,*
  771 F.3d 632 (9th Cir. 2014) ............................................................. 1

*Stanikzy v. Progressive Direct Ins. Co.,*
  No. 2:20-cv-118-BJR, 2022 WL 1801671 (W.D. Wash. June 2, 2022) ................. 12

*Stormans Inc. v. Selecky,*
  906 F. Supp. 2d 1093 (W.D. Wash. 2012) ......................................... 12

*Straight Path IP Grp., Inc. v. Cisco Sys., Inc.,*
  No. C16-3463, 2020 WL 5522993 (N.D. Cal. Mar. 4, 2020) ............... 10

*Van Gerwen v. Guarantee Mut. Life Co.,*
  214 F.3d 1041 (9th Cir. 2000) ........................................................... 9

**Statutes**

28 U.S.C. §1920 .................................................................................. 1, 12

28 U.S.C. §1927 .................................................................................. 4, 5

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(Case No. 2:22-cv-01599-KKE) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## INTRODUCTION

2

Defendants seek attorneys' fees they incurred because of Hagens Berman's

3 "well-documented misrepresentations" in this case. Order 1, Dkt. 250. Those misrep-

4 resentations wasted the Court's resources and imposed substantial expenses on de-

5 fendants that would not have been necessary but for counsel's misconduct. As the

6 Supreme Court has repeatedly held, courts may award fees when lawyers act in bad

7 faith—and Hagens Berman's misrepresentations fit the bill. Defendants are thus en-

8 titled to the fees they incurred because of that misconduct, in addition to the costs

9 that 28 U.S.C. §1920 grants them as prevailing parties.

10

## BACKGROUND

11

Hagens Berman's "misrepresentations" about former plaintiff Steven Floyd

12 sent both the Court and defendants on an "unfortunate detour." Order 1. On Janu-

13 ary 16, 2024, Floyd told his counsel that he "no longer wanted to participate in this

14 litigation." *Id.* at 3. That created a "jurisdictional defect." *Id.* at 15; *see, e.g.*, *Shell Gulf*

15 *of Mexico Inc. v. Ctr. for Bio. Diversity, Inc.*, 771 F.3d 632, 637 (9th Cir. 2014) ("Article

16 III requires the existence of adverse legal interests.").

17

Instead of promptly informing the Court and defendants, counsel misrepre-

18 sented Floyd's status, displaying a "prolonged lack of candor," Order 8, that caused

19 defendants to incur substantial legal fees. While claiming to act "transparen[tly],"

20 counsel misled defendants in mid-February by claiming that Floyd had simply "be-

21 come difficult to reach" and had "not withdrawn as a class representative." *Id.* at 2.

22 They also misled the Court by moving to amend the complaint "without meaningful

23 input from Floyd." *Id.* at 2, 12 n.5. Although counsel had actual knowledge that Floyd

24 did not want to represent the class and "no longer wanted to participate," they again

25 claimed that he'd simply "become difficult to reach" and "could be experiencing some

26 type of personal emergency." *Id.* at 2–3. "Counsel's lack of transparency about the

27

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    circumstances giving rise to the motion … suggest that the motion was an attempt at

2    sleight of hand rather than a procedurally proper motion." *Id.* at 15 n.8.

3         These omissions and misstatements "sapped substantial Court time," *id.* at 1,

4    and needlessly drained defendants' resources. Had Hagens Berman been candid in

5    January 2024, the Court could've issued a show-cause order then and there, as it later

6    did when Hagens Berman's misconduct came to light. *See* Dkt. 203. Instead, unaware

7    that there was a "jurisdictional gap," the Court was forced to take up the motion to

8    amend—reviewing 34 pages of briefing and 131 pages of exhibits and holding a hear-

9    ing that filled 51 transcript pages. The Court ultimately granted the motion in May,

10   relying on "the veracity of counsel's representations." *Id.* at 3–4. Then, in the months

11   that followed, the Court resolved multiple motions to compel after hearing argument

12   and reviewing voluminous briefing, *see* Dkts. 129, 132, 138. Between the parties' du-

13   eling motions, and the cross-motion to withdraw Floyd, these discovery disputes re-

14   quired the Court to review 62 pages of briefing, 77 pages of exhibits, and 15 pages of

15   declarations, and to hold a 59-page-long hearing.

