The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>  Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE RE: PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT [DKT. 256]** |

PLTFS' RESP. TO DEFS.' NOTICE RE: PLTFS' MOTION TO ALTER OR AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE
011121-11/3347746 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs filed on October 27, 2025, a Motion to Alter or Amend Judgment and for Relief Therefrom Pursuant to Rules 59(e) and 60(b) ("Motion"). *See* Dkt. No. 256. Pursuant to LCR 7(d)(3), the Motion is noted for November 17, 2025, requiring that Defendants file any opposition brief by November 12, 2025. Defendants have responded by requesting that the Court treat Plaintiffs' Motion as one for reconsideration under LCR 7(h), and re-note it as a same-day motion subject to the briefing procedures prescribed for LCR 7(h) motions for reconsideration. *See* Dkt. No. 271; LCR 7(h)(2)-(3). One of those requirements is that no opposition brief be filed absent a request from the Court. *See* LCR 7(h)(3).

Defendants' request should be denied. Defendants conflate (a) motions for reconsideration brought under LCR 7(h) with (b) motions to alter or amend a judgment under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. These are alternative vehicles for seeking relief with distinct procedural requirements. Motions for reconsideration are governed by the Court's "inherent authority as regulated by this district's Local Civil Rule 7(h)." *Baronius Press Ltd. v. Faithlife Corp.*, 2024 WL 1909087, at *2 (W.D. Wash. May 1, 2024). Any "order" can be reconsidered under LCR 7(h). By contrast, when judgment has entered, as here, parties may alternatively invoke "Rules 59(e) or 60(b), which govern when a Court can modify or amend judgments and final orders." *Id.*; *see also McGlown v. Mellburg Fin. Grp., Inc.*, 2018 WL 4700555, at *1 (W.D. Wash. Oct. 1, 2018) (treating LCR 7(h) motions and FRCP 59 and 60 motions as alternative grounds for relief with distinct procedural requirements).

The procedures set forth in LCR 7(h) cannot be imported into a motion brought under Rules 59(e) or 60(b). *See John M. Floyd & Assocs., Inc. v. TAPCO Credit Union*, 550 F. App'x 359, 360-61 (9th Cir. 2013) (holding that "district court erred" by applying LCR 7(h)'s procedures—specifically the 14-day filing deadline—to motion brought under Fed. R. Civ. P. 59(e)); *see also* Fed. R. Civ. P. 83(a)(1). Notably, Defendants cite no case in which a Court imposed LCR 7(h) procedural requirements on a properly noticed Rule 59(e) or 60(b) motion following entry of judgment. Quite the opposite, in one of Defendants' cases, the Rule 60(b) motion was noticed as a 21-day motion (as here), and the defendant filed an opposition brief by

PLTFS' RESP. TO DEFS.' NOTICE RE: PLTFS'
MOTION TO ALTER OR AMEND JUDGMENT - 1
Case No. 2:22-cv-01599-KKE
011121-11/3347746 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

the operative deadline without any request by the Court. *See Alexander v. Wells Fargo, Bank, N.A*, 2016 WL 4543229, at *1 (W.D. Wash. Jan. 28, 2016) (noting defendants "have filed an opposition"); *see also Alexander* Dkt. Nos 20, 21.[1]  This Court has likewise resolved 60(b) motions on the default 21-day briefing schedule with opposition and reply briefing. *See Suzuki v. Marinepolis USA, Inc.*, 2024 WL 5169915, at *1 (W.D. Wash. Dec. 19, 2024) (Evanson, J.); *Suzuki* Dkt. Nos. 69, 72, 73.

Amazon itself has repeatedly abided by the 21-day standard briefing schedule on Rule 59(e) and 60(b) motions, submitting an opposition brief on the standard timeline, without any suggestion that the motion was governed by LCR 7(h) procedures. *See McCarthy v. Amazon.com, Inc.*, 2023 WL 5509258, at *3 (W.D. Wash. Aug. 25, 2023) (59(e) motion); *McCarthy* Dkt. No. 65; *Amazon.com, Inc. v. Does 1-20*, 2025 WL 1866088, at *1 (W.D. Wash. July 7, 2025) (60(b) motion). *Does 1-20* is particularly on point. The defendant there filed a 60(b) motion to set aside a judgment for Amazon. *See Does 1-20* Dkt. No. 129.  The motion was noted on a 21-day briefing schedule, and (unlike here) Amazon filed an opposition to the 60(b) motion without any request by the Court. *See id*. Dkt. No. 130. The defendant moved to strike Amazon's opposition with the same argument Amazon advances today—that the motion was effectively a request for reconsideration, and thus an opposition brief was not permitted without leave of court under LCR 7(h). *See id.* Dkt. No. 136. The Court denied the motion to strike because the motion was brought under Rule 60(b) following entry of judgment, not LCR 7(h). *See* Dkt. No. 137. In sum, Defendants know that LCR 7(h) procedures do not apply here, because Defendants (correctly) have not followed those procedures in prior cases involving Rule 59(e) and 60(b) motions.

---

[1] Defendants remaining cases likewise lend them no assistance. *See Banken v. Driscoll*, 2025 WL 3035984, at *1 (W.D. Wash. Oct. 30, 2025) (Evanson, J.) (discussing LCR 7(h) standard where *no judgment had entered* and party sought reconsideration of discovery ruling and denial of summary judgment); *Johnson v. Santos*, 2025 WL 1519126, at *1 (W.D. Wash. May 28, 2025) (discussing LCR 7(h) substantive standard without importing any procedural requirements into properly noticed Rule 59(e) or 60(b) motion).

PLTFS' RESP. TO DEFS.' NOTICE RE: PLTFS'
MOTION TO ALTER OR AMEND JUDGMENT - 2
Case No. 2:22-cv-01599-KKE
011121-11/3347746 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

1    Plaintiffs' properly noted Rule 59(e) and 60(b) motion is a 21-day motion under the
2 unambiguous terms of LCR 7(d)(3). *See* LCR 7(d)(3) ("all other motions shall be noted for
3 consideration no earlier than 21 days from the date of filing"). To the extent Defendants wish to
4 oppose the motion, that opposition is due November 12, 2025. *See id.*[2]

DATED: November 7, 2025           Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Steve W. Berman*
   Steve W. Berman (WSBA No. 12536)
By /s/ *Theodore Wojcik*
   Theodore Wojcik (WSBA No. 55553)
By /s/ *Meredith Simons*
   Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

---

[2] The deadline technically falls on November 11, 2025, but that is Veterans Day, a legal holiday.

PLTFS' RESP. TO DEFS.' NOTICE RE: PLTFS'
MOTION TO ALTER OR AMEND JUDGMENT - 3
Case No. 2:22-cv-01599-KKE
011121-11/3347746 V1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

                         */s/ Steve W. Berman*
                         Steve W. Berman

PLTFS' RESP. TO DEFS.' NOTICE RE: PLTFS'
MOTION TO ALTER OR AMEND JUDGMENT - 4
Case No. 2:22-cv-01599-KKE
011121-11/3347746 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX