UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al.,<br><br>                Plaintiff(s),<br>    v.<br><br>AMAZON.COM INC., et al.,<br><br>                Defendant(s). | CASE NO. C22-1599-KKE<br><br>ORDER STAYING BRIEFING DEADLINES |

After Plaintiffs secured Defendants' agreement to extend the Local Rules W.D. Wash. LCR 7 deadline for filing a motion for reconsideration (Dkt. No. 252), instead of filing a motion under that rule, Plaintiffs filed a motion to alter/amend judgment or for relief from judgment under Federal Rules of Civil Procedure 59 and 60. Dkt. No. 256. Submitted along with this motion is a motion to consider evidence *in camera* and three expert declarations. Dkt. Nos. 258–61. Plaintiffs' Rule 59/60 motion is noted in accordance with the Local Rules as a 21-day motion.

Defendants object to the noting date of Plaintiffs' motion, arguing that it should be treated as a motion for reconsideration and therefore noted as a same-day motion without calling for a response from Defendants unless ordered by the Court. Dkt. No. 271. Although Plaintiffs previously led the Defendants and the Court to expect that they would file a motion for reconsideration under Local Rule 7, Defendants have not shown that Rules 59 and 60 are inapplicable here or that Plaintiffs' motion was improperly noted under those Rules. *See, e.g.*,

ORDER STAYING BRIEFING DEADLINES - 1

*Feis v. Mayo*, No. C23-462-MLP, 2024 WL 2845937 (W.D. Wash. June 5, 2024) (considering a motion for reconsideration of an order granting summary judgment under Local Rule 7, Federal Rule 59, and Federal Rule 60); *El-Shawary v. U.S. Bank Nat'l Ass'n*, C18-1456-JCC, 2021 WL 5564703 (W.D. Wash. Nov. 29, 2021) (same).

The Court will not recharacterize Plaintiffs' motion as a motion for reconsideration under Local Rule 7. Defendants have not cited authority supporting such an action, nor is the Court aware of any. Because judgment has been entered in this case, it is not improper for Plaintiffs to seek relief related to that judgment under Federal Rules 59 or 60.

The Court is, however, persuaded to STAY the briefing of Plaintiffs' Rule 59/60 motion until the Court can resolve the discovery issue referenced in Defendants' notice. Dkt. No. 271 at 2. While the Court will not, at this point, determine whether any evidence offered in support of Plaintiffs' motion could justify the relief Plaintiffs request, to the extent Defendants argue that discovery is necessary to oppose Plaintiffs' motion, it serves judicial economy to resolve this argument before Defendants are required to file their opposition. The parties shall therefore file a joint discovery dispute statement no later than November 14, 2025, identifying the scope of discovery Defendants request and Plaintiffs' position on providing it. The Court will then schedule a conference in due course. The Court will re-note Plaintiffs' Rule 59/60 motion after resolution of the discovery dispute.

Dated this 10th day of November, 2025.

Kymberly K. Evanson
United States District Judge