The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>AMAZON.COM, INC. and APPLE INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**JOINT DISCOVERY DISPUTE STATEMENT** |

　　　Counsel for Amazon, Apple, Furdek, and Ryan have met and conferred in accordance with this Court's November 10, 2025 Order, and have narrowed their disputes to the matters outlined in this joint statement submitted in accordance with this Court's Procedures for Civil Cases. *See* ECF No. 273.

### I. Amazon and Apple's Statement of the Issue.

Citing "new evidence," nonparties Jolene Furdek and Jonathan Ryan have now asked the Court to modify or set aside its September 29 order reconsidering and denying former plaintiff Steven Floyd's motion to amend to add them as plaintiffs. Dkt. 256. Furdek and Ryan's "new evidence" is: (1) a February 26, 2024 email between Floyd and Hagens Berman and (2) declarations of three experts who opine that the Court manifestly erred in finding that Floyd's withdrawal created a jurisdictional gap requiring dismissal. *Id.* at 7. Although this Court previously reviewed *in camera* a subset of the communications on the "Amended Floyd Communications Log" (Dkt. No. 174 at 5–17, hereinafter the "Log"), two of these experts were provided with *every* communication on the Log. Despite disclosing *all* the logged communications to these experts, Furdek and Ryan now ask the Court to review *only* the February 26, 2024 email, and they refuse to produce any of Floyd's communications to defendants.

**A.** As a threshold matter, the purported "new evidence" is improper, and the Court can deny Furdek and Ryan's motion without discovery or further briefing. *First,* "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (discussing Rule 59(e)); *see also Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (under Rule 60(b), "[e]vidence in the possession of the party before the judgment was rendered is not newly discovered"). Hagens Berman had multiple prior opportunities to bring the February 26, 2024 email and their three experts' opinions to the Court's attention. These included (1) when they opposed defendants' motion to compel, Dkt. 176; (2) when they responded to defendants' reactivated motion for sanctions, Dkt. 197–98; (3) when this Court ordered *in camera* review, Dkt. 199; and (4) when they responded to Apple's motion for reconsideration, Dkt. 221. *Second*, and in all events, neither a lone, unanswered email sent three days before the motion to amend nor the expert reports could undermine the Court's diligence findings. Dkt. 174 at 7; Dkt. 250 at 17, 18.

**B.** If the Court considers this newly submitted evidence, however, the Court should order Hagens Berman to produce all written communications listed on the Log considered by the experts. *See* Dkt. 258 at 2; Dkt. 259 at 5; Dkt. 260 at 4. Furdek and Ryan put Floyd's communications with Hagens Berman "at issue" by making them the centerpiece of their motion, and defendants cannot fully respond to their assertions without reviewing the communications that "go to the heart of" the issue. *3D Sys., Inc. v. Wynne*, 2024 WL 940318, at *6 (S.D. Cal. Feb. 21, 2024).

Furdek and Ryan can't avoid discovery by invoking privilege. *First*, "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Here, Furdek and Ryan are trying to use privilege as both a sword (introducing privileged communications as grounds for vacatur) and a shield (by preventing defendants from examining those same privileged communications). *Second*, defendants are entitled to review all factual materials provided to testifying experts in forming their opinions. FRCP 26(a)(2)(B) Advisory Committee's Notes (2010 amendments); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869–70 (9th Cir. 2014). And because the testifying experts relied upon this material, privilege is waived. *Hallam v. Gemini Ins. Co.*, 2015 U.S. Dist. LEXIS 191638, *9 (S.D. Cal. 2015) (party "waived any [] privilege or protection over . . . documents disclosed to its expert"); *see also Fajardo v. Pierce County*, 2009 U.S. Dist. LEXIS 58166, *8 (W.D. Wash. 2009) ("Generally, work product and privilege are waived as to

information disclosed to an expert witness."); *United States v. Sierra Pac. Indus.*, 2011 WL 2119078, at *11 (E.D. Cal. 2011) (ordering production of all documents reviewed by experts).

The Washington Rules of Professional Conduct don't alter that conclusion. Ethics rules do not purport to trump the FRCP or law of waiver, and Furdek and Ryan do not cite a single case holding otherwise. Furdek and Ryan do not explain how the Rules authorized Hagens Berman to break Floyd's privilege in providing the communications to third party experts—or to Furdek and Ryan, for that matter—or why those same disclosures would not waive privilege across the board.

