The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Counsel for Plaintiffs[1] Jolene Furdek and Jonathan Ryan (together, "Plaintiffs") and Defendants Amazon.com, Inc. and Apple Inc. (together, "Defendants," and with Plaintiffs, "the Parties") have met and conferred in accordance with this Court's December 2, 2025 Order. *See* Dkt. 283. The Parties have reached an impasse on two narrow issues: (i) the time allotted for Defendants' depositions of Plaintiffs' experts and (ii) whether reply briefs are permitted in support of any motion to exclude either Party's experts. The Parties have otherwise reached agreement on deadlines for depositions and briefing related to Plaintiffs' Rule 59/60 Motion, and their proposed scheduling orders are submitted as accompanying Exhibits A (Plaintiffs' Proposed Order) and Exhibit B (Defendants' Proposed Order), which contain identical deadlines except to the extent that they have different time limits for depositions and Defendants' allows for the submission of reply briefs in support of Daubert motions.

I.  **Amazon and Apple's Statement of the Issue**

**Duration of Depositions**. Defendants assert that, absent unique and unusual circumstances not present here, no grounds exist to limit the duration of one party's depositions of another party's expert witnesses. *See e.g. Pappas v. Naked Juice Co. of Glendora*, 2012 WL 12248744, at *3 (C.D. Cal. Dec. 7, 2012) (denying request to limit deposition to two hours because "[u]nder Rule 30(d)(1), a deposition may last a total of seven hours during one day" and there was "no indication that participating in one all day deposition would be unduly burdensome"). Nevertheless, Defendants have already agreed to a cumulative cap of 12 hours for all three of Plaintiffs' experts in the spirit of compromise.[2] Federal Rule of Civil Procedure 30(d)(1) would otherwise entitle Defendants to depose each of Plaintiffs' experts for up to 7 hours each, and questioning each expert regarding their opinions and the underlying bases could easily require multiple hours. Each expert submitted a separate declaration with varying opinions citing dozens of records, and two of the three purport to rely on the entire body of

---

[1] Defendants do not concede that either Jolene Furdek or Jonathan Ryan are properly considered Plaintiffs in this matter, but accept this characterization for purposes of this Joint Statement.
[2] Defendants' self-imposed cumulative cap of 12 hours is the latest of several attempts to compromise with Plaintiffs, who now insist on their original demand of 2 hours per deposition.

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

communications between Steven Floyd and Hagens Berman listed in the "Amended Floyd Communications Log." *See* Dkt. 258, Bank Decl. at 2; Dkt. 260, Barnard Decl. at 5.

Defendants know of no authority indicating that one party's decision to designate multiple expert witnesses to testify regarding the same topic diminishes any other party's right to fully question each expert regarding those topics. And handicapping Defendants, beyond the significant reduction in deposition time that Defendants have already agreed to, would be particularly inappropriate where, as here, there is no reason to believe that questioning one expert regarding any given topic would bind any other expert's testimony or otherwise obviate the need to question Plaintiffs' other experts regarding any overlapping topics.

**Motions to Exclude Expert Testimony.**

Plaintiffs have submitted three expert declarations in support of their Rule 59/60 motion, but there are serious questions regarding whether their testimony satisfies Rule 702, which was amended in December 1, 2023 to explicitly state that the proponent of expert testimony must prove by a "preponderance of the evidence" that the testimony meets the admissibility threshold. Should Defendants choose to file a motion to exclude the testimony of one or all of Plaintiffs' experts pursuant to Rule 702, the Local Civil Rules explicitly permit Defendants to file a reply brief in support of any such motion. *See* LCR 7(b)(3) ("The moving party may, within the time prescribed in LCR 7(d), file . . . a reply brief in support of the motion."); LCR 7(d)(4) ("[M]otions to exclude expert testimony for failure to satisfy Fed. R. Evid. 702/*Daubert* . . . shall be noted for consideration no earlier than 28 days after filing . . . Any reply papers shall be filed and received by the opposing party no later than 28 days after the filing date of the motion").

Rule 702 on its face is not limited to jury trials (referring generally to the "finder of fact"), and Defendants know of no authority indicating that the post-judgment posture of Plaintiffs' motion undermines Defendants' right to a reply brief. Plaintiffs have put the declarations at issue by filing them in support of their motion. Defendants are entitled to move to exclude them and to fully brief any such motions, and neither the Parties nor the Court are in a

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

position to pre-judge their merits without even the benefit of examining the experts' deposition testimony.

II. **Plaintiffs' Statement**

**Reasonable and Reciprocal Deposition Time Limits Are Appropriate**.

Plaintiffs' experts have offered opinions on discrete attorney ethics and conduct issues. *See* ECF No. 258 ¶ 3 (summary of Bank opinions); ECF No. 259 ¶ 5 (summary of Barnard opinions); ECF No. 260 ¶ 7 (summary of Holland opinions). These are not voluminous merits reports covering the waterfront. They are instead declarations on narrow topics. Plaintiffs understand Defendants' interest in deposing Plaintiffs' experts, and Plaintiffs likewise intend to depose any experts Defendants put forth.[3] But depositions for both sides should be limited in accordance with the narrow scope of the expert opinions being offered.

Courts do not hesitate to restrict the duration of depositions where, as here, the topics for examination are limited.[4] Plaintiffs have proposed two-hour depositions for each expert, with the commitment that Plaintiffs will abide by the same limitations for Defendants' expert(s). This is more than sufficient, and it is consistent with what courts have permitted in comparable circumstances.[5] Defendants insist on taking 12 cumulative hours to depose Plaintiffs' three experts, split however they see fit, but they have not identified any need for depositions of that

---

[3] Defendants have indicated they will be offering a declaration from at least one rebuttal expert.

