The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN FLOYD,

          Plaintiff,

    v.

AMAZON.COM, INC., and
APPLE INC.,

          Defendants.

No. 2:22-cv-01599-KKE

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF KEVIN BANK, NELLIE BARNARD, AND BROOKS HOLLAND**

Note on motion calendar:
May 29, 2026

ORAL ARGUMENT AND EVIDENTIARY HEARING REQUESTED

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE)

**TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................... 1

Background ............................................................................................................ 2

Argument .............................................................................................................. 4

I.      The Court should exclude the lawyers' opinions because legal opinions
        are not proper subjects for expert testimony. ...................................................... 6

II.     The Court should exclude all opinions interpreting communications
        between Floyd and Hagens Berman. ................................................................. 8

III.    The Court should exclude the lawyers' opinions as irrelevant. ...................... 10

Conclusion ........................................................................................................ 12

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Int'l Longshoremen's Union Loc. No. 10,*
    966 F.2d 443 (9th Cir. 1992) ........................................................................ 5

*Arden v. Forsberg & Umlauf, P.S.,*
    402 P.3d 245 (Wash. 2017) .......................................................................... 6

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.,*
    613 F. Supp. 3d 1308 (S.D. Cal. 2020) ........................................................ 9

*Burkhart v. Washington Metro. Area Transit Auth.,*
    112 F.3d 1207 (D.C. Cir. 1997) ................................................................... 1

*CFM Commc'ns, LLC v. Mitts Telecasting Co.,*
    424 F. Supp. 2d 1229 (E.D. Cal. 2005) .................................................... 6, 7

*Chism v. Tri-State Const., Inc.,*
    374 P.3d 193 (Wash. 2016) .......................................................................... 6

*City of Tuscaloosa v. Harcros Chems., Inc.,*
    158 F.3d 548 (11th Cir. 1998) ..................................................................... 9

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ................................................................................... 10

*Elosu v. Middlefork Ranch Inc.,*
    26 F.4th 1017 (9th Cir. 2022) .................................................................... 12

*Engilis v. Monsanto Co.,*
    151 F.4th 1040 (9th Cir. 2025) .................................................................... 4

*Eriks v. Denver,*
    824 P.2d 1207 (Wash. 1992) ........................................................................ 6

*FMC Techs., Inc. v. Edwards,*
    420 F. Supp. 2d 1153 (W.D. Wash. 2006) .................................................... 7

*Hemmings v. Tidyman's Inc.,*
    285 F.3d 1174 (9th Cir. 2002) ................................................................... 10

*Jackson v. Laureate, Inc.,*
    186 F.R.D. 605 (E.D. Cal. 1999) ........................................................... 5, 11

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Joffe v. King & Spalding LLP.,*
    2019 WL 4673554 (S.D.N.Y. Sept. 24, 2019) ...................................................... 6, 7

*Johnson v. Mammoth Recreations, Inc.,*
    975 F.2d 604 (9th Cir. 1992) ..................................................................... 11

*Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC,*
    2024 WL 2399208 (W.D. Wash. May 23, 2024)...................................................... 11

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,*
    523 F.3d 1051 (9th Cir. 2008) ..................................................................... 6

*Pinal Creek Grp. v. Newmont Mining Corp.,*
    352 F. Supp. 2d 1037 (D. Ariz. 2005)................................................................ 5, 7

*ReBath LLC v. HD Sols. LLC,*
    2022 WL 2527113 (D. Ariz. July 7, 2022).............................................................. 8

*United States v. Glenn,*
    146 F.4th 485 (6th Cir. 2025)........................................................................ 9

*United States v. Kupau,*
    781 F.2d 740 (9th Cir. 1986) ......................................................................... 8

*United States v. Kurland,*
    2022 WL 2669897 (E.D.N.Y. July 11, 2022)......................................................... 6, 7

*United States v. Weitzenhoff,*
    35 F.3d 1275 (9th Cir. 1993) ........................................................................ 6

**Other Authority**

Fed. R. Evid. Rule 702 ........................................................................ 4, 6, 7, 8

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**INTRODUCTION**

To bolster their bid for reconsideration, Jolene Furdek and Jonathan Ryan offer "expert" declarations from three lawyers who specialize in legal ethics. Yet this case already "comes equipped with a legal expert, called a judge," *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) (citation modified). That's why Rule 702 doesn't let lawyers take the stand to opine on what legal rules mean or how to apply them, or to reinterpret facts already found by the Court. Such testimony is, by definition, not helpful to the trier of fact—here, this Court. But that is what the reports consist of. Rather than offering specialized knowledge, the lawyers offer improper *legal* conclusions, defending Hagens Berman's conduct and second-guessing the dismissal order by interpreting and applying the Washington Rules of Professional Conduct. All three witnesses likewise purport to interpret Floyd's communications and opine on what he conveyed or intended. In doing so, however, they offer nothing the Court cannot—and did not already—do itself. Nor could they, as the lawyers claim no "specialized knowledge" in the interpretation of ordinary communications.

The opinions are also irrelevant. The Court's dismissal order turns on Article III of the Constitution and Federal Rule of Civil Procedure 16(b)(4)—not on state ethics rules governing attorney conduct. But Furdek and Ryan have brought state-law ethics experts to a federal-law question. Because the declarations don't even purport to address Article III or Rule 16, they ultimately have no bearing on the reconsideration analysis and should thus be excluded.

The Court need not address any of these questions or even consider the lawyers' declarations if it denies reconsideration on either of the grounds advanced in Amazon's concurrently filed opposition brief. If the Court reaches the declarations, however, it should hold that the lawyers' opinions are legal conclusions, unhelpful, and beside the point and exclude them in full.

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 1

## BACKGROUND

Jolene Furdek and Jonathan Ryan seek relief from the judgment against plaintiff Steven Floyd. They chiefly contend that the Court "manifestly erred" in its factual finding that Floyd withdrew from the case on January 16, 2024, creating a jurisdictional gap that Hagens Berman did not diligently bridge. *See* Dkt. 256. In support of their motion, they offer declarations from three lawyers who specialize in legal ethics: Kevin Bank, formerly of the Washington State Bar Association; Nellie Q. Barnard of Schwabe, Williamson & Wyatt, P.C.; and Professor Brooks Holland of Gonzaga University School of Law. Each lawyer gives roughly the same opinion—that Hagens Berman purportedly followed the Washington Rules of Professional Conduct and that this Court erred in interpreting Floyd's communications.

***Kevin Bank.*** Bank analyzed Floyd's withdrawal and Hagens Berman's diligence and candor under "the Washington Rules of Professional Conduct and the A.B.A. Model Rules of Professional Conduct." Bank Decl. ¶ 2 (Dkt. 258). He first opines that Rule 1.2(a) "would not have … author[ized]" Hagens Berman to withdraw Floyd because it "was not clear" whether Floyd's "objective was to withdraw." Bank Decl. ¶¶ 3, 17–24. At his deposition, however, Bank conceded that the Court's contrary conclusion was also reasonable. Bank Dep. 28:4–29:16; 50:24–51:8. (Excerpts of all three lawyers' depositions are attached to the March 13, 2026 declaration of Ben Bradshaw, filed concurrently with this motion.) Bank further opines that Hagens Berman satisfied Rule 1.3's diligence standard by seeking to protect "both the interests of the class and Floyd." Bank Decl. ¶ 28. But he later clarified that this opinion addresses only diligence under Rule 1.3—not what constitutes diligence under Federal Rule of Civil Procedure 16. Bank Dep. 40:20–21.

***Nellie Barnard.*** Barnard purports to address "whether Hagens Berman's conduct was consistent with its obligations under the Rules of Professional Conduct." Barnard Decl. ¶ 4 (Dkt. 259); *see also* Barnard Dep. 140:15–18 ("I'm here as a[n]

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

expert on the Rules of Professional Conduct."). She first opines that Rule 1.2(a)'s duty to "abide by … clien[t] decisions" *required* Hagens Berman to keep representing Floyd after January 16. Barnard Decl. ¶¶ 18–22. As Barnard reads Floyd's communications, "Floyd did not terminate the attorney-client relationship in January 2024." *Id.* ¶ 25; *see also id.* ¶¶ 23–29 (asserting that Rule 1.16 did not mandate withdrawal). When pressed on this opinion at her deposition, Barnard conceded that she has no special qualifications for interpreting correspondence but is merely "trained to make inferences" like "all lawyers." Barnard Dep. 158:25–159:11; *see also id.* at 64:1–3 (conceding that she simply "dr[ew] a different conclusion than the judge did"). Second, Barnard opines that, even without additional communications from Floyd, the attorney-client relationship *was* terminated by the time Hagens Berman actually did withdraw Floyd as a class representative in June 2024. Barnard Decl. ¶¶ 38–41. Third, citing Rules 1.2, 1.3, 1.4, and 3.2, Barnard opines that Hagens Berman's motion to amend the complaint to add Furdek and Ryan as plaintiffs was not unethical. *Id.* ¶¶ 30–37. Instead, she asserts that Hagens Berman acted "with reasonable diligence" under Rule 1.3. *Id.* ¶ 33. Finally, Barnard attacks this Court's factual determination that Hagens Berman was not candid in claiming that Floyd had merely "become difficult to reach" and may be "experienc[ing] some type of personal emergency." Although Hagens Berman itself accepted the Court's conclusion when it acceded to sanctions, *see* Dkt. 223 at 2, Barnard asserts that counsel could not have revealed Floyd's withdrawal to the Court under Rule 1.6. Barnard Decl. ¶¶ 42–53; *see also id.* ¶¶ 54–61 (addressing what Hagens Berman can disclose pursuant to Rule 3.3); *id.* ¶¶ 62–64 (addressing compliance with Rule 8.4).

***Brooks Holland.*** Holland likewise applies the Rules of Professional Conduct to analyze "whether counsel's conduct in relation to the District Court's Order complied with counsel's professional responsibilities to the client, to the court, and to the opposing parties." Holland Decl. ¶ 7 (Dkt. 260); *see also* Holland Dep. 27:22–23

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

("My opinion is directed to whether, as the court found, counsel at Hagens Berman engaged in misconduct."). As to withdrawal, Holland concludes from the relevant correspondence that Floyd "did not affirmatively withdraw from the litigation or discharge counsel" on January 16, 2024. Holland Decl. ¶ 17. He thus reasons that Hagens Berman needed to "maintain the *status quo*" to comply with several of the Rules of Professional Conduct. *Id.* ¶¶ 22–25 (citing Rules 1.2, 1.6, 3.3). At his deposition, however, Holland acknowledged that he possesses no more expertise than this Court when it comes to interpreting Floyd's correspondence. *See* Holland Dep. 22:14–24:16; 33:8–11. As to whether Hagens Berman diligently bridged any jurisdictional gap, Holland defines "diligence" under these circumstances as "confirm[ing] the client's status and intent before inferring withdrawal or discharge from non-responsiveness." Holland Decl. ¶ 20. Yet he admitted that this is merely "an ethical opinion"—not an opinion about Federal Rule of Civil Procedure 16, which is outside his "practice experience." Holland Dep. 19:14–20:3.

## ARGUMENT

Before an expert "may testify," Federal Rule of Evidence 702 requires the proponent of that testimony to show by a preponderance of the evidence that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025). Bank, Barnard, and Holland's opinions interpreting and applying the Washington Rules of Professional Conduct fail that test and are inadmissible three times over.

First, they are legal conclusions and hence not the proper subject of expert testimony. Such opinions not only fail to help the Court—which can interpret and apply ethics rules just as well as Bank, Barnard, and Holland—they also encroach on the Court's role of determining all questions of law.

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Second, their opinions draw conclusions as to the plain meaning of, and intentions behind, Floyd's communications. This is an unhelpful and improper attempt to reinterpret the plain meaning of those communications. This Court, sitting as the trier of fact for purposes of the motion to amend and the motion for reconsideration, already reviewed these communications and made findings of fact regarding their meaning. But even if the Court had not already made these findings, the Court doesn't need expert testimony to read communications from a lay person and draw its own inferences.

Third, the opinions are irrelevant. Whether or not Hagens Berman adhered to the Washington Rules of Professional Conduct tells us nothing about the two issues at stake in Furdek and Ryan's reconsideration motion: (1) whether this Court manifestly erred in determining that Floyd communicated to his counsel in January 2024 that he no longer wanted to participate in the litigation and (2) whether this Court manifestly erred when it determined that Hagens Berman's actions after that withdrawal failed to satisfy its obligation under Federal Rule of Civil Procedure 16 to "collaborate with the district court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). While legal-ethics rules govern a lawyer's withdrawal from representation and a client's withdrawal from an attorney-client relationship, withdrawal *from a case* is a distinct issue of federal procedural law.

## I. The Court should exclude the lawyers' opinions because legal opinions are not proper subjects for expert testimony.

Each attorney's core opinion is that Hagens Berman did not violate the rules of professional conduct. But whether a lawyer violated those rules is a legal conclusion, and such matters are the sole province of this Court.

"[M]atters of law" are "inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). The trial judge is "the sole arbiter of … law and its application to the facts," *Pinal Creek Grp.*

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005), and "[r]esolving doubtful questions of law is [her] distinct and exclusive province," *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993). "[T]he use of expert testimony 'must be carefully circumscribed to assure that the expert does not usurp" the court's role. *United States v. Kurland*, 2022 WL 2669897, at \*13–15 (E.D.N.Y. July 11, 2022), *aff'd*, 2024 WL 5165547 (2d Cir. Dec. 19, 2024) (citation omitted). Yet that is exactly what happens when experts purport to opine on domestic legal issues. Far from "help[ing] the trier of fact to understand the evidence," Fed. R. Evid. 702, testimony about domestic legal issues "invade[s] the province of the trial judge" and so is inadmissible, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008). The rule against experts opining as to matters of law holds whether the judge or a jury is the trier of fact. *See CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236–37 (E.D. Cal. 2005).

"[W]hether an attorney's conduct violates the relevant rules of professional conduct is a question of law." *Eriks v. Denver*, 824 P.2d 1207, 1210–11 (Wash. 1992); *see also Kurland*, 2022 WL 2669897, at \*13 ("[L]egal professional rules are inextricably bound up with the law."). So too, whether an attorney has complied with a given ethical duty, like the duty of diligence under Washington Rule of Professional Conduct 1.3, is a state-law question, and the Washington Supreme Court's interpretation controls. *See Arden v. Forsberg & Umlauf, P.S.*, 402 P.3d 245, 249 (Wash. 2017); *Chism v. Tri-State Const., Inc.*, 374 P.3d 193, 206 (Wash. 2016).

As a result, courts routinely exclude opinion testimony that purports to interpret and apply state legal-ethics rules. Take *Joffe v. King & Spalding LLP*, where the defendant law firm sought to introduce expert testimony that its conduct violated no ethical rule. 2019 WL 4673554, at \*14 (S.D.N.Y. Sept. 24, 2019). The district court deemed the testimony "not admissible." *Id.* at \*17. Because the expert's "opinion rest[ed] entirely on his interpretation of the [Rules of Professional Conduct],"

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

it was not only "[un]helpful" but would also "impinge on" the court's role. *Id.* Similarly, the district court in *United States v. Kurland* excluded expert testimony purporting to describe "lawyers' duties to their clients." 2022 WL 2669897, at \*13. Such testimony was out of bounds because it would "encroach on the trial court's role." *Id.* at \*14; *see also id.* at \*14 n.9 (collecting similar cases). Simply put, opinions about legal-ethics rules don't belong in expert reports or testimony.

These principles foreclose Bank, Barnard, and Holland's opinions. All three lawyers engaged in the same exercise: (1) interpreting the legal rules and (2) applying those rules to the facts. *See* Bank Decl. ¶ 2 ("I have been asked to address four principal questions under the framework of the Washington Rules of Professional Conduct and the A.B.A. Model Rules of Professional Conduct …."); Barnard Decl. ¶ 4 ("I have been asked to provide an opinion regarding … whether Hagens Berman's conduct was consistent with its obligations under the Rules of Professional Conduct."); Holland Decl. ¶ 7 ("Counsel have asked me to evaluate whether counsel's conduct in relation to the District Court's Order complied with counsel's professional responsibilities to the client, to the court, and to the opposing parties."); *cf. Pinal Creek Grp.*, 352 F. Supp. 2d at 1044 (excluding as "inadmissible legal opinion" reports that 'rea[d] more like a legal brief than an expert report").

None of that is admissible expert testimony. This Court "is perfectly able to review [the Washington Rules of Professional Conduct] to decide how the law applies to the present facts." *CFM Commc'ns*, 424 F. Supp. 2d at 1236; *see, e.g.*, *FMC Techs., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157–62 (W.D. Wash. 2006) (applying the Rules in diversity case). So Bank, Barnard, and Holland's opinions would not "help the trier of fact to understand" anything it could not determine on its own. Fed. R. Evid. 702. To the contrary, just like the excluded testimony in *Jaffe* and *Kurland*, the opinions offered here would merely "encroach on the trial court's role." *Kurland*, 2022 WL 2669897, at \*14. The Court should thus exclude Bank, Barnard, and Holland's

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

opinions. (Should the Court hold otherwise, defendants are offering our own expert declaration explaining why Furdek and Ryan's attorneys are wrong about the Washington Rules of Professional Conduct. But the Court need not reach any of the declarations if it holds that such matters are its own sole province.)

## II.    The Court should exclude all opinions interpreting communications between Floyd and Hagens Berman.

The attorneys' interpretations of Floyd's emails are also inadmissible and unhelpful for two reasons. *First*, this Court already made factual findings with regard to Mr. Floyd's communications to and with Hagens Berman. *See* Dkt. 203 at 6–8. Furdek and Ryan do not get a do-over of those factual findings through the mouthpiece of experts offering their preferred interpretation. And *second*, no special expertise is required to understand these communications. This Court, as the trier of fact, is just as capable as Hagens Berman's attorneys when it comes to interpreting those emails, so their testimony is inadmissible under Rule 702.

To be admissible, expert testimony must offer "specialized knowledge" that "help[s] the trier of fact to understand the evidence." Fed. R. Evid. 702. Conversely, courts exclude expert testimony on "matters which the finder of fact 'is capable of understanding and deciding without the expert's help.'" *ReBath LLC v. HD Sols. LLC*, 2022 WL 2527113, at *5 (D. Ariz. July 7, 2022) (quoting *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991)). As the Advisory Committee explained, "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702 advisory committee note (internal quotation marks omitted)).

When it comes to "interpret[ing] language in ordinary usage," no experts need apply. *United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986). After all, the trier

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

of fact is "just as competent" as any expert in interpreting "common words and phrases." *United States v. Glenn*, 146 F.4th 485, 491 (6th Cir. 2025). By the same token, "expert testimony cannot be presented … solely for the purpose of constructing a factual narrative based upon record evidence." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1322 (S.D. Cal. 2020), *aff'd*, 9 F.4th 1102 (9th Cir. 2021) (internal quotation marks omitted). And experts may not opine on "intent, motives, or states of mind" either. *Id.* at 1320–21 (citing *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004)). Triers of fact don't need an expert's "characterizations" of such matters because they are "entirely capable" of drawing their own conclusions. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565 (11th Cir. 1998).

That forecloses all opinions characterizing Floyd's communications with Hagens Berman. All three lawyers purport to opine on what Floyd's communications mean. Bank tells the Court what is "reasonable" to take away "from Floyd's communications with Hagens Berman." Bank Decl. ¶ 17. Barnard claims to know what Floyd "convey[ed]" about his "objective." Barnard Decl. ¶ 21. And Holland disputes this Court's "inference" about what Floyd "expressed" in those communications. Holland Decl. ¶ 17. Those are precisely the types of opinions that courts routinely exclude under Rule 702 as unhelpful.

Indeed, Bank, Barnard, and Holland have no "specialized knowledge" that could help them discern the meaning of Floyd's communications with Hagens Berman. To the contrary, Barnard disclaimed any expertise in linguistics, psychology, or any other discipline that would give her special insight. Barnard Dep. 159:1–10; *see also* Holland Dep. 22:9–24:16. No one disputes what Floyd wrote—the only question is what his communications convey. But the Court itself is just as capable of answering that question as Bank, Barnard, and Holland. *Cf.* Holland Dep. 22:11–12 ("I'm sure the District Court has a high level of expertise.").

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**III.   The Court should exclude the lawyers' opinions as irrelevant.**

"Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *see also Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) (calling Rule 702's helpfulness requirement "in essence a relevancy inquiry"). Here, Furdek and Ryan offer the lawyers' testimony to show that this Court erred in holding (1) that Floyd's withdrawal created a "jurisdictional gap" and (2) that Hagens Berman failed to bridge that gap diligently. *See* Dkt. 250 at 10–19. But Bank, Barnard, and Holland's opinions about the Washington Rules of Professional Conduct have no bearing on those holdings, which rested on Article III of the Constitution and Federal Rule of Civil Procedure 16(b)(4). And given the Court's finding that Floyd withdrew from the case on January 16, 2024, the attorneys' opinions about what Hagens Berman should have done if Floyd's January 16 email was *not* a withdrawal are beside the point. Put another way, the lawyers' legal-ethics opinions talk past this Court's holding and are thus irrelevant.

Whether Floyd's conduct created a jurisdictional gap turns on Article III of the federal Constitution. *See* Dkt. 250 at 10–16 (analyzing whether a "case or controversy" persisted "within the meaning of Article III"). But Bank, Barnard, and Holland are not Article III scholars. Instead, they bill themselves as legal-ethics experts, and their opinions purport to interpret and apply the Washington Rules of Professional Conduct. *E.g.*, Barnard Dep. 140:15–18 ("I'm here as a[n] expert on the Rules of Professional Conduct."). That's a fundamental mismatch. True, the Washington Rules of Professional Conduct govern a lawyer's withdrawal from representation and a client's withdrawal from an attorney-client relationship. *E.g.*, Barnard Decl. ¶¶ 23–29; Holland Decl. ¶¶ 15–20. But withdrawal from an attorney-client relationship and withdrawal *from a case* are distinct questions. After all, it is commonplace for a party to retain counsel while ordering that counsel to dismiss the

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

party's claims. Furdek and Ryan are challenging this Court's finding that Floyd withdrew from the case—not disputing whether Floyd withdrew from his relationship with Hagens Berman (a matter this Court never discussed). The Washington Rules of Professional Conduct say nothing about how clients may withdraw from a case, let alone whether such withdrawal divests a federal court of Article III jurisdiction. Opinions interpreting state ethics rules are thus simply irrelevant to that debate.

Much the same is true for diligence. The attorneys opine as to whether Hagens Berman satisfied Washington Rule of Professional Conduct 1.3's obligation to "act with reasonable diligence and promptness in representing a client." *See* Bank Decl. ¶¶ 25–28; Barnard Decl. ¶¶ 30–36; Holland Decl. ¶¶ 21, 27. But this Court did not purport to hold that Hagens Berman violated their Rule 1.3 duty of diligence "in representing a client." After all, once Floyd withdrew, there was no client to represent. Instead, this Court rightly applied Federal Rule of Civil Procedure 16(b)(4)'s requirement of "good cause" to modify a scheduling order. Good cause exists if the scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Whether counsel's motion fits that standard involves a much narrower conception of diligence. While Washington Rule of Professional Conduct 1.3 requires a general diligence in advancing a client's interests, Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard asks "whether the movant discharged her obligation under Rule 16 to collaborate *with the district court* in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (emphasis added); *accord Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, 2024 WL 2399208, at *3 (W.D. Wash. May 23, 2024). That implicates a different set of considerations, including counsel's forthrightness with the court. *See* Dkt. 250 at 17 (citing *Githinji v. Olympia Police Dept.*, No. C22-5138 MJP, 2024 WL 111101, at *3 (W.D. Wash. Jan. 10, 2024)). The lawyers not only ignored Rule 16's unique diligence standard—some confessed

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

ignorance of it at their depositions. *See* Bank Dep. 40:9–41:13; Holland Dep. 19:22–20:3. That is all the more reason to find their testimony irrelevant.

Finally, though irrelevant, the attorneys' diligence conclusions also lack "sufficient factual grounds" and can be excluded on that basis too. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022). The attorneys all assert that, after receiving Floyd's January 16 correspondence, diligent counsel would have promptly sought clarification from Floyd about his intent. *See* Bank Dep. 46:11–13; Barnard Decl. ¶ 27; Holland Dep. 109:6. Instead, as the attorneys acknowledge, Hagens Berman did not do so until six weeks later, on February 26. *See* Bank Dep. 61:17–24; Holland Dep. 188:4–7.

## CONCLUSION

The challenged opinions should be excluded.

Undersigned counsel certifies that this memorandum contains 3,822 words, in compliance with Local Civil Rule 7(e)(3).

Dated: March 13, 2026.

**DAVIS WRIGHT TREMAINE**

*s/ John Goldmark*
John Goldmark (WSBA No. 40980)
MaryAnn Almeida (WSBA No. 49086)
Emily Parsons (WSBA No. 57061)
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Telephone: (206) 622-3150
johngoldmark@dwt.com
maryannalmeida@dwt.com
emilyparsons@dwt.com

**SIDLEY AUSTIN**

Mark D. Hopson (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

*s/ Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
mparris@orrick.com

Eric Hochstadt
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
ehochstadt@orrick.com

**O'MELVENY & MYERS LLP**

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Jacqueline E. Fradette (*pro hac vice*)
Peter A. Bruland (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
mhopson@sidley.com
bmundel@sidley.com
jfradette@sidley.com
pbruland@sidley.com

*Attorneys for Amazon.com, Inc*

Benjamin Bradshaw (*pro hac vice*)
Sergei Zaslavsky (*pro hac vice)*
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
bbradshaw@omm.com
szaslavsky@omm.com

*Attorneys for Apple Inc.*

DEFENDANTS' MOTION TO EXCLUDE
BANK, BARNARD, AND HOLLAND'S TESTIMONY
(Case No. 2:22-cv-01599-KKE) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax