The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD,<br><br>                 Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., and<br>APPLE INC.,<br><br>              Defendants. | No. 2:22-cv-01599-KKE<br><br>**DEFENDANT AMAZON'S OPPOSITION TO FURDEK AND RYAN'S RULE 59/60 MOTION**<br><br>Note on motion calendar:<br>May 29, 2026<br><br>ORAL ARGUMENT REQUESTED |

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................................. 1

Background ................................................................................................... 1

Argument ...................................................................................................... 4

I.    The motion fails on threshold procedural grounds. ............................................. 5

   A.    Unsuccessful intervenors may not move to vacate a judgment that doesn't bind them. ................................................................... 5

   B.    Furdek and Ryan are unsuccessful intervenors and thus may not move to vacate the judgment against Floyd. ................................... 6

II.   The motion fails on the merits. ........................................................................ 7

   A.    Furdek and Ryan concede dispositive grounds for dismissal. ................. 8

       1.    Counsel's six-week delay independently precluded modification under Rule 16(b)(4).. ................................................. 8

       2.    Furdek and Ryan tacitly concede the delay rationale................. 9

   B.    Furdek and Ryan's manifest-injustice argument is unsound.. ............ 10

Conclusion ................................................................................................. 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldan v. World Corp.*,
   267 F.R.D. 346 (D.N. Mar. I. 2010) ................................................................... 8

*United States ex rel. Alexander Volkhoff, LLC v. Janssen
   Pharmaceutica N.V.*,
   945 F.3d 1237 (CA9 2020) ................................................................................ 7

*Banister v. Davis*,
   590 U.S. 504 (2020) ......................................................................................... 10

*Barkley v. Dep't of Lab.*,
   2016 WL 9241418 (D. Ariz. 2016) ................................................................. 5, 6

*BLOM Bank SAL v. Honickman*,
   605 U.S. 204 (2025) ........................................................................................... 5

*Cal. Pub. Emps' Ret. Sys. v. ANZ Secs., Inc.*,
   582 U.S. 497 (2017) ......................................................................................... 11

*Chapman v. Gen. Motors, LLC*,
   2024 WL 698789 (E.D. Mich. 2024) ............................................................... 11

*Ciba Specialty Chems. Corp. v. Tensaw Land & Timber Co.*,
   233 F.R.D. 622 (S.D. Ala. 2005) ....................................................................... 6

*Ciralsky v. CIA*,
   355 F.3d 661 (CADC 2004) ............................................................................. 11

*Citibank Int'l v. Collier-Traino, Inc.*,
   809 F.2d 1438 (CA9 1987) ................................................................................ 7

*In re Corbett*,
   2009 WL 684810 (D. Ariz. 2009) ...................................................................... 5

*Espinoza v. Ashe*,
   2017 WL 1549948 (E.D. Cal. 2017) .................................................................. 9

*Graves v. Arpaio*,
   623 F.3d 1043 (CA9 2010) ................................................................................ 7

*Harris v. Vector Mktg. Corp.*,
   2010 WL 3743532 (N.D. Cal. 2010) .................................................................. 8

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Henderson ex rel. Henderson v. Shinseki*,
   562 U.S. 428 (2011) ................................................................................................ 5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (CA9 1992) ........................................................................................ 8

*Kingdom v. Lamerque*,
   392 F. App'x 520 (CA9 2010) ................................................................................ 10

*Lal v. California*,
   610 F.3d 518 (CA9 2010) ...................................................................................... 10

*LeDoux v. Outliers, Inc.*,
   2026 WL 327940 (W.D. Wash. 2026) .................................................................... 9

*McDowell v. Calderon*,
   197 F.3d 1253 (CA9 1999) ...................................................................................... 5

*Mouzon v. Radiancy, Inc.*,
   309 F.R.D. 60 (D.D.C. 2015) ................................................................................. 10

*In re NASDAQ*,
   184 F.R.D. 506 (S.D.N.Y. 1999) ......................................................................... 5, 6

*Navarette v. Corizon LLC*,
   2020 WL 209317 (D.N.M. 2020)........................................................................... 11

*Navarro v. Eskanos & Adler*,
   2006 WL 3533039 (N.D. Cal. 2006) ....................................................................... 8

*Ogier v. KC Care, LLC*,
   2019 WL 3210089 (D. Or. 2019)............................................................................. 9

*Orr v. Plumb*,
   884 F.3d 923 (CA9 2018) ........................................................................................ 9

*Pena v. Seguros La Comercial, S.A.*,
   770 F.2d 811 (CA9 1985) ........................................................................................ 5

*Pereida v. Wilkinson*,
   592 U.S. 224 (2021) .............................................................................................. 11

*United States ex rel. Polansky v. Exec. Health Res., Inc.*,
   599 U.S. 419 (2023) ................................................................................................ 5

*Polyzopoulos v. Garland*,
   2021 WL 6849090 (D.D.C. 2021).......................................................................... 6

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Raya v. Calbiotech,*
    2019 WL 11504688 (S.D. Cal. 2019) ........................................................................ 10

*Ringgold Corp. v. Worrall,*
    880 F.2d 1138 (CA9 1989) ........................................................................................ 11

*Robert Ito Farm, Inc. v. Cnty. of Maui,*
    842 F.3d 681 (CA9 2016) ........................................................................................... 5

*SEC v. Chen,*
    2016 WL 3598108 (C.D. Cal. 2016) ........................................................................... 8

*SEC v. Provident Royalties, LLC,*
    2010 WL 27185 (N.D. Tex. 2010) .............................................................................. 6

*Story v. Midland Funding LLC,*
    2016 WL 5868077 (D. Or. 2016) ................................................................................ 8

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) .................................................................................................... 6

*Thompson v. KC Care, LLC,*
    2019 WL 3210088 (D. Or. 2019) ................................................................................ 9

*Ultima Servs. Corp. v. U.S. Dep't of Agric.,*
    2025 WL 224635 (E.D. Tenn. 2025) ........................................................................... 6

*United States v. Brit. Am. Tobacco Austrl. Servs, Ltd.,*
    437 F.3d 1235 (CADC 2006) ...................................................................................... 7

*United States v. Sierra Pac. Indus.,*
    100 F. Supp. 3d 948 (E.D. Cal. 2015) ........................................................................ 5

*Washington v. United States,*
    87 F.2d 421 (CA9 1936) ............................................................................................. 6

**Other Authorities**

15 U.S.C. §15b ..................................................................................................................... 11

Restatement (Second) of Judgments § 64 (1982) ................................................................. 6

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - iv

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**INTRODUCTION**

Nonparties Jolene Furdek and Jonathan Ryan want extraordinary relief from a judgment that doesn't bind them, in a case they never properly joined, based on a narrative this Court has already rejected. As Apple's brief explains, that gambit fails on its own terms, and Amazon joins Apple's arguments in full. But the Court may deny reconsideration on far simpler grounds—without reaching Apple's arguments or addressing the "new evidence," "expert" declarations, or Rule 702 briefing. We thus write separately to offer the Court two alternative paths to denying relief.

First, Furdek and Ryan's motion fails for threshold procedural reasons. The Court's judgment runs against Steven Floyd, so if anyone could seek reconsideration, it would be him. But Floyd hasn't done so—and Furdek and Ryan may not leverage Rules 59(e) or 60(b)(6) to turn this litigation into a case that never ends. Courts around the country have denied similar bids by unsuccessful intervenors, and Furdek and Ryan cite no case entertaining (much less granting) reconsideration to nonparties who are not bound by the judgment and face no preclusive effect.

Second, and in all events, the motion fails on straightforward merits grounds. While Furdek and Ryan contest other parts of the Court's reasoning, they don't deny that their counsel waited six weeks to seek amendment or intervention. This tacit concession is grounds enough to deny reconsideration. Nor does the motion identify any "manifest injustice" warranting vacatur. Courts routinely deny reconsideration when the movant cites only speculative harms, and this Court should do the same.

The Court should deny the motion and end this case.

**BACKGROUND**

**A.**     This case began in 2022, when plaintiff Steven Floyd sued Amazon and Apple for allegedly violating the Sherman Antitrust Act. Dkt. 1. Floyd amended his complaint as of right in February 2023. Dkt. 37. Then, in September 2023, the Court

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

entered a scheduling order calling for "[s]ubstantial completion of document and data production" by April 2024. Dkt. 68 at 1.

On February 29, 2024—less than five weeks before the discovery deadline—Hagens Berman filed a combined motion to amend and intervene. Dkt. 80. According to the motion, Floyd "had become difficult to reach" and had "last communicated" with his lawyers on January 16. *Id.* at 4. Counsel thus "initiated outreach" and identified two new prospective plaintiffs: Furdek and Ryan. The motion to amend, purportedly filed on Floyd's behalf, sought leave to file a second amended complaint naming Furdek and Ryan as parties. *See id.* In the alternative, Furdek and Ryan themselves moved to intervene. *Id.* at 10–12.

The Court granted Floyd's motion to amend and denied Furdek and Ryan's motion to intervene. Dkt. 98 at 9–10. The Court began with a procedural question. Because "even the *filing* of [the] motion … necessitated adjustment of the case schedule," *id.* at 6, the movants had to show "good cause" for modification under Federal Rule of Civil Procedure 16(b)(4). The Court found this standard satisfied on the record before it. *Id.* Relying on Hagens Berman's representations, the Court "assum[ed]" that Floyd's January 16 communication did not itself raise red flags. Dkt. 250 at 17. If January 16 was "simply the last time" Floyd communicated, diligent counsel would not have "realize[d] immediately" that anything was amiss. *Id.* Instead, only "the passage of time" would have shown that action "was needed." *Id.* Viewed that way, the six-week gap between January 16 and February 29 was not entirely attributable to Hagens Berman and so did not foreclose modification. *See* Dkt. 98 at 6–7. Turning to the merits, the Court granted Floyd leave to amend his complaint and denied Furdek and Ryan's "motion to intervene … as moot." *Id.* at 9.

**B.** Apple asked the Court to reconsider. Dkt. 221. After the Court granted leave to amend, *in camera* review revealed what really happened on January 16. "On th[at] date, Floyd informed his counsel that he no longer wanted to participate in this

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 2

litigation …." Dkt. 203 at 3. In other words, Hagens Berman knew immediately that something was amiss but still waited "weeks … before filing" anything. Dkt. 221 at 5. As Apple explained, this delay was fatal under "Rule 16's diligence standard"—warranting reconsideration and denial of both Floyd's motion for leave to amend and Furdek and Ryan's motion to intervene. *Id.* at 5–7 & n.3.

The Court granted Apple's motion for reconsideration and "den[ied] leave to amend." Dkt. 250 at 2. The Court's opinion cites multiple, independent reasons to revisit its "threshold findings with respect to Rule 16." *Id.* at 2, 16. Among other grounds, "the new facts surrounding Floyd's [January 16] communicatio[n] … under-min[ed]" the Court's diligence assumptions. As we now know, the January 16 communication was not "simply the last time [Floyd] was in contact with his counsel," *id.* at 16–17—it expressly informed counsel that Floyd "no longer wanted to participate," Dkt. 203 at 3. Hagens Berman thus knew "on January 16" that action "was needed," making their conduct "less diligent." Dkt. 250 at 16–17. Still more, "[t]hat the timespan [wa]s … weeks rather than days" also "distinguishes this case" from cases the Court relied on in allowing amendment. *Id.* at 17. "Because the motion was not brought with diligence," the Court found no "good cause to modify the case schedule to permit either amendment or intervention." *Id.* at 18; *see also id.* at 9 n.4. It thus "vacated" its earlier order and "denied" leave to amend or intervene. *Id.* at 18.

As a result, the Court "f[ound] that dismissal of this action [wa]s appropriate." *Id.* at 19. The Court had already dismissed Floyd's claims with prejudice after Floyd failed to respond to a show-cause order. Dkt. 216. And given the Court's holdings that "the complaint may not be amended," and that Furdek and Ryan could not intervene, no one "remain[ed] to prosecute this action." Dkt. 250 at 18–19. That meant the action "must be dismissed" and final judgment entered. *Id.* at 19.

**C.**    In October 2025, Furdek and Ryan moved for relief under Federal Rules of Civil Procedure 59(e) and 60(b)(6). Properly understood, their motion appears to

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 3

contest the Court's holding that Rule 16(b)(4) foreclosed their intervention. Furdek and Ryan don't explain how *they* could challenge the denial of *Floyd*'s motion to amend—especially when Floyd has not. Nor do they address their standing to attack other aspects of a judgment that does not purport to bind them.

Furdek and Ryan challenge some—but not all—of the grounds underlying the Court's reconsideration order. Br. 4–10 (Dkt. 256). They chiefly dispute the Court's characterization of the January 16 communication, denying that it amounted to a "withdrawal" or carried "jurisdictional" consequences. Br. 7–9. To that end, they cite (1) a previously undisclosed email that their lawyers sent to someone else (*i.e.*, Floyd) on February 26, 2024 and (2) declarations from "legal ethics experts" who disagree with the Court's holdings. Br. 7. Furdek and Ryan also challenge the Court's lack-of-candor finding, insisting their counsel acted "appropriately." Br. 9–10. And they further speculate that they might face "manifest injustice" absent vacatur. Br. 11–12. Furdek and Ryan do not, however, deny that counsel's six-week delay would independently foreclose modification under Rule 16(b)(4). Nor do they cite any case granting Rule 59(e) or 60(b)(6) relief to nonparties who did not successfully intervene.

## ARGUMENT

As Apple explains, Furdek and Ryan's motion fails on its own terms—and none of their "new" evidence or declarations warrant vacatur. But the Court can deny Furdek and Ryan's motion without considering those arguments because the motion fails for two additional, independent reasons. *First*, the motion fails on threshold procedural grounds because unsuccessful intervenors may not seek to vacate a judgment that doesn't bind them. And *second*, the motion fails on the merits because it tacitly concedes dispositive grounds for dismissal and identifies no manifest injustice. The Court may deny relief on either basis (or both), and because neither argument is jurisdictional, it may address the arguments in any order. If the Court does so, it need not reach Apple's brief, the Rule 702 briefing, or the "new" evidence or declarations.

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    The motion fails on threshold procedural grounds.

### A.    Unsuccessful intervenors may not move to vacate a judgment that doesn't bind them.

"[A] final judgment may be reopened only in narrow circumstances." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 440 (2011). "[T]here is a compelling interest in the finality of judgments which should not lightly be disregarded." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (CA9 1985). That's why Rule 59(e) relief "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (CA9 1999) (citation omitted). And it also explains why the Supreme Court has "consistently held that only 'extraordinary circumstances' can justify" Rule 60(b)(6) relief. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025) (citation omitted); *see also* Local Rule 7(h) (reconsideration motions "disfavored"). As "[t]he Ninth Circuit has repeatedly emphasized," grounds for reconsideration "must be construed narrowly in order to preserve the finality of judgments." *United States v. Sierra Pac. Indus.*, 100 F. Supp. 3d 948, 955 (E.D. Cal. 2015).

These concerns have added weight when it comes to nonparties, who "typically cannot do much of anything in a lawsuit." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023). Subject to a narrow exception discussed below, "[t]he Ninth Circuit has held that nonparties generally cannot seek relief from a judgment under Rule 60(b) …." *In re Corbett*, 2009 WL 684810, at *3 (D. Ariz. 2009). Nor may nonparties invoke Rule 59(e). *See In re NASDAQ*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999); *Barkley v. Dep't of Lab.*, 2016 WL 9241418, at *2 n.3 (D. Ariz. 2016).

Nothing changes when the nonparty seeking reconsideration has tried—and failed—to intervene. "The Supreme Court has held that a prospective intervenor is not a 'party' as that term is used in federal law," and "does not become a party … unless and until he is allowed to intervene." *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 687 (CA9 2016) (citation omitted). When a court denies intervention,

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 5

the would-be intervenor "remains a nonparty and, therefore, does not have standing to assert any further claims for relief"—including reconsideration. *Polyzopoulos v. Garland*, 2021 WL 6849090, at *3 (D.D.C. 2021). Courts around the country have denied unsuccessful intervenors' bids for Rule 59(e) and Rule 60(b) relief on that basis. *E.g.*, *NASDAQ*, 184 F.R.D. at 511; *SEC v. Provident Royalties, LLC*, 2010 WL 27185, at *2 (N.D. Tex. 2010); *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, 2025 WL 224635, at *5 (E.D. Tenn. 2025); *Barkley*, 2016 WL 9241418, at *2 n.3.

That makes sense. A litigant generally may not seek relief from a judgment unless "the judgment is or purports to be binding on him under the rules of res judicata." Restatement (Second) of Judgments §64 (1982). And unsuccessful intervenors—like most nonparties—face no res judicata from a judgment that doesn't bind them to begin with. *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008); *Ciba Specialty Chems. Corp. v. Tensaw Land & Timber Co.*, 233 F.R.D. 622, 626 (S.D. Ala. 2005) (unless intervention is granted, would-be intervenors "are not parties" and "cannot be bound"). Nor do any preclusive consequences flow from an order denying intervention, which "adjudicates nothing but the right to intervene, and has no force as res judicata on the merits." *Washington v. United States*, 87 F.2d 421, 433 (CA9 1936).

### B.    Furdek and Ryan are unsuccessful intervenors and thus may not move to vacate the judgment against Floyd.

Furdek and Ryan are unsuccessful intervenors—not parties to this action. The Court's reconsideration order "vacated" its earlier order permitting Floyd to file a second amended complaint and "denied" Floyd's motion to amend. *See* Dkt. 250 at 18. As a result, the February 2023 first amended complaint remains operative. *See* Dkt. 37 ¶22 (naming Floyd as sole plaintiff). Nor have Furdek or Ryan become parties through intervention. The Court denied their February 2024 motion to intervene, *see* Dkt. 98 at 9, and it later held that Rule 16(b)(4) precluded intervention in all events, Dkt. 250 at 9 n.4, 18. The upshot: as nonparties, Furdek and Ryan may not seek to

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 6

reopen the judgment against Floyd under Rules 59(e) or 60(b)(6). If anyone had standing to invoke those rules, it would be Floyd—who is named as a party, bound by the judgment, and faces res judicata consequences. But Floyd hasn't done so.

It makes no difference that a now-vacated order temporarily allowed Furdek and Ryan to participate. Furdek and Ryan cite no case (and we have found none) granting a nonparty's Rule 59(e) or 60(b) motion in that posture. And Furdek and Ryan have declined—quite rightly—to rely on cases allowing nonparties to seek vacatur in "exceptional circumstances." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (CA9 1987). The Ninth Circuit has suggested that "an exception may be made" to the "general rule" against nonparty vacatur when the nonparty has "participated in the proceedings" and "the equities favor" entertaining its motion. *Id.* at 1440–42. But the burden to establish those conditions is on the nonparty, *see United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1243 (CA9 2020), and Furdek and Ryan's opening brief didn't raise that argument, thus forfeiting it. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 n.5 (CA9 2010).

Forfeiture aside, no exceptional circumstances warrant entertaining Furdek and Ryan's motion (even assuming the Ninth Circuit's approach is sound, an issue we preserve, *cf. United States v. Brit. Am. Tobacco Austrl. Servs, Ltd.*, 437 F.3d 1235, 1240 (CADC 2006)). As to participation, we know of no case applying the Ninth Circuit's exception to nonparties whose basis for participating was later rescinded. And as to the equities, this Court has already found that "justice require[d]" denying leave to intervene. Dkt. 250 at 18. Nor (again) are Furdek and Ryan bound by the judgment—another equitable factor that weighs against their motion.

## II.    The motion fails on the merits.

If the Court reaches the merits, it should decline to vacate the judgment against Floyd. The Court correctly held that Furdek and Ryan's efforts to intervene couldn't clear the first hurdle: Rule 16(b)(4). Furdek and Ryan fail to contest the

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Court's key premises, and their manifest-injustice arguments are unsound. The Court can deny reconsideration on this basis alone.

### A.    Furdek and Ryan concede dispositive grounds for dismissal.

#### 1.    Counsel's six-week delay independently precluded modification under Rule 16(b)(4).

The Court could not have granted Furdek and Ryan's motion to intervene without modifying the case schedule. Intervenors are "subject to discovery," *SEC v. Chen*, 2016 WL 3598108, at *4 (C.D. Cal. 2016), yet Furdek and Ryan sought to intervene less than five weeks before the substantial-completion deadline. *See* Dkt. 68 at 1. As this Court recognized, "even the *filing*" of Furdek and Ryan's motion "necessitated adjustment of the case schedule." Dkt. 98 at 6. Under these circumstances, "a court begins with Rule 16 when considering a motion to intervene." Dkt. 250 at 10.

Rule 16(b)(4) permits case-schedule modification only "for good cause." This standard turns on "the diligence of the party" whose motion necessitates modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (CA9 1992). "If that party was not diligent, the inquiry should end." *Id.* "Although typically it is the moving party's diligence" that counts, Dkt. 250 at 18 n.9, courts also consider *counsel*'s diligence when the same lawyers represent the plaintiff and a would-be intervenor. *See Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *3–5 (N.D. Cal. 2010). "Ideally, a party will move to amend" or intervene "within weeks of learning new information." *Story v. Midland Funding LLC*, 2016 WL 5868077, at *3 (D. Or. 2016); *e.g.*, *Navarro v. Eskanos & Adler*, 2006 WL 3533039, at *2 (N.D. Cal. 2006) (two weeks). By contrast, waiting "a month-and-a-half [after learning] new information" would "not necessarily be diligent." *Aldan v. World Corp.*, 267 F.R.D. 346, 358 (D.N. Mar. I. 2010).

Here, the Court correctly found no good cause to entertain Furdek and Ryan's efforts to intervene. Whether or not Floyd's January 16 communication was a formal

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

withdrawal or carried jurisdictional consequences, Hagens Berman "should have appreciated on January 16" that something was amiss. Dkt. 250 at 17. Yet they waited nearly a month (until February 13) to tell defendants they planned to amend and six weeks (until February 29) to file anything. Dkt. *See* Dkt. 80 at 3. That delay forecloses good-cause modification under Rule 16(b)(4). *See, e.g.*, *Thompson v. KC Care, LLC*, 2019 WL 3210088, at \*3 (D. Or. 2019) ("[W]aiting one month after discovering new facts to inform the opposing party" of plans to amend "do[es] not constitute diligence under Rule 16."); *Espinoza v. Ashe*, 2017 WL 1549948, at \*5 n.1 (E.D. Cal. 2017) (six-week delay between discovering new facts and moving to amend was too long); *LeDoux v. Outliers, Inc.*, 2026 WL 327940, at \*3 (W.D. Wash. 2026) (seven-week delay was too long); *Ogier v. KC Care, LLC*, 2019 WL 3210089, at \*3 (D. Or. 2019) (collecting cases where comparable delays foreclosed modification).

### 2.    Furdek and Ryan tacitly concede the delay rationale.

Furdek and Ryan dispute none of this. *See Orr v. Plumb*, 884 F.3d 923, 932 (CA9 2018) (Arguments "omitted from the opening brief are deemed forfeited."). They don't pretend that the Court could have granted leave to intervene without modifying the case schedule. They don't deny that Rule 16(b)(4) governs, that they had the burden to show good cause, or that counsel's conduct matters. They don't dispute that Hagens Berman should have known something was wrong no later than January 16. And they don't challenge the Court's finding that waiting six weeks to file anything under these circumstances undermines their claims of diligence. *See* Dkt. 250 at 17.

To be sure, Furdek and Ryan attack other aspects of the Court's reasoning. *See* Br. 9–10. But their objections to the Court's lack-of-candor rationale don't undermine the delay rationale, which offers independent grounds to find a lack of diligence. Nor does the delay rationale turn on whether counsel sought to "clarify Floyd's status before moving to amend." *Contra* Br. 10. What matters is that counsel waited more than six weeks to file anything—not what they were doing in the meantime. Finally,

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 9

the delay rationale doesn't depend on any "pre-January 2024 communications." *Contra id.* Again: counsel knew something was wrong on January 16. Furdek and Ryan don't claim otherwise, and this tacit concession dooms their motion.

### B.    Furdek and Ryan's manifest-injustice argument is unsound.

Furdek and Ryan also claim that the prospect of "manifest injustice" warrants reconsideration. Their argument goes like this. Step one: in a hypothetical future case, Furdek's claim and one of Ryan's claims would be time-barred "[a]bsent … tolling." Br. 11. Step two: Furdek and Ryan "believe tolling should be available," but "there is no guarantee." Br. 2. And step three: this Court should analyze the tolling question (with one paragraph of briefing, *see* Br. 11) and conclude that subjecting Furdek and Ryan to such hypothetical future "risk" would be "manifest[ly] [un]just." Br. 11 (citation modified). That Hail Mary fails twice over.

First, the argument is untimely. "[C]ourts will not address" Rule 59(e) arguments "that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). And Rule 60(b)(6) "is not an appropriate place to slip in arguments that should have been made earlier." *Kingdom v. Lamerque*, 392 F. App'x 520, 522 (CA9 2010) (citation omitted). Here, Furdek and Ryan could've raised any tolling concerns when they opposed reconsideration. *See* Dkt. 226. Yet they concededly failed to do so because they did not "anticipate" how "intricate" the "tolling issues" might be. Br. 11. That forecloses their manifest-injustice claim.

Second, and in all events, the argument fails on the merits. "[T]he manifest injustice standard sets a high bar." *Raya v. Calbiotech*, 2019 WL 11504688, at *3 (S.D. Cal. 2019). For example, the Ninth Circuit has found manifest injustice when an "attorney's gross negligence result[ed] in dismissal with prejudice for failure to prosecute." *Lal v. California*, 610 F.3d 518, 524 (CA9 2010)). By contrast, speculative "references to *potential* prejudice … do not rise to the level of manifest injustice necessary" for relief. *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64–65 (D.D.C. 2015). "When

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the most a [movant] does is suggest that he *may* be unfairly prejudiced … it is hard to fault a court that finds nothing 'manifest' about any injustice that might result from a dismissal." *Ciralsky v. CIA*, 355 F.3d 661, 673 (CADC 2004) (citation modified).

Furdek and Ryan's manifest-injustice claim is speculative. When litigants merely "sugges[t] that maybe, perhaps, a new lawsuit could potentially be barred," they "fai[l] to show that the potential for a limitations bar constitutes a manifest injustice." *Navarette v. Corizon LLC*, 2020 WL 209317, at \*2–3 (D.N.M. 2020). Otherwise, litigants could compel relief whenever binding precedent doesn't predetermine their success down the road. And they could also demand an advisory opinion about how tolling might apply a future case. *But cf. Chapman v. Gen. Motors, LLC*, 2024 WL 698789, at \*8 (E.D. Mich. 2024) (declining to issue "advisory opinion" on tolling).

Anyhow, the outcome Furdek and Ryan call "unjust" would arise from a combination of Congress's policy choices and their own litigation strategy—not the judgment against Floyd. Congress decided that "[a]ny action to enforce" the antitrust laws "shall be forever barred unless commenced within four years." 15 U.S.C. §15b. So the prospect that viable claims will be time-barred is not a problem requiring a judicial fix: it's a "policy choice" that "commands this Court's respect." *Pereida v. Wilkinson*, 592 U.S. 224, 242 (2021). Still more, Furdek and Ryan knew their claims might be barred if defendants succeeded in opposing their participation. *See, e.g.*, Dkt. 86 (opposing intervention). And they also had "notice of all facts known" by their counsel, *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (CA9 1989)—including those that later led this Court to dismiss. Under those circumstances, prudent litigants could've filed a protective complaint and moved to stay further proceedings pending the outcome here. *See Cal. Pub. Emps' Ret. Sys. v. ANZ Secs., Inc.*, 582 U.S. 497, 513 (2017) (Courts have "ample means and methods to administer their dockets" and ensure that such "filings proceed in an orderly fashion."). Yet Furdek and Ryan chose not to, knowing full well what the consequences might be.

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 11

## CONCLUSION

The Court should deny the motion.

Undersigned counsel certifies that this memorandum contains 3,782 words, in compliance with this Court's March 6, 2026 briefing order.

DATED March 13, 2026.

**DAVIS WRIGHT TREMAINE**

*/s/ John Goldmark*
John Goldmark (WSBA No. 40980)
MaryAnn Almeida (WSBA No. 49086)
Emily Parsons (WSBA No. 57061)
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Phone: (206) 622-3150
johngoldmark@dwt.com
maryannalmeida@dwt.com
emilyparsons@dwt.com

**SIDLEY AUSTIN LLP**

*/s/ Benjamin M. Mundel*
Mark D. Hopson (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
Jacquelyn E. Fradette (*pro hac vice*)
Peter A. Bruland (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
mhopson@sidley.com
bmundel@sidley.com
jfradette@sidley.com
pbruland@sidley.com

*Attorneys for Amazon.com, Inc.*

AMAZON'S OPPOSITION TO RULE 59/60 MOTION
(Case No. 2:22-cv-01599-KKE) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax