The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al.,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>　　　　　Defendants. | No. 2:22-cv-01599-KKE<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B)**<br><br>NOTE ON MOTION CALENDAR: May 29, 2026<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND. ..................................................................................................................2

III. LEGAL STANDARD............................................................................................................3

IV. ARGUMENT.........................................................................................................................4

    A. The February 26 email and Hagens' expert declarations are not "newly-discovered evidence" warranting reconsideration. ....................................................4

        1. The evidence is not "newly-discovered." ........................................................4

        2. Hagens "newly-discovered evidence" does not materially impact the Court's dismissal decision. ...........................................................................6

    B. Hagens fails to identify a manifest error of fact or law. .........................................7

        1. The Court correctly concluded that Floyd's January 16 withdrawal created a fatal jurisdictional gap that Hagens did not diligently bridge. .............................................................................................................7

        2. Hagens' lack of candor further supports dismissal. .....................................9

        3. Hagens' lack of diligence in moving to amend justifies the Court's dismissal even if the meaning of Floyd's January 16 communication was unclear......................................................................11

V. CONCLUSION....................................................................................................................11

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

*i*

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BLOM Bank SAL v. Honickman*,
   605 U.S. 204 (2025) .................................................................................................................. 4

*Castillo v. United Rentals (N. Am.), Inc.*,
   No. 17-1573, 2018 WL 3429936 (W.D. Wash. July 16, 2018) ........................................... 8, 9

*Coastal Transfer Co. v. Toyota Motor Sales*,
   833 F.2d 208 (9th Cir.1987) ................................................................................................ 4, 6

*Fife v. Scientific Games Corp.*,
   No. 18-CV-565, 2020 WL 4933959 (W.D. Wash. August 24, 2020) ................................ 9, 11

*Hitt v. Arizona Beverage Co., LLC*,
   No. 08CV809, 2009 WL 4261192 (S.D. Cal. Nov. 24, 2009) ................................................ 9

*In re Oak Park Calabasas Condo. Ass'n*,
   302 B.R. 682 (Bankr. C.D. Cal. 2003) ................................................................................ 2, 7

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ................................................................................................ 3

*In re Wylie*,
   349 B.R. 204 (B.A.P. 9th Cir. 2006) ....................................................................................... 4

*Jackson v. Laureate, Inc.*,
   186 F.R.D. 605 (E.D. Cal. 1999) .......................................................................................... 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ............................................................................................. 9, 10

*Kemp v. United States*,
   596 U.S. 528 (2022) .................................................................................................................. 4

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) ......................................................................................... 3, 5, 10

*Liljeberg v. Health Servs. Acquisition Corp.*,
   486 U.S. 847 (1988) ................................................................................................................ 4

*McMillian v. Sanofi-Aventis U.S. LLC*,
   No. 23-CV-05780, 2024 WL 1117049 (N.D. Cal. Mar. 13, 2024) .......................................... 9

*Phillips v. City of Fairfield*,
   No. CIVS040377, 2006 WL 335472 (E.D. Cal. Feb. 10, 2006) .............................................. 6

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ................................................................................................. 8

*Yeager v. AT&T Mobility, LLC*,
   No. CIV. S–07–2517, 2011 WL 3847178 (E.D. Cal. Aug. 30, 2011) .................................... 7

**Rules**

Fed R. Civ. P. 59(e) ........................................................................................................................ 3

Fed. R. Civ. P. 60(b)(6) .................................................................................................................. 4

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

*ii*

Orrick, Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

## I. INTRODUCTION

On January 16, 2024, Plaintiff Steven Floyd ("Floyd") told his counsel Hagens Berman ("Hagens") that he no longer wanted to participate in this litigation. Yet Hagens withheld that information, telling the Court and Defendants that Floyd simply had become difficult to reach and may be experiencing a health issue or personal emergency. Relying on these misrepresentations, the Court granted Hagens' motion to amend to add new class representatives. Only after the Court reviewed Floyd's communications *in camera* did the truth emerge—leading the Court to sanction Hagens for its misrepresentations. Dkt. 203, at 2. At first, Hagens expressed contrition, conceding that matters "could have been handled better." Dkt. 223, at 2. But after the Court granted Apple's motion to reconsider and dismissed the case, Hagens changed its tune.

Hagens now urges the Court to reconsider its dismissal order, claiming the Court manifestly erred in finding that (1) Floyd withdrew from the case; and (2) Hagens failed to diligently bridge the jurisdictional gap created by Floyd's withdrawal. Hagens claims that "new" evidence—a February 26, 2024 email from Hagens to Floyd and three expert declarations—supports its motion. Dkt. 256. But neither the email nor the expert declarations are "newly-discovered" evidence. Both could have been previously presented to the Court at multiple points in the litigation.

Regardless, the Court correctly concluded that Floyd withdrew entirely from the litigation in his January 16, 2024 communications, creating a jurisdictional gap that Hagens failed to diligently bridge. Floyd expressly told Hagens he had "reconsidered" his participation in the case because he did not want to engage in discovery. When Hagens tried to dissuade him, Floyd unequivocally declared, "I pass!" Hagens then waited six weeks to move to add new plaintiffs, all the while proclaiming that Floyd had not expressed any desire to withdraw and had simply gone "silent." Hagens' lack of candor regarding Floyd's stated desire to withdraw from the litigation confirms that, far from being supported by good cause as required by Rule 16, Hagens was not diligent in seeking amendment.

DEFENDANT APPLE'S OPP. TO MOTION TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Manifest error is error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003). The Court's dismissal decision comes nowhere close to manifest error. The Court was correct on the law and the facts and should deny Hagens' motion.

## II.     BACKGROUND

In November 2022, Steven Floyd filed a putative class action complaint as the sole class representative. Dkt. 1. In September 2023, Defendants issued their first document requests to Floyd. Dkt. 67, at 2.

On January 16, 2024, Floyd told Hagens he had "reconsidered" his participation in the litigation because he did not want to produce discovery. Ex. 1. Hagens attempted to convince Floyd to change his mind, but Floyd once again made his position clear, telling Hagens: "I pass!" Ex. 2.

Hagens did not contact Floyd again until January 24, and again on February 1 (both by text). Exs. 3, 4. Neither communication asked about Floyd's January 16 statements. *Id.* Hagens then informed Floyd on February 26 that it would be adding two additional class representatives. Ex. 5. In that email, Hagens asked Floyd for the first time whether he wished to withdraw as a class representative but provided no explanation of what that meant. *Id.* Floyd did not respond. Dkt. 173 at 7.

Hagens moved to add other named plaintiffs on February 29, 2024. Dkt. 80. Despite Floyd's clear decision to "pass" on pursuing his claims, in the lead-up to the motion and in the motion itself, Hagens claimed that Floyd "ha[d] not informed [it] of any intention to withdraw." Dkt. 81-1 at 2. It promised to "continue discussing search protocols and parameters" for documents Floyd "will produce" and to "promptly advise Defendants" if Floyd needed to withdraw "for any reason." Dkt. 81-2 at 3-5. And it represented that "Floyd ha[d] never affirmatively withdrawn." Dkt. 80 at 4. Hagens also suggested that Floyd might have simply stopped responding for "legitimate reasons," adding that it was "reluctant to interpret his silence

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

as evincing an intent to withdraw." Dkt. 80 at 1, 4. Hagens even suggested, without any support, that Floyd could be suffering a "personal emergency," "health issues," or "other incapacitating events." Dkt. 80 at 1. Based on these misrepresentations, the Court granted leave to amend. Dkt. 98.

After reviewing Floyd's communications with Hagens, the Court determined in April 2025 that "Floyd informed his counsel that he wanted to cease participating in this action to avoid discovery obligations . . . , and Floyd's counsel failed to candidly and/or accurately describe their client's intentions to Defendants or the Court," and imposed sanctions on Hagens. Dkt. 203 at 1-2, 7. Hagens disputed none of the Court's findings. Dkt. 223 at 2.

Subsequently, Apple asked the Court to reconsider its prior Order granting leave to amend. Dkt. 221. The Court granted Apple's motion in September 2025 (the "Dismissal Order"), finding that Floyd had expressed a desire to withdraw entirely from the litigation on January 16, 2024, that Hagens had misrepresented Floyd's communications to Defendants and the Court, and that Hagens did not act diligently in seeking amendment. Dkt. 250 at 3, 17. Hagens moved to alter or amend the judgment (the "Motion"), which Defendants now oppose. Dkt. 256.

## III. LEGAL STANDARD

Rule 59(e) permits courts to "alter or amend" judgments as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Fed R. Civ. P. 59(e); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, courts do not allow amendment of a judgment unless (1) the moving party presents "newly discovered evidence," (2) shows that the court "committed clear error or the initial decision was manifestly unjust," or (3) if there is an intervening change in controlling law." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original).

Rule 60(b) similarly permits courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any "reason that justifies relief," including "to prevent

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

manifest injustice."[1] Fed. R. Civ. P. 60(b)(6); *In re Wylie*, 349 B.R. 204, 212 (B.A.P. 9th Cir. 2006). Rule 60(b)(6)'s "catch-all" provision is only available under "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025).

## IV.  ARGUMENT

Hagens proposes four grounds for reconsideration. First, Hagens submits a February 26, 2024 email from Hagens to Floyd and declarations from three legal ethics experts as "newly discovered evidence." Dkt. 256 at 4-7. Second, Hagens claims "manifest error" in the finding that Floyd's complete withdrawal created a jurisdictional gap. *Id.* at 7-9. Third, Hagens asserts another manifest error in the finding that Hagens did not act diligently in seeking leave to amend. *Id.* at 7-10. Finally, Hagens argues that application of the statute of limitations would create "manifest injustice."[2]

All four arguments fail.

### A.  The February 26 email and Hagens' expert declarations are not "newly-discovered evidence" warranting reconsideration.

For "newly discovered evidence" to warrant relief, that evidence must both be genuinely "newly discovered" *and* of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir.1987). Here, Hagens' purported "new" evidence is neither new nor likely to change the outcome of the case.

#### 1.  The evidence is not "newly-discovered."

There is nothing "new" about the evidence Hagens presents in support of its motion for reconsideration. Both the February 26 email and the three expert declarations "could reasonably

---

[1] Although the Motion refers to Rule 60(b) generally, Hagens discusses only clause (b)(6). Dkt. 256 at ii, 4, 6. Hagens may not rely on other subsections because (b)(6) can only be used "when the other grounds for relief specified in Rules 60(b)(1)–(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022).

[2] Apple joins Amazon's Opposition, which addresses why Hagens' manifest injustice argument fails.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

have been raised earlier." *Kona Enters.*, 229 F.3d at 890. In fact, Hagens does not even claim that this evidence is "newly-discovered" in the traditional sense. Hagens instead argues the Washington Rules of Professional Conduct ("RPC") somehow prohibited disclosure.

Not so. RPC 1.6(b)(5) permits counsel to "reveal information relating to the representation of a client," like the February 26 email, "to respond to allegations in any proceeding concerning the lawyer's representation of a client." Ex. 6 ("Fucile Decl.") 18 n.18. Hagens' lack of candor was directly at issue in this litigation on several prior occasions. *Id*. First, Hagens could have raised this evidence to challenge the Court's Sanctions Order, which held that Hagens' conduct had "needlessly prolonged this litigation and required considerable judicial resources, as well as time and effort on the part of Defendants," Dkt. 203, at 7, or in response to Defendants' related motions, *see also* Dkts. 152, 262. Second, Hagens had another opportunity to raise this evidence in opposing Apple's Motion for Reconsideration, which criticized Hagens for "misle[ading] the Court and Apple for over a year about Floyd's intentions." Dkt. 221 at 2, 5. But again, it opted not to. Dkt. 226. And there were many other opportunities to raise the February 26 email: when Hagens offered communications for *in camera* review in connection with its September 2024 motion to withdraw; when the Court ordered Hagens to produce 29 other privilege-log communications; and when Mr. Berman offered to produce other communications for *in camera* review. *See* Dkt. 142, at 2 n. 1; Dkt. 199; Ex. 7 ("June 16 Hr'g Tr.") 20:25-21:4.

Hagens' only response is that it could not have submitted the evidence earlier because "there were other legally adequate grounds to respond." Motion at 6. But nothing in RPC 1.6 limits disclosure of Hagens' communications with Floyd in this way. Hagens could have brought the February 26 email to the Court's attention without violating RPC 1.6. Fucile Decl. at 18 n.18; Ex. 8 ("Barnard Tr.") 34:10-35:14. Defendants could find no authority, and Hagens offers none, holding that disclosure under RPC 1.6 is permitted only if those communications are the *sole* basis for responding to allegations regarding counsel's representation of the client.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

As for the expert declarations, whether they constitute "newly-discovered evidence" turns on whether the *underlying facts and evidence* could reasonably have been raised earlier in the litigation. Courts routinely reject attempts to launder previously-available evidence and arguments under the guise of a "new" expert declaration. *See, e.g.*, *Phillips v. City of Fairfield*, No. CIVS040377, 2006 WL 335472, at *2 (E.D. Cal. Feb. 10, 2006) (expert declaration was not "newly discovered" because it was "based upon facts known to plaintiff at the time of the summary judgment motion"). Here, all of the underlying facts in each of the three expert declarations— court records and Hagens' and Floyd's communications (including the February 26 email)—were "known to [Hagens]" throughout the litigation. *Id.* at *2. The declarations therefore are not "newly-discovered" evidence.

### 2.  Hagens "newly-discovered evidence" does not materially impact the Court's dismissal decision.

Even if Hagens' evidence were truly "new," it is not of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer*, 833 F.2d 208 at 211.

*First*, the February 26 email has no bearing on whether Floyd withdrew on January 16, which even one of Hagens' expert admitted.[3] Ex. 9 ("Holland Tr.") 59:12-25. The email, sent from Hagens to Floyd with no response, does not change the meaning of Floyd's unequivocal January 16 withdrawal. In fact, Floyd's silence in response to this email only confirms the Court's reading of the January 16 emails as expressing Floyd's intention to withdraw completely from the litigation. Still, Hagens continued to insist that Floyd had not expressed "*any* intention with withdraw." Dkt. 81-1, at 2.

*Second*, coming a month-and-a-half after Floyd's withdrawal, the February 26 email hardly evinces diligence. The email does not undermine the Court's conclusion that if Hagens were genuinely confused by Floyd's January 16 emails, it should have clarified sooner but did

---

[3] The email also has no bearing on the Court's finding that pre-January 2024 communications between Hagens and Floyd "suggest that Floyd was not an adequate named plaintiff at any time." Dkt. 250 at 12.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

not do so. Dkt. 250 at 12. At most, the February 26 email shows Hagens sought to clarify—if one can call it that—*six weeks* later than they should have. That does not make their conduct diligent.

*Finally*, Hagens' claim that the February 26 email attempted "to clarify" whether Floyd wanted to withdraw is wholly unsupported by the language of the email, which simply asks Floyd to let Hagens know "affirmatively" if he wished to "withdraw as a class representative." Ex. 5. Hagens never referenced Floyd's January 16 communications in the February 26 email, much less asked what they meant.

The experts' opinions are likewise irrelevant because, as more thoroughly explained in Defendants' concurrently filed *Daubert* motion, whether Hagens satisfied state rules of professional conduct has no bearing on whether Floyd's withdrawal created a jurisdictional gap under Article III of the federal Constitution and whether the Court rightly applied Rule 16(b)(4)'s requirement of "good cause" to modify a scheduling order.

### B. Hagens fails to identify a manifest error of fact or law.

"[M]anifest" error "amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003). "The fact that [a party] can make reasonable, and potentially meritorious, arguments to the contrary does not transform [a] decision into clear error." *Yeager v. AT&T Mobility, LLC*, No. CIV. S–07–2517, 2011 WL 3847178, at *3 (E.D. Cal. Aug. 30, 2011). The Court made no such errors of law or fact in its Dismissal Order.

#### 1. The Court correctly concluded that Floyd's January 16 withdrawal created a fatal jurisdictional gap that Hagens did not diligently bridge.

The Court correctly found that Floyd on January 16, 2024 communicated his desire to withdraw from the litigation entirely when he told Hagens he had "reconsidered" his participation in the case and then confirmed he would "pass" on the case when Hagens tried to change his mind. Dkt. 250, at 11-12; Fucile Decl. at 12-14. Even Hagens' experts call this finding at least reasonable, directly refuting Hagens' argument that the Court's finding

DEFENDANT APPLE'S OPP. TO MOTION TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

"completely disregard[ed] . . . the credible evidence in the record." [4] Ex. 10 ("Bank Tr.") at 50:14-51:12; Holland Tr. at 32:16-22.

The Court was also correct in concluding that the "jurisdictional gap" created by Floyd's withdrawal "became fatal when it was not diligently bridged." Dkt. 250 at 16. After Floyd withdrew on January 16, Hagens waited six weeks to add new plaintiffs, failing the diligence test under Rule 16.

These findings alone justify denying the motion to amend the complaint. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). Consequently, in a class action, a plaintiff may substitute before class certification only when the plaintiff "intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately." *Castillo v. United Rentals (N. Am.), Inc.*, No. 17-1573, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018). Here, where Floyd withdrew entirely and counsel did not immediately substitute a new plaintiff, the withdrawal creates a jurisdictional gap requiring dismissal. *Id.*

The Court correctly distinguished this case from *Castillo* and *Fife*. Unlike plaintiffs in those cases, Floyd had never "meaningfully participated in discovery." Dkt. 250, at 14. There is also no evidence that Floyd ever attempted to locate any responsive documents or even understood his discovery obligations. *See* Ex. 11 (August 30, 2024 Letter from Hagens memorializing that almost a year after Defendants' RFPs, Floyd still "questioned the need to search [his] emails for potentially relevant documents."). Additionally, in *Castillo*, counsel was "able to produce a proposed substitute immediately" after the prior plaintiff decided to step down. 2018 WL 3429936, at *3. In *Fife*, counsel moved to substitute new class representatives two days after the named plaintiff confirmed her desire to withdraw. *Fife v. Scientific Games*

---

[4] As explained in Defendants' concurrently-filed *Daubert* Motion, it is improper for expert witnesses to opine on the Court's factual findings.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1  *Corp.*, No. 18-CV-565, 2020 WL 4933959, at *2 (W.D. Wash. August 24, 2020). The fatal 60-
2  day gap in *Hitt* is a much closer analogue to the 44-day gap here. *Hitt v. Arizona Beverage Co.,*
3  *LLC*, No. 08CV809, 2009 WL 4261192, at *5 (S.D. Cal. Nov. 24, 2009). Following *Hitt*, the
4  Court correctly decided that Hagens' delay reflected a lack of diligence.

### 2. Hagens' lack of candor further supports dismissal.

6  Rule 16 allows amendments for "good cause" with a showing of diligence. *Johnson v.*
7  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). The Court correctly
8  concluded that Hagens acted without diligence by displaying a pervasive lack of candor. *Cf.*
9  *McMillian v. Sanofi-Aventis U.S. LLC*, No. 23-CV-05780, 2024 WL 1117049, at *4 (N.D. Cal.
10 Mar. 13, 2024) ("lack of candor" did not "help [plaintiff's] case" in seeking to amend). Though
11 Floyd's reluctance to participate in discovery had made him "reconsider[]" his participation in
12 the case, Hagens falsely claimed he simply went silent—without "inform[ing] [Hagens] of any
13 intention to withdraw." Dkt. 81-1, at 2. Hagens then falsely suggested that Floyd may be
14 experiencing a "personal emergency" or "health issues." Dkt. 80 at 5, 8. The Court properly
15 concluded that this lack of candor precluded "good cause" for Hagens' motion to amend.

16 Hagens cites no authority, and Defendants know of none, requiring lack of diligence to
17 rise to professional misconduct to be relevant to Rule 16 good-cause analysis. Quite the opposite.
18 Even mere carelessness—while not a violation of the RPC—could preclude a finding of
19 diligence. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of
20 diligence and offers no reason for a grant of relief."). Under Rule 16, the core diligence inquiry is
21 whether the movant "discharged her obligation under Rule 16 to collaborate with the district
22 court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).
23 And lack of candor can interfere with the management of the case regardless of whether it
24 violates RPC. Therefore, the Court properly concluded Hagens was not diligent in seeking
25 amendment under Rule 16 without determining whether its conduct runs afoul of the RPC.

26 But, since Hagens chose to put the RPC at issue, Defendants note that Hagens violated
the duty of candor under RPC 3.3(a)(1). Fucile Decl. at 20-23. As Hagens' experts acknowledge,

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

9

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

counsel must "always be honest and forthcoming with a tribunal" and not "knowingly mak[e] a false statement of fact to opposing counsel." Holland Tr. at 63:5-11, 73:25-74:19; Dkt. 260 ¶ 13. Both affirmative false statements and omissions can violate these duties. Fucile Decl. at 20; Holland Tr. at 63:18-64:7, 73:25-74:19. Here, the Court's motion-to-amend ruling was "premised upon the assumption that Floyd's reasons for becoming non-responsive were unspecified." Dkt. 203, at 7. Because Hagens' affirmative false statements and omissions led the Court to a false conclusion of fact, Hagens violated Rule 3.3(a). Fucile Decl. at 23. Hagens' latest excuse is it could not tell the Court or Defendants more because of the duty of confidentiality. But Rule 59(e) bars Hagens from making this argument belatedly when it had several earlier opportunities to do so. *Kona Enters., Inc.*, 229 F.3d at 890.[5] Most recently, the Court asked Hagens during a June 16, 2025 hearing why it hid the circumstances of Floyd's withdrawal—Hagens didn't breathe a word about confidentiality or ethics. June 16 Hr'g Tr at 20:7-23:14.

Hagens' purported justification also fails on the merits. Rule 3.3(a)'s duty of candor is not tempered by the duty of confidentiality. Fucile Decl. at 20; *see also* Holland Tr. at 70:24-71:4; 72:12-17. And confidentiality did not require Hagens to blame "health issues" for Floyd's disengagement, particularly when Floyd had told Hagens he no longer wanted to participate in the litigation. Fucile Decl. at 21-23. *Fife* provides additional confirmation that counsel can be candid without violating ethical duties. Counsel there filed detailed declarations describing communications with Fife before she disappeared. *Fife*, 2020 WL 4933959, Dkts. 54, 55. No one suggested the conduct was improper. Yet Hagens now claims that it would have been prohibited from describing Floyd's communications to this Court, or even offering them for *in camera* review. The Court should reject Hagens' untimely and unfounded excuse.

---

[5] To the extent Hagens seeks to rely on Rule 60(b)(6) to advance new, but previously-available arguments in its Motion, it fails to even acknowledge Rule 60(b)(6)'s "extraordinary circumstances" requirement, much less explain how it is satisfied. *See generally* Dkt. 256.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

10

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

### 3. Hagens' lack of diligence in moving to amend justifies the Court's dismissal even if the meaning of Floyd's January 16 communication was unclear.

Even if Hagens did not understand Floyd's January 16 emails to constitute a complete withdrawal, Hagens' lack of diligence in moving to amend still justifies dismissal. As the Court rightfully observed, Hagens "should have appreciated on January 16 that a new plaintiff was needed." *See* Dkt. 250, at 17. If Floyd's withdrawal was unclear, Hagens should have clarified. Fucile Decl. at 17. Even Hagens' own experts agree that Floyd's January 16 emails triggered an obligation to confirm Floyd's intentions. Bank Tr. at 44:8-21; Holland Tr. at 109:4-6; 187:20-188:7. But Hagens did not ask Floyd if he wanted to withdraw until at least February 26. Compare that to *Fife*, where, upon learning of the plaintiff's potential desire to cease participation, counsel attempted to contact her by phone, email, and text message almost every day until she confirmed. *Fife*, 2020 WL 4933959, Dkt. 52, at 4; 54, at 2.

Hagens cannot escape the conclusion that the yardstick for measuring its diligence remains a six-week gap between Floyd's January 16 emails and Hagens' February 29 Motion to Amend. Dkt. 250 at 17. *Fife* and *Castillo* confirm, as the Court correctly concluded, that in waiting six-weeks before seeking amendment, Hagens did not act diligently under Rule 16.

## V. CONCLUSION

The Court should deny the Motion.

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT
Case No. 2:22-cv-01599-KKE

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Undersigned counsel certifies that this memorandum contains 3,790 words.

Dated: March 13, 2026.                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/*Mark S. Parris*
Mark S. Parris (WSBA No. 18370)
mparris@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4300

Eric Hochstadt (admitted *pro hac vice*)
ehochstadt@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000

.

**O'MELVENY & MYERS LLP**
Benjamin Bradshaw (admitted *pro hac vice)*
bbradshaw@omm.com
Sergei Zaslavsky (admitted *pro hac vice)*
szaslavsky@omm.com
Jason Yan (admitted *pro hac vice)*
jyan@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300

*Attorneys for Apple Inc.*

DEFENDANT APPLE'S OPP. TO MOTION
TO VACATE/AMEND JUDGMENT                    12
Case No. 2:22-cv-01599-KKE

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300