# EXHIBIT 11

**HAGENS BERMAN**

Ben Harrington    benh@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 300
BERKELEY, CA  94710

**hbsslaw.com**

(510) 725-3034 phone    (510) 725-3001 fax

August 30, 2024

<u>**VIA MAIL AND HAND-DELIVERY**</u>

Steven Floyd
1202 Isabella Street, #1
Williamsport, PA 17701

    Re:    Amazon-Apple Lawsuit – Court Order Compelling Discovery

Dear Mr. Floyd:

As we have discussed with you by telephone and in written correspondence, the Court has entered an Order requiring that you provide discovery and appear for a deposition. We sent the Order to you by email, mail, and hand delivery, and you have acknowledged receiving and reviewing the Order.

Because you have asked some questions about the authenticity of the Order, I have enclosed a certified copy. The Order requires compliance by you under the authority of a U.S. federal court, and we reiterate our strong recommendation that you engage with us and do all that is necessary to comply with the Order. To that end, the Court has recently extended your deadline for providing written discovery to September 13, 2024. Your deadline to appear for deposition remains September 30, 2024.

You have also questioned the need to search your emails for potentially relevant documents, including the need to use search terms to identify any emails that need to be produced. So you better understand what is required, I have enclosed an Order signed by the Court, "Protocol Regarding Discovery of Electronically Stored Information and Order."  This Protocol is an enforceable court Order regarding how discovery should be conducted of, for example, email. On pages 3-4 of the Protocol, it says under "search methodology" that the parties can agree upon using particular "search terms" for searching emails that need to be produced. Under this Protocol, we need to use the agreed-upon search terms to search your email. That is required by Court order.

While we have made every effort to coordinate with you to comply with the Order, you have not responded yet by taking the necessary steps to comply. To the extent your reservations arise from doubts about the authenticity of the Order, we hope the certified copy we have included provides the assurance you need.  If there is anything else we can

SEATTLE  BERKELEY  BOSTON  CHICAGO  LOS ANGELES  NEW YORK  PHOENIX  SAN DIEGO  LONDON

PLAINTIFFS_000052

HAGENS BERMAN

August 30, 2024
Page 2

provide to assure you of the legitimacy of this process, please let us know.  As we have previously advised, it is critical to emphasize that if you do not respond and provide the discovery compelled, in the manner ordered by the Court, Apple could request sanctions for noncompliance, including potentially monetary sanctions.

As noted previously, we hope that you contact us promptly so that we can work with you to comply with the Court's orders.  You can reach me at any time with the contact details above.  Alternatively, please feel free to contact my colleagues Ben Siegel (bens@hbsslaw.com & (510) 725-3000) and/or Meredith Simons (merediths@hbsslaw.com & (206) 268-9342).

Sincerely,

Ben Harrington

Enclosure

PLAINTIFFS_000053

188

# Attachment 1

PLAINTIFFS_000054

CERTIFIED TRUE COPY
ATTEST: RAVI SUBRAMANIAN
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al., | CASE NO. C22-1599-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

Months after Defendant Apple Inc. served discovery requests on Plaintiff Steven Floyd, who was at the time the sole named plaintiff in this putative class action, and long after the responses to those requests were due and remain unanswered, Floyd seeks to—in response to Apple's motion to compel—withdraw as a named plaintiff, dismissing his claims without prejudice to remain an absent class member. Apple does not oppose Floyd's withdrawal, but requests that the Court first compel him to respond to the outstanding discovery requests and appear for a deposition that was noticed by Apple and Defendant Amazon.com Inc. ("Amazon") before he sought to withdraw. Because the Court finds that Defendants would suffer prejudice if Floyd were permitted to withdraw without responding to the outstanding requests for discovery and testifying at a deposition, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw until after he has complied with these discovery conditions.

ORDER GRANTING MOTION TO COMPEL - 1

PLAINTIFFS_000055

## I.    BACKGROUND

This case was filed in November 2022 as a putative class action with Floyd as the sole named plaintiff, alleging that he was overcharged when he purchased a new Apple product on Amazon's website as a result of the Global Tenets Agreement between Defendants. *See, e.g.*, Dkt. No. 1 ¶ 22. Since the time of filing, the parties have briefed two rounds of motions to dismiss, a contested motion to amend the complaint, and several discovery disputes requiring Court intervention. Dkt. Nos. 30, 32, 42, 43, 53, 76, 80, 89, 90.

Defendants served requests for production on Floyd, and his counsel objected on multiple general and specific grounds in October 2023. *See* Dkt. No. 90 at 31–75. Floyd has not produced any documents in response to those requests (or any others). Dkt. No. 104 at 6. On February 8, 2024, Apple served interrogatories on Floyd, seeking information about his purchases and use of smartphones and tablets, as well as the purchases and uses of his household members. Dkt. No. 90 at 10. On February 13, Floyd's counsel responded to Apple, explaining that Floyd had "become difficult to reach" but had "not withdrawn as a class representative[.]" Dkt. No. 105 at 6. Defendants replied on February 22, inquiring as to (among other things) Floyd's availability for a deposition. *Id.* at 5. His counsel responded the next day that they would not be able to provide information about Floyd's availability until they heard from Floyd himself. *Id.* On February 26, Defendants indicated that they had "no choice but to issue a notice" for Floyd's deposition if his counsel could not provide an available date. *Id.* at 4.

Floyd's counsel moved for leave to amend the complaint on February 29, seeking to add two new named plaintiffs but not, at that time, seeking to withdraw Floyd. Dkt. No. 80. Apple opposed that motion on the grounds that Floyd was an improper class representative from the inception of this case, and that it was unfair that Defendants had been forced to respond to discovery while this case proceeded with one inadequate named plaintiff. Dkt. No. 86. Apple

ORDER GRANTING MOTION TO COMPEL - 2

PLAINTIFFS_000056

noted that it had "devoted significant time and expense to discovery, and served requests for production and interrogatories that have been frustrated by Floyd's failure to respond substantively." *Id*. at 14. Defendants argued in the alternative that if new plaintiffs are added, Floyd's counsel should be required to show that the Court should stay discovery against Defendants to allow them to minimally test whether the new representatives would be adequate class representatives *before* requiring Defendants to expend resources on discovery. *Id*. at 17–18.

On March 11, 2024, Floyd's counsel provided "objections and response" to Apple's interrogatories (Dkt. No. 90 at 21–28), lodging what Apple characterizes as "boilerplate and conclusory objections" with no actual information from Floyd, and no indication that the document was prepared with Floyd's input or participation. Dkt. No. 104 at 6.

The Court granted Floyd's motion for leave to amend on May 6, and Floyd and the new named Plaintiffs filed a second amended complaint the next day, on May 7. *See* Dkt. Nos. 98, 99. On May 8, Amazon served a notice of Floyd's deposition on Plaintiffs' counsel for May 28. Dkt. No. 105 at 9. In that notice, Amazon explained that it "expects that Mr. Floyd will answer interrogatories and produce responsive documents to Amazon's outstanding discovery requests … at least 10 days before the deposition." *Id*. Plaintiffs' counsel responded on May 10 that they would produce Floyd for a deposition if he reengaged with them. *Id*. at 20. Floyd did not reengage, appear for the deposition, or respond to any of the outstanding discovery requests.

Apple filed this motion to compel Floyd to respond to the discovery requests and appear for a deposition. Dkt. No. 104.[1] In response/opposition, Plaintiffs' counsel cross-moved to withdraw Floyd as a named plaintiff, although Floyd intends to remain an absent class member. Dkt. No. 114. In a consolidated reply/response, Apple agrees that Floyd may withdraw as a named

---

[1] Amazon concurred in the motion as well. *See* Dkt. No. 104 at 5 n.1.

ORDER GRANTING MOTION TO COMPEL - 3

PLAINTIFFS_000057

plaintiff if he chooses, but insists that his withdrawal should be conditioned on his testifying for a deposition and responding to the discovery requests that were propounded or noticed while he remained a named Plaintiff (as he does to this day). Dkt. No. 125. Defendants contend that they would be prejudiced if the Court allows Floyd to avoid his discovery obligations as a party simply by withdrawing. *Id.* at 10.

Apple's motion to compel and Floyd's motion to withdraw are now ripe for resolution, and the Court has considered the parties' briefing[2] and heard oral argument on both motions. For the following reasons, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw.

## II.    ANALYSIS

The burden to obtain discovery of any kind from absent class members is very high. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (noting that burdens, including discovery, "are rarely imposed upon plaintiff class members"). On the other hand, by filing a lawsuit in a putative class action, a named plaintiff is obligated to "participate in discovery and provide testimony." *Fraley v. Facebook Inc.*, No. C 11-1726-LHK (PSG), 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012). The scope of discovery is broad, restricted only to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Apple contends that the discovery it seeks to compel from Floyd is relevant to: (1) class-certification issues (whether the new named Plaintiffs are typical and adequate representatives of class members like Floyd); (2) the merits determination of the relevant market; (3) whether Floyd is a "core customer" referenced in the operative complaint (Dkt. No. 99 ¶ 91) based on his

___
[2] This order refers to the parties' briefing using CM/ECF page numbers.

ORDER GRANTING MOTION TO COMPEL - 4

PLAINTIFFS_000058

purchasing behavior; (4) whether Plaintiffs are correct that Apple's device records are inaccurate (as they have alleged); and (5) Defendants' defenses pertaining to the statute of limitations and whether the putative class members suffered an antitrust injury. Dkt. No. 125 at 12–14. Accordingly, Apple requests that Floyd be compelled to respond to the outstanding discovery and testify at a deposition before he is permitted to withdraw as a named plaintiff. Dkt. No. 104.

Plaintiffs contend that the discovery Apple seeks to compel has limited relevance, and go on to argue that even if the discovery was relevant, it is not necessary or proportional to the needs of the case because there are other named Plaintiffs who are ready and willing to respond to discovery. Dkt. No. 127 at 4. Given that Floyd does not want to continue as a named Plaintiff, and Defendants do not seek to force him to do so, Plaintiffs argue that discovery responses from the named Plaintiffs other than Floyd are sufficient for Defendants' purposes. *Id.* at 8.

Discovery conditions are sometimes, but not always, imposed on a withdrawing named plaintiff. *Compare, e.g., Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-0421-LK, 2023 WL 5227702, at *9–10 (W.D. Wash. Aug. 15, 2023) (where a named plaintiff sought to dismiss his claims with prejudice, court conditioned dismissal on his providing discovery responses and sitting for a two-hour deposition limited to issues unique to him); *Gallegos v. Atria Management Co.*, No. ED CV 16-888-JGB (SPx), 2016 WL 11824850, at *5 (C.D. Cal. Nov. 14, 2016) ("[N]otwithstanding [named plaintiff's] uncertain status, the information defendants request remains relevant. Although it would not necessarily be proper for defendants to seek such documents from other putative class members at this point, because [named plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her."); *Fraley*, 2012 WL 555071, at *3 (requiring an outgoing named plaintiff to appear for a deposition); *with, e.g., In re MGM Resorts Int'l Data Breach Litig.*, No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024) (finding that because

ORDER GRANTING MOTION TO COMPEL - 5

PLAINTIFFS_000059

dismissing named plaintiffs without conditions "would not deprive [Defendant] of discovery on uniquely situated class members" no unfair prejudice would result from the unconditional withdrawal of the named plaintiffs); *Doe v. Ariz. Hosp. & Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at *14 (D. Ariz. Mar. 19, 2009) (declining to impose dismissal conditions, finding them "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be … deposed in her stead").

The Court finds that based on the circumstances of this case, granting Apple's motion to compel before turning to consider Floyd's motion to withdraw is appropriate. Defendants' discovery requests were served long before Floyd sought to withdraw, and most of them were propounded when Floyd was the sole named Plaintiff. The Court is satisfied that the discovery Apple seeks is relevant to its defenses as well as to some of the issues related to class certification even if Floyd will not be a named plaintiff at that stage. *See* Dkt. No. 131 at 42–48 (Apple's arguments regarding the relevance of the Floyd discovery requests with respect to the definition of the relevant market, whether households with Amazon Prime memberships are "locked in" to purchasing products from Amazon as alleged in the complaint (*see, e.g.*, Dkt. No. 99 ¶¶ 36, 101, 119), whether an antitrust injury occurred, whether the named Plaintiffs' claims are typical of the putative class (that would include Floyd)).

Apple has further explained how the "limited information" that Defendants *have* been able to obtain about Floyd to date confirms that he possesses information relevant to the merits of this litigation as well as class certification. *See* Dkt. No. 131 at 49. Although Plaintiffs dispute (*see, e.g.*, *id.* at 56–59) whether the discovery sought by Defendants will be, ultimately, persuasive as to any claim or defense of this case, or as to class-certification inquiries, they have not shown that the information sought does not meet the low threshold of relevance or that it is not proportional

ORDER GRANTING MOTION TO COMPEL - 6

PLAINTIFFS_000060

to the needs of the case. Under these circumstances, Defendants are entitled to the discovery they seek from Floyd, before he is permitted to withdraw as a named Plaintiff.

Plaintiffs suggest that discovery conditions are inappropriate based on the posture of this case, arguing that Defendants would not be prejudiced by Floyd's withdrawal this early in the litigation (Dkt. No. 127 at 9, Dkt. No. 131 at 55). Their characterization of the stage of the proceedings as "early" is somewhat disingenuous, however, given that the proceedings have been protracted significantly due to Floyd's non-responsiveness. That Floyd sought to withdraw "before a single responsive document was produced" (Dkt. No. 127 at 9) does not alone establish that Defendants would not be prejudiced by his withdrawal, given that "Floyd's allegations alone formed the basis of the initial and First Amended Complaint, and it is against his sole allegations that Defendants have had to defend for nearly two years." Dkt. No. 125 at 15.

Because Apple has shown that the information it seeks from Floyd is sufficiently relevant, because Floyd has a unique status as the original sole named plaintiff and he possesses information that may not be identical to information available from the other named plaintiffs, and because Apple propounded much of this discovery long before Floyd sought to withdraw, the Court finds that it is appropriate to compel him to respond and testify at a deposition before allowing Floyd to withdraw. *See Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628–29 (C.D. Cal. 2011) (finding that because a defendant is entitled to depose a named plaintiff, and the named plaintiff has information that is relevant to the litigation even if he eventually withdraws, the defendant was entitled to depose named plaintiff before withdrawal); *see also Gallegos*, 2016 WL 11824850, at *5 (compelling a named plaintiff who had filed a motion to withdraw to nonetheless respond to discovery requests seeking relevant information, noting that "[a]lthough it would not necessarily be proper for defendants to seek such documents from other putative class members at this point,

ORDER GRANTING MOTION TO COMPEL - 7

PLAINTIFFS_000061

because [plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her").

### III.   CONCLUSION

For these reasons, the Court GRANTS Apple's motion to compel (Dkt. No. 104), and DEFERS ruling on Plaintiffs' cross-motion to withdraw (Dkt. No. 114). Floyd is ORDERED to respond to the outstanding interrogatories and requests for production addressed in Apple's motion no later than August 30, 2024. No later than September 30, 2024, Floyd shall testify at a deposition to be scheduled at a mutually agreeable time.

If Floyd complies with these conditions, the parties may file a stipulated motion permitting Floyd to withdraw as a named plaintiff. The clerk is directed to TERMINATE Plaintiffs' cross-motion to withdraw (Dkt. No. 114), subject to renewal if necessary.

Dated this 16th day of August, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO COMPEL - 8

PLAINTIFFS_000062

# Attachment 2

PLAINTIFFS_000063

The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN FLOYD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,

Defendants.

No. 2:22-cv-01599-KKE

**PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

## A.  General Principles

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.  As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer regarding the phasing and prioritization of productions.

3.  This Order may be modified by a Stipulated Order of the parties or by the Court

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000064

for good cause shown. Any such modified Order will be titled sequentially as follows, "First Modified Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Order will supersede the previous Order.

4.     Nothing in this Order precludes the parties from reaching further agreements on topics related to this Order, or if agreement cannot be reached, moving the Court for an appropriate discovery order.

**B.     ESI Disclosures**

Within 60 days of any party's first substantive responses to discovery requests, or at a later time if agreed to by the parties, each party shall disclose:

1.     <u>Custodians</u>. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information.

2.     <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.     <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000065

and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.     ESI Discovery Procedures**

1.     <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.     <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.     Prior to running searches:

i.     The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The requesting party may request, and the producing party may provide, unique hit counts for each search query. To the extent any disputes arise regarding the provision of hit counts, the parties shall meet and confer in a good-faith effort to resolve the issue.

ii.     After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii.     The following provisions apply to search terms/queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000066

query returning overbroad results demonstrating the overbroad results and a counterproposal correcting the overbroad search or query. The parties will meet and confer to address concerns relating to overbroad search term results.

       3.     Format.[1]

          a.     ESI will be produced to the requesting party with searchable text to the extent it exists, in a format to be decided between the parties.  The producing party shall include the files specified in Exhibit A with each production, to the extent they are reasonably accessible and non-privileged.

          b.     Unless otherwise agreed to by the parties, files that are not easily converted to image format, including but not limited to spreadsheet, database, audio, video, and drawing files, will be produced in native format.

          c.     Each document image file shall be named with a unique number (Bates Number). Documents produced in native format will be assigned a Bates Number and be produced with a corresponding load file. File names should not be more than twenty characters long or contain spaces.

          d.     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

          e.     The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

---

[1] Documents that are not produced in the first instance in this litigation, i.e., documents that were previously produced in other matters, shall be produced pursuant to the ESI protocols governing the format of document productions in those other matters, provided that those re-productions are in a reasonably useful format and provided that the producing party informs all other parties, prior to or at the time of production, that the production will be in a nonconforming format. The parties reserve the right to object to a nonconforming format.

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000067

4.      De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process shall be tracked in a custodian field in the database load file. If processing and production is done on a rolling basis, an updated duplicate custodian field with additional values shall be provided in an overlay. The producing party shall identify whether the overlay replaces previously produced fields for a file or supplements them.

5.      Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy or missing metadata, if, for example, a threaded email cuts off to/from/cc/subject line/date information.

6.      Metadata fields. If the requesting party seeks metadata, the parties agree that only the metadata fields identified in Exhibit B need be produced, and only to the extent they are reasonably accessible and non-privileged. The list of metadata included in Exhibit B is intended to be flexible and may be changed by agreement of the parties.

7.      Databases. Certain types of databases are dynamic in nature and may contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties shall meet and confer regarding whether such databases must be produced and the appropriate format for productions from dynamic databases, including as to whether the data may be produced in an alternate form, such as a report, data table, or other static format. The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8.      Hard-Copy Documents. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000068

in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve relevant and discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.    The parties will supplement their initial disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosures where that data is created after a disclosure or response is made (unless excluded under Sections D(3) or E(1)-(2)). The parties will meet and confer in good faith regarding a reasonable schedule and cut-off date for supplementation.

3.    Only unique, non-duplicative sources of relevant documents need to be preserved. The parties shall use objective measures to determine whether two sources are duplicative. Where documents are possessed by multiple custodians, each custodian's copy is a unique, non-duplicative document.

4.    Absent a showing of good cause by the requesting party, the following categories of ESI that need not be preserved include:

a.    Deleted, slack, fragmented, or other data only accessible by forensics.

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000069

b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Interim automatically saved drafts, as opposed to drafts saved by a user.

e. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

f. Dynamic fields of databases or log files that are not retained in the usual course of business.

g. Back-up data that are duplicative of data that are more accessible elsewhere.

h. Server, system or network logs.

i. Data remaining from systems no longer in use that is unintelligible on the systems in use.

j. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

5.   The parties agree to confer in good faith regarding adding other categories to this list.

**E.   Privilege**

1.   The parties agree to abide by Fed. R. Civ. P. 26(b)(5) with respect to documents fully withheld from production on the basis of a privilege or other protection, unless otherwise agreed or excepted by this Agreement or Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000070

author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced no later than 60 days after the deadline for substantial completion of document productions. To the extent a party produces documents after the deadline for substantial completion, and withholds from such production any documents on the basis of privilege, that party shall provide a supplemental privilege log within 30 days of the production. A document initially included on a privilege log may be produced after the close of fact discovery, either by agreement or when the basis for the privilege asserted has been successfully challenged by another party.

2.    Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.    Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000071

**F.      Non-Party Discovery**

1.      A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena.

2.      The Issuing Party shall be responsible for producing any documents obtained under a subpoena to all other parties.

3.      If the non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

**G.      Foreign-Language Documents**

All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation. Nothing in this Agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign-language documents that are produced in discovery.

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000072

## EXHIBIT A – FILE STRUCTURE

_File Structure._ The Producing Party shall produce the following sets of files with each production.

    a.    _Image Load File._

        (1) Every document referenced in a production image load file must have all corresponding images, text and metadata.

        (2) The name of the image load file must mirror the name of the delivery volume and should have an .OPT file extension.

        (3) The volume names must be reasonably consecutive (e.g. ABC001, ABC002…).

        (4) The load file must contain one line per image.

        (5) Every image in the delivery volume must be contained in the image load file.

        (6) The image key must be named the same as the Bates number of the image.

        (7) Load files must not span across media.

        (8) File should be placed in the root directory or a directory labeled "DATA."

    b.    _Metadata Load File._

        (1)    Each production has one load file, in "Concordance" style .DAT format.

        (2)    Values must be enclosed by þ (ASCII Decimal 254).

        (3)    Values must be separated by the "Device Control 4" character, ASCII decimal 20.

        (4)    First line must contain the column/field names (set forth in Section IV, below).

        (5)    The fields Begin Bates and End Bates must be present, and the first fields listed in the load file.

        (6)    The field NativePath must be present if native files are included in the document production.

        (7)    Each subsequent row must contain the Metadata for one

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000073

Document.

(8)     Every row must have the same number of columns/fields (empty values are acceptable).

(9)     Text must be encoded in UTF-8.

(10)   File should be placed in the root directory or a directory labeled "DATA."

c.     OCR and Extracted Text Files (.TXT Files).

(1)     A single text file for each Document containing all the Document's pages, in text.

(2)     Pages separated by form feed character (decimal 12, hex 0xC).

(3)     Filenames should be of the form: <Bates num>.txt, where <Bates num> is the Bates number of the first page of the Document.

(4)     Text must be encoded in UTF-8.

(5)     Files should be placed in a directory labeled "TEXT."

d.     Image Files.

(1)     Document level PDF, slipsheet image, or Single-page Group IV TIFF images for each Document, containing all images for that document.

(2)     Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the first page of the document (i.e., the "Begin Bates" number), and <ext> is the appropriate extension for the image format (.pdf or .tiff).

(3)     Files should be placed in the "IMAGES" subdirectory.

e.     Native Files.

(1)     Document level native file for each native file included in the document production.

(2)     Filenames should be of the form: <Bates num>.<ext>, where <Bates num> is the BATES number of the document. Confidentiality designations may be included in the filenames, after the BATES number.

(3)     A relative link to the location of the native file in the document

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000074

productions shall be produced in NATIVEPATH metadata field in the .DAT load file.

(4)    Files should be placed in a directory named "NATIVES."

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000075

210

### EXHIBIT B - METADATA FIELDS

For ESI and documents that were originally stored in electronic format, all fields below should be provided, to the extent reasonably available. Applicable fields will be provided for scanned hard copy documents. The parties acknowledge that not all fields below may be reasonably available to all producing parties, and further that a producing party does not violate this Order by failing to include in its productions metadata fields that are not reasonably available. Unless otherwise agreed by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
| --- | --- |
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily/BeginAttach | Begin Bates number of the first page of parent Document of family of attachments. |
| EndFamily/EndAttach | End Bates number of the last page of last attachment to a family of Documents. |
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the Document was de-duplicated when processing the documents. |
| File Path | The file path from which the document was collected |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a Document or other creator identified for the Document. |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the Document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a Document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000076

211

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a Document. |
| SHA1 Hash | The SHA1 hash value of a Document. |
| NativePath | The relative path to the native file for this Document. |
| TextPath | The relative path to the text file for this Document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Placeholder | Whether a Document has a placeholder image (Y/N). |
| Confidentiality | Level of Confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |
| Hidden Content | Identifies documents with hidden content (i.e. hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (e.g., V001, V002, etc.). |
| Producing Party | Name of party producing the Document. |

DATED: November 15, 2023

## ORDER

Based on the foregoing, IT IS SO ORDERED.

Dated this 20th day of November, 2023.

Kymberly K. Evanson
United States District Judge

PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. 2:22-cv-01599-KKE) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PLAINTIFFS_000077

212

# EXHIBIT 12

| From: | Ben Harrington |
|---|---|
| To: | redsoxnrams@msn.com |
| Subject: | Apple & Amazon Lawsuit |
| Date: | Friday, August 16, 2024 8:07:52 PM |
| Attachments: | 2024-08-16 132 Order Granting Defendants" Motion to Compel.pdf |

Mr. Floyd:  I am reaching out again with an important development in the case.  While you have not responded to our messages for some time (since January to be specific), we do hope you will regain contact to discuss this development and potential next steps.

Today, the Court granted Apple's motion to compel discovery from you, over our objections.  The Court's Order is attached to this email.  The Order requires that you produce documents and respond to pending interrogatories by August 30, and then appear for a deposition on a mutually agreed date no later than September 30.  These are firm dates, and I need to emphasize that if you do not provide the discovery and appear for a deposition, the court could impose sanctions for noncompliance with the Order.  Although Apple has not specified what sanctions it might ultimately pursue, monetary sanctions are a possibility.

Please reach out to us so we can discuss further what needs to be done to comply with the order.

I can always be reached at this email and hope to hear from you.

Best,

Ben

--
**Ben Harrington** | **Partner**

Hagens Berman Sobol Shapiro LLP
Berkeley, CA
(510) 725-3034
benh@hbsslaw.com

News  |  Cases  |  Twitter  |  Facebook

PLAINTIFFS_000029

# EXHIBIT 13

# HAGENS BERMAN

Ben Harrington    benh@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 300
BERKELEY, CA  94710

**hbsslaw.com**

(510) 725-3034 phone    (510) 725-3001 fax

August 19, 2024

**VIA MAIL AND HAND-DELIVERY**

Steven Floyd
1202 Isabella Street
Williamsport, PA 17701

Re:    Amazon-Apple Lawsuit – Court Order Compelling Discovery

Dear Mr. Floyd:

As we advised by e-mail on August 16, 2024, the Court has entered an Order requiring that you provide discovery and appear for a deposition.  Having not received a response to our e-mail, or prior correspondence since January, we are also directing the Order to you by mail and process server.  We hope this correspondence reaches you and that you regain contact with us promptly.

The Court's most recent discovery Order (enclosed) requires that you produce documents and respond to outstanding interrogatories by August 30, 2024.  The Order further requires that you appear for a deposition at a mutually agreeable date no later than September 30, 2024.  These are fast-approaching deadlines, and they are firm.  Please reach out soon so we can assist you in taking all necessary steps to comply with the Order.  We need to emphasize that if you do not respond and provide the discovery compelled, Apple could request sanctions for noncompliance, including potentially monetary sanctions.

As noted previously, we hope your lapse in communication is not due to any personal emergencies or other extenuating circumstances.  We hope you are well.  You can reach me at any time with the contact details above.  Alternatively, please feel free to contact my colleagues Ben Siegel (bens@hbsslaw.com & (510) 725-3000) and/or Meredith Simons (merediths@hbsslaw.com & (206) 268-9342).

Sincerely,

Ben Harrington

PLAINTIFFS_000030

HAGENS BERMAN

August 19, 2024
Page 2


Enclosure

PLAINTIFFS_000031

217

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al., | CASE NO. C22-1599-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

Months after Defendant Apple Inc. served discovery requests on Plaintiff Steven Floyd, who was at the time the sole named plaintiff in this putative class action, and long after the responses to those requests were due and remain unanswered, Floyd seeks to—in response to Apple's motion to compel—withdraw as a named plaintiff, dismissing his claims without prejudice to remain an absent class member. Apple does not oppose Floyd's withdrawal, but requests that the Court first compel him to respond to the outstanding discovery requests and appear for a deposition that was noticed by Apple and Defendant Amazon.com Inc. ("Amazon") before he sought to withdraw. Because the Court finds that Defendants would suffer prejudice if Floyd were permitted to withdraw without responding to the outstanding requests for discovery and testifying at a deposition, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw until after he has complied with these discovery conditions.

ORDER GRANTING MOTION TO COMPEL - 1

PLAINTIFFS_000032

218

## I.      BACKGROUND

This case was filed in November 2022 as a putative class action with Floyd as the sole named plaintiff, alleging that he was overcharged when he purchased a new Apple product on Amazon's website as a result of the Global Tenets Agreement between Defendants. *See, e.g.*, Dkt. No. 1 ¶ 22.  Since the time of filing, the parties have briefed two rounds of motions to dismiss, a contested motion to amend the complaint, and several discovery disputes requiring Court intervention.  Dkt. Nos. 30, 32, 42, 43, 53, 76, 80, 89, 90.

Defendants served requests for production on Floyd, and his counsel objected on multiple general and specific grounds in October 2023.  *See* Dkt. No. 90 at 31–75.  Floyd has not produced any documents in response to those requests (or any others).  Dkt. No. 104 at 6.  On February 8, 2024, Apple served interrogatories on Floyd, seeking information about his purchases and use of smartphones and tablets, as well as the purchases and uses of his household members.  Dkt. No. 90 at 10.  On February 13, Floyd's counsel responded to Apple, explaining that Floyd had "become difficult to reach" but had "not withdrawn as a class representative[.]"  Dkt. No. 105 at 6. Defendants replied on February 22, inquiring as to (among other things) Floyd's availability for a deposition.  *Id*. at 5.  His counsel responded the next day that they would not be able to provide information about Floyd's availability until they heard from Floyd himself.  *Id*.  On February 26, Defendants indicated that they had "no choice but to issue a notice" for Floyd's deposition if his counsel could not provide an available date.  *Id*. at 4.

Floyd's counsel moved for leave to amend the complaint on February 29, seeking to add two new named plaintiffs but not, at that time, seeking to withdraw Floyd.  Dkt. No. 80.  Apple opposed that motion on the grounds that Floyd was an improper class representative from the inception of this case, and that it was unfair that Defendants had been forced to respond to discovery while this case proceeded with one inadequate named plaintiff.  Dkt. No. 86.  Apple

ORDER GRANTING MOTION TO COMPEL - 2

PLAINTIFFS_000033

noted that it had "devoted significant time and expense to discovery, and served requests for production and interrogatories that have been frustrated by Floyd's failure to respond substantively." *Id*. at 14. Defendants argued in the alternative that if new plaintiffs are added, Floyd's counsel should be required to show that the Court should stay discovery against Defendants to allow them to minimally test whether the new representatives would be adequate class representatives *before* requiring Defendants to expend resources on discovery. *Id*. at 17–18.

On March 11, 2024, Floyd's counsel provided "objections and response" to Apple's interrogatories (Dkt. No. 90 at 21–28), lodging what Apple characterizes as "boilerplate and conclusory objections" with no actual information from Floyd, and no indication that the document was prepared with Floyd's input or participation. Dkt. No. 104 at 6.

The Court granted Floyd's motion for leave to amend on May 6, and Floyd and the new named Plaintiffs filed a second amended complaint the next day, on May 7. *See* Dkt. Nos. 98, 99. On May 8, Amazon served a notice of Floyd's deposition on Plaintiffs' counsel for May 28. Dkt. No. 105 at 9. In that notice, Amazon explained that it "expects that Mr. Floyd will answer interrogatories and produce responsive documents to Amazon's outstanding discovery requests … at least 10 days before the deposition." *Id*. Plaintiffs' counsel responded on May 10 that they would produce Floyd for a deposition if he reengaged with them. *Id*. at 20. Floyd did not reengage, appear for the deposition, or respond to any of the outstanding discovery requests.

Apple filed this motion to compel Floyd to respond to the discovery requests and appear for a deposition. Dkt. No. 104.[1] In response/opposition, Plaintiffs' counsel cross-moved to withdraw Floyd as a named plaintiff, although Floyd intends to remain an absent class member. Dkt. No. 114. In a consolidated reply/response, Apple agrees that Floyd may withdraw as a named

---

[1] Amazon concurred in the motion as well. *See* Dkt. No. 104 at 5 n.1.

ORDER GRANTING MOTION TO COMPEL - 3

PLAINTIFFS_000034

plaintiff if he chooses, but insists that his withdrawal should be conditioned on his testifying for a deposition and responding to the discovery requests that were propounded or noticed while he remained a named Plaintiff (as he does to this day). Dkt. No. 125. Defendants contend that they would be prejudiced if the Court allows Floyd to avoid his discovery obligations as a party simply by withdrawing. *Id.* at 10.

Apple's motion to compel and Floyd's motion to withdraw are now ripe for resolution, and the Court has considered the parties' briefing[2] and heard oral argument on both motions. For the following reasons, the Court will grant Apple's motion to compel and defer ruling on Floyd's motion to withdraw.

## II.     ANALYSIS

The burden to obtain discovery of any kind from absent class members is very high. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (noting that burdens, including discovery, "are rarely imposed upon plaintiff class members"). On the other hand, by filing a lawsuit in a putative class action, a named plaintiff is obligated to "participate in discovery and provide testimony." *Fraley v. Facebook Inc.*, No. C 11-1726-LHK (PSG), 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012). The scope of discovery is broad, restricted only to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Apple contends that the discovery it seeks to compel from Floyd is relevant to: (1) class-certification issues (whether the new named Plaintiffs are typical and adequate representatives of class members like Floyd); (2) the merits determination of the relevant market; (3) whether Floyd is a "core customer" referenced in the operative complaint (Dkt. No. 99 ¶ 91) based on his

---

[2] This order refers to the parties' briefing using CM/ECF page numbers.

ORDER GRANTING MOTION TO COMPEL - 4

PLAINTIFFS_000035

purchasing behavior; (4) whether Plaintiffs are correct that Apple's device records are inaccurate (as they have alleged); and (5) Defendants' defenses pertaining to the statute of limitations and whether the putative class members suffered an antitrust injury.  Dkt. No. 125 at 12–14. Accordingly, Apple requests that Floyd be compelled to respond to the outstanding discovery and testify at a deposition before he is permitted to withdraw as a named plaintiff.  Dkt. No. 104.

Plaintiffs contend that the discovery Apple seeks to compel has limited relevance, and go on to argue that even if the discovery was relevant, it is not necessary or proportional to the needs of the case because there are other named Plaintiffs who are ready and willing to respond to discovery.  Dkt. No. 127 at 4.  Given that Floyd does not want to continue as a named Plaintiff, and Defendants do not seek to force him to do so, Plaintiffs argue that discovery responses from the named Plaintiffs other than Floyd are sufficient for Defendants' purposes.  *Id*. at 8.

Discovery conditions are sometimes, but not always, imposed on a withdrawing named plaintiff.  *Compare, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-0421-LK, 2023 WL 5227702, at *9–10 (W.D. Wash. Aug. 15, 2023) (where a named plaintiff sought to dismiss his claims with prejudice, court conditioned dismissal on his providing discovery responses and sitting for a two-hour deposition limited to issues unique to him); *Gallegos v. Atria Management Co.*, No. ED CV 16-888-JGB (SPx), 2016 WL 11824850, at *5 (C.D. Cal. Nov. 14, 2016) ("[N]otwithstanding [named plaintiff's] uncertain status, the information defendants request remains relevant.  Although it would not necessarily be proper for defendants to seek such documents from other putative class members at this point, because [named plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her."); *Fraley*, 2012 WL 555071, at *3 (requiring an outgoing named plaintiff to appear for a deposition); *with, e.g.*, *In re MGM Resorts Int'l Data Breach Litig.*, No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024) (finding that because

ORDER GRANTING MOTION TO COMPEL - 5

PLAINTIFFS_000036

dismissing named plaintiffs without conditions "would not deprive [Defendant] of discovery on uniquely situated class members" no unfair prejudice would result from the unconditional withdrawal of the named plaintiffs); *Doe v. Ariz. Hosp. & Healthcare Ass'n*, No. CV 07-1292-PHX-SRB, 2009 WL 1423378, at \*14 (D. Ariz. Mar. 19, 2009) (declining to impose dismissal conditions, finding them "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be … deposed in her stead").

The Court finds that based on the circumstances of this case, granting Apple's motion to compel before turning to consider Floyd's motion to withdraw is appropriate.  Defendants' discovery requests were served long before Floyd sought to withdraw, and most of them were propounded when Floyd was the sole named Plaintiff.  The Court is satisfied that the discovery Apple seeks is relevant to its defenses as well as to some of the issues related to class certification even if Floyd will not be a named plaintiff at that stage.  *See* Dkt. No. 131 at 42–48 (Apple's arguments regarding the relevance of the Floyd discovery requests with respect to the definition of the relevant market, whether households with Amazon Prime memberships are "locked in" to purchasing products from Amazon as alleged in the complaint (*see, e.g.*, Dkt. No. 99 ¶¶ 36, 101, 119), whether an antitrust injury occurred, whether the named Plaintiffs' claims are typical of the putative class (that would include Floyd)).

Apple has further explained how the "limited information" that Defendants *have* been able to obtain about Floyd to date confirms that he possesses information relevant to the merits of this litigation as well as class certification.  *See* Dkt. No. 131 at 49.  Although Plaintiffs dispute (*see, e.g.*, *id*. at 56–59) whether the discovery sought by Defendants will be, ultimately, persuasive as to any claim or defense of this case, or as to class-certification inquiries, they have not shown that the information sought does not meet the low threshold of relevance or that it is not proportional

ORDER GRANTING MOTION TO COMPEL - 6

PLAINTIFFS_000037

to the needs of the case.  Under these circumstances, Defendants are entitled to the discovery they seek from Floyd, before he is permitted to withdraw as a named Plaintiff.

Plaintiffs suggest that discovery conditions are inappropriate based on the posture of this case, arguing that Defendants would not be prejudiced by Floyd's withdrawal this early in the litigation (Dkt. No. 127 at 9, Dkt. No. 131 at 55).  Their characterization of the stage of the proceedings as "early" is somewhat disingenuous, however, given that the proceedings have been protracted significantly due to Floyd's non-responsiveness.  That Floyd sought to withdraw "before a single responsive document was produced" (Dkt. No. 127 at 9) does not alone establish that Defendants would not be prejudiced by his withdrawal, given that "Floyd's allegations alone formed the basis of the initial and First Amended Complaint, and it is against his sole allegations that Defendants have had to defend for nearly two years."  Dkt. No. 125 at 15.

Because Apple has shown that the information it seeks from Floyd is sufficiently relevant, because Floyd has a unique status as the original sole named plaintiff and he possesses information that may not be identical to information available from the other named plaintiffs, and because Apple propounded much of this discovery long before Floyd sought to withdraw, the Court finds that it is appropriate to compel him to respond and testify at a deposition before allowing Floyd to withdraw.  *See Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628–29 (C.D. Cal. 2011) (finding that because a defendant is entitled to depose a named plaintiff, and the named plaintiff has information that is relevant to the litigation even if he eventually withdraws, the defendant was entitled to depose named plaintiff before withdrawal); *see also Gallegos*,  2016 WL 11824850, at *5 (compelling a named plaintiff who had filed a motion to withdraw to nonetheless respond to discovery requests seeking relevant information, noting that "[a]lthough it would not necessarily be proper for defendants to seek such documents from other putative class members at this point,

ORDER GRANTING MOTION TO COMPEL - 7

PLAINTIFFS_000038

because [plaintiff] initiated this action and was the only named plaintiff until a month ago, it is appropriate for defendants to seek such documents from her").

### III.    CONCLUSION

For these reasons, the Court GRANTS Apple's motion to compel (Dkt. No. 104), and DEFERS ruling on Plaintiffs' cross-motion to withdraw (Dkt. No. 114).  Floyd is ORDERED to respond to the outstanding interrogatories and requests for production addressed in Apple's motion no later than August 30, 2024.  No later than September 30, 2024, Floyd shall testify at a deposition to be scheduled at a mutually agreeable time.

If Floyd complies with these conditions, the parties may file a stipulated motion permitting Floyd to withdraw as a named plaintiff.  The clerk is directed to TERMINATE Plaintiffs' cross-motion to withdraw (Dkt. No. 114), subject to renewal if necessary.

Dated this 16th day of August, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO COMPEL - 8

225

PLAINTIFFS_000039

# EXHIBIT 14



**New iMessage**    Cancel

To: Steven (class Rep amazon Apple) Flo...

colleague, also named Ben, and he let you know I'd be calling about some case issues.

When you get a chance, could please call me back, anytime.

Thanks

Tue, Aug 27 at 9:38 AM

Got your voicemail. Thanks for calling me back. I will call you at 1 pm your time. Thanks

Delivered

Ok

Wed, Aug 28 at 3:19 PM

The police and or the FBI should be contacting you soon!

iMessage

PLAINTIFFS_000046

# EXHIBIT 15

**From:**      Steven Floyd
**To:**        Ben Siegel
**Date:**      Wednesday, August 28, 2024 8:55:19 AM



Any and all correspondence has been turned over to the city police and the FBI!

Steven Floyd

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

PLAINTIFFS_000051

# EXHIBIT 16

| **From:** | Meredith Simons |
| **To:** | redsoxnrams@msn.com |
| **Cc:** | Ben Harrington; Ben Siegel |
| **Subject:** | Discovery responses in Apple/Amazon case |
| **Date:** | Friday, March 1, 2024 12:59:06 PM |
| **Attachments:** | 2024-03-01 - Plaintiff's OBJS and RESPONSES to DEF Amazon.com Inc.s" First Set of Interrogatories(2437834.3).docx |

Hi Steven,

I'm reaching out again about the antitrust case against Apple and Amazon. First, I want to say that I hope everything is okay. As Ben said in his email the other day, we want you to keep serving as a class representative if you are able to do so. But if you want to withdraw as a class representative, we need you to tell us that explicitly.

We have to send responses to discovery requests from Amazon today. Since you are the named plaintiff in the case, we want to give you a chance to review those responses before we send them to Amazon. The requests are attached; please review them and let me know by 7:30 pm EST if you have any comments. If we don't hear from you, we'll assume that you consent to us sending these responses to Amazon.

Again, I hope you're doing well, and please be in touch.

Best,
Meredith


--
**Meredith Simons | Associate**

Hagens Berman Logo

Hagens Berman Sobol Shapiro LLP
Seattle, WA
(206) 268-9305
merediths@hbsslaw.com

News | Cases | Twitter | Facebook

PLAINTIFFS_000022