The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

JOLENE FURDEK and JONATHAN RYAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,

Defendants.

Case No. 2:22-cv-01599-KKE

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(e) & 60(b)**

**NOTE ON MOTION CALENDAR:**
May 29, 2026

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT AND
FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B)
Case No. 2:22-cv-01599-KKE

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

011121-11/3548484 V3

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ................................................................................................................................1

    I.    Plaintiffs Have Shown "Manifest Error" Warranting Relief Under Rules 59 and 60............................................................................................................1

        A.    There Was No Jurisdictional Gap. ...............................................................1

        B.    Hagens Berman Was Diligent In Seeking Its Leave to Amend.................................................................................................................4

            1.    Hagens Berman Abided By Its Duty of Candor. .............................4

            2.    Hagens Berman Promptly Moved to Amend...................................6

    II.    Reconsideration Can Prevent "Manifest Injustice," an Independent Basis to Grant Rule 59 and 60 Relief...........................................................................7

    III.    Defendants' Evidentiary and Procedural Arguments Should Be Rejected.......................................................................................................................8

        A.    The Court Should Not Disregard Plaintiffs' Experts or the Complete Record of Communications with Floyd. ....................................8

        B.    Plaintiffs Have Standing To Seek Reconsideration Under Rules 59 and 60.......................................................................................................10

CONCLUSION.............................................................................................................................11

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - i
Case No. 2:22-cv-01599-KKE

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

011121-11/3548484 V3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldan v. World Corp.*,
267 F.R.D. 346(D. N. Mar. Isl. 2010)................................................................7

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003) ............................................................................9

*Ciralsky v. C.I.A.*,
355 F.3d 661 (D.C. Cir. 2004) ..........................................................................8

*Fife v. Sci. Games Corp.*,
2020 WL 4933959 (W.D. Wash. Aug. 24, 2020)..............................................4

*Hinojos v. Kohl's Corp.*,
2013 WL 5835780 (C.D. Cal. Oct. 29, 2013)....................................................7

*Hum. Rts. Def. Ctr. v. U.S. DOJ*,
744 F. Supp. 3d 1161 (W.D. Wash. 2024).......................................................8, 9

*In re Boelter*,
139 Wn.2d 81 (1999) ........................................................................................3

*In re Rodriguez*,
177 Wn.2d 872 (2013) ......................................................................................4

*Jefferson-11th St., LLC v. D.C.*,
2020 WL 3035038 (D.D.C. June 5, 2020).........................................................8

*Krause-Pettai v. Unilever United States, Inc.*,
2022 WL 2318689 (S.D. Cal. June 28, 2022)....................................................7

*Navarette v. Corizon LLC*,
2020 WL 209317 (D.N.M. Jan. 14, 2020).........................................................8

*Phillips v. Ford Motor Co.*,
435 F.3d 785 (7th Cir. 2006) ............................................................................7

*Stonney Biddings v. Frias*,
2021 WL 3270317 (D. Ariz. July 30, 2021)......................................................7

*Story v. Midland Funding LLC*,
2016 WL 5868077 (D. Or. Oct. 7, 2016)........................................................6, 7

*teamLab Inc. v. Museum of Dream Space LLC*,
2022 WL 17345905 (C.D. Cal. Nov. 16, 2022)..................................................9

*Turrey v. Vervent, Inc.*,
2021 WL 5042120 (S.D. Cal. Oct. 28, 2021) ....................................................7

*Vue v. Pentagon Fed. Credit Union*,
2024 WL 4436814 (E.D. Cal. Oct. 4, 2024).......................................................7

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - ii
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

*Woods v. Google LLC*,
  2018 WL 4030570 (N.D. Cal. Aug. 23, 2018) ..........................................................................7

**Other**

RPC 1.0A(e)..............................................................................................................................3

RPC 1.2(a)................................................................................................................................2

RPC 1.4 ...................................................................................................................................2

RPC 1.4 cmt. [5] ......................................................................................................................4

RPC 1.6(a)................................................................................................................................3

RPC 1.6(b)(5) ..........................................................................................................................9

RPC 3.3(a)(1)...........................................................................................................................6

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - iii
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**INTRODUCTION**

Defendants' oppositions devote limited attention to the merits and instead encourage the Court not to reach them. But none of Defendants' procedural objections has merit. Plaintiffs have standing to seek reconsideration, and the additional evidence they submit—including expert declarations—should be considered both because it constitutes "new evidence" under the applicable standard and, independently, demonstrates manifest error.

The error is manifest when the Court's dismissal order is evaluated in light of applicable Rules of Professional Conduct ("RPCs") that were not addressed. As Plaintiffs' experts explain, the RPCs foreclosed Hagens Berman from construing Floyd's communications as an instruction to withdraw from the litigation or opt out of the putative class—without violating (or risking violating) core RPCs governing client authority, informed consent, and decision-making. The Court's candor analysis is likewise incompatible with governing RPCs and the complete factual record now before the Court.

Although reconsideration is an extraordinary remedy, this is a case where it is warranted—to correct manifest error and prevent manifest injustice. The Court should exercise its discretion, grant reconsideration, vacate judgment, and permit this class case potentially impacting millions of U.S. consumers to proceed on the merits.

**ARGUMENT**

**I.      Plaintiffs Have Shown "Manifest Error" Warranting Relief Under Rules 59 and 60.**

**A.      There Was No Jurisdictional Gap.**

This Court's "jurisdictional gap" determination rested on the premise that Floyd's January 16 communications "expressed a desire to withdraw from the litigation entirely," both as the named representative *and* as a putative class member. ECF 250 at 12. That finding was manifest error. Multiple ethics experts agree that Floyd's January 16 emails could not reasonably be understood as instructions to withdraw him entirely from the case.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 1
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

As Plaintiffs' experts explain, the RPCs foreclosed Hagens Berman from treating Floyd's January 16 comments as a decision by a client to dismiss the litigation entirely. *See* ECF 258–260 (Decs. of Barnard, Holland, and Bank). Defendants do not meaningfully grapple with the experts' analyses.[1] The January 16 exchange does not discuss dismissing the case, opting out of the putative class, or the consequences of either course for Floyd or the putative class. From an ethics standpoint, these omissions matter: Absent a clear and informed directive, Hagens Berman was required to protect Floyd's interests and maintain his status quo. Bank Decl. ¶¶ 16–19, 27; Barnard Decl. ¶¶ 21–22; Holland Decl. ¶ 22. Floyd provided no such directive on January 16, and ethical duties prevented Hagens Berman from construing Floyd's communications as a withdrawal where other reasonable interpretations existed, including a resistance to discovery obligations. Bank Decl. ¶ 23–24; Barnard Decl. ¶¶ 26–28; Holland Decl. ¶¶ 14, 21.

Even if the Court construes Floyd's communications as expressing a desire to disengage in some form, RPC 1.4 *required* Hagens Berman to ensure Floyd understood the material consequences and the reasonably available alternatives. Until RPC 1.4 was satisfied, Hagens Berman could not treat Floyd's communications as authorizing withdrawal or dismissal of his claims. RPC 1.2(a); 1.4; Bank Decl. ¶¶ 14–16, 18; Barnard Decl. ¶¶ 37; Holland Decl. ¶ 19. Floyd, an unsophisticated client, did not articulate any such understanding and did not respond to Hagens Berman's repeated efforts to seek clarification. Defendants' expert agrees that an unsophisticated client requires heightened explanation under RPC 1.4. *See* Mark Fucile, *RPC 1.4: The Communication Rule*, Washington State Bar News (2024) ("An update to an experienced in-house corporate counsel who manages a specific docket of cases, for example, will ordinarily be different than an explanation given to an unsophisticated client or clients with limited understanding of English.").[2] Yet neither Defendants, nor their expert, address Hagens Berman's duties under RPC

---

[1] Defendants rely on two deposition exchanges to claim the experts found the Court's conclusions "reasonable," but that is a mischaracterization of the testimony. *See* ECF 302 at 7–8 (citing transcript).

[2] Available at https://wabarnews.org/2024/02/08/rpc-1-4-the-communication-rule/ (last visited Apr. 24, 2026).

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 2
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

1.4. This is significant because the absence of informed consent under RPC 1.4 precluded Hagens Berman from treating Floyd's January 16 communications as an instruction to dismiss his claims.

Hagens Berman attempted to clarify Floyd's objectives on several occasions, including in its February 26 email, which the Court previously did not have. Unable to reach Floyd, Hagens Berman appropriately refrained from taking steps or making disclosures that could have prejudiced Floyd's rights, including disclosures of confidential client communications protected under RPC 1.6(a).[3] Bank Decl. ¶¶ 29–32; Barnard Decl. ¶¶ 21, 42–46; Holland Decl. ¶ 22.

Failing to address an independent basis to grant Plaintiffs' motion, Defendants do not defend the Court's holding that Floyd not only withdrew as a class representative *but also affirmatively opted out of the putative class*—a conclusion indispensable to the finding of a "jurisdictional gap." *See* ECF 250 at 15–16. In a Rule 23(b)(3) action, class inclusion is the default; opting out requires affirmative action and cannot be inferred from silence or ambiguity. There is no plausible reading of Floyd's communications as expressing an intent to opt out of the class.

Defendants' expert [Fucile], who disclaimed any expertise in class action practice, nonetheless opines that Floyd's intent was clear and counsel should have dismissed the entire case.[4] That opinion is not grounded in the governing standards of informed consent and client authority reflected in RPCs 1.2 and 1.4. A lawyer cannot treat an emphatic but opaque instruction from an unsophisticated client as authorization to dismiss the client's case—much less to infer opt-out from a Rule 23(b)(3) class—without first ensuring informed consent. *See* RPC 1.0A(e) (defining "informed consent" as denoting "the agreement by a person to a proposed course of

---

[3] Ex. A (Fucile Dep.) at 122:14-18 (acknowledging that a client's reluctance to participate in discovery could be protected by RPC 1.6(a)); *see In re Boelter,* 139 Wn.2d 81, 93 n.2 (1999) ("[W]e would note that any expression of confidences by a client that can, potentially, be used against the client should be based upon an informed decision. That informed decision necessarily requires knowing about the exceptions to RPC 1.6."). All "Ex." references in this brief are to the accompanying declaration of David J. Elkanich, unless otherwise indicated.

[4] Fucile denied being deposed "as a class action expert" and declined to answer questions regarding what class counsel was required to advise Floyd. *See* Ex. A at 69–75.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 3
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

conduct after the lawyer has communicated adequate information and explanation of the material risks of and reasonably available alternatives to the proposed course of conduct"); *Fife v. Sci. Games Corp.*, 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020) (inclusion in the class is the default and opting out requires "affirmative action" by the client and cannot be inferred by silence on this issue).[5]

Because Floyd did not convey a legally effective instruction to affirmatively withdraw as a named representative and from the putative class on January 16, the Court's "jurisdictional gap" finding was manifest error.

### B.      Hagens Berman Was Diligent In Seeking Its Leave to Amend.

Plaintiffs address both the duty of candor and the temporal diligence arguments raised by Defendants. Hagens Berman was diligent under either framing and thus, even if there had been a jurisdictional gap, it was diligently bridged.

### 1.      Hagens Berman Abided By Its Duty of Candor.

As explained above, Floyd's January 16 communications could not have constituted a directive for Hagens Berman to dismiss the class claims under the applicable ethics rules. For this reason alone, Hagens Berman's representations to the Court about Floyd's status were not inaccurate. Separately, however, the Court's finding that Hagens Berman violated its duty of candor was based on an incomplete record and an erroneous factual premise—that Hagens Berman understood Floyd's January 16 communications to convey an informed decision to dismiss the case.

The Court reasoned that Hagens Berman must have known Floyd wished to withdraw because counsel "did not contact him [to clarify] until after the motion for leave to amend was filed and the additional plaintiffs had been identified" and "did not inform Floyd that they had

---

[5] *See also* RPC 1.4 cmt. [5] ("The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued …."); *In re Rodriguez*, 177 Wn.2d 872 (2013) (lawyer failed to consult with client about appeal, alternate means of relief, and options).

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 4
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone: 206-319-7052

found new representatives or that they were seeking leave to amend the complaint to add them." ECF 250, at 12. The February 26 email refutes these assumptions.

Following the January 16 exchange, Hagens Berman called Floyd on January 16, texted him on January 24, again texted and called on February 1, and then sent a detailed email on February 26 asking him to affirmatively state whether he wanted to be removed as a class representative. Because Floyd failed to respond after January 16, Hagens Berman did not receive confirmation or clarity as to the scope and meaning of his statements. Under those circumstances, it was accurate and truthful for Hagens Berman to inform the Court that Floyd had become nonresponsive without affirmatively withdrawing.

The February 26 email—sent days before the motion to amend was filed—demonstrates Hagens Berman's candor. There, Hagens Berman wrote to Floyd expressing concern about his well-being—stating "we hope everything is OK"—and asking whether he was facing personal or professional challenges, while also seeking clarification of his intentions going forward. ECF 257, Ex. 1. Those concerns were reiterated in a March 1 text message from Hagens Berman: "First off, I want to say that I hope everything is okay ... [W]e want you to keep serving as a class representative if you are able to do so. But if you want to withdraw as a class representative, we need you to tell us that explicitly." Ex. E. Those statements show that, consistent with Hagens Berman's statements to the Court, Hagens Berman did not interpret Floyd's communications as a withdrawal, was concerned about his well-being, and believed clarification from Floyd was required.[6]

To be clear, Hagens Berman did not represent that Floyd *had* suffered a health or personal emergency; it conveyed uncertainty as to the reason for his silence and offered a possibility. Given Floyd's responsiveness before the January 16 exchange, it was reasonable for Hagens Berman to

---

[6] In its Motion to Amend, Hagens Berman told the Court that class counsel had last communicated with Floyd on January 16, and that they had made numerous attempts to contact Floyd but had not received a response—both of which are true.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 5
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

be concerned about his absence.[7]  In moving to amend, Hagens Berman also acknowledged another possibility:  that Mr. Floyd may *not* wish to continue as a class representative.  *See* ECF 80 at 4 (stating the firm needed to connect with Floyd to "determine whether he wishes to continue as a class representative").  Critically, the Court's order granting leave to amend did not rely on the statements Defendants claim were misleading, but instead concluded that amendment was appropriate because "Floyd apparently lost interest in continuing to participate," which constituted good cause.  ECF 98 at 7.

Later, when reviewing the communications with the benefit of hindsight, the Court inferred that Floyd's January 16 emails reflected an intent to withdraw.  But Hagens Berman's real-time interpretation of those communications was appropriate—indeed required—under applicable RPCs governing client authority, informed consent, and decision-making.  *See supra* at § I.A.  It was accurate, and truthful, to advise the Court that Floyd had not affirmatively withdrawn.  The record does not support a finding that Hagens Berman knowingly misled the Court or acted without candor.  *See* RPC 3.3(a)(1); Holland Decl. ¶¶ 7 & 27; Barnard Decl. ¶¶ 58-61; Bank Decl. ¶ 32.

### 2.    Hagens Berman Promptly Moved to Amend.

Hagens Berman acted with temporal diligence.  Within four weeks of Floyd's January 16 communications, counsel identified two new class representatives, vetted their claims, and drafted the proposed SAC.  On February 13, Plaintiffs sought Defendants' stipulation to add the new representatives by amendment.  Defendants did not respond until February 22, when they stated their opposition.  Counsel then promptly finalized a motion to amend with supporting papers and filed within a week.  *See* ECF 80 at 3-4.

Amazon characterizes this as insufficient, arguing that counsel "waited more than six weeks to file anything."  ECF 301 at 8-9.  But time spent seeking a stipulation reflects diligence—not delay.  *See Story v. Midland Funding LLC*, 2016 WL 5868077, at *3 (D. Or. Oct. 7, 2016).  Unlike the cases Defendants cite, Plaintiffs did not sit idle after the triggering event; they spent

---

[7] Defendants responded with evidence that Floyd had not suffered a health or other emergency, ECF 86 at 10, and Hagens Berman did not contest that.  *See generally* ECF 92.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 6
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone: 206-319-7052

time identifying and vetting suitable class representatives for the SAC. This substantive work was accomplished in just four weeks, which reflects far more diligence than the case law requires.[8] Even cases Amazon cites involve comparable or longer delays. *See* ECF 301 at 8-9.[9] Here, counsel acted well within bounds that courts routinely deem diligent.

Apple separately asserts counsel made no effort to clarify Floyd's intent until February 26, 2024. *See* ECF 302 at 11. That is incorrect. Counsel attempted to contact Floyd repeatedly, beginning minutes after the January 16 exchange, including a call on January 16, a text on January 24, and a call and text on February 1. Floyd did not respond.[10] The February 26 email was not the first outreach, but part of a sustained effort to obtain confirmation once earlier efforts proved unsuccessful.

## II. Reconsideration Can Prevent "Manifest Injustice," an Independent Basis to Grant Rule 59 and 60 Relief.

The Court's Order proceeded on an assumption: That the putative class would not be "negatively impacted by the Court's reconsideration." ECF 250 at 19. Amazon's opposition confirms, however, that Defendants intend to assert a time-bar if the Order is left intact and Plaintiffs are required to refile. *See* ECF 301 at 11. That consequence—unanticipated at the time of dismissal—supports reconsideration to prevent manifest injustice.

Defendants contend the Court should disregard this risk of prejudice because Plaintiffs did not previously brief the issue. But courts are not so strict, particularly when dealing with manifest

---

[8] *See Woods v. Google LLC*, 2018 WL 4030570, at *8-9 (N.D. Cal. Aug. 23, 2018) (four months); *Krause-Pettai v. Unilever United States, Inc.*, 2022 WL 2318689, at *2 (S.D. Cal. June 28, 2022) (three months); *Hinojos v. Kohl's Corp.*, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (three months); *Turrey v. Vervent, Inc.*, 2021 WL 5042120, at *4 (S.D. Cal. Oct. 28, 2021) (six weeks); *Stonney Biddings v. Frias*, 2021 WL 3270317, at *3 (D. Ariz. July 30, 2021) (two months); *see also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (jurisdictional gap not fatal unless amendment "comes long after"); *Vue v. Pentagon Fed. Credit Union*, 2024 WL 4436814, at *6 (E.D. Cal. Oct. 4, 2024) (five weeks).

[9] *See Story*, 2016 WL 5868077, at *3 (three months); *Aldan v. World Corp.*, 267 F.R.D. 346, 358 (D. N. Mar. Isl. 2010) (six weeks).

[10] Amazon's contention that Plaintiffs "tacitly concede" delay (Opp. at 9) is incorrect. Plaintiffs' opening brief challenged the Court's diligence analysis directly. *See* Br. 9–10. Amazon claims the delay rationale is "independent" of the candor rationale, but the Court' Order couples the two. *See* ECF 250 at 16.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 7 Case No. 2:22-cv-01599-KKE

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

011121-11/3548484 V3

injustice. *See Jefferson-11th St., LLC v. D.C.*, 2020 WL 3035038, at *5 (D.D.C. June 5, 2020) (granting Rule 59(e) motion based on "a risk of 'manifest injustice'" arising from the possibility that the statute of limitations would run, even though the issue was not raised prior to Rule 59(e) motion); *cf. Hum. Rts. Def. Ctr. v. U.S. DOJ*, 744 F. Supp. 3d 1161, 1168 (W.D. Wash. 2024). Defendants also suggest there can be no "manifest injustice" unless Plaintiffs concede their claims are time-barred. *See* ECF 301 at 11. That is incorrect. A credible *risk* of a time bar—not a preemptive waiver of tolling or other defenses—is sufficient to support reconsideration. *See, e.g., Jefferson-11th St., LLC*, 2020 WL 3035038, at *5. Defendants rely on inapt cases in which the party seeking reconsideration offered no plausible theory for how the statute of limitations could apply at all.[11] Here, Plaintiffs address the timeliness issues in detail. *See* ECF 256 at 11.

Plaintiffs are not asking the Court to issue an advisory opinion on statute-of-limitations questions. The Court does not need to decide those issues now. Plaintiffs ask only that the Court remain "mindful of the equities" and reconsider dismissal to ensure that Plaintiffs and the class are not adversely affected by a potential time-bar the Court did not contemplate when the action was dismissed. ECF 250 at 19.

## III.    Defendants' Evidentiary and Procedural Arguments Should Be Rejected.

### A.    The Court Should Not Disregard Plaintiffs' Experts or the Complete Record of Communications with Floyd.

In addition to moving to exclude Plaintiffs' experts under *Daubert*,[12] Defendants contend their declarations and the February 26 email should be disregarded because they are not "newly discovered evidence." Defendants are wrong for two independent reasons.

*First*, regardless of whether these materials qualify as new evidence, the declarations and February 26 email can be considered because they demonstrate manifest error in the dismissal

---

[11] *See Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (Rule 59(e): "two sentences" on the statute-of-limitations with "no substantiation, detail or supporting citations"); *Navarette v. Corizon LLC*, 2020 WL 209317, at *3 (D.N.M. Jan. 14, 2020) ("no dates, no time lines, and no frame of reference").

[12] Plaintiffs submit a separate brief opposing Defendants' *Daubert* motion.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 8
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone: 206-319-7052

Order, as set forth above. This is an independent basis for admissibility, *see* ECF 256 at 6, and it applies here given the "incessant command of the court's conscience that justice be done in light of all the facts." *Hum. Rts. Def. Ctr.*, 744 F. Supp. 3d at 1168 (quotation and citation omitted).

*Second*, the declarations and February 26 email qualify as "new evidence" under the applicable standard. Defendants' arguments wrongly presuppose that evidence is not "new" so long as there was no legal prohibition on submitting it earlier. *See* ECF 302 at 5-6 (addressing, e.g., whether disclosures were "permitted"). Instead, the relevant inquiry is whether the evidence "could reasonably have been raised earlier" in light of the posture of the case and how issues were framed at the time. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also teamLab Inc. v. Museum of Dream Space LLC*, 2022 WL 17345905, at *2 (C.D. Cal. Nov. 16, 2022) (granting reconsideration because *sua sponte* order did not give litigant "sufficient opportunity" to present its position).

Importantly, the declarations and February 26 email implicate Rule 1.6(b)(5), which permits (but does not require) disclosure of client confidential information *only* when counsel reasonably believes disclosure is necessary to respond to allegations considering counsel's representation. RPC 1.6(b)(5). Until the dismissal Order issued, Hagens Berman had no reason to believe disclosure of confidential, privileged communications was reasonably necessary.

Defendants read the reasonable-necessity standard out of RPC 1.6(b)(5), claiming Hagens Berman "could have raised" the February 26 email in response to their sanctions motion. But the motion requested sanctions against Floyd—not Hagens Berman. Those pleadings did not put counsel's intent or ethics at issue and, thus, provided no basis to disclose privileged communications. The Court then sanctioned Hagens Berman *sua sponte* without a show cause order. Defendants imply that Hagens Berman "could have" raised more evidence in opposition to Defendants' subsequent fee application, but the application concerned only the fee amount, not the basis for the sanction itself.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 9
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

Likewise, when Apple sought reconsideration (without Amazon), it advanced an argument the Court had already rejected. *See* ECF 196 at 6-7 (rejecting as contrary to "authority in and out of this circuit" Apple's argument that "if Floyd had instructed his counsel to dismiss his claims, this instruction would have (or should have) led to dismissal of the action entirely"). In that context, Hagens Berman had no reasonable basis to believe opposing reconsideration required the extraordinary step of disclosing client confidences. The prudent—and ethically appropriate— course was to rely on the Court's prior ruling rather than disclose privileged communications unnecessarily. That is the type of client-protective judgment RPC 1.6(b)(5) encourages.

After the Court departed from its prior analysis and made findings directly contradicted by the February 26 email and the ethical standards addressed by Plaintiffs' ethics experts, there was for the first time a reasonable necessity to submit this evidence. *See* ECF 256 at 4-7. Consideration of that material now will ensure that the Court's analysis is based on a full and accurate record and that this significant antitrust case is not dismissed based on a manifest (but correctable) error.

**B.     Plaintiffs Have Standing To Seek Reconsideration Under Rules 59 and 60.**

Amazon argues that Furdek and Ryan—the only Plaintiffs whose claims were dismissed by the Order under review—lack standing to seek reconsideration. ECF 300 at 5-7. The argument defies common sense and has no legal support.

Before the dismissal Order, Furdek and Ryan were the only Plaintiffs of record, added in May 2024 when the Court granted leave to amend. The Order vacated that grant of leave and dismissed their claims. Amazon now relies on the effect of that Order—their dismissal—to argue they lack standing to challenge it. That logic is circular. If accepted, it would mean an order dismissing parties could never be subject to reconsideration by the parties it dismisses.

Amazon invokes the general principle that nonparties denied intervention may not seek relief under Rules 59(e) or 60(b). But that is far from the situation here. Furdek and Ryan are not strangers seeking to reopen a judgment entered against someone else.[13] They seek reconsideration

---

[13] Amazon's cases all involve this inapt fact pattern, i.e., nonparties seeking to challenge orders entered between other parties. *See* ECF 301 at 5-6.

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 10
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

of an Order that dismissed their own claims after they had participated as named plaintiffs for sixteen months.  Rules 59 and 60 exist precisely to permit parties aggrieved by a final order to seek review by the court that issued it.  If anyone has standing to seek reconsideration, it is Furdek and Ryan.

Amazon also argues Furdek and Ryan forfeited the "exceptional circumstances" exception.  ECF 301 at 7.  But they had no reason to invoke this exception designed for nonparties.  Even if it applied, its requirements would be met:  Furdek and Ryan participated as named plaintiffs for more than a year, and the equities favor review because no other party is positioned to seek reconsideration of an order that dismissed their claims.

## CONCLUSION

The Court should grant reconsideration under Rules 59 and 60.

DATED: April 24, 2026                Respectfully submitted,

BUCHALTER LLP

By /s/ *David J. Elkanich*
David J. Elkanich, WSBA No. 35956
Email: delkanich@buchalter.com
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Phone: 206-319-7052

*Attorneys for Plaintiffs*

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 11
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Steve W. Berman*
      Steve W. Berman (WSBA No. 12536)
By /s/ *Theodore Wojcik*
      Theodore Wojcik (WSBA No. 55553)
By /s/ *Meredith Simons*
      Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com

Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this motion contains 3,783 words, in compliance with the Order Granting Defendants' Motion to File Over-Length Opposition, ECF No. 297.


/s/ *David J. Elkanich*
David J. Elkanich

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 12
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ David J. Elkanich*
David J. Elkanich

PLTFS' REPLY ISO MOTION TO ALTER OR AMEND JUDGMENT
AND FOR RELIEF THEREFROM PURSUANT TO RULES 59(E) & 60(B) - 13
Case No. 2:22-cv-01599-KKE

011121-11/3548484 V3

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052