The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JOLENE FURDEK and JONATHAN RYAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>               Defendants. | Case No. 2:22-cv-01599-KKE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF KEVIN BANK, NELLIE BARNARD, AND BROOKS HOLLAND**<br><br>**NOTE ON MOTION CALENDAR:**<br>May 29, 2026 |

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**TABLE OF CONTENTS**

<u>**Page**</u>

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................2

LEGAL STANDARD...........................................................................................................4

ARGUMENT .......................................................................................................................5

     I.     Legal Ethics is a Widely Accepted Subject of Expert Testimony. .........................5

     II.    Ethics Expertise Is Helpful in Understanding Floyd's
             Communications and Hagens Berman's Conduct ....................................................8

     III.   The Experts' Opinions are Relevant. .......................................................................9

     IV.   The Experts' Opinions are Based in Fact. ..............................................................11

CONCLUSION....................................................................................................................11

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - i
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Assurance Co. of Am. v. MDF Framing, Inc.*,
  338 F. App'x 625 (9th Cir. 2009) ................................................................................6

*Avocent Redmond Corp. v. Rose Elecs.*,
  491 F. Supp. 2d 1000 (W.D. Wash. 2007) ..................................................................5

*Canyon Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*,
  2020 WL 3048016 (W.D. Wash. June 8, 2020).............................................................5

*Cochran Firm, P.C. v. Cochran Firm L.A. LLP*,
  641 F. App'x 749 (9th Cir. 2016) ...............................................................................6

*Cooper v. Brown*,
  510 F.3d 870 (9th Cir. 2007) .....................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)...................................................................................................1

*Eriks v. Denver*,
  824 P.2d 1207(Wash. 1992).......................................................................................8

*Hahn v. Strasser*,
  2013 WL 784396 (W.D. Wash. Mar. 1, 2013) ...........................................................5

*Jason M. Hatfield, P.A. v. Ornelas*,
  2024 WL 1555019 (W.D. Ark. Apr. 10, 2024)............................................................6

*Joffe v. King & Spalding LLP*,
  2019 WL 4673554 (S.D.N.Y. Sept. 24, 2019).............................................................7

*Perez v. Allstate Fire & Cas. Ins. Co.*,
  2025 WL 602151 (W.D. Wash. Feb. 25, 2025)....................................................1, 4, 5

*Perez-Martinez v. Gilbert*,
  2019 WL 10301641 (W.D. Wash. May 22, 2019), *R&R adopted in pertinent part*,
  2020 WL 3249197 (W.D. Wash. June 15, 2020)..........................................................5

*Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*,
  752 F.3d 807 (9th Cir. 2014) .....................................................................................8

*Stilwell v. Smith & Nephew, Inc.*,
  482 F.3d 1187 (9th Cir. 2007) ................................................................................4, 9

*Tae Youn Shim v. Lawler*,
  2019 WL 2996443 (N.D. Cal. July 9, 2019)................................................................5

*Terrebonne, Ltd. v. Murray*,
  1 F. Supp. 2d 1050 (E.D. Cal. 1998)...........................................................................7

*United States v. Flores*,
  901 F.3d 1150 (9th Cir. 2018) ...................................................................................5

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - ii
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

*United States v. Kellington,*
  217 F.3d 1084 (9th Cir. 2000) .................................................................................6

*Wapato Heritage, LLC v. Evans,*
  2008 WL 2403653 (E.D. Wash. June 11, 2008) ......................................................5

**Other**

ABA, *Legal Ethics, Law. Deskbk. Prof. Resp.* § 1-9 (2025-2026 ed.) .......................................5, 6

Fed. R. Evid. 702 ...............................................................................................................2, 4, 8

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - iii
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**INTRODUCTION**

The *Daubert* inquiry aims to ensure juries are not improperly swayed by unreliable or misleading "expert" testimony. That concern is not present here. Plaintiffs have offered the considered opinions of three prominent voices in legal ethics—Kevin Bank, Professor Brooks Holland, and Nellie Barnard—and there is no jury to protect. This is a bench proceeding where *Daubert* has a "diminished" role to play. *Perez v. Allstate Fire & Cas. Ins. Co.*, 2025 WL 602151, at *1 (W.D. Wash. Feb. 25, 2025) (Evanson, J.). In adjudicating Plaintiffs' Rule 59/60 Motion, the Court can weigh expert evidence without concerns that a jury will be confused or misled.

Defendants' *Daubert* motion therefore serves no practical purpose and, in any event, lacks merit. Defendants do not challenge the qualifications of Plaintiffs' experts or the reliability of the opinions they offer. Nor could they: Their own expert confirms that each of the proffered experts is qualified.[1] Their opinions are thus admissible so long as they meet the baseline requirements of "helpfulness" and "relevance." *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). They do.

As to helpfulness, Defendants primarily contend that expert testimony on legal ethics and the Rules of Professional Conduct ("RPCs") constitutes inadmissible legal opinion. That is not correct. Courts in this district and across the Ninth Circuit routinely admit expert testimony on legal ethics where, as here, such testimony assists the court in understanding professional standards bearing on disputed issues. Indeed, while seeking to exclude Plaintiffs' experts, Defendants have simultaneously submitted a declaration from their own expert, who has been retained on legal ethics and standard of care issues in more than 80 legal proceedings. *See* ECF 303, Ex. 4; Fucile Dep. at 23:1-16. *See infra* § I.

Legal ethics expertise is particularly helpful in this case because the Court's dismissal Order implicated professional obligations—client autonomy, communication, confidentiality, and candor. That the Court made "findings" in dismissing this case does not somehow render expert testimony on attorney ethics unhelpful. Quite the opposite, this is a motion seeking

---

[1] *See* Ex. A (Fucile Dep.) at 16:19-23 ("I would recognize Brooks [Holland] as an expert"); 18:20-22 (Mr. Bank); 17:3-10 (Ms. Barnard). All "Ex." references in this brief are to the accompanying declaration of David J. Elkanich, unless otherwise indicated.

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 1
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

reconsideration. In dismissing this case, the Court did not address applicable ethical duties and RPCs, and the experts' specialized knowledge of these issues can enrich the Court's understanding of the facts and evidence, as Rule 702 contemplates. *See* FRE 702 (expert testimony admissible where "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); *infra* § II.

Defendants' relevance argument fares no better. Defendants contend legal ethics are immaterial because, in dismissing this case, the Court applied the Federal Rules of Civil Procedure and jurisdictional doctrines. But the Court's analysis at each step depended on legal-ethics considerations. That is, the Court's finding of a "jurisdictional gap" rested on considerations of client authority and the duty of communication, i.e., whether Floyd's January 16 communications required counsel to withdraw him (entirely) from the class. And the Court concluded that counsel was not "diligent" in bridging that gap in light of a perceived lack of candor about Floyd's status.

Plaintiffs' experts directly address those issues, concluding that Hagens Berman's actions were consistent with the RPCs and that withdrawal, dismissal, or additional disclosure would have risked ethical violations. Hagens Berman was obligated to obtain clarity on Floyd's intent and ensure he was making a knowing and informed decision about how to proceed. *See infra* at 4. These opinions bear directly on whether reconsideration is warranted, easily satisfying Rule 702's relevance requirement. *See infra* § III.

Finally, Defendants muster no serious challenge to the factual basis of the experts' testimony. Their opinions are rooted in the record, including a comprehensive review of the communications with Floyd (and attempts). *See infra* § IV.

For these reasons, and all that follow, Defendants' motion to exclude should be denied. The Court should consider the expert evidence and afford it the weight the Court deems appropriate.

## BACKGROUND

In support of their Rule 59/60 Motion, Plaintiffs offered declarations from three prominent legal ethics experts with extensive experience evaluating attorney conduct, including within the

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 2
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

context of the applicable Washington RPCs. Their expertise is not questioned by Defendants, nor could it be.

Mr. Bank served for more than two decades as disciplinary counsel at the Washington State Bar Association, where he investigated "thousands of ethics-related complaints, and tried cases involving ethics violations by lawyers." Bank Decl. ¶¶ 6-7. Defendants' own expert admits that Mr. Bank has "substantial experience applying the Rules of Professional Conduct" in disciplinary proceedings and is "competent and able to provide ethics advice." Ex. A at 18:16-22.

Professor Holland teaches legal ethics at Gonzaga Law and has published extensively on standards of professional conduct, including in the representation of unsophisticated clients. *See* Holland Decl. ¶¶ 2-3. His scholarship has been cited by more than 350 sources, including Defendants' own expert, who considers Mr. Holland "a well-respected ethics scholar." Ex. A at 16:16-18.

Ms. Barnard is a shareholder at Schwabe Williamson & Wyatt, P.C. with a practice focused on legal ethics, including the duties of confidentiality and candor. *See* Barnard Decl. ¶¶ 7, 14. Ms. Barnard is an active member of the ABA's Association of Professional Responsibility Lawyers, and she writes and speaks frequently on attorney ethics. *See id.* ¶¶ 10-12. Defendants' expert "know[s] [Ms. Barnard] professionally, as well, and respect[s] her work." Ex. A at 17:3-5.

In developing the opinions they offered in this case, Plaintiffs' experts each evaluated the record—including material the Court did not review (*see* Ex. B)—and independently concluded as follows:

> **Opinion 1**: Given Hagens Berman's ethical obligations to Floyd and duty to act only with client authority, Hagens Berman could not reasonably have construed Floyd's January 16, 2024 communications (or any prior communications) as a discharge or affirmative directive to withdraw Floyd from the case.[2]

---

[2] *See* Bank Decl. ¶ 19 (Hagens Berman "did not have specific authority to withdraw [Floyd] and terminate representation"); Holland ¶ 17 ("Floyd did not affirmatively withdraw from the litigation or discharge counsel"); Barnard Decl. ¶ 18 ("[T]he written communications between Hagens Berman and Mr. Floyd between September 2023 and January 2024 precluded Hagens Berman from immediately removing Mr. Floyd as class representative or dismissing him from the Litigation at that time.").

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 3
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**Opinion 2**: Had Hagens Berman withdrawn Floyd when moving to amend, Hagens Berman would have violated (or risked violating) RPC 1.2(a) by taking actions adverse to Floyd without his authorization.[3]

**Option 3**: Hagens Berman had a duty to confer with Floyd about his intentions and diligently discharged that duty by seeking clarification from Floyd.[4]

**Option 4**: Hagens Berman complied with the duties of candor and confidentiality in all representations to the Court and opposing counsel.[5]

After receiving these opinions with Plaintiffs' Rule 59/60 motion, the Court entered a schedule that permitted Defendants to depose each expert and offer their own expert on legal ethics. *See* ECF 291 at 1. Defendants have now done so.

## LEGAL STANDARD

Rule 702 permits experts to testify if their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a). The "helpfulness" of expert testimony "goes primarily to relevance." *Daubert*, 509 U.S. at 591. Relevance requires only "a link between the expert's testimony and the matter to be proved." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). Admissible expert testimony must also be "reliable," a standard designed to weed out "junk science" and "unsubstantiated speculation." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

"Courts liberally construe Rule 702 in favor of admissibility." *Perez*, 2025 WL 602151, at *1 (Evanson, J.) (citing *Daubert*, 509 U.S. at 588). A liberal approach is particularly appropriate

---

[3] *See* Holland Decl. ¶ 21 (withdrawing Floyd could have "exposed [Hagens Berman] to liability"); Barnard Decl. ¶ 22 ("Hagens Berman could not change Mr. Floyd's status as a party and putative class representative when filing the Motion to Amend without violating RPC 1.2(a)"); Bank Decl. ¶ 19 (withdrawing Floyd "would have put the firm at risk of a RPC 1.2(a) violation").

[4] *See* Holland Decl. ¶ 23 (Hagens Berman "followed the script described in the [legal ethics] literature addressing a non-responsive or potentially alienated client: Seek information on the client's status, advise the client of important case information, including potential replacement representatives, and confirm whether the client wants to proceed."); Bank Decl. ¶ 28 ("It is my opinion that Hagens complied with RPC 1.3 and RPC 1.4 in the period when it was unable to make contact with Floyd."); Barnard Decl. ¶ 37 (Hagens Berman properly sought to "clarify whether [Floyd] intended to continue as a class representative (consistent with their RPC 1.4 and 1.2 obligations)").

[5] *See* Bank Decl. ¶ 32 ("Hagens Berman's actions throughout this matter were ethical and reasonable and the firm's representations, including in the submissions identified above in Paragraph 4, abided by the duty of candor."); Holland Decl. ¶ 26 ("[C]ounsel reasonably balanced their responsibilities and did not violate the duty of candor"); Barnard Decl. ¶ 64 ("Hagens Berman did not misrepresent its communications with Mr. Floyd" and was not "obligated to disclose more information to the court or defendants in order to avoid violation of RPC 8.4(c)").

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 4
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

where, as here, the Court (and not a jury) serves as the fact-finder. After all, Rule 702 is "meant to protect juries from being swayed by dubious scientific testimony." *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (cleaned up). "When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for [her]self." *Id.* (cleaned up); *Perez*, 2025 WL 602151, at *2.

## ARGUMENT

### I.    Legal Ethics is a Widely Accepted Subject of Expert Testimony.

Defendants' primary contention is that "courts routinely exclude opinion testimony that purports to interpret and apply state legal-ethics rules." ECF 300 at 6. Defendants rely on two cases from the Second Circuit that treated RPC-related testimony as impermissible legal opinion,[6] but that is the *minority* view. As a leading treatise summarizes: "the general rule is that the expert witness may testify about violation of ethics rules." Ex. H, ABA, *Legal Ethics, Law. Deskbk. Prof. Resp*. § 1-9 (2025-2026 ed.). Courts in this district, and across the Ninth Circuit, routinely admit expert testimony on legal ethics and applicable RPCs. *See, e.g.*, *Perez-Martinez v. Gilbert*, 2019 WL 10301641, at *6 (W.D. Wash. May 22, 2019) (considering legal ethics expert declaration concluding that defense counsel's conduct "violated his ethical obligations under Washington's Rules of Professional Conduct (RPC)"), *R&R adopted in pertinent part*, 2020 WL 3249197, at *2 (W.D. Wash. June 15, 2020).[7]

The prevalence of such testimony is further reflected by the Defendants' own expert, who has been retained in more than 80 legal proceedings—many in this district—to opine on legal

---

[6] *See* ECF 300 at 6-7 (citing *United States v. Kurland*, 2022 WL 2669897, at *13-15 (E.D.N.Y. July 11, 2022); *Joffe v. King & Spalding LLP*, 2019 WL 4673554, at *14 (S.D.N.Y. Sept. 24, 2019)).

[7] *See also, e.g.*, *Avocent Redmond Corp. v. Rose Elecs.*, 491 F. Supp. 2d 1000, 1005-06 (W.D. Wash. 2007) (considering expert opinion bearing on whether attorney-client relationship formed under applicable RPCs); *Canyon Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 3048016, at *1 (W.D. Wash. June 8, 2020) (dispute involving competing expert opinions on "legal ethics and practice"); *Wapato Heritage, LLC v. Evans*, 2008 WL 2403653, at *4 (E.D. Wash. June 11, 2008) (permitting late disclosure of expert in "legal ethics" given "need for" such expert testimony); *Hahn v. Strasser*, 2013 WL 784396, at *4 (W.D. Wash. Mar. 1, 2013) (considering expert evidence on existence of attorney-client relationship); *Tae Youn Shim v. Lawler*, 2019 WL 2996443, at *7 (N.D. Cal. July 9, 2019) (denying *Daubert* challenge as to expert "in the area of Professional Responsibility and ethical concerns relating to Rules of Professional Conduct").

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 5
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

ethics and standards of professional conduct, with the "vast majority" of cases involving "some interpretation of the Rules of Professional Conduct." Fucile Decl. Ex. 4; Ex. A at 23:14-16.

Consistent with this practice, the Ninth Circuit itself has likewise relied on legal ethics experts in adjudicating disputes. For example, in *Assurance Co. of Am. v. MDF Framing, Inc.*, 338 F. App'x 625 (9th Cir. 2009), the Court relied on agreement between the parties' "legal ethics experts" in deciding whether an attorney had an ethical obligation to represent the insured. *Id.* at 627. It is noteworthy that Defendants' own expert [Fucile] was one of the "legal ethics experts" that submitted a declaration in *Assurance Co.* As relevant to this case, he opined: "In representing a client, lawyers are required to undertake reasonable efforts to locate their clients if they need to communicate with them" and "[i]n [his] experience, there are a host of reasons why clients do not respond to written or telephone communications from their lawyers, including business commitments, extended vacations, ill health, family reasons or … difficulty in dealing with financial situations." Ex. C at ¶ 11.

The Ninth Circuit addressed legal ethics again in *United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000), holding that expert testimony bearing on an attorney's "ethical obligations" was both "admissible and relevant." *Id.* at 1098-99. Similarly, in *Cochran Firm, P.C. v. Cochran Firm L.A. LLP*, 641 F. App'x 749 (9th Cir. 2016), the Ninth Circuit held that the district court properly considered an ethics expert's testimony on the definition of a "law firm" under applicable "Rules of Professional Conduct." *Id.* at 751.

Far from being unhelpful, expert testimony on legal ethics is admissible precisely because it can deepen the fact-finder's understanding of applicable ethical standards governing attorneys. *See* Ex. H, ABA, *Legal Ethics, Law. Deskbk. Prof. Resp*. § 1-9 (2025-2026 ed.). As one court explained, "there is a difference between opining on matters of law and opining on professional norms and standards—even those governing the conduct of attorneys. Expert opinion testimony on rules of professional conduct is both useful and relevant for helping juries decide, for example, whether attorneys' actions departed from professional standards of care." *Jason M. Hatfield, P.A. v. Ornelas*, 2024 WL 1555019, at *6 (W.D. Ark. Apr. 10, 2024). The same is true where (as here) the Court sits as the fact-finder—indeed, an even more permissible approach is warranted when

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 6
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

there is no gatekeeper function to perform. *See Terrebonne, Ltd. v. Murray*, 1 F. Supp. 2d 1050, 1058 (E.D. Cal. 1998) (finding testimony from "professional responsibility expert" to be "relevant and helpful" in bench proceeding).

Without grappling with the case law from this district, Defendants rely instead on two decisions from within the Second Circuit—*Joffe* and *Kurland*. The restrictive approach these out-of-circuit courts took on legal ethics testimony is incompatible with the weight of authority in this district, as well as the above decisions by the Ninth Circuit. In fact, no jurist in the Ninth Circuit has cited *Joffe* or *Kurland*. That should be a tell.

Even if this Court were to follow *Joffe* and *Kurland*, it would be erroneous to exclude the totality of Plaintiffs' experts' opinions. While taking issue with testimony describing the "contents of the RPC[s]," *Joffe* approved of legal ethics testimony on "ordinary legal custom or practice." *Joffe*, 2019 WL 4673554, at *17. Plaintiffs' experts have offered the type of custom-and-practice testimony *Joffe* considered admissible. This includes their core opinion that a reasonable lawyer in Hagens Berman's position could not have construed Floyd's January 16 communications as a withdrawal.[8] Hagens Berman instead had a "duty to maintain the *status quo* to guard the client's interests while pursuing more information," Holland Decl. ¶ 22, which Hagens Berman did.[9] These critical opinions cannot be reduced to an interpretation of the RPCs, much less an impermissible one. The experts also offer their considered views on the overarching reasonableness of Hagens Berman's conduct in the circumstances.[10] These opinions likewise would be admissible even under the restrictive (and inapplicable) approach Defendants ask the Court to import.

---

[8] *See* Barnard Decl. ¶ 27 ("[a] lawyer reviewing Mr. Floyd's January 16, 2024 communications would have reasonably concluded that additional communications with Mr. Floyd were necessary to clarify his intentions"); Holland Decl. ¶¶ 19 ("This client dynamic is not rare, and counsel understandably wanted more information than this one email exchange to ensure counsel's actions accurately represented Floyd's agency."); Bank Decl. ¶ 18 ("Given the significance of any decision by Floyd to relinquish his rights by withdrawing as a class representative, the firm had a duty to further communicate with him to clarify whether Floyd was specifically consenting to withdrawal and termination, or was venting in a moment of frustration with the discovery demands.").

[9] Holland Decl. ¶ 23; *see also* Bank Decl. ¶ 18.

[10] *See, e.g.*, Holland Decl. ¶ 7 (concluding Hagens Berman "acted reasonably under all of the circumstances"); Bank Decl. ¶ 32 ("Hagens Berman's actions throughout this matter were ethical and reasonable.").

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 7
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

Defendants also cite *Eriks v. Denver*, 824 P.2d 1207 (Wash. 1992), for the proposition that "whether an attorney's conduct violates the relevant Rules of Professional Conduct is a question of law." *Id.* at 1210-11. But *Eriks* did not hold legal ethics testimony to be inadmissible, much less in federal court under Rule 702. Quite the opposite, *Eriks* recognized that the lower court could evaluate legal ethics expert testimony and give it "as much weight as it thought proper, or no weight at all." *Id.* As just addressed, that is also true in this district, where courts routinely consider and weigh legal ethics testimony. Indeed, courts are always free to weigh expert evidence (on any topic) as they see fit. Questions about weight have no bearing on baseline admissibility. *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014).

## II. Ethics Expertise Is Helpful in Understanding Floyd's Communications and Hagens Berman's Conduct

Defendants contend that the Court should exclude Plaintiffs' experts' opinions relating to Floyd's communications for two additional reasons, neither of which is persuasive.

***First***, Defendants emphasize that the experts have reached conclusions that depart (at least at points) from the Court's analysis. ECF 300 at 8. That is true, but it is no reason to exclude the experts' opinions. Rules 59 and 60 provide a procedural vehicle for contesting a Court's findings. Plaintiffs respectfully submit that the experts' opinions provide helpful guidance on applicable ethical duties that were not considered by the Court before, and which can assist the Court in determining whether an error was made. *See* FRE 702 (expert testimony permitted to "help the trier of fact to understand the evidence or to determine a fact in issue"). Defendants can argue that the Court was correct, and that Plaintiffs' experts are wrong, but that quarrel goes to weight, not admissibility.

***Second***, Defendants contend that the experts are not applying specialized knowledge, but merely interpreting "what Floyd's communications mean," which any layperson could do. ECF 300 at 8-9. The argument fundamentally misconstrues the experts' declarations. The question the experts address is not what Floyd's communications mean in a vacuum, but how a reasonable lawyer would interpret and act upon them in the context of an existing attorney-client relationship governed by specialized standards of professional conduct—particularly when the

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 8
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

communications are ambiguous and potentially implicate decisions with material adverse consequences to the client. *See, e.g.*, Holland Decl. ¶¶ 13-26; Bank Decl. ¶¶ 14-24; Barnard Decl. ¶¶ 18-29.

These are not lay issues. Attorneys have distinct ethical obligations to protect client interests, including in the face of uncertainty, while ensuring that any material actions taken are unambiguously authorized under RPC 1.2 and that counsel has communicated sufficient information to allow the client to make an informed decision under RPC 1.4. *See, e.g.*, Holland Decl. ¶¶ 17-19.

Each expert concludes that, in light of these specialized duties, a reasonable lawyer in Hagens Berman's position could not properly have construed Floyd's January 16 communications as a withdrawal from the case, and that doing so would have risked violating applicable RPCs. *See* Bank Decl. ¶ 24; Holland Decl. ¶¶ 14-22; Barnard Decl. ¶¶ 18-22. Instead, follow-up was necessary to ensure counsel did not take actions adverse to Floyd—dismissing his claims—without requisite authority. *See* Bank Decl. ¶¶ 16-19; Barnard Decl. ¶ 37. As Professor Holland describes, "[a] lawyer's duty to a client is not to interpret isolated adverse communications from the client in favor of terminating both the client's role as a party and the lawyer-client relationship at the expense of other reasonable interpretations that could implicate significant client interests." Holland Decl. ¶ 14.

However one views the merits, the notion that the experts have not applied "specialized knowledge" to the task at hand ignores the substance of their declarations and the significance of the legal ethics issues they have addressed.[11]

## III.     The Experts' Opinions are Relevant.

Expert evidence is relevant so long as there is "a link between the expert's testimony and the matter to be proved." *Stilwell*, 482 F.3d at 1192. This baseline requirement is readily met here.

As Defendants would have it, legal ethics are irrelevant because the Court's dismissal Order invoked the Constitution and Federal Rules of Civil Procedure—specifically, a perceived

---

[11] Tellingly, Defendants rely on cases that do not involve attorney-client communications or legal ethics in any dimension. *See* ECF 300 at 8-9.

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 9
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

"jurisdictional gap" under Article III that was not diligently bridged under FRCP 16(b)(4). But in reality, each step of the Court's analysis depended on assumptions about client authority, communication, and informed decision-making, all of which are governed by professional standards and ethical duties.

That is, the Court found a "jurisdictional gap" only by concluding that Floyd withdrew from the case entirely (both as a plaintiff and, in the Court's view, a class member) on January 16, 2024. *See* ECF 250 at 12, 14-16. Whether Floyd withdrew cannot be resolved by evaluating Article III. It turns first on whether Floyd made an informed, affirmative decision to withdraw, and second on whether counsel could ethically treat his communications as having that legal effect. Those questions implicate core ethical duties the experts addressed. They each reviewed the full set of communications and concluded that a reasonable lawyer, bound by the RPCs, could not have understood Floyd's January 16 emails as informed withdrawal from the litigation or the putative class. *See supra* at 4. Their opinions address the informed-decision-making process the Court did not analyze.

Defendants suggest that legal ethics govern a client's withdrawal from the attorney-client relationship, but not from the litigation itself. *See* ECF 300 at 10. That is incorrect. Ethically, counsel must have clear, informed authority before taking *any* action with material, adverse consequences to a client—particularly the dismissal of claims. *See* Bank Decl. ¶¶ 14-15.

The Court's "diligence" holding is similarly enmeshed in legal ethics considerations. In concluding that amendment was not diligent, the Court relied on a perceived "lack of candor" regarding Floyd's status. *See* ECF 250 at 16-18. It is therefore relevant—and helpful—that Plaintiffs' experts, including a former disciplinary counsel for the Washington State Bar Association, analyzed Hagens Berman's representations to the Court and opposing counsel and concluded that they abide by the duty of candor. *See supra* at 4.

In short, Plaintiffs' expert testimony does not seek to displace the Court's role in applying federal law. It provides specialized guidance on the professional standards that underlie the Court's conclusions. That is more than sufficient to establish relevance under Rule 702.

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 10
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

**IV.    The Experts' Opinions are Based in Fact.**

Finally, Defendants contend parenthetically that the experts' diligence opinions lack a factual basis because, after receiving Floyd's January 16 communications, counsel supposedly waited until February 26 to seek clarification. *See* ECF 300 at 12. Not so. The record shows that counsel attempted to contact Floyd by telephone just three minutes after his January 16 communications, texted him on January 24, and then called and texted again on February 1. *See* Ex. D (Comm's Log) at 3. These outreach efforts occurred well before February 26.

Contrary to Defendants' assertions, the experts do not opine that the February 26 email was the first effort to get clarity from Floyd. That was the first communication to use the term "withdraw," but magic words are not required when trying to reengage a client. *See* Ex. F (Holland Dep.) at 162:1-163:14. In assessing counsel's diligence, the experts properly relied on the totality of counsel's efforts to contact Floyd on and after January 16.[12] Defendants' disagreement with the conclusions drawn from that record goes to weight, not admissibility.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Exclude should be denied.

DATED: April 24, 2026                    Respectfully submitted,

                                        BUCHALTER LLP

                                        By */s/ David J. Elkanich*
                                            David J. Elkanich, WSBA No. 35956
                                        1420 Fifth Avenue, Suite 3100
                                        Seattle, WA 98101
                                        Telephone: 206-319-7052
                                        delkanich@buchalter.com

                                        *Attorneys for Plaintiffs*

---

[12] *See* Bank Decl. ¶¶ 4, 18, 28; Holland Decl. ¶ 8; Ex. F at 160:19-163:14; Barnard Decl. ¶¶ 15, 37; Ex. G (Barnard Dep.) at 51:15-22.

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 11
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By /s/ *Theodore Wojcik*
    Theodore Wojcik (WSBA No. 55553)
By /s/ *Meredith Simons*
    Meredith Simons (WSBA No. 62622)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
tedw@hbsslaw.com
merediths@hbsslaw.com
Ben Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this memorandum contains 4,167 words, in compliance with the local rules.

/s/ *David J. Elkanich*
David J. Elkanich

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 12
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

*/s/ David J. Elkanich*
David J. Elkanich

PLTFS' OPPOSITION TO DEFS' MOTION TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND - 13
Case No. 2:22-cv-01599-KKE
011121-11/3549573 V1

BUCHALTER LLP
1420 Fifth Avenue, Suite 3100
Seattle, WA  98101
Telephone:  206-319-7052