The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC., and APPLE INC.,<br><br>　　　　　Defendants. | No. 2:22-cv-01599-KKE<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF KEVIN BANK, NELLIE BARNARD, AND BROOKS HOLLAND** |

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

    I.     The Court should exclude the lawyers' opinions on matters of law. ............................................................................................................... 2

    II.    The Court should exclude opinions interpreting communications between Floyd and Hagens Berman. ........................................................... 4

    III.   The Court should exclude the lawyers' opinions as irrelevant ............... 5

    IV.   The attorneys' diligence conclusions lack sufficient factual grounds. ............................................................................................................... 7

CONCLUSION .................................................................................................................. 7

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Int'l Longshoremen's Union Loc. No. 10*,
966 F.2d 443 (1992) ................................................................. 3

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ................................................................. 6

*Burkhart v. Washington Metro Area Transit Auth.*,
112 F.3d 1207 (D.C. Cir. 1997)................................................. 3

*CFM Commc'ns, LLC v. Mitts Telecasting Co.*,
424 F. Supp. 2d 1229 (E.D. Cal. 2005).................................... 2

*Hitt v. Ariz. Beverage Co., LLC*,
2009 WL 4261192 (S.D. Cal. Nov. 24, 2009) .......................... 6

*In re Initial Pub. Offering Sec. Litig.*,
174 F. Supp. 2d 61 (S.D.N.Y. 2001) ........................................ 2

*Jackson v. Laureate, Inc.*,
186 F.R.D. 605 (E.D. Cal. 1999)........................................ 1, 6, 7

*Joffe v. King & Spalding LLP*,
2019 WL 4673554 (S.D.N.Y. Sept. 24, 2019)....................... 2, 3, 4

*McDevitt v. Guenther*,
522 F. Supp. 2d 1272 (D. Haw. 2007) ..................................... 2

*Pinal Creek Grp. v. Newmont Mining Corp.*,
352 F. Supp. 2d 1037 (D. Ariz. 2005)...................................... 2

*Tae Youn Shim v. Lawler*,
2019 WL 2996443 (N.D. Cal. July 9, 2019) ............................. 3

*United States v. Finley*,
301 F.3d 1000 (9th Cir. 2002) ................................................. 5

*United States v. Kellington*,
217 F.3d 1084 (9th Cir. 2000) ................................................. 3

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*United States v. Kupau,*
    781 F.2d 740 (9th Cir. 1986) ................................................................................ 4

*United States v. Tamman,*
    782 F.3d 543 (9th Cir. 2015) ................................................................................ 2

**Rules**

Fed. R. Evid. 702(a) ................................................................................ 2, 4

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## INTRODUCTION

Jolene Furdek and Jonathan Ryan retained three lawyers to do what lawyers do: interpret legal rules and apply them to facts. Each of their proposed experts parses the Washington Rules of Professional Conduct, opines on what those rules "required" of Hagens Berman, and concludes that Hagens Berman's conduct here was "consistent with" or "in conformance with" the rules. That is legal argument dressed in the clothing of expert testimony, and no amount of relabeling can make it admissible under Federal Rule of Evidence 702.

Furdek and Ryan's opposition doesn't seriously contest this point. Instead, they pivot to an altogether different proposition—that "legal ethics" testimony is "widely accepted"—as though the label on a field of expertise could override the substance of the testimony. It cannot. Courts have long distinguished between testimony about factual questions, such as the standard of care in a malpractice case, and testimony that amounts to legal interpretation. The former may be admissible; the latter never is. The proposed experts fall squarely on the wrong side of that line.

The attorneys' reports are inadmissible for other compelling reasons too. The attorneys' opinions on the meaning of Floyd's communications with Hagens Berman require no specialized knowledge and thus fail Rule 702. So too, where the testimony seeks to counter this Court's prior rulings regarding the "jurisdictional gap" or Hagens Berman's lack of diligence, the attorneys misapprehend the legal standards that governed those holdings. Lawyers' views about compliance with state legal-ethics rules do not speak to whether an Article III case or controversy ceased to exist or whether an attorney met its Federal Rule of Civil Procedure 16 obligation "to collaborate with the district court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    The Court should exclude the lawyers' opinions on matters of law.

As our motion explained, "an expert cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015). "[E]very circuit" has adopted that prohibition. *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001). The prohibition applies equally to testimony "concerning … what the law is" and to testimony about "how it should be applied to the facts." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). And the prohibition doesn't vanish just because the finder of fact is the Court. *E.g.*, *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1236-37 (E.D. Cal. 2005).

Instead of addressing these arguments, Furdek and Ryan change the subject and insist that testimony about "legal ethics" is "[w]idely [a]ccepted." Opp. 5. That obscures a crucial distinction. In certain cases, particularly those involving alleged malpractice, breach of fiduciary duty, or ineffective assistance of counsel—none of which is claimed here—legal-ethics experts may be called to testify about the standard of care or industry norms. Such norms are matters of fact, not law. For example, the court in *McDevitt v. Guenther*, 522 F. Supp. 2d 1272 (D. Haw. 2007), struck an ethics expert's testimony "appl[ying] the law to the facts" and permitted only testimony "about the standard of care amongst family law practitioners." *Id.* at 1294; *see also Pinal Creek Grp.*, 352 F. Supp. 2d at 1044-45 (excluding testimony that "offer[ed] nothing other than a discussion of the law and an application of the law" while permitting testimony "opin[ing] on corporate norms"); *Joffe v. King & Spalding LLP*, 2019 WL 4673554, at *17 (S.D.N.Y. Sep. 24, 2019) (distinguishing between inadmissible testimony "as to the contents of the RPC" and admissible "assessment[s] of ordinary legal custom or practice"). The key, as always, is whether the testimony "will help the trier of fact." Fed. R. Evid. 702(a). Testimony applying legal rules and

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

legal principles is not helpful. *See Burkhart v. Washington Metro Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

Furdek and Ryan's proposed experts plainly testify to law, not fact. They interpret the Washington Rules of Professional Conduct and discuss what those rules "required," "obligated," or "prohibited." Barnard Decl. ¶¶ 5, 18-22, 29, 33-37, 42-48, 52-53, 57-61, 64; Bank Decl. ¶¶ 3, 14-19, 24-32; Holland Decl. ¶¶ 13-22, 24-25. They assert whether Hagens Berman violated or would have violated the rules. Barnard Decl. ¶¶ 4-5, 22, 25, 30-41, 47-51, 57-64 (conduct "was consistent with … obligations under the Rules"); Bank Decl. ¶¶ 3 (concluding firm "acted … in conformance with the RPC"), 18-19, 23-28; Holland Decl. ¶¶ 7, 12, 21-29 (concluding Hagens Berman did not engage in "misconduct"). And they insist that certain conduct was "authorized" or "permitted" under the Rules. Barnard Decl. ¶¶ 5, 26, 32, 38, 42-51, 54-56; Bank Decl. ¶ 30; Holland Decl. ¶¶ 22, 27. This is quintessential testimony about "matters of law." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (1992); *Joffe,* 2019 WL 4673554, at \*17 (striking testimony on RPC).

Furdek and Ryan's cases do not hold otherwise. They claim (at 5 & n.7) that courts "routinely admit expert testimony on legal ethics and applicable RPCs." But none of their cited cases analyzed the issue here of whether to exclude the testimony as legal opinion testimony; most simply note in passing that an ethics expert testified. In fact, only one case even resolved a motion to exclude under Rule 702, and the court there focused on a different aspect of the analysis. *See Tae Youn Shim v. Lawler*, 2019 WL 2996443, at \*7 (N.D. Cal. July 9, 2019) (expert had "particularized expertise" sufficient to satisfy *Daubert*). If anything, those cases support *Defendants'* position because the expert testimony concerned factual issues. In *United States v. Kellington,* 217 F.3d 1084 (9th Cir. 2000), for example, the Ninth Circuit permitted a legal-ethics

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

expert to testify as to the state of mind of the lawyer-defendant on trial for obstruction of justice, a factual question.

At one point the opposition acknowledges this distinction but insists that the attorneys *do* offer admissible "custom-and-practice testimony." Opp. 7 (citing *Joffe,* 2019 WL 4673554). Not so. Even in the few places where the attorneys couch their testimony as what a "reasonable lawyer" would have done, they rely on their interpretation of governing rules. *See, e.g.*, Barnard Decl. ¶¶ 24-27 (interpreting caselaw to determine what lawyer would "reasonably conclud[e]"); Bank Decl. ¶ 32 (concluding Hagens Berman was "ethical and reasonable" because it "discharged its obligations in compliance with the RPC"); Holland Decl. ¶ 7 (concluding "counsel acted reasonably" because they "complied with counsel's professional responsibilities"). Where, as here, that "reasonableness determination … rests entirely on [the attorney's] interpretation of the RPC, not on ordinary and customary legal practice," the testimony remains inadmissible legal opinion. *Joffe*, 2019 WL 4673554, at *17 n.15. Indeed, stripping away all the conclusions that rest on legal interpretation would leave barely a shadow of a report—just a few inadmissible conclusions about how to read ordinary communications, *see infra* Part II.

## II.    The Court should exclude opinions interpreting communications between Floyd and Hagens Berman.

The attorneys' discussions of Floyd's communications are also inadmissible because no "specialized knowledge," Fed. R. Evid. 702(a), is needed to "interpret language in ordinary usage," *United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986).

Furdek and Ryan admit that the attorneys contradict this Court's factfinding, including as to the meaning of Floyd's communications. *See* Opp. 8 (conceding that Barnard, Bank, and Holland "have reached conclusions that depart … from the

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Court's analysis"). But they argue the attorneys opine not on "what Floyd's communications mean" but on "how a reasonable lawyer would interpret and act upon them." *Id.*

That mischaracterizes the reports. Take Barnard's report, which opines on the "tone and content" of Floyd's communications and insists that Floyd did not "convey a clear directive." Barnard Decl. ¶ 21(b); *see also, e.g., id.* ¶ 29(c). Holland likewise declares that Floyd "did not affirmatively withdraw" in that exchange. Holland Decl. ¶ 17. And Bank's conclusions are premised on his interpretation of the communications as "not contain[ing] a specific instruction." Bank Decl. ¶ 17. In short, Barnard, Bank, and Holland each opine directly as to the meaning of Floyd's communications. That testimony is inadmissible.

But even if Furdek and Ryan's characterization *were* accurate, such testimony would fail under Rule 702. Expert testimony must be helpful in that it "provides information beyond the common knowledge of the trier of fact." *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002). Here, the Court is perfectly capable of determining how Floyd's communications would have struck a reasonable lawyer.

**III.    The Court should exclude the lawyers' opinions as irrelevant.**

The attorneys' testimony is also not relevant to reconsideration of this Court's two basic holdings: (1) that Floyd's withdrawal created a jurisdictional gap and (2) that Hagens Berman did not diligently bridge that gap and thereby lacked the "good cause" Federal Rule of Civil Procedure 16(b)(4) requires to modify a scheduling order.

***Jurisdictional gap.*** Furdek and Ryan assert that, on its own, Floyd's "informed, affirmative decision to withdraw" would not have created a jurisdictional gap, but rather that the Article III analysis "turns … on whether counsel could ethically treat his communications as having that legal effect." Opp. 10.

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

That is not the law. Once "Plaintiff has informed her counsel that she no longer wishes to prosecute her action, 'there is no longer a case or controversy to be decided within the meaning of Article III of the Constitution.'" *Hitt v. Ariz. Beverage Co., LLC*, 2009 WL 4261192, at *5 (S.D. Cal. Nov. 24, 2009) (quoting *Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)). Counsel's actions do not bear on the Article III question, as this Court already determined. *See* Order Granting Mot. 16, Dkt. 250 (holding "Floyd's January 16, 2024 communication"—not counsel's response—"created a jurisdictional gap"). Furdek and Ryan cite no case holding that jurisdiction depends on what counsel chooses to do after the client decides to withdraw. Whether there is a case or controversy, like all other subject-matter-jurisdiction questions, is something courts "have an independent obligation to determine" regardless of what motions counsel files or arguments counsel brings. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

***Diligence.*** Furdek and Ryan do not dispute that diligence under RPC 1.3 is distinct from the diligence element of Federal Rule of Civil Procedure 16(b)(4). Instead they again change subjects, arguing the Rule 16(b)(4) holding "relied on a" finding of "lack of candor," which (they say) implicates RPC 3.3. Opp. 10 (quoting Dkt. 250 at 16-18).

Furdek and Ryan are conflating a state-law ethics standard with a federal-law procedural requirement. Federal Rule of Civil Procedure 16's diligence standard asks "whether the movant discharged her obligation under Rule 16 to *collaborate* with the district court in managing the case." *Jackson*, 186 F.R.D. at 607 (emphasis added). This Court's finding of a "lack of candor regarding the circumstances motivating the amendment," means that Hagens Berman did not collaborate as "good cause" demands. Dkt. 250 at 16-17. Specifically, Hagens Berman "mischaracterized" Floyd's intentions "as simply his failure to communicate for unknown reasons, possibly a

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

'personal emergency,'" and this Court initially relied on that misrepresentation. *Id.* at 14. Whether that is candid enough under the Washington Rules of Professional Conduct does not tell us whether Hagens Berman failed in its "obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson*, 186 F.R.D. at 607.

In any event, Furdek and Ryan can't have it both ways. If "good cause" depends on non-compliance with RPC 3.3, the attorneys' conclusions that Hagens Berman "abide[d] by the duty of candor" would be inadmissible opinion testimony setting forth a legal conclusion. *See supra* Part I.

## IV. The attorneys' diligence conclusions lack sufficient factual grounds.

The attorneys contradict their own (irrelevant) diligence conclusions by acknowledging that Hagens Berman did not seek to clarify Floyd's intent to withdraw until six weeks after his January 16 email. See Mot 12 (citing Bank Dep. 61:17-24; Holland Dep. 188:4-7). Furdek and Ryan claim there is no contradiction because Hagens Berman sent a mere two texts to Floyd (and made two unanswered phone calls) over those six weeks. Opp. 11. But that elides the nature of those messages. As the attorneys acknowledge, those messages attempted to change Floyd's mind after he announced he was done with this case, not to confirm whether he had in fact withdrawn. *See, e.g.*, Barnard Dep. 75:22-24, 78:7-79:8.

### CONCLUSION

The challenged opinions should be excluded.

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Undersigned counsel certifies that this memorandum contains 2,095 words, in compliance with Local Civil Rule 7(e)(3).

Dated: May 15, 2026

| | |
|---|---|
| **DAVIS WRIGHT TREMAINE** | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |

*/s/ John Goldmark*

John Goldmark (WSBA No. 40980)
MaryAnn Almeida (WSBA No. 49086)
Emily Parsons (WSBA No. 57061)
920 Fifth Avenue, Suite 3300
Seattle, Washington, 98104
Telephone: (206) 622-3150
Fax: (206) 757-7700
johngoldmark@dwt.com
maryannalmeida@dwt.com
emilyparsons@dwt.com

**SIDLEY AUSTIN**

Mark D. Hopson (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
Jacqueline E. Fradette (*pro hac vice*)
Peter A. Bruland (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Fax: (202) 736-8711
mhopson@sidley.com
bmundel@sidley.com
jfradette@sidley.com
pbruland@sidley.com

*Attorneys for Amazon.com, Inc*

*/s/ Mark S. Parris*

Mark S. Parris (WSBA No. 18370)
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: (206) 839-4300
Fax: (206) 839-4301
mparris@orrick.com

Eric Hochstadt
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Fax: (212) 506-5151
ehochstadt@orrick.com

**O'MELVENY & MYERS LLP**

Benjamin Bradshaw (*pro hac vice)*
Sergei Zaslavsky (*pro hac vice)*
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Fax: (202) 383-5414
bbradshaw@omm.com
szaslavsky@omm.com

*Attorneys for Apple Inc.*

DEFENDANTS' REPLY IN SUPPORT OF MOT. TO EXCLUDE
TESTIMONY OF BANK, BARNARD, AND HOLLAND
Case No. 2:22-cv-01599-KKE - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax