UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN FLOYD, et al., | CASE NO. C22-1599-KKE |
| Plaintiff(s), | ORDER DENYING PLAINTIFFS' |
| v. | MOTION FOR RULE 59/60 RELIEF |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

Former Plaintiffs Jolene Furdek and Jonathan Ryan seek reconsideration under Federal Rules of Civil Procedure 59 and 60 of the Court's prior order granting a motion for reconsideration of an order granting leave to amend the complaint (Dkt. No. 250, hereinafter "the Order").[1] Dkt. No. 256.[2] That Order found that after reviewing information not previously known to the Court regarding counsel's communications with former Plaintiff Steven Floyd, counsel had not diligently sought or explained the need for amendment of the complaint and therefore the motion for leave to amend the complaint should be denied rather than granted. *See* Order. The Order ultimately dismissed the case for lack of a plaintiff. *Id*.

---

[1] Because Furdek and Ryan were previously named Plaintiffs in this case for more than a year and that status was at issue in the Order, the Court rejects Defendants' contention that they are merely akin to would-be intervenors and lack standing to seek reconsideration of the Order. *See* Dkt. No. 301 at 10–11.

[2] This order refers to the parties' briefing by CM/ECF page number.

ORDER DENYING PLAINTIFFS' MOTION FOR RULE 59/60 RELIEF - 1

Plaintiffs' Rule 59/60 motion argues that the Court should reconsider the Order in light of additional evidence—specifically one email to Floyd written by his counsel on February 26, 2024 (Dkt. No. 303-1 at 13), and three expert declarations (Dkt. Nos. 258, 259, 260)—that in their view reveals a clear error, and that reconsideration is also needed to prevent a manifest injustice that would result if the Order stands. Dkt. No. 256. Defendants Apple Inc. and Amazon.com Inc. filed separate oppositions to the reconsideration motion, and Amazon also filed a motion to strike the expert declarations. Dkt. Nos. 300, 301, 302. The Court heard oral argument on both motions on July 16, 2025. Dkt. No. 311.

A district court may reconsider and amend a previous order under Federal Rule of Civil Procedure 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Reconsideration is appropriate in only a narrow set of circumstances where "the district court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Newly discovered evidence" must not only be new but also material, such that it is capable of altering the Court's original judgment. *See Kinchen v. DeJoy*, No. 20-55683, 2021 WL 3204020, at *2 (9th Cir. July 28, 2021) (affirming denial of reconsideration where newly discovered evidence "was immaterial to the court's analysis"). "Nor should a motion for reconsideration be used to ask the court to rethink what it has already thought through." *Keller v. Berryhill*, No. CV 16-5042 SS, 2018 WL 6112560, at *2 (C.D. Cal. Jan. 8, 2018).

Similarly, a court may grant relief from a judgment under Rule 60 for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, the Court rejects Plaintiffs' first argument for reconsideration as to the "new" evidence. The expert declarations are in a sense "new" because they did not exist at the time the Court entered the Order. The February 26 email that Plaintiffs' counsel sent to Floyd is not new in that same sense because it existed at the time the Court entered the Order and Plaintiffs did not bring it to the Court's attention, although they could have.

Whether or not it is properly characterized as "new," that evidence does not establish that the Order contains clear error requiring reconsideration. Other lawyers' interpretation of the facts as the Court has decided them does not suggest clear error, nor do opinions on whether Plaintiffs' counsel complied with the Rules of Professional Conduct, given that the Order does not fault counsel for failing to comply with those Rules. The February 26 email does not demonstrate that (contrary to the Order's conclusion) counsel diligently sought to clarify the meaning of Floyd's earlier communications, given that it seeks no such clarification. Nor does it ameliorate the Court's concerns regarding counsel's candor with opposing counsel or the Court as to the circumstances requiring amendment. The Court is aware that Plaintiffs disagree with the Court's application of the law to the facts of this case, but Plaintiffs have not identified extraordinary circumstances that require the Court to re-think its analysis. Thus, because Plaintiffs' evidence offered in support of

ORDER DENYING PLAINTIFFS' MOTION FOR RULE 59/60 RELIEF - 3

its motion does not persuade the Court that reconsideration is warranted to correct a clear error, the Court finds no basis to grant Plaintiffs' motion in light of that evidence.

Similarly, Plaintiffs have failed to persuade the Court as to its second argument for reconsideration: that the Order works a manifest injustice. Although Plaintiffs' motion (Dkt. No. 256 at 14) presents a perhaps different perspective on the potential application of the statute of limitations than was presented earlier (Dkt. No. 236 at 29–30), whether a not-yet-filed future action would be time-barred in whole or in part calls for speculation and has not been and is still not fully briefed. It is not clear that limiting a future class to those injured in the past four years constitutes a manifest injustice, in any event. *See* Dkt. No. 256 at 14. The Court remains mindful of the equities implicated in issuing the Order, and finds no basis at this time to reconsider that calculus.

For these reasons, the Court finds that Plaintiffs are not entitled to relief under Rules 59 or 60. Thus, the Court DENIES Plaintiffs' motion (Dkt. No. 256) and DENIES AS MOOT Defendants' motion to exclude (Dkt. No. 300).

Dated this 28th day of July, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RULE 59/60 RELIEF - 4