16        In September 2024—on the deadline to produce Floyd's discovery responses—

17   Hagens Berman moved to withdraw as Floyd's counsel, telling the Court that their

18   relationship with Floyd had "fundamentally broke[n] down." Order 5. Defendants op-

19   posed that motion and urged the Court to review Floyd's communications with Ha-

20   gens Berman *in camera. Id*. Defendants also moved for discovery sanctions. *Id*. The

21   Court ordered Hagens Berman to produce certain communications, imposed sanc-

22   tions, and eventually dismissed Floyd's claims with prejudice. *Id.* at 6.

23        Citing evidence of Hagens Berman's misrepresentations, Apple also asked the

24   Court to reconsider its order granting leave to amend. Dkt. 221. The Court granted

25   that motion in September 2025, finding no "good cause to modify the case schedule to

26   permit … amendment." Order 18. "Without a plaintiff remaining to prosecute," the

27   DEFENDANTS' MOTION FOR
     ATTORNEYS' FEES AND COSTS
     (CASE NO. 2:22-CV-01599-KKE) – 2

1   Court dismissed the case with prejudice as to Floyd, and "without prejudice to claims

2   brought by any remaining putative class members." *Id.* at 19.

    \*      \*      \*

4       Twenty months elapsed between January 2024, when the "jurisdictional de-

5   fect" emerged, and September 2025, when this Court dismissed the case. Order 15.

6   During that time, the case proceeded through another fourteen months of fact discov-

7   ery and then six months of expert discovery and class-certification briefing. All the

8   while, defendants continued to expend significant resources on necessary tasks such

9   as (1) responding to discovery requests; (2) producing documents and written discov-

10  ery responses; (3) preparing and defending company witnesses in numerous deposi-

11  tions; (4) taking discovery, including depositions, from would-be plaintiffs Jolene

12  Furdek and Jonathan Ryan and from important third parties; (5) meeting and con-

13  ferring with Hagens Berman; (6) briefing and arguing discovery disputes; (7) retain-

14  ing an expert for class certification; and (8) preparing for class-certification briefing.

15  Then, in the months that followed, Hagens Berman moved for class certification, put-

16  ting forth two experts in the process. This required defendants to spend further re-

17  sources on class-certification tasks, including (9) researching, writing, and filing their

18  brief in opposition; (10) deposing Hagens Berman's two experts; and (11) researching,

19  writing, and filing motions to exclude both experts. All told, the litigation that fol-

20  lowed counsel's misrepresentations constituted a significant portion of the work done

21  on this case. But for Hagens Berman's misrepresentations and lack of candor, defend-

22  ants would not have had to incur the fees and costs associated with those tasks.

23

24

25

26

    ATTORNEYS' FEES AND COSTS
    (CASE NO. 2:22-CV-01599-KKE) – 3

    Davis Wright Tremaine LLP
    LAW OFFICES
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    206.622.3150 main · 206.757.7700 fax

1

**ARGUMENT**

2   **I.   The Court should award defendants the attorneys' fees they incurred because of Hagens Berman's misrepresentations.**

3

4      **A.   Courts may award attorneys' fees incurred because of counsel's misrepresentations.**

5          Although the U.S. legal system "generally requires each party to bear his own

6   litigation expenses," *Fox v. Vice*, 563 U.S. 826, 832 (2011), "that rule does not apply"

7   when counsel "have abused the processes of the courts." *Roadway Express, Inc. v.*

8   *Piper*, 447 U.S. 752, 754, 765–66 (1980). To remedy such abuses, Congress has au-

9   thorized courts to require "[a]ny attorney" who "multiplies the proceedings in any

10  case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses,

11  and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927.

12  And federal courts also have "inherent power to assess attorneys' fees against coun-

13  sel." *Roadway Express*, 447 U.S. at 765. Courts may rely on either their statutory

14  authority or their inherent authority when ordering counsel to pay attorneys' fees.

15  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

16          A district court may award attorneys' fees when it finds that counsel acted in

17  bad faith. The Ninth Circuit has interpreted §1927's "unreasonabl[e] and vexatiou[s]"

18  requirement to call for "intent, recklessness or bad faith." *Barnd v. City of Tacoma*,

19  664 F.2d 1339, 1343 (9th Cir. 1982); *see also Lahiri v. Universal Music & Video Dis-*

20  *trib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010). Likewise, a court may use its inherent

21  authority to award fees for conduct that "constituted or was tantamount to bad faith."

22  *Roadway Express*, 447 U.S. at 767; *see also Barnd*, 664 F.2d at 1342.

23          The Ninth Circuit "ha[s] held that recklessly or intentionally misrepresenting

24  facts constitutes the requisite bad faith" for which "sanctions … are appropriate." *In*

25  *re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (citation modified) (discussing §1927

26  sanctions); *see also Indiezone, Inc. v. Rooke*, 720 F. App'x 333, 337 (9th Cir. 2017)

27  DEFENDANTS' MOTION FOR
    ATTORNEYS' FEES AND COSTS
    (CASE NO. 2:22-CV-01599-KKE) – 4

1    (same for inherent-authority sanctions). District courts throughout the circuit have

2    found the bad-faith standard "met when a party misrepresents … facts to the court."

3    *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 925 (N.D.

4    Cal. 2023). In *Lake v. Gates*, for example, the Ninth Circuit affirmed a §1927 fee

5    award based on "factual misrepresentations." 130 F.4th 1064, 1070–71 (9th Cir.

6    2025). And in *Avendano v. Security Consultants Group*, the district court granted at-

7    torneys' fees under its inherent power because counsel's "misrepresentations" were

8    "an appropriate basis for sanctions." 2014 WL 6773027, at *11 (D. Nev. Dec. 2, 2014).

9    　　　If a court finds bad faith, it may order the offender to cover all attorneys' fees

10   that "would not have been incurred except for the misconduct." *Goodyear Tire & Rub-*

11   *ber Co. v. Haeger,* 581 U.S. 101, 111 (2017); *see also id.* at 108 n.5 (discussing §1927).

12   "The court's fundamental job is to determine whether a given legal fee—say, for tak-

13   ing a deposition or drafting a motion—would or would not have been incurred in the

14   absence of the sanctioned conduct." *Id.* at 110. A court may award "the sum total of

15   the fees that, except for the misbehavior, would not have accrued." *Id.* Trial courts

16   have "wide discretion" in calculating fee awards and "may take into account their

17   overall sense of a suit." *Fox*, 563 U.S. at 838–39.

18   **B.    Amazon and Apple incurred attorneys' fees because Hagen**
19   　　　**Berman misled the Court.**

20   　　　**1.    This Court has already found that Hagens Berman**
     　　　　　　**misrepresented the facts about Floyd's participation.**

21   　　　As discussed above, Hagens Berman's "misrepresentations" are "well-docu-

22   mented." Order 1. On January 16, 2024, Floyd "informed his counsel that he no longer

23   wanted to participate in this litigation." *Id.* at 3. Yet counsel "misrepresented their

24   January 16 communications," *id.*, by "denying that Floyd had said anything at all

25   about withdrawal," *id.* at 12. That "misled Defendants and the Court." *Id.* And while

26   counsel still claim not to have known "the extent of the withdrawal that Floyd

27   DEFENDANTS' MOTION FOR
     ATTORNEYS' FEES AND COSTS
     (CASE NO. 2:22-CV-01599-KKE) – 5

1   intended," *id.*, they kept the Court in the dark "for many months" after moving for

2   leave to amend. This denied the Court any opportunity to clarify Floyd's intentions

3   before ruling on the motion—even as counsel themselves apparently grasped the need

4   to do so. *See* Mot. to Alter or Amend Judgment, Dkt. 256 at 4 (claiming that Hagens

5   Berman asked Floyd for clarity in February 2024). Only in May 2025, when Floyd

6   ignored the Court's order to show cause, was the Court able to confirm that he lacked

7   any interest in pursuing his claims. In short, Hagens Berman covered up a "jurisdic-

8   tional defect" for months by "conceal[ing] Floyd's intentions and mischaracteriz[ing]"

9   the situation as simple "failure to communicate for unknown reasons"—all while "in-

10  sisting that Floyd had not withdrawn." Order 14–15. Those statements "misrepre-

11  sent[ed]" the facts and constituted bad faith. *In re Girardi*, 611 F.3d at 1061.

### 2.   Hagens Berman's misrepresentations caused defendants to incur fees they would not otherwise have incurred.

14        Amazon and Apple are seeking four categories of attorneys' fees for time spent

15  after January 16, 2024 that they would not have incurred absent Hagens Berman's

16  misrepresentations and "lack of candor regarding the circumstances motivating the

17  amendment." Order 16–17. Those categories are: (1) discovery from defendants,

18  (2) discovery of Furdek and Ryan, (3) class-certification briefing, and (4) Apple's re-

19  quest for reconsideration. We are not seeking any fees related to the prior sanctions

20  award, as to which the Court already resolved our request for fees and costs. *See* Dkt.

21  224. And we have also taken a conservative approach, refraining from seeking fees

22  related to the first motion to compel discovery from Floyd, Dkt. 104; the Court's *in*

23  *camera* review; the motion to amend, Dkt 86; or other litigation-related costs incurred

24  because of counsel's misrepresentations.

25        *First*, defendants incurred attorneys' fees responding to discovery requests

26  that Hagens Berman issued after Floyd withdrew on January 16, 2024, while there

27

1  was no "plaintiff remaining to prosecute this action." Order 19. This included re-

2  sponding to requests for production and producing documents; responding to inter-

3  rogatories; defending company witnesses at depositions; drafting and responding to

4  a motion to compel; preparing for and conducting hearings on discovery disputes; and

5  working on meet and confers, emails, and negotiations related to defendants' discov-

6  ery responses.

7       *Second*, defendants incurred fees related to seeking discovery from Furdek and

8  Ryan. Once Hagens Berman's misrepresentations came to light, the Court deter-

9  mined that "the complaint may not be amended to add Furdek and Ryan as named

10 plaintiffs." *Id.* at 18. Had this become clear in 2024, Amazon and Apple would not

11 have spent time seeking discovery from them because the case would have been dis-

12 missed. Instead, Hagens Berman concealed the truth, necessitating another round of

13 interrogatories and requests for production, as well as depositions of both Furdek and

14 Ryan. This discovery required defendants to incur significant attorneys' fees that they

15 wouldn't have incurred but for Hagens Berman's misrepresentations.

16      *Third*, defendants incurred attorneys' fees related to class certification. When

17 the Court granted leave to amend, it "assumed the veracity of counsel's representa-

18 tions that Floyd would be continuing in the litigation." *Id.* at 4. As a result, the case

19 progressed to the class-certification phase—during which Amazon and Apple in-

20 curred considerable attorneys' fees on briefing and expert depositions. Specifically,

21 defendants filed a 45-page opposition to Hagens Berman's motion for class certifica-

22 tion, along with nearly 40 pages' worth of *Daubert* briefing. They also were required

23 to conduct roughly fifteen hours' worth of expert depositions. But for Hagens Ber-

24 man's misrepresentations, the case would not have reached class certification, and

25 defendants would not have had to incur those expenses.

26

27

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *Finally,* Apple incurred attorneys' fees related to its motion for reconsideration.

2    In May 2025, Apple moved the Court to reconsider its prior order granting Floyd leave

3    to amend, citing new facts about Hagens Berman's "lack of candor regarding the cir-

4    cumstances motivating" that motion, which came to light after the Court's *in camera*

5    review of Hagens Berman's communications with Floyd. *Id.* at 16–17. But for "coun-

6    sel's lack of candor," Apple would have had no need to expend resources on moving

7    for reconsideration. *Id.* at 9.

8    **C.    Defendants are entitled to a reasonable fee award.**

9    Courts in the Ninth Circuit calculate fee awards using the "lodestar method."

10   *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under that ap-

11   proach, the court multiplies hours reasonably expended by a reasonable hourly rate.

12   *See id.* To determine that rate, the court considers the rate prevailing in the district

13   "for similar work performed by attorneys of comparable skill, experience, and repu-

14   tation." *Amazon.com, Inc. v. Wong*, 2023 WL 5206373, at *1 (W.D. Wash. Aug. 14,

15   2023) (quoting *Chalmers v. City of L.A.,* 796 F.2d 1205, 1210–11 (9th Cir. 1986)). As

16   detailed below and in the accompanying declarations, Amazon seeks attorneys' fees

17   for 1,742.6 hours reasonably expended, yielding a fee award of $1,413,239 under rea-

18   sonable hourly rates prevailing in the Western District of Washington. Apple seeks

19   attorneys' fees for 851.9 hours reasonably expended, yielding a fee award of

20   $540,043.00 under reasonable hourly rates prevailing in this district. These hourly

21   rates are comparable to those this Court has previously found reasonable. *See* Dkt.

22   224.

23   **1.    Hours reasonably expended.**

24   Defendants have exercised billing judgment in reviewing their records and cal-

25   culating hours expended. Although the four categories described above (at 7–8)

26

27   DEFENDANTS' MOTION FOR
     ATTORNEYS' FEES AND COSTS
     (CASE NO. 2:22-CV-01599-KKE) – 8

1    include a broad range of activities, defendants are only seeking fees for time spent on

2    the following tasks after January 2024:

- Preparing to depose and deposing Furdek and Ryan;

- Drafting and filing a joint brief opposing the motion to compel discovery, Dkt. 116, drafting the joint discovery letter, and appearing for oral argument;

- Defending depositions of company or individual witnesses;

- Drafting and filing a joint brief opposing class certification, Dkt. 246;

- Preparing to depose and deposing Hagens Berman's experts, Luis Cabral and Kenneth Flamm;

- Drafting and filing joint motions to exclude expert testimony of Luis Cabral, Dkt. 244, and Kenneth Flamm, Dkt. 247;

- Drafting and filing a motion for reconsideration, Dkt 221; and

- Meeting and conferring with Hagens Berman on numerous issues.

These fee requests are significantly underinclusive. Defendants are not seeking fees for the time they spent (1) reviewing and producing documents in response to requests for production, including contract-attorney time; (2) discussing strategy and meeting with clients; (3) developing strategy, including conducting legal research and drafting memoranda; (4) case management; or (5) preparing company witnesses for deposition. (The only deposition-preparation task for which defendants seek fees is drafting deposition outlines.) Nor are defendants seeking fees for (6) work related to their expert, Dr. Johnson, submitted in support of their opposition to class certification.

The accompanying declarations detail the hours worked on these tasks. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (fee petitions should include "evidence supporting the hours worked and rates claimed").

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *Amazon.* Amazon is submitting declarations from its three law firms: Sidley

2    Austin LLP (its national counsel), Redgrave LLP (its discovery counsel), and Davis

3    Wright Tremaine LLP (its Washington counsel). Based on a review of each firm's

4    contemporaneous records, Amazon is seeking fees for 1,610.7 hours expended by

5    Sidley, *see* Mundel Decl. ¶5; 101.8 hours expended by Redgrave, *see* Dugan Decl. ¶7;

6    and 30.1 hours expended by Davis Wright Tremaine, *see* Goldmark Decl. ¶11. In total,

7    Amazon seeks attorneys' fees for 1,742.6 hours spent on the tasks listed above. (Alt-

8    hough Amazon's counsel operate on alternate-fee arrangements, the lodestar method

9    is still appropriate to calculate attorneys' fees. *Straight Path IP Grp., Inc. v. Cisco*

10   *Sys., Inc.*, 2020 WL 5522993, at *4 (N.D. Cal. Mar. 4, 2020).)

11   *Apple.* Apple is submitting declarations from its three law firms: O'Melveny

12   & Myers LLP (Pletcher Decl. ), Weil Gotshal & Manges LLP (Liegel Decl.), and Or-

13   rick, Herrington & Sutcliffe LLP (Parris Decl.). The accompanying declarations detail

14   the hours Apple's lawyers worked on each of the categories for which Apple seeks fees

15   based on a review of each firm's contemporaneous time records. O'Melveny & Myers

16   LLP worked 581.2 hours, Pletcher Decl. ¶ 6, Ex. A; Weil Gotshal & Manges LLP

17   worked 240.5 hours, Liegel Decl. ¶ 5; and Orrick, Herrington & Sutcliffe LLP worked

18   30.2 hours, Parris Decl., Ex. A. In total, Apple seeks attorneys' fees for 851.9 hours

19   spent on the tasks listed above.

20                  **2.    Reasonable hourly rates.**

21        Both Amazon and Apple are seeking fees based on their local counsel's stand-

22   ard rates in the Western District of Washington. Those are the same benchmarks we

23   previously used when seeking fees and expenses incurred in moving to compel dis-

24   covery and moving for discovery sanctions against Floyd. Dkt. 208. Hagens Berman

25   did not contest any part of that prior fee motion, including the reasonableness of the

26

27   DEFENDANTS' MOTION FOR
     ATTORNEYS' FEES AND COSTS
     (CASE NO. 2:22-CV-01599-KKE) – 10

1  rates charged by defendants' local counsel. Dkt. 223 at 2. The Court granted defend-

2  ants' motion in full, finding the fee requests "reasonable." Dkt. 224.

3      ***Amazon.*** Amazon is seeking fees based on Davis Wright Tremaine's standard

4  hourly rates in this district, even though standard rates at Sidley and Redgrave are

5  significantly higher. Mundel Decl. ¶8; Dugan Decl. ¶10.

6      As discussed in Amazon's prior fee motion, courts in this district have accepted

7  Davis Wright Tremaine's rates as reasonable and appropriate in a wide variety of

8  cases. In *Amazon.com, Inc. v. Wong*, for example, the court found Davis Wright Tre-

9  maine's standard rates reasonable because they are "comparable to those prevailing

10  in the community for similar work performed by attorneys of comparable skill, expe-

11  rience, and reputation." 2022 WL 1092518, at *2 (W.D. Wash. Apr. 12, 2022) (citation

12  modified) (hourly rates of $785 for partners and $535 for associates). *See also* Order,

13  *Amazon.com, Inc. v. King*, No. 22-2-12548-9 SEA (Wash. Super. Ct. Mar. 12, 2024)

14  (unpublished) (finding DWT's $129,443.00 in attorneys' fees reasonable); Order, *Am-

15  azon.com, Inc. v. Bishal*, No. 22-2-125550-1 SEA (Wash Super. Ct. May 20, 2024) (un-

16  published) (finding DWT's $78,944.00 in attorneys' fees reasonable); *Ebbeler v. An-*

17  *drews*, 21 Wn. App. 2d 1005, 2022 WL 594121, at *15 (unpublished) (affirming

18  $264,372 fee award and trial court's finding that DWT's rates were "objectively rea-

19  sonable in light of the experience of counsel representing Defendant in this locale");

20  *review denied*, 199 Wash. 2d 1024 (2022); *Buich v. Tadich Grill Dev. Co.*, 11 Wn. App.

21  2d 1063, 2020 WL 60310, at *8–9 (2020) (unpublished) (upholding lodestar award

22  based on DWT's standard rates because "[w]here attorneys have an established rate

23  for billing clients, that rate will likely be the reasonable rate").

24      These rates also align with those of similarly highly qualified West Coast coun-

25  sel. *See, e.g.*, *Dunne v. Quantum Residential Inc.*, 2025 WL 896741, at *1–2 (W.D.

26  Wash. Mar. 24, 2025) (approving hourly rates up to $975 per hour for partners in

27  DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 11

1  class action); *Stanikzy v. Progressive Direct Ins. Co.*, 2022 WL 1801671, at *6 (W.D.
2  Wash. June 2, 2022) (approving hourly rate of $1,000 per hour in 2022 for partner in
3  class action), *aff'd*, 2023 WL 4837875 (9th Cir. July 28, 2023).

4  　　　　*Apple.* Apple seeks fees based on the standard Washington rates charged by
5  its Washington counsel, Orrick, Herrington & Sutcliffe LLP, even though O'Melveny
6  & Myers LLP's and Weil, Gotshal & Manges LLP's standard rates exceed those that
7  Orrick, Herrington & Sutcliffe LLP charges in Washington.

8  　　　　As explained in defendants' prior fee motion, Orrick, Herrington & Sutcliffe's
9  Washington rates fall at or below the median for the attorneys' experience levels in
10  the Puget Sound market area. Dkt. 208 at 5–6; Dkt. 210. Courts in this district accept
11  similar rates as reasonable and appropriate, *Wong*, 2022 WL 1092518, at *2, as do
12  Washington state courts, *Buich*, 2020 WL 60310, at *8–9. The requested rates aligned
13  with rates of similarly high-qualified West Coast counsel, as noted above.

14  ## II.　　The Court should award costs under 28 U.S.C. §1920 because
15  defendants are prevailing parties.

16  　　　　Prevailing parties are entitled to seek costs under 28 U.S.C. §1920. *Stormans*
17  *Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1107 (W.D. Wash. 2012). Here, defendants are
18  prevailing parties because the Court dismissed Floyd's claims with prejudice. *See Pre-*
19  *pared Food Photos, Inc. v. Pool World, Inc.*, 752 F. Supp. 3d 1230, 1232 (E.D. Wash.
20  2024) (dismissal with prejudice typically confers prevailing status on defendants);
21  *Cadkin v. Loose*, 569 F.3d 1142, 1149–50 (9th Cir. 2009) (dismissal with prejudice is
22  a material alteration in the legal relationship). As the attached bill of costs shows,
23  Amazon's costs amount to $75,281.64, *see* Mundel Decl. ¶9, and Apple's costs amount
24  to $66,037.10, *see* Pletcher Decl. ¶ 8; Liegel Decl. ¶ 7; and Parris Decl., Ex. A.

25

26

27  DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 12

1

## CONCLUSION

2    The Court should order Floyd's counsel to pay Amazon $1,413,239 to cover

3  1,742.6 hours reasonably expended and pay Apple $540,043 to cover 851.9 hours rea-

4  sonably expended. The Court should also order Floyd's counsel to pay Amazon

5  $75,281.64 in costs and pay Apple $66,037.10 in costs as prevailing parties.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(CASE NO. 2:22-CV-01599-KKE) – 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Undersigned counsel certifies that this brief contains 3,652 words, in compli-

2  ance with Local Rule 7(e).

3    DATED this 3rd day of November, 2025.

4

5  **DAVIS WRIGHT TREMAINE**        **ORRICK, HERRINGTON &**
                                    **SUTCLIFFE LLP**

6  */s/ John Goldmark*
   John Goldmark (WSBA No. 40980)   */s/ Mark S. Parris*
7  MaryAnn Almeida (WSBA No. 49086) Mark S. Parris (WSBA No. 18370)
   Emily Parsons (WSBA No. 57061)   401 Union Street, Suite 3300
8  920 Fifth Avenue, Suite 3300     Seattle, WA 98101
   Seattle, WA, 98104              Phone: (206) 839-4300
9  Phone: (206) 622-3150            mparris@orrick.com
   johngoldmark@dwt.com
10 maryannalmeida@dwt.com
   emilyparsons@dwt.com            Eric Hochstadt
11                                  51 West 52nd Street
                                    New York, NY 10019
12                                  Phone: (212) 506-5000
                                    ehochstadt@orrick.com
13

14 **SIDLEY AUSTIN LLP**            **O'MELVENY & MYERS LLP**

15 */s/ Benjamin M. Mundel*         */s/ Anna T. Pletcher*
16 Mark D. Hopson (*pro hac vice*)  Anna T. Pletcher (*pro hac vice*)
   Benjamin M. Mundel (*pro hac vice*)  Two Embarcadero Center
17 Jacqueline E. Fradette (*pro hac vice*)  San Francisco, CA 94111
   1501 K Street, N.W.              Phone: (415) 984-8700
18 Washington, D.C. 20005           apletcher@omm.com
   Phone: (202) 736-8000
19 mhopson@sidley.com
   bmundel@sidley.com              Benjamin Bradshaw (*pro hac vice*)
20 jfradette@sidley.com             Sergei Zaslavsky (*pro hac vice*)
                                    1625 Eye Street, NW
21                                  Washington, DC 20006
                                    Phone: (202) 383-5300
22 *Attorneys for Amazon.com, Inc.* bbradshaw@omm.com
                                    szaslavsky@omm.com
23

24                                  *Attorneys for Apple Inc.*

25

26

27 DEFENDANTS' MOTION FOR                    Davis Wright Tremaine LLP
   ATTORNEYS' FEES AND COSTS                        LAW OFFICES
                                             920 Fifth Avenue, Suite 3300
   (CASE NO. 2:22-CV-01599-KKE) – 14            Seattle, WA  98104-1610
                                          206.622.3150 main · 206.757.7700 fax