If the Court is not prepared to deny the motion on the present record (which would be appropriate, as noted above), it should order Hagens Berman to produce all written communications listed on the Log within 48 hours. Defendants should then have the option to depose each of Furdek and Ryan's three experts within 30 days following the production of documents, and at least 60 days from the production of documents to file an opposition to Furdek and Ryan's motion and any *Daubert* motions or expert reports defendants may choose to file. Further, there is no basis to place any confidentiality restrictions on the documents ordered to be produced, where Floyd's communications do not contain commercially sensitive business or personal information that satisfy the criteria for "Confidential" or "Highly Confidential" material under the Protective Order. Dkt. 78 ¶¶ 3.1, 3.2.

## II.     Plaintiffs' Statement

Plaintiffs have agreed to reasonable discovery relating to their Rule 59 and 60 Motion ("Motion"), including reciprocal depositions of all experts.[1] The parties disagree, however, as to the discoverability of Hagens Berman's communications with former Plaintiff Steven Floyd. Defendants contend that Plaintiffs' Motion, and supporting expert declarations, render those privileged communications discoverable. Hagens Berman opposes this disclosure in keeping with counsel's obligation to "assert on behalf of the client all nonfrivolous claims that the information sought is protected against disclosure by the attorney-client privilege or other applicable law." WRPC 1.6, Cmt. 15.

Under applicable Rules of Professional Conduct, lawyers may reveal information related to a representation "to respond to allegations in any proceeding concerning the lawyer's representation of the client." WRPC 1.6(b)(5). But the disclosure "should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it." WRPC 1.6, Cmt. 16; *see also* Declaration of Nellie Q. Barnard, ECF No. 259 at ¶¶ 54-56. This framework authorized Hagens Berman to disclose Floyd's communications to experts to evaluate and opine on the firm's representation of Mr. Floyd, and to seek relief under Rules 59 and 60. But Hagens Berman also has a concomitant duty to limit the disclosure to the maximum extent possible, which counsel have done. *See* WRCP 1.6(b)(5) & Cmt. 16; Barnard Decl. ¶¶ 54-56. Without a Court Order, WRPC 1.6 prohibits Hagens Berman from disclosing Floyd's communications to Defendants unless he provides informed consent. Floyd has not provided that consent. After receiving Defendants' request for Floyd's communications, Hagens Berman

---

[1] Given the narrow scope of their opinions, Plaintiffs believe that expert depositions can be limited to 2 hours per expert, but Plaintiffs have agreed to further confer on reasonable (and reciprocal) deposition limits after the instant discovery dispute is resolved.

JOINT DISCOVERY DISPUTE STATEMENT – 2
(CASE NO. 2:22-CV-01599-KKE)

attempted to reach Mr. Floyd (by email, letter, and text) but received no response, and thus no directive to waive privilege. *See* WRCP, Cmt. 15; *see also* ABA Formal Op. 16-473.

Defendants devote much of their above statement not to these discoverability issues, which the Court asked the parties to address, but instead to the underlying merits of Plaintiffs' Motion and the admissibility of the evidence Plaintiffs have offered in support of that Motion. The new evidence can properly be considered, as Plaintiffs address at length in the Motion, *see* ECF No. 256 at 4-7, and the Motion has substantive merit, as the three ethics experts attest, *id.* at 7-12. But the Court did not request supplemental briefing on these issues and thus Plaintiffs will not repeat or further discuss their arguments—on admissibility or the merits of their Motion—here, where Defendants have now raised them in a submission where they do not belong for a second time. *See* ECF No. 271 at 2.

With respect to the discovery presently at issue, Defendants contend that Plaintiffs' Motion puts Floyd's communications "at issue," but that waiver doctrine does not apply here. First, the principle underlying "at issue" waivers is that privilege cannot be used as a "sword and a shield." *Arch Ins. Co. v. Scottsdale Ins. Co.*, 2010 WL 11561553, at *1-2 (W.D. Wash. Aug. 13, 2010). There is no sword here, just a shield. Hagens Berman shared Mr. Floyd's communications with ethics experts defensively to respond to questions about counsel's representation. *See* WRPC 1.6(b)(5). Second, this Court previously held that there is no at-issue waiver unless the communications are "directly connected to [a] claim in the amended complaint or a defense thereto." ECF No. 196 at 5; *id.* at 6. Here, Floyd's communications have not been raised in connection with any substantive claim or defense in the case, which the Court has indicated is necessary to establish waiver. *See id.* at 6 (no waiver where privilege communications bear only on "ethical" issues of counsel). Third, procedural fairness does not compel breaking privilege in these circumstances. The Court granted Defendants' motion for reconsideration based on *in camera* review of Floyd's communications. If that decision can be rendered on the basis of *in camera* review, it can be set aside through *in camera* review.

Defendants resort to the disclosure requirements for experts who have been designated to testify "at trial" pursuant to Fed. R. Civ. P. 26(a)(2)(A)-(B). Plaintiffs' ethics experts are not offering opinions for use at trial, and they are accordingly not subject to the disclosure framework Defendants rely upon. The Rule 26(a)(2)(B) cases Defendants cite have nothing to say about whether privilege is waived in the particular circumstances presented here.

Finally, to the extent the Court directs Hagens Berman to disclose Floyd's communications to Defendants, such disclosure must be accompanied by protections to limit the disclosure "to the fullest extent practicable." WRPC 1.6, Cmt. 16. Plaintiffs thus respectfully request that any disclosure be limited to only those communications the Court considers germane to the adjudication of the Motion. In addition, Plaintiffs further request that any Order requiring disclosure of Floyd's communications require that those communications (and any documents revealing them) be (a) treated as "Highly Confidential" information under the Protective Order (ECF 78); (b) filed under seal; and (c) used by Defendants only in these post-judgment proceedings.

| | |
|---|---|
| DATED: November 18, 2025 | Respectfully submitted, |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | |
| | By /s/ *Steve W. Berman* |
| |    Steve W. Berman (WSBA No. 12536) |
| | By /s/ *Theodore Wojcik* |
| |    Theodore Wojcik (WSBA No. 55553) |
| | By /s/ *Meredith Simons* |
| |    Meredith Simons (WSBA No. 62622) |
| | 1301 Second Avenue, Suite 2000 |
| | Seattle, WA  98101 |
| | Telephone: (206) 623-7292 |
| | Facsimile:  (206) 623-0594 |
| | steve@hbsslaw.com |
| | tedw@hbsslaw.com |
| | merediths@hbsslaw.com |
| | |
| | Ben Harrington (*pro hac vice*) |
| | Benjamin J. Siegel (*pro hac vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 715 Hearst Avenue, Suite 300 |
| | Berkeley, CA 94710 |
| | Telephone: (510) 725-3000 |
| | Facsimile:  (510) 725-3001 |
| | benh@hbsslaw.com |
| | bens@hbsslaw.com |
| | |
| | *Attorneys for Plaintiffs and the Proposed Class* |
| | |
| | DAVIS WRIGHT TREMAINE LLP |
| | |
| | By: /s/ *John Goldmark* |
| | John Goldmark, WSBA #40980 |
| | MaryAnn Almeida, WSBA #49086 |
| | 920 Fifth Avenue, Suite 3300 |
| | Seattle, WA  98104-1610 |
| | Phone: (206) 622-3150 |
| | Fax: 206-757-7700 |
| | johngoldmark@dwt.com |
| | maryannalmeida@dwt.com |

SIDLEY AUSTIN LLP

By: */s/ Benjamin M. Mundel*
Benjamin M. Mundel (pro hac vice)
Jacquelyn Fradette (pro hac vice)
Mark D. Hopson (pro hac vice)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Washington, D.C. 20005
Telephone: (202) 736-8000
bmundel@sidley.com
jfradette@sidley.com
mhopson@sidley.com

*Attorneys for Amazon.com, Inc.*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone:  +1 206 839 4300
Facsimile: +1 206 839 4301

Eric Hochstadt (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
ehochstadt@orrick.com

O'MELVENY & MYERS LLP

By: */s/ Anna Pletcher*
Anna Pletcher (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8994
apletcher@omm.com

Benjamin Bradshaw (*pro hac vice*)
Sergei Zaslavsky (*pro hac vice*)
1625 Eye Street N.W.
Washington, DC 20006
Telephone: (202) 383-5300
bbradshaw@omm.com
szaslavsky@omm.com

*Attorneys for Apple Inc.*

JOINT DISCOVERY DISPUTE STATEMENT – 5
(CASE NO. 2:22-CV-01599-KKE)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ Steve W. Berman
Steve W. Berman