[4] *See Huawei Techs., Co. v. Samsung Elecs. Co.*, 2019 WL 655279, at *3 (N.D. Cal. Feb. 17, 2019) (limiting expert depositions on discrete issues to "no more than two hours each"); *REC Software USA, Inc. v. Bamboo Sols. Corp.*, 2012 WL 3780352, at *12 (W.D. Wash. Aug. 31, 2012) (limiting expert deposition to two hours to address opinions in narrow supplemental reports); *W. All. Bank v. Jefferson*, 119 F. Supp. 3d 961, 968–69 (D. Ariz. 2015) (limiting expert depositions to "2 hours" each where experts addressed discrete subject matter); *OMA Constr., Inc. v. Teamsters Loc. 174*, 2024 WL 1156411, at *5 (W.D. Wash. Mar. 18, 2024) (limiting deposition of fact witness to three hours and holding that examining party was "not entitled to a full seven-hour deposition to explore [] limited topics").

[5] *See id.*

---

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

length.  Defendants' proposal would rack up unnecessary expense, impose undue burdens, and all but assure that questioning strays beyond the limited topics the expert declarations address.

### Daubert Reply Briefs are Unnecessary and Unwarranted.

Plaintiffs' ethics experts are imminently qualified and they have offered opinions within the heartland of their expertise.  Plaintiffs have asked Defendants whether they can identify any basis to challenge the threshold admissibility of the experts' opinions under *Daubert*, and they have identified none.  There is also virtually no underlying utility to *Daubert* motions on Plaintiffs' Rule 59/60 Motion, where the Court (not a jury) is the fact finder.  The purpose of *Daubert* is to "protect *juries* from being swayed by dubious scientific testimony" and where, as here, "the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate." *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018).[6]  In this posture, the usefulness of expert testimony "more appropriately can be addressed through determination of the weight to be accorded the testimony, rather than through the threshold determination of admissibility." *United States v. RSR Corp.*, 2005 WL 5977799, at *1–2 (W.D. Wash. Oct. 4, 2005).

Given this, Plaintiffs submit that if the schedule is going to permit separate *Daubert* motions in connection with Plaintiffs' request for Rule 59/60 relief, *Daubert* briefing should be limited to motions and oppositions (*i.e.*, no reply briefs).  *See, e.g.*, *In re: Qualcomm Antitrust Litigation*, 17-md-2773-LHK, Dkt. No. 432 at 2 (N.D. Cal. Apr. 6, 2018) (now Ninth Circuit Judge Lucy H. Koh limiting *Daubert* briefing at class certification to one-motion per side, and no reply briefs).[7]  This two-brief format affords adequate opportunity to ventilate any legitimate admissibility issues, avoids overburdening the Court with cumulative filings, and compresses the overall briefing schedule to ensure that the Rule 59/60 motion is more promptly submitted for

---

[6] *See also Perez v. Allstate Fire & Cas. Ins. Co.,* 2025 WL 602151, at *2 (W.D. Wash. Feb. 25, 2025) (Evanson, J.) (same).

[7] *See also* LCR 7(g) (requiring that requests to strike material attached to brief be "included in the responsive brief, and will be considered with the underlying motion").

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

resolution.[8] As with Plaintiffs' proposal on depositions, these limitations on *Daubert* briefing would be reciprocal and govern any *Daubert* motion Plaintiffs file.

---

[8] *See Daval v. Zahtz*, 2025 WL 1883830, at *2 (N.D. Ill. July 8, 2025) (holding that overuse of *Daubert* motions is imposing "staggering" burdens on courts).

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
*/s/Theodora Wojcik*
Theodora Wojcik (WSBA No. 55553)
*/s/ Meredith Simons*
Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com

Ben Harrington (pro hac vice)
Benjamin J. Siegel (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

**BUCHALTER**
A Professional Corporation

*/s/ David J. Elkanich*
David J. Elkanich, WSBA No. 35956
Email: delkanich@buchalter.com
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Phone: 206-319-7052

*Attorneys for Plaintiffs and the Proposed Class*

*/s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

Eric Hochstadt (admitted *pro hac vice*)
ehochstadt@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

**O'MELVENY & MYERS LLP**

*/s/ Anna T. Pletcher*
Anna T. Pletcher (admitted *pro hac vice)*
apletcher@omm.com
Two Embarcadero Center
San Francisco, CA 94111
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Benjamin Bradshaw (admitted *pro hac vice*)
bbradshaw@omm.com
Sergei Zaslavsky (admitted *pro hac vice*)
szaslavsky@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Apple Inc.*

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**DAVIS WRIGHT TREMAINE**

*/s/ John Goldmark*
John Goldmark (WSBA No. 40980)
MaryAnn Almeida (WSBA No. 49086)
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Phone: (206) 622-3150
Fax: (206) 757-7700
johngoldmark@dwt.com
maryannalmeida@dwt.com

**SIDLEY AUSTIN**

*/s/ Benjamin M. Mundel*
Benjamin M. Mundel (admitted *pro hac vice*)
Mark D. Hopson (admitted *pro hac vice*)
Jacqueline E. Fradette (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax: (202) 736-8711
mhopson@sidley.com
bmundel@sidley.com
jfradette@sidley.com

*Attorneys for Amazon.com, Inc.*

JOINT STATUS REPORT
NO. 2:22-CV-01599-KKE